SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 683-4788 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff/Counterdefendant Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-RHH |
| | **PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND ADJUDICATION OR DISMISSAL OF COUNTERCLAIM** |
| Plaintiff, | |
| v. | **and** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **[PROPOSED] ORDER OF DISMISSAL** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |

1

v.

RIGHTHAVEN LLC, a Nevada limited-
liability company; and STEPHENS MEDIA
LLC, a Nevada limited-liability company,

                    Counterdefendants.

       Righthaven LLC ("Righthaven") hereby moves to voluntarily dismiss Righthaven's

Complaint (Docket No. 1-0), with prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of

Civil Procedure, as asserted against Democratic Underground, LLC ("Democratic

Underground") and David Allen (collectively with Democratic Underground known herein as

the "Defendants").  Righthaven also hereby moves for the adjudication or dismissal of the

pending Counterclaim (Docket No. 13-0), as filed by Democratic Underground.  This motion is

accompanied by the declaration of Joseph C. Chu ("Chu Decl."), submitted concurrently

herewith, and is based upon the pleadings and papers on file in this action, any oral argument this

Court may allow, and any other matter of which this Court takes notice.  For the convenience of

the Court, Righthaven has submitted herewith a Proposed Order of Dismissal, attached hereto as

Exhibit 1.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**      **INTRODUCTION**

       This motion represents Righthaven's sensible reaction to the intervening, immediately

relevant fair use ruling recently issued by this Court, all in the spirit of judicial economy.

Though Righthaven firmly believes that the Defendants are liable for copyright infringement, the

non-holistic nature of the Defendants' unauthorized textual reproduction is such that reasonable

minds may disagree as to the legitimacy of a fair use defense.  In fact, it is Righthaven's view

that the intervening fair use decision rendered by this Court in *Righthaven LLC v. Realty One*

*Group, Inc., et al.*, No. 2:10-cv-01036-LRH-PAL ("*Realty One*") hinged largely upon the fact

that in that case, like the present action, the defendant's reproduction constituted merely a partial copy. As Righthaven anticipates a procedural posture in which this precise issue will be further adjudicated, in this case, it appears to be in the best interests of Righthaven – and in the best interests of the Defendants – to not exhaust judicial resources on the instant lawsuit and instead allow this matter to be voluntarily dismissed, with prejudice.

Moreover, due to the "with prejudice" nature of the dismissal sought herein, and also because this suit remains in the incipient stages of litigation, the Defendants will not suffer any legal prejudice *whatsoever* as a consequence of dismissal. Such prejudice cannot be attributed to the Defendants' loss of any legal right or interest, as a dismissal with prejudice effects a full and final judgment on the merits in the Defendants' favor, just as if the Defendants were to prevail at trial. Additionally, both the Ninth Circuit and this Court have plainly established that, absent the commencement of discovery and significant trial preparation, legal prejudice cannot arise merely from the expense of litigation.

The Defendants are also not entitled to statutory attorneys' fees resulting from the Court's dismissal of this action. Whether arising from the dismissal of Righthaven's copyright claim or the resolution of the pending Counterclaim, an award of statutory attorneys' fees is inappropriate because: (1) the Defendants' success in these actions is attributed to Righthaven's unilateral dismissal efforts which would not exist but for Judge Hicks' intervening decision in *Realty One*, (2) Righthaven's copyright action does not remotely approach the threshold for frivolity, (3) Righthaven has not engaged in any improper conduct and Righthaven's current dismissal efforts are motivated by judicial economy, (4) there is no question that the merits of Righthaven's copyright claim are objectively reasonable, and (5) the present facts do not give rise to considerations of compensation and deterrence. Simply stated, the imposition of attorneys' fees under these circumstances would represent a substantial deviation from the underlying purpose of the Copyright Act.

Finally, as a good-faith litigant, Righthaven should not be forced to continue to pursue its infringement action against the Defendants – the very same action which Righthaven is moving to voluntarily dismiss with prejudice. The voluntary dismissal will also have the effect of

adjudicating or dismissing Democratic Underground's pending Counterclaim, which seeks only a declaratory judgment of no copyright infringement.  As such, denial of the instant motion would put Righthaven in the precarious, counterintuitive legal position of having to continue to litigate a claim that Righthaven openly seeks to dismiss, and would force all parties to continue litigating a Counterclaim devoid of any contested issues.  In other words, if forced to proceed with these actions, Righthaven would essentially be doing so as an unwilling plaintiff/counterdefendant.  The Court should not effectuate this undesirable result.

Accordingly, Righthaven respectfully requests a voluntary dismissal of Righthaven's Complaint, with prejudice, subject to the reasonable conditions of dismissal set forth herein. *See also* Proposed Order of Dismissal, attached hereto as Exhibit 1.

## II.   ARGUMENT

### A.  *Righthaven's Request for Dismissal is Motivated By Judicial Economy*

Voluntary dismissal of this matter, with prejudice, is absolutely appropriate given the immediate relevance of a significant fair use ruling recently issued by this Court, and, primarily, as a means of promoting judicial economy.  While Righthaven maintains that the Defendants' unauthorized conduct, as specifically alleged in the Complaint, clearly surpasses the threshold for copyright infringement in plain violation of Righthaven's copyright ownership, Righthaven also acknowledges that reasonable minds may differ as to whether the Defendants' act of reproduction did in fact constitute fair use pursuant to 17 U.S.C. § 107.  Righthaven's acknowledgement in this regard is particularly significant in light of the decision recently rendered by Judge Larry R. Hicks in *Realty One*.  In *Realty One*, Righthaven filed suit for copyright infringement against defendants Realty One Group, Inc. ("Realty Group") and Michael J. Nelson ("Mr. Nelson"), alleging that said defendants reproduced, absent authorization, a substantial and significant (but non-holistic) portion of a Righthaven-owned literary work.[1]  Mr. Nelson thereafter filed a motion to dismiss, asserting a defense of fair use.[2]  Relying, in part, on

---

[1] *See* Complaint and Demand for Jury Trial, *Realty One*, No. 2:10-cv-01036-LRH-PAL (Docket No. 1-0).

[2] *See* Michael J. Nelson's Motion to Dismiss, *Realty One*, No. 2:10-cv-01036-LRH-PAL (Docket No. 11-0).

the fact that Mr. Nelson had "reproduced only the first eight sentences of a thirty sentence news article," Judge Hicks ultimately granted Mr. Nelson's motion on grounds that Mr. Nelson's partial reproduction purportedly fell within the auspices of statutory fair use. *Realty One,* No. 2:10-cv-01036-LRH-PAL, slip op. at 3-4 (D. Nev. Oct. 19, 2010).  It is Righthaven's view that Judge Hicks may well have reached a different conclusion had the reproduction at issue in *Realty One* been holistic, rather than partial, in nature.

While Righthaven believes that Judge Hicks' *Realty One* decision is in error, Righthaven simultaneously understands that it is incumbent upon us to presently respect and give due deference to Judge Hicks' decision.  Moreover, Righthaven anticipates a procedural posture in the near future whereby Judge Hicks' fair use holding will be appealable.  To wit: given that Judge Hicks' dismissal applied only to Mr. Nelson and, notably, did not dismiss defendant Realty Group from the lawsuit, Righthaven plans to move for default judgment against Realty Group.[3]  However, as Righthaven's infringement action against Realty Group arises from the same set of operative facts as Righthaven's (now defunct) claim against Mr. Nelson, Righthaven recognizes that Judge Hicks, given his own recently established precedent, may very well deny Righthaven's forthcoming default judgment motion and dismiss Realty Group from the lawsuit, *sua sponte*, on the basis of purported fair use.[4]

As Righthaven has reached a private settlement with Mr. Nelson, Righthaven is not in position to appeal Judge Hicks' dismissal of Mr. Nelson to the Ninth Circuit, as this would constitute a breach of the governing settlement agreement.  Contrarily, Realty Group is ***not*** subject to said settlement agreement, and as Righthaven anticipates that Realty Group will benefit from Judge Hicks' position on fair use by way of being dismissed, *sua sponte* (and

---

[3] Clerk's Entry of Default has already been entered against Realty Group. *See* Default, *Realty One,* No. 2:10-cv-01036-LRH-PAL (Docket No. 16-0).

[4] In fact, given the Ninth Circuit's unambiguous position on this exact issue, it will be difficult for Judge Hicks to deviate from his prior fair use holding (granting Mr. Nelson's dismissal) when ruling upon Righthaven's forthcoming motion for default judgment against Realty Group. *See In re First T.D. & Investment, Inc.,* 253 F.3d 520, 532 (9th Cir. 2001) ("It follows that if an action against the answering defendants is decided in their favor, then the action should be dismissed against both answering and defaulting defendants . . . It would likewise be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action.").

protected from default judgment), Righthaven fully intends to appeal *Realty One* to the Ninth Circuit on the fair use issue.

In that vein, it appears to be in the best interests of Righthaven – and in the best interests of the present Defendants – to not exhaust judicial resources on the instant lawsuit and instead allow this matter to be voluntarily dismissed, with prejudice, subject to the reasonable conditions set forth herein and Righthaven's right of withdrawal. *See Lau v. Glendora Unified School District,* 792 F.2d 929, 930-31 (9th Cir. 1986) (plaintiffs moving for voluntary dismissal have the option of accepting the conditions of dismissal or withdrawing the dismissal motion if said conditions are deemed too burdensome). Ultimately, the filing of the instant motion signals Righthaven's reasonable reaction – made in the spirit of judicial economy – to Judge Hicks' intervening decision in *Realty One*.

Righthaven does not expect that this course of action will, standing alone, create a precedent that will somehow preclude Righthaven from appealing other fair use-related rulings to the Ninth Circuit (i.e., *Realty One*). Righthaven also understands that, generally speaking, the judiciary is particularly mindful of the conduct of copyright plaintiffs demonstrated in the course of litigation, and it has been Righthaven's pattern and practice to minimize judicial resources at every level by trying to effect reasonable settlements[5] and work with magistrate judges to effectuate the same. Summarily, Righthaven has – at least in its own view – conducted itself with the utmost reasonableness with respect to the administration of Righthaven copyright cases filed in this Court, which Righthaven acknowledges are of high volume.

As such, Righthaven looks forward to resolving all pending legal issues arising from the partial, unauthorized reproduction of Righthaven-owned literary works, whether by way of an appeal of Judge Hicks' anticipated fair use ruling in *Realty One* or by way of a separate, more robust adjudication of the issue by this Court. However, it is Righthaven's current belief that, for the foreseeable future, nearly all Righthaven copyright cases – including those currently pending in this Court – will be founded upon holistic, or near holistic, unauthorized reproductions. In

---

[5] Righthaven's specific settlement figures, all of which are entirely reasonable in light of relevant case law and the statutory scheme governing damages for infringement, are subject to strict confidentiality requirements and thus cannot be disclosed. (Chu Decl. ¶ 6.)

fact, of the 67 Righthaven copyright lawsuits presently pending in this Court (non-inclusive of the instant action or *Realty One*), only **two** of these actions – or 2.9% of Righthaven's active cases – are founded upon reproductions of less than 75% of an entire textual work. (Chu Decl. ¶¶ 3-4.)  Moreover, 51 of Righthaven's 67 active copyright cases (non-inclusive of the instant action or *Realty One*) arise from holistic, verbatim reproductions. (Chu Decl. ¶¶ 3,5.) Righthaven anticipates that the number of Righthaven copyright suits founded upon partial (rather than full, or nearly full) textual reproductions will continue to decline in the immediate future.

### B.  *Righthaven's Complaint Should Be Voluntarily Dismissed With Prejudice*
#### 1.  *The Defendants Will Not Be Legally Prejudiced By Dismissal*

The Defendants will not be legally prejudiced, in any manner, by a dismissal of Righthaven's lawsuit with prejudice, coupled with a granting of Democratic Underground's request for declaratory judgment.  When ruling on a motion for voluntary dismissal, "the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water District v. United States,* 100 F.3d 94, 96 (9th Cir. 1996) ("*Westlands*") (*citing Hamilton v. Firestone Tire & Rubber Co.,* 679 F.2d 143, 145 (9th Cir. 1982)).  This Court has held that, so long as such prejudice is absent, "[g]enerally, motions filed under Fed. R. Civ. P. 41(a)(2) should be **liberally granted** . . ." *Watson v. Clark,* 716 F. Supp. 1354, 1355 (D. Nev. 1989) *aff'd,* 909 F.2d 1490 (9th Cir. 1990) (emphasis added).  Defining legal prejudice, the Ninth Circuit has established that such prejudice must be "prejudice to some legal interest, some legal claim, some legal argument." *Smith v. Lenches,* 263 F.3d 972, 976 (9th Cir. 2001) (*quoting Westlands,* 100 F.3d at 97).  The *Smith* court further explained that legal prejudice does not exist merely due to a defendant's uncertainty because a dispute remains unresolved, the threat of future litigation, a defendant's inconvenience in defending in another forum, or the plaintiff's gain of a tactical advantage. *Id.*  Similarly, legal prejudice does not arise from a defendant's "missed opportunity for a legal ruling on the merits." *Watson,* 716 F. Supp. at 1355.  At present, the "with prejudice" nature of the dismissal sought, along with Righthaven's

filing of this motion at the infancy of this litigation, effectively precludes the possibility that the Defendants will suffer *any* legal prejudice as a result of dismissal.

Righthaven's request for dismissal with prejudice largely resolves the Court's consideration of prejudice in the Rule 41(a)(2) construct.  By moving to dismiss the original action ***with prejudice***, and by requesting that Democratic Underground's Counterclaim be granted, Righthaven is awarding the Defendants a full and final judgment on the merits, vindicating the Defendants' rights and precluding any future suit for the causes of action alleged in the Complaint.  Federal courts across the country have agreed with this premise, finding that the "[d]ismissal of an action with prejudice is a complete adjudication of the issues presented by the pleadings and is a bar to a further action between the parties." *Smoot v. Fox,* 340 F.2d 301, 303 (6th Cir. 1964); *see also County of Santa Fe, N.M. v. Public Service Company of New Mexico,* 311 F.3d 1031, 1049 (10th Cir. 2002); *Kilburn v. Islamic Republic of Iran,* 256 F.R.D. 1, 3 (D.D.C. 2009).  In other words, should Righthaven's motion be granted, the Defendants will have prevailed in this matter in the same manner as if they had been awarded a favorable verdict at trial. *See Smoot,* 340 F.3d at 303 ("An adjudication in favor of the defendants, by court or by jury, can rise no higher than this.").  Accordingly, there can be no legitimate concern that the Defendants will suffer prejudice to some legal interest, legal claim, or legal argument, as the Defendants will have already succeeded in each of these regards by securing a full and final judgment on the merits.  Even if this Court were to ignore the Ninth Circuit's discussion in *Smith* and assume, *arguendo*, that legal prejudice ***could*** arise simply from the defendant's uncertainty because a dispute remains unresolved, or from the threat of future litigation, or from the defendant's inconvenience in defending in another forum, the present Defendants are fully exempt from each of these concerns due to the "with prejudice" nature of the voluntary dismissal sought by Righthaven (coupled with Righthaven's request for adjudication of Democratic Underground's Counterclaim).  Ultimately, "[w]inning a judgment on the merits usually precludes any legal prejudice." *Bioxy, Inc. v. Birko Corporation,* 935 F. Supp. 737, 740 (E.D.N.C. 1996).  This principle is directly applicable at present.

Moreover, the Defendants cannot reasonably argue that, if this matter is dismissed, legal prejudice will arise due to the Defendants' having to bear their own attorneys' fees incurred defending against, and responding to, this lawsuit.  This notion was made overwhelmingly clear by the court in *Westlands*, wherein the Ninth Circuit stated, "[w]e have explicitly stated that ***the expense incurred in defending against a lawsuit does not amount to legal prejudice*.*" *Westlands,* 100 F.3d at 97 (emphasis added).  Guidance can be drawn from the Ninth Circuit's holding in *Smith,* wherein the plaintiff, after initially filing suit in federal court, moved for voluntary dismissal with prejudice in order to re-file the same action in state court. *Smith,* 263 F.3d at 976.  Affirming the district court's grant of voluntary dismissal, the Ninth Circuit reasoned that the defendant "could not argue high litigation costs because discovery had not yet begun, it had not commenced trial preparations, and no motions challenging the merits of [the] case had come before the court." *Id.*  The circumstances before the court in *Smith* parallel those at present.  In the instant matter: (1) discovery has not yet begun, (2) there is no indication that the Defendants have commenced any form of trial preparations, and (3) the Defendants have not filed any motions with this Court challenging the merits of Righthaven's cause of action.  In fact, the Defendants' lone substantive filing in this action has been the Answer and Counterclaim[6] filed on or about September 27, 2010 (Docket No. 13).  Thus, adopting the Ninth Circuit's logic, the Defendants cannot legitimately argue that having to bear any attorneys' fees thus far incurred in the course of (or otherwise arising from) this litigation somehow amounts to legal prejudice as defined under the Rule 41(a)(2) analysis.[7]

---

[6] The Answer was filed on behalf of the Defendants, collectively.  The Counterclaim was filed solely on behalf of Democratic Underground. (*See* Defs.' Answer and Counterclaim; Docket No. 13-0)

[7] Furthermore, it is important to emphasize that in *Smith*, the Ninth Circuit found a complete absence of legal prejudice despite the fact that the plaintiff admittedly sought dismissal only as a means of re-filing suit against the defendant in state court. *Smith,* 263 F.3d at 976.  Contrarily, Righthaven's request for a dismissal with prejudice is the result of Righthaven's good-faith effort to advance judicial economy in the wake of Judge Hicks' intervening fair use ruling in *Realty One*.  Such good-faith conduct, as demonstrated by Righthaven throughout this litigation, may certainly be considered in the Court's Rule 41(a)(2) analysis. *See Puerto Rico Maritime Shipping Authority v. Leith,* 668 F.2d 46, 50 (1st Cir. 1981).  In this regard, Righthaven does not seek to re-file this particular action in any other court or jurisdiction, thus no tactical or legal advantage can be gained by Righthaven as a result of the instant motion.

When dealing with similar cases, this Court has directly followed the Ninth Circuit's position.  In *Watson*, this Court explained that "plain legal prejudice has been shown where the motion for voluntary dismissal came at such an advanced stage of the proceedings so as to prejudice defendant by waste of time and expense in preparation of defense." *Watson,* 716 F. Supp. at 1356 (*citing Green Giant Co. v. M/V Fortune Star,* 92 F.R.D. 746 (S.D. Ga. 1981)).  Ultimately, the *Watson* Court found that no "extreme or unreasonable burden exists that would justify denial of plaintiff's motion" despite the fact that the defendant had already filed an answer ***and*** a motion for summary judgment.  *Id.*  The Court reasoned that "[n]o extensive discovery ha[d] occurred . . . [t]he case ha[d] not progressed to an advanced stage, and there ha[d] not been an inordinate amount of time and money expended in preparation for trial." *Id.* By comparison, the Defendants in the instant matter have filed only an Answer and Counterclaim – papers arguably requiring less time, effort, and expense than the answer and motion for summary judgment filed by the defendant in *Watson*.  Moreover, at present, discovery has not commenced in any manner and trial preparations have not begun; contrarily, this action remains in the incipient stages of litigation.  As such, an outright denial of Righthaven's motion would constitute a substantial deviation from this Court's own precedent.  Finally, it is important to emphasize that, in *Watson*, this Court granted the plaintiff's motion for voluntary dismissal despite the fact that said dismissal was sought ***without prejudice***. *Id.* at 1355.  Consequently, Righthaven, unlike the *Watson* plaintiff, would not have the option to re-file this action at a later date, thereby eliminating the possibility that the Defendants will incur any future, additional legal expenses litigating this same cause of action.

## 2.   *Righthaven Should Not Be Forced to Continue Pursuing this Action*

If this Court were to deny the instant motion, Righthaven would then be forced to continue to pursue its infringement action against the Defendants – the very same action which Righthaven is seeking to voluntarily dismiss, with prejudice.  Similarly, a denial of Righthaven's motion would force all parties to continue litigating a Counterclaim devoid of any contested issues.  The Court should not effectuate this precarious result.  As a general matter, "courts

10

should hesitate to force an unwilling plaintiff to litigate his claim, especially after the plaintiff has already decided it would be preferable to suffer a preclusive judgment." *Bioxy, Inc.,* 935 F. Supp. at 740; *see also County of Santa Fe, N.M.,* 311 F.3d at 1049.  The counterintuitive consequence of denying a plaintiff's good-faith request to ***forever dismiss*** its own lawsuit was aptly articulated by the United States District Court for the District of Massachusetts:

> Further it is difficult, both practically and logistically, to imagine a court denying a plaintiff's motion to dismiss her own action with prejudice. Could the Court force the plaintiff to continue discovery, or offer evidence?  Can or should the Court require plaintiff to litigate a claim when plaintiff herself has attempted to dismiss it?  Though these questions prove vexatious, the Court need not ponder them at length.  Suffice to say that the Court will not compel plaintiff to pursue a claim that she wishes to dismiss with prejudice.

*Shepard v. Egan,* 767 F. Supp. 1158, 1165 (D. Mass. 1990).

While Righthaven maintains that the instant matter represents a clear-cut case of copyright infringement, Righthaven also acknowledges that reasonable minds may differ as to the viability of the Defendants' fair use defense, and that, in light of Judge Hicks' intervening decision in *Realty One* (particularly in the context of non-holistic infringements), it is in the best interests of both the parties and the Court for this action to be voluntarily dismissed, with prejudice.  As such, Righthaven should not be forced into the awkward, legally undesirable position of having to continue litigating the same action it currently seeks to dismiss.  A decision to the contrary would run counter to the spirit of the Federal Rules governing voluntary dismissals, and may well deter future plaintiffs – facing circumstances similar to those at present – from moving to voluntarily dismiss, despite the propriety of their doing so.

## C.  *Voluntary Dismissal is Contingent Upon Reasonable Conditions*

Ninth Circuit law is clear and unequivocal: Righthaven has the right to refuse the voluntary dismissal if the conditions imposed are unfair or onerous. *See, e.g., Lau,* 792 F.2d at 930.  Specifically, under Rule 41(a)(2), "a plaintiff has the choice between accepting the conditions and obtaining dismissal and, if he feels that the conditions are too burdensome,

withdrawing his dismissal motion and proceeding with the case on the merits." *Id.* at 930-31 (*quoting GAF Corporation v. Transamerica Insurance Co.,* 665 F.2d 364, 367-68 (D.C. Cir. 1981)).  Accordingly, while Righthaven will set forth specific, reasonable conditions for dismissal in both the following subsections and in the Proposed Order of Dismissal (attached hereto as Exhibit 1), Righthaven also reserves the right to withdraw the instant motion if the conditions imposed under any Order of Dismissal issued by the Court substantially deviate from those enumerated by Righthaven, whereupon this matter would then proceed on the merits.

Any Order of Dismissal issued by the Court, effecting a voluntary dismissal of Righthaven's Complaint with prejudice (as requested herein), is contingent upon the following limited conditions:

## 1. <u>All Parties Shall Bear Responsibility for Their Own Attorneys' Fees</u>
### a. *Attorneys' fees are generally not awarded upon a voluntary dismissal with prejudice*

Each party to the original infringement action, as well as each party to Democratic Underground's Counterclaim, shall bear responsibility for its own attorneys' fees incurred in the course of this litigation, including all attorneys' fees incurred as a direct result of responding to the Complaint.  Righthaven is adamant that this condition be expressly incorporated into any Order of Dismissal entered by the Court, (*See* Ex. 1.) and Righthaven reserves the right to rescind the instant voluntary dismissal request absent this condition.

Righthaven's position in this regard is both reasonable and is jurisprudentially well-founded.  The Ninth Circuit has acknowledged that "no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal." *Stevedoring Services of America v. Armilla International B.V.,* 889 F.2d 919, 921 (9th Cir. 1981) ("*Stevedoring*").  The *Stevedoring* court further mentioned that "several courts have specifically held that such payment is not required." *Id.* (internal citations omitted); *see also Westlands,* 100 F.3d at 97.  Taking a more direct approach, federal courts in various jurisdictions have held – both recently and historically – that "when a lawsuit is voluntarily dismissed with prejudice

12

under Fed. R. Civ. P. 41(a)(2), attorney's fees ordinarily are not available." *Degussa Admixtures, Inc. v. Burnett,* 471 F. Supp. 2d 848, 852 (W.D. Mich. 2007) *aff'd,* 277 F. Appx. 530 (6th Cir. 2008); *Pacific Vegetable Oil Corporation v. S.S. Shalom,* 257 F. Supp. 944, 948 (S.D.N.Y. 1966) (". . . it is clear that in the context of a dismissal with prejudice attorneys' fees and expenses are not appropriate"). Similarly, other federal courts have established that "the court lacks power to allow costs, barring exceptional circumstances, if the dismissal is with prejudice." *Mobile Power Enterprises, Inc. v. Power Vac, Inc.,* 496 F.2d 1311, 1312 (10th Cir. 1974) *rev'd* on other grounds by *Cantrell v. International Brotherhood of Electrical Workers, AFL-CIO, Local 2021,* 69 F.3d 456 (10th Cir. 1995); *see also John Evans Sons, Inc. v. Majik-Ironers, Inc.,* 95 F.R.D. 186, 191 (E.D. Pa. 1982)[8]. As the present lawsuit remains in the earliest stages of litigation, it is hard to imagine that any party could viably demonstrate the existence of any such "exceptional circumstances." *See id.* Discovery in this matter has not commenced, neither party has started preparing for trial, and no motions challenging the underlying merits have thus far been brought before the Court. Ultimately, given the infancy of this litigation, it appears unnecessary for the Court to deviate from the approach taken by federal appellate and district courts across the country, wherein attorneys' fees are generally not awarded upon the plaintiff's voluntary dismissal of an action **with prejudice**. *See, e.g., Pacific Vegetable Oil Corporation,* 257 F. Supp. at 948; *Mobile Power Enterprises, Inc.,* 496 F.2d at 1312; *Burnett,* 471 F. Supp. 2d at 852. Accordingly, Righthaven reasonably requests that all parties bear responsibility for their own attorneys' fees incurred in the course of litigating this action, including attorneys' fees incurred in the course of preparing, and responding to, the Counterclaim filed by Democratic

---

[8] Specifically, in *John Evans Sons, Inc.*, the court explained:

> The purpose of awards in [cases in which the plaintiff voluntarily dismisses the action without prejudice] is to compensate the defendant for having incurred the expense of trial preparation without the benefit of a final determination of the controversy. However, this consideration is not present in a case such as this where the dismissal is with prejudice. Indeed, it has been held that if the dismissal is with prejudice the court lacks power to require an attorney's fee to be paid, barring exceptional circumstances . . . Furthermore, we note that termination of this litigation by a dismissal with prejudice gives [the defendant] the benefit of a final determination of the controversy without the additional expense it would have incurred by proceeding with a trial on the merits. Therefore, the Court will not impose the payment of attorney's fees and the costs requested as a condition of the dismissal with prejudice.

*John Evans Sons, Inc.,* 95 F.R.D. at 191.

Underground.  Righthaven's acceptance of any Order of Dismissal will likely be contingent upon this express condition.

### b.   Statutory attorneys' fees are not appropriate

The Defendants should not be awarded statutory attorneys' fees pursuant to 17 U.S.C. § 505, arising from Righthaven's original copyright claim or from Democratic Underground's Counterclaim, because: (1) the Defendants' successes in these actions are attributed to Righthaven's unilateral dismissal efforts which would not exist but for Judge Hicks' intervening decision in *Realty One*, (2) Righthaven's copyright action does not remotely approach the threshold for frivolity, (3) Righthaven has not engaged in any improper conduct and Righthaven's current dismissal efforts are motivated by judicial economy, (4) there is no question that the merits of Righthaven's copyright action are objectively reasonable, and (5) the present circumstances do not give rise to considerations of compensation and deterrence.

In copyright actions, attorneys' fees may be awarded to the prevailing party only as a matter of the court's discretion. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534 (1994).  However, generally, a court should not award statutory attorneys' fees in a copyright action if the case is close, or if litigation would clarify the boundaries of copyright law. *Caffey v. Cook,* 409 F. Supp. 2d 484, 509 (S.D.N.Y. 2006).  In the § 505 construct, "[t]here is no precise rule or formula for making these determinations." *Id.* The Ninth Circuit's § 505 analysis considers: (1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective reasonableness of factual and legal arguments, and (5) the need in particular circumstances to advance considerations of compensation and deterrence. *Halicki Films, LLC v. Sanderson Sales & Marketing,* 547 F.3d 1213, 1230 (9th Cir. 2008).  Righthaven will address these factors in turn.

### (1) Degree of Success Obtained

Though a voluntary dismissal with prejudice would afford the Defendants a judgment on the merits as to both Righthaven's original copyright claim and Democratic Underground's Counterclaim, the unique circumstances surrounding Righthaven's current dismissal efforts

offset the degree of success achieved by the Defendants.  As repeatedly stated above, Righthaven is not bringing the instant motion out of concern that the Defendants' conduct does not somehow rise to the level of copyright infringement.  While Righthaven acknowledges that reasonable minds may differ as to viability of a fair use defense in this matter, Righthaven's decision to seek dismissal is entirely predicated upon the intervening decision by Judge Hicks in *Realty One*, and the manner in which the instant case might be directly impacted by said decision.  This is not an instance in which the Defendants' success will be the result of extensive briefing, voluminous discovery, or the presentment of exculpatory evidence at trial.  For instance, in *Pythagoras Intellectual Holdings, LLC v. Stegall,* 2009 WL 3245000, at *1-2 (C.D. Cal. Oct. 5, 2009), the court awarded statutory attorneys' fees to the defendant after the matter was dismissed on summary judgment, where the litigation had been ongoing for nearly two years.  By comparison, the instant matter was initiated just three months ago, and the only substantive documents thus far filed with this Court are the original Complaint and the Defendants' Answer and Counterclaim.

   ***Further distinguishing this matter from Stegall (and most other copyright cases) is the fact that Righthaven's dismissal request is entirely contingent upon this Court's denial of statutory attorneys' fees.***  In other words, this is not a motion in which Righthaven is mandating that this case ***must, under any circumstances***, be dismissed by the Court.  Instead, Righthaven simply believes that this specific fair use issue need not be the subject of potentially duplicative Ninth Circuit appeals, thus Righthaven is willing to permanently drop this particular action if, by doing so, Righthaven is not consequently forced to pay the Defendants attorneys' fees.  As Righthaven feels that this case, if seen through on the merits, would ultimately yield a favorable result, Righthaven is fully willing to litigate this matter through trial.  However, Righthaven currently believes that the most appropriate course of action is to avoid absorbing judicial resources through the continuation of this lawsuit in light of the anticipated appealable posture of *Realty One*.[9]

---

[9] Even assuming, *arguendo*, that the Court finds in the Defendants' favor as to this particular factor, by no means would this entitle the Defendants to an award of statutory attorneys' fees.  In *Ets-Hokin v. Skyy Spirits, Inc.,* 323 F.3d 763, 766 (9th Cir. 2003), the Ninth Circuit upheld the district court's denial of attorneys' fees under § 505

## (2) Frivolousness

Righthaven's copyright action against the Defendants does not come remotely close to the legal threshold for frivolity.  The law on this topic is clearly established: a claim is frivolous if "it is not colorable or is without arguable merit." *Bibbero Systems, Inc. v. Colwell Systems, Inc.,* 893 F.2d 1104, 1109 (9th Cir. 1990); *see also Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  Righthaven's copyright claim against the Defendants is sufficiently pled in the Complaint, and each allegation set forth therein is definitively substantiated by supporting evidence.  Accordingly, no legitimate argument can be made that Righthaven's original action is not colorable, or that said action is *arguably* without merit.

The basis of Righthaven's copyright claim is well-founded.  The law is venerable that to prove copyright infringement, one must demonstrate: "(1) ownership of the allegedly infringed work and (2) copying of the protected elements of the work by the defendant." *Pasillas v. McDonald's Corp.*, 927 F.2d 440, 442 (9th Cir. 1991) (*citing Narell v. Freeman*, 872 F.2d 907, 910 (9th Cir. 1989)).  Thus, a plaintiff in a properly pled copyright claim must satisfy these elements through the factual allegations in the pleadings.  The elements of Righthaven's copyright claim against the Defendants are expressly pled in the Complaint, wherein Righthaven alleges copyright ownership of each infringed literary work and also alleges, with specificity, each purported infringement. (Compl. ¶¶ 10,12-13,28.)  Furthermore, Righthaven supports these allegations by exhibiting the copyright registration certificate to the infringed work, and also by exhibiting printouts of both the infringed work and the Defendants' infringement. (Compl. Ex. 2-4.)  Such documentation plainly evidences the Defendants' violations under the Copyright Act: the Defendants' unauthorized reproduction of a Righthaven-owned literary work violated Righthaven's ownership rights under 17 U.S.C. § 106, wherein Righthaven maintains the exclusive right to reproduce the work, to prepare derivatives of the work, and to publicly display the copyrighted work.  Furthermore, Righthaven's inclusion of these fact-based allegations (and attachment of substantiating evidence) clearly demonstrates that Righthaven's copyright action is utterly devoid of frivolity. *See Belmore v. City Pages, Inc.,* 880 F. Supp. 673, 680-81 (D. Minn.

because the considerable degree of success obtained by the defendant did not overcome the fact that the remaining factors either favored the plaintiff or were deemed neutral.

1995) (statutory attorneys' fees not awarded in copyright case; case was deemed non-frivolous because plaintiff had pled a *prima facie* case of copyright infringement).  While, as Righthaven has repeatedly acknowledged, the nature of the Defendants' copying is such that reasonable minds may in fact differ as to whether the Defendants' conduct constituted fair use, this acknowledgment – standing alone – in no way suggests that Righthaven's lawsuit must therefore be frivolous.  Attorneys' fees should not be awarded absent such frivolity.[10]

### (3) Motive

Righthaven's motives in bringing the instant lawsuit, as well as Righthaven's overall conduct throughout the course of this litigation, have been anything but improper.  In fact, the good-faith, reasonable nature of Righthaven's conduct is exemplified by the instant motion, wherein Righthaven – as a direct result of Judge Hicks' intervening decision in *Realty One* – is seeking a voluntary dismissal as a means of promoting judicial economy.  Accordingly, consideration of Righthaven's underlying motives, in the § 505 construct, weighs heavily against an award of attorneys' fees.

A cursory comparison of Righthaven's behavior in this action with the conduct of litigants deemed to have been acting pursuant to an improper motive clearly demonstrates the propriety of Righthaven's conduct.  As a general matter, the presence of improper motivation in bringing a lawsuit, or the presence of other bad faith conduct in the course of litigation, bolsters the argument in favor of awarding attorneys' fees. *See Matthew Bender & Co., Inc. v. West Publishing Co.,* 240 F.3d 116, 124-27 (2d Cir. 2001) ("*Matthew Bender*").  Courts in various jurisdictions have found improper motive in a number of scenarios, all of which are drastically distinguishable from the present action.  For instance, in *Baker v. Urban Outfitters, Inc.,* 431 F. Supp. 2d 351, 358 (S.D.N.Y. 2006), the court attributed the plaintiff's improper motive, in part, to the plaintiff's assertion of knowingly false allegations in the pleadings.  Similarly, in *Garcia-Goyco v. Law Environmental Consultants, Inc.,* 428 F.3d 14, 21 (1st Cir. 2005), the First Circuit

---

[10]  Additionally, the simple fact that a court might disagree with, or reject the position taken by a plaintiff in the course of bringing a lawsuit does not necessarily mean that the plaintiff's position is frivolous. *See Luken v. International Yacht Council, Ltd.,* 581 F. Supp. 2d 1226, 1240 (S.D. Fla. 2008) ("Courts regularly reject reasonable legal positions in favor of other reasonable legal arguments.").

referenced the decision of the district court, wherein it was found that the plaintiff's actions were committed "in bad faith in order to leverage [the defendant's] cooperation in hiring [the plaintiff] and that further use of the copyrights to bootstrap a state law contract into federal court wasted an immeasurable amount of [the] court's time as well as causing inappropriate and unnecessary legal expenses for [the defendant]."  Finally, in *Crown Awards, Inc. v. Discount Trophy & Co., Inc.,* 564 F. Supp. 2d 290, 296-97 (S.D.N.Y. 2008), the court imposed fees pursuant to § 505 in light of counsel's misconduct during trial, misconduct during depositions, and submission of false witness statements.  None of the above scenarios is even remotely comparable to the instant action.  There is no evidence whatsoever that any of the allegations in Righthaven's Complaint are false, nor is there any evidence indicating that Righthaven has actual knowledge of any such (non-existent) falsities.  Though discovery in this matter has not commenced and no hearings have been held with this Court, Righthaven has not conducted itself inappropriately or in bad faith at any time during these early stages of litigation.  In fact, the instant motion reflects the opposite to be true: Righthaven seeks to avoid bringing potentially duplicative fair use appeals before the Ninth Circuit, the process of which would inevitably (and needlessly) absorb the judicial resources of both this Court and the appellate court.  Finally, as Righthaven is seeking to dismiss this action with prejudice at this early stage of the case (a dismissal which should also have the effect of resolving the pending Counterclaim), neither party has incurred substantial or unnecessary legal expenses. *See Burger-Moss v. Steinman,* 127 F.R.D. 452, 453 (S.D.N.Y. 1989) (attorneys' fees awarded to defense counsel in copyright action after plaintiff, who conceded summary judgment to defendant more than three years after the case had been filed, was found to have unreasonably and vexatiously prolonged the litigation).  Accordingly, as Righthaven's motives are – and have been at all times relevant to this lawsuit – entirely proper, any award of statutory attorneys' arising from the voluntary dismissal of this action would be wholly inappropriate.

**(4) Objective Reasonableness**

No reasonable argument can be made that Righthaven's copyright claim is, in any capacity, objectively unreasonable.  To the contrary, Righthaven's claim is founded upon the unambiguous language of the Copyright Act, a series of specific, fact-based allegations concerning the Defendants' unauthorized conduct, and documentary evidence substantiating said allegations.  Simply stated, Righthaven's copyright claim against the Defendants is entirely meritorious.

The objective reasonableness of Righthaven's claim is readily apparent when compared to other copyright actions applying the § 505 analysis.  For instance, in *National Nonwovens, Inc. v. Consumer Products Enterprises, Inc.,* 397 F. Supp. 2d 245, 260 (D. Mass. 2005), the court concluded that the plaintiff's copyright claim was not objectively unreasonable solely on the basis that the plaintiff "possessed a valid copyright in [the work] . . . [t]hus plaintiff certainly had a colorable copyright claim." *See also Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 25 1065, 1075 (D. Ariz. 2006) (plaintiff's claim deemed objectively reasonable because the court accepted plaintiff's allegations that plaintiff owned the copyrights in question and defendant infringed plaintiff's exclusive ownership rights).  At present, Righthaven has both specifically alleged, and attached proof of, Righthaven's copyright ownership in and to the infringed literary work. (Compl. ¶¶ 10,28.) (Compl. Ex. 4.)  As Righthaven has also alleged, and attached proof of, the Defendants' infringement of Righthaven's copyrighted work, (Compl. ¶ 13.) (Compl. Ex. 3.) Righthaven has unequivocally established at least a *colorable,* objectively reasonable claim for infringement. *See Pasillas*, 927 F.2d at 442.  By contrast, in *Budget Cinema, Inc. v. Watertower Associates,* 81 F.3d 729, 732-33 (7th Cir. 1996) ("*Budget Cinema*"), the Seventh Circuit found that the plaintiff's copyright claim was objectively unreasonable because the plaintiff filed a complaint despite not having any ownership interest in the subject work.  The *Budget Cinema* court further emphasized that at the time the complaint was filed, the plaintiff "had no communications with [the copyright owner] regarding intellectual property rights, nor was a writing executed transferring [copyright ownership] to [the plaintiff]." *Id.* In the instant action, nothing in the record even remotely suggests that Righthaven was not the owner

19

of the copyright in the infringed work at the time the Complaint was filed.  Similarly, there is no

evidence that Righthaven's means of acquiring said ownership – via "Transfer: By written

agreement" – is somehow invalid for the purposes of Righthaven's standing to sue. (*See* Compl.

Ex. 4.)  Consequently, it is reasonable to believe that had the Seventh Circuit been faced with the

present facts rather than those at issue in *Budget Cinema*, there would have been no question as

to the objective reasonableness of the underlying copyright claim.[11]

      The objectively reasonable nature of this lawsuit weighs heavily against an award of

attorneys' fees pursuant to § 505.  The Supreme Court has made it very clear that the courts,

when applying a § 505 analysis, are to consider each factor in a manner that is "faithful to the

purposes of the Copyright Act." *Fogerty,* 510 U.S. at 539 n. 19.  In that vein, and with specific

respect to the consideration of objective reasonableness within this analysis, the Second Circuit

has explained that "***the imposition of a fee award against a copyright holder with an objectively***

***reasonable litigating position will generally not promote the purposes of the Copyright Act***."

*Matthew Bender,* 240 F.3d at 122 (emphasis added).  This principle is directly applicable at

present.

      Finally, this Court, on numerous prior occasions, has agreed that Righthaven's copyright

cases are objectively reasonable.  When examining Righthaven copyright actions substantially

similar to the present action, this Court has repeatedly validated the factual and legal merit of

said cases with respect to both standing to sue and stating a claim upon which relief may be

granted.  For example:

- ***Righthaven LLC v. Tuff-N-Uff Productions, Inc., et al.,*** **(D. Nev.) 2:10-cv-**
  **0794-PMP-PAL ("*Righthaven v. Tuff-N-Uff*"):** Judge Philip M. Pro held
  that Righthaven had sufficiently established standing to sue, explaining that
  the allegations in the complaint, along with the copyright assignment[12]

---

[11] The *Budget Cinema* court also noted that "significant questions existed regarding the validity of the [plaintiff's] copyright." *Budget Cinema,* 81 F.3d at 733.  By comparison, no questions have been raised as to the validity of Righthaven's copyright.

[12] The copyright assignment referenced in *Righthaven v. Tuff-N-Uff*, as well as the copyright assignment referenced in all other Righthaven cases previously addressed by this Court, is substantially similar, if not identical to the Righthaven-Stephens Media LLC copyright assignment at issue at present.  Said copyright assignment, referenced in

between Righthaven and Stephens Media LLC, were adequate for the purposes of standing.[13]

- ***Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.,*** **(D. Nev.) 2:10-cv-0636-RLH-RJJ ("*Righthaven v. Malik*"):** finding that Righthaven had standing to sue, Chief Judge Roger L. Hunt stated that Righthaven's complaint, as governed by Rule 8(a) of the Federal Rules, "sufficiently pleads the factual allegations sufficient to sustain a claim." Specifically, Judge Hunt noted that Righthaven's complaint "identified (1) which specific original works from the subject of the copyright claim; (2) that the Plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts and during what time the defendant infringed the copyright." *Citing Home & Nature Inc. v. Sherman Specialty Company, Inc.,* 344 F. Supp. 2d 260, 265 (E.D.N.Y. 2004).[14]

- ***Righthaven LLC v. EMTCity.com, et al.,*** **(D. Nev.) 2:10-cv-0854-HDM-PAL ("*Righthaven v. EMTCity*"):** Judge Howard D. McKibben found that Righthaven's standing to sue was sufficient in light of the allegations in the pleadings and the language of the copyright assignment between Righthaven and Stephens Media LLC.[15]

- ***Righthaven LLC v. MajorWager.com, Inc.,*** **(D. Nev.) 2:10-cv-0484-GMN-LRL ("*Righthaven v. MajorWager*"):** Judge Gloria M. Navarro held that Righthaven had standing to sue, explaining that "the copyright assignment between Righthaven and Stephens Media LLC assigns to Righthaven all exclusive ownership rights in and to the Article posted on Defendant's website, and is expressly inclusive of all previously accrued causes of action related to that article." Judge Navarro further ruled that Righthaven had adequately stated a claim upon which relief may be granted pursuant to Rule 12(b)(6). Specifically, Judge Navarro explained that Righthaven's complaint was sufficient because it demonstrated that "(1) the Plaintiff owns the copyrights; and (2) defendant infringed the copyright by duplicating

---

Exhibit 4 of Righthaven's Complaint, will be produced by Righthaven upon the Court's request. *See also* pages 19-20, *supra.*

[13] *See Righthaven v. Tuff-N-Uff,* Minutes of Proceedings (Docket No. 19-0).

[14] *Righthaven v. Malik,* 2:10-cv-06360RLH-RJJ, slip op. at 3-4 (D. Nev. Sep. 2, 2010) (Docket No. 15-0).

[15] *See Righthaven v. EMTCity,* Minutes of Proceedings (Docket No. 18-0).

Plaintiff's article and placing the article on defendant's website." *Citing Miracle Blade, LLC v. Ebrands Commerce Group, LLC,* 207 F. Supp. 2d 1136 (D. Nev. 2002).[16]

Summarily, after reviewing Righthaven's previous court filings (and documentation attached in support thereof), numerous judges in this Court have confirmed the legitimacy of numerous Righthaven copyright suits substantially similar to the present action.  In doing so, the Court has also, *ipso facto*, plainly established that such lawsuits are, at least at the pleading stage, objectively reasonable.

### (5)  Considerations of Deterrence

Considerations of deterrence are entirely absent in this case.  Imposing an award of attorneys' fees as a condition of dismissal will not have the deterring effect generally sought by the court within the context of the § 505 analysis. *See e.g., Baker,* 431 F. Supp. 2d at 358-59 (considerations of deterrence present when it was clear that plaintiff had filed suit only as a means of extracting "a significant payment from perceived 'deep pocketed' defendants . . .").  This action, which is well-founded both in fact and in law, was brought by Righthaven in good faith.  Moreover, Righthaven only seeks to voluntarily dismiss this action as a prudent response to Judge Hicks' intervening decision in *Realty One* – a decision which may impact the outcome the case at present.  These circumstances do not give rise to considerations of deterrence.  If anything, litigants in Righthaven's position should be encouraged to take a similar course of action.

Moreover, as discussed on pages 6-7, *supra*, it is Righthaven's current belief that, for the foreseeable future, nearly all Righthaven copyright cases – including those currently pending in this Court – will be founded upon holistic, or near holistic, unauthorized reproductions.  In fact, of the 67 Righthaven copyright lawsuits pending in this Court (non-inclusive of the instant action or *Realty One*), only ***two*** (or 2.9%) of these actions are premised upon reproductions of less than 75% of an entire textual work. (Chu Decl. ¶¶ 3-4.)  Furthermore, 51 of Righthaven's 67 active

---

[16] *Righthaven v. MajorWager,* 2:10-cv-0484-GMN-LRL, slip op. at 2-4, 8-10 (D. Nev. Oct. 28, 2010) (Docket No. 29-0).

copyright cases (non-inclusive of the instant action or *Realty One*) arise from holistic, verbatim reproductions. (Chu Decl. ¶¶ 3,5.)  Righthaven anticipates that the number of Righthaven copyright suits premised upon partial (rather than full, or nearly full) textual reproductions will continue to decline in the immediate future.  As such, considerations of deterrence need not apply.  Despite the meritorious nature of Righthaven's current infringement claim against the Defendants, Righthaven does not anticipate filing any future lawsuits founded upon infringements of less than 75% of a copyrighted work, regardless of the outcome of the instant litigation.

**2.   The Counterclaim Shall Be Deemed Fully Adjudicated or, Alternatively, Dismissed Pursuant to Rule 12(b)(6)**

While the Counterclaim filed by Democratic Underground is in fact subject to an independent basis of jurisdiction,[17] logic dictates that the relief sought via said Counterclaim will, *ipso facto*, be granted – and therefore rendered fully adjudicated – as the natural and inevitable consequence of the instant motion.  The Counterclaim's only cause of action is one seeking a "Declaration of No Copyright Infringement." (Defs.' Answer and Counterclaim p. 24, ¶¶ 184-196.)  As a result, it is difficult to imagine how Righthaven's voluntary dismissal of this case with prejudice, thereby awarding the Defendants a full and final judgment on the merits, would not also have the effect of resolving the declaratory relief Counterclaim.  Thus, as a matter of sheer logic, and also in the spirit of judicial economy, the pending Counterclaim need not be further litigated upon the voluntary dismissal of Righthaven's original infringement action.

Alternatively, upon granting Righthaven's request for voluntary dismissal with prejudice, the pending Counterclaim could also be appropriately dismissed for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  In fact, in *Smith*, the Ninth Circuit held that the court has discretion to dismiss a declaratory relief counterclaim, if said counterclaim is related to claims that have been voluntarily dismissed. *Smith,* 263 F.3d at 978;

---

[17] The Court's independent basis for jurisdiction over the pending Counterclaim is grounded upon the Declaratory Judgment Act, codified in 28 U.S.C. § 2201. (*See* Defs.' Answer and Counterclaim p. 6, ¶ 1.)

*see also Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.,* 896 F.2d 1542, 1555 (9th Cir. 1989) ("The purpose of the Declaratory Judgment Act is to relieve potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit at his leisure – or never."). In other words, in Righthaven's view, dismissing the original Complaint with prejudice means that there will no longer be a case or controversy to support a declaratory relief claim.[18] *See Amana Refrigeration, Inc. v. Quadlux, Inc.,* 172 F.3d 852, 854 (Fed. Cir. 1999) (the Declaratory Judgment Act authorizes relief only when an actual case or controversy exists, and said case or controversy must exist at every stage of the proceedings); *Concise Oil & Gas Partnership v. Louisiana Intrastate Gas Corp.,* 986 F.2d 1463, 1471 (5th Cir. 1993) (courts routinely consider whether the judgment sought in a declaratory relief action will "serve a useful purpose in clarifying and settling the legal relations in issue"). Ultimately, the voluntary dismissal of Righthaven's original action should also trigger the dismissal of the pending Counterclaim.

Similarly, even if this Court were to deny Righthaven's instant motion, the Counterclaim should nevertheless be dismissed because the Defendants' unequivocal denial of Righthaven's infringement allegations (Defs.' Answer and Counterclaim p. 14, ¶ 78.) and the Defendants' affirmative defenses asserted in support of said denial (Defs.' Answer and Counterclaim p. 5-6.) have the legal effect of rendering the Counterclaim entirely superfluous. *See Englewood Lending Inc. v. G & G Coachella Investments, LLC,* 651 F. Supp. 2d 1141, 1144-45 (C.D. Cal. 2009) (the court has discretion to dismiss a declaratory relief counterclaim as superfluous if said counterclaim is merely a mirror image of the claims in the original complaint or redundant of the counterclaimant's affirmative defenses). Accordingly, dismissal of the pending Counterclaim on this basis would undoubtedly be appropriate.[19]

---

[18] On this same basis, the Court may also resolve the pending Counterclaim by way of summary adjudication upon consideration of matters beyond the scope of the pleadings. *See* Fed. R. Civ. P. 12(d).

[19] Righthaven believes that the relief sought herein tolls Righthaven's obligation to respond to the pending Counterclaim until such time as the instant motion is ruled upon by the Court. To the extent that there are any questions as to whether this motion constitutes a sufficient Rule 12 response, Righthaven trusts that the above request for dismissal of the Counterclaim pursuant to Rule 12(b)(6) (or Rule 56) resolves this uncertainty. However, should the Court disagree with Righthaven's position in this regard, the Court may – under Rule 12(a)(4) – set a deadline for Righthaven's response to the Counterclaim, and Righthaven is prepared to promptly comply with any

### 3.   Righthaven Reserves the Right to Withdraw the Instant Motion

Righthaven's right to withdraw the instant motion for voluntary dismissal with prejudice and proceed with this action on the merits is a right expressly recognized by the Ninth Circuit. *See, e.g., Lau,* 792 F.2d at 930-31.  Righthaven will invoke this right of withdrawal should Righthaven determine that the conditions imposed by the Court pursuant to any Order of Dismissal fail to sufficiently incorporate the reasonable conditions articulated by Righthaven both herein and in the Proposed Order of Dismissal, attached hereto. (*See* Ex. 1.)

### III.   CONCLUSION

For the reasons set forth above, Righthaven respectfully requests that this Court grant Righthaven's Motion for Voluntary Dismissal with Prejudice, including the full adjudication or dismissal of the pending Counterclaim (Docket No. 13-0), and enter the Proposed Order of Dismissal, attached hereto as Exhibit 1.

Dated this fifteenth day of November, 2010.

RIGHTHAVEN LLC


By: /s/ Joseph C. Chu

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701

*Attorneys for Plaintiff/Counterdefendant Righthaven LLC*

---

such Order. *See* Fed. R. Civ. P. 12(a)(4).  Importantly, Righthaven's approach to this issue is specifically intended to avoid the filing of unnecessary papers with the Court (and to avoid unnecessary service of the same on the parties to this action).

**<u>CERTIFICATE OF SERVICE</u>**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I am an employee of Righthaven LLC and that on this fifteenth day of November, 2010, I caused the **PLAINTIFF/COUNTERDEFENDANT'S MOTION FOR VOLUNTARY DISMISSAL WITH PREJUDICE AND ADJUDICATION OR DISMISSAL OF COUNTERCLAIM** to be served by the Court's CM/ECF system.

By: /s/ J. Charles Coons

J. CHARLES COONS, ESQ.
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701