SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada  89129-7701
Tel: (702) 683-4788
Fax: (702) 922-3851

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven LLC*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven LLC*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>               Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>               Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>               Counterclaimant,<br><br>v. | Case No.: 2:10-cv-01356-RLH-RHH<br><br>**JOINT DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

1

RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,

Counter defendants.

Plaintiff/Counter-defendant, Righthaven LLC ("Righthaven"), and Defendant David Allen, and Defendant/Counter-claimant Democratic Underground, LLC ("Democratic Underground"), and Counter-defendant Stephens Media LLC ("Stephens Media") all collectively known herein as the "Parties" by and through their respective counsel, pursuant to Rule 26(f)(2) of the Federal Rules of Civil Procedure, hereby submit their proposed Joint Discovery Plan and Scheduling Order ("Discovery Order").

A.  **Fed.R.Civ.P. 26(f) Conference.**  On December 1, 2010, the Parties conducted the discovery conference as required under Fed. R. Civ. P. 26(f).  In attendance on behalf of Righthaven was Shawn A. Mangano and J. Charles Coons; in attendance on behalf of Democratic Underground was Laurence Pulgram and Corynne McSherry; and in attendance on behalf of Stephens Media, LLC was Wade Rabenhorst.

Due to the delay in organizing and completing a compliant Rule 26(f) conference, the Parties request this Court consider a special scheduling request. The Parties request the requisite 180-day discovery plan from the date of the Rule 26(f) conference, rather than the date of first appearance by the Defendants. This special scheduling request is a minor deviation from the date structure provided in LR 26-1(e) and is sought in good faith to accommodate the delay in organizing the Rule 26(f) conference and providing the court a Discovery Order.  Consequently, allowing for a standard 180-day discovery period from the date of the Rule 26(f) conference will provide the Parties the time required to develop and litigate this copyright infringement action without the prejudice of lapsed deadlines that currently exist under a 180-day discovery plan from the date of the Defendants' first appearance.

1. <u>Fed. R. Civ. P. 26(a) Changes</u>:  The Parties shall submit their initial disclosures no later than **December 15, 2010**, fourteen (14) days from the date of the Early Case Conference (the "Discovery Conference"), as required by Fed. R. Civ. P. 26(a).

2. <u>Fed. R. Civ. P. 26(f)(3)(A) Scope of Discovery</u>:  The Parties believe that discovery should extend to the full extent allowed by the Federal Rules of Civil Procedure and should not be limited to any particular issues.  The subjects as to which discovery will be allowed include all factual issues raised in and/or relevant to the claims or defenses in the Complaint, Answer (including affirmative defenses) and Counterclaim.

3. <u>Fed. R. Civ. P. 26(f)(3)(B) Timing of Discovery</u>:
    a. The Parties propose the following timetable for discovery, based on a six-month schedule:
        i. **<u>Discovery Cut-Off Date</u>:**  The cut-off date for discovery shall be **May 30, 2011,** 180 days from the date of the Discovery Conference.
        ii. **<u>Amending the Pleadings and Adding Parties</u>:**  All motions to amend the pleadings or to add parties shall be filed not later than the **March 1, 2011,** 90 days prior to the scheduled close of discovery.
        iii. **<u>Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)</u>:**  Disclosures concerning experts shall be made no later than the **March 30, 2011**, 62 days before the discovery cut-off date.  Disclosures concerning rebuttal experts shall be made no later than the **April 29, 2011,** 30 days after the initial disclosure of experts.

      iv. **Dispositive Motions:**  The date for filing dispositive motions shall not be later than the **June 29, 2011,** 30 days after the discovery cut-off date.  In the event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing dispositive motions shall be extended to be not later than 30 days from the subsequent discovery cut-off date.

      v. **Pretrial Order:**  The date for filing the joint pretrial order shall not be later than the **July 29, 2011,** 30 days after the cut-off date for filing dispositive motions.  In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court.  In the further event that the discovery period is extended from the discovery cut-off date set forth in this Discovery Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

      vi. **Extensions or Modifications of the Discovery Plan and Scheduling Order:**  Any stipulation or motion must be made not later than the **May 10, 2011,** 20 days before the discovery cut-off date.

      vii. **Interim Status Report:**  The Parties shall file the interim status report, if required, by the **March 31, 2011,** 60 days before the discovery cut-off date.

4

4. <u>Fed.R.Civ.P. 26(f)(3)(C) Discovery of Electronically Stored Information:</u> The Parties agree to preserve all potentially discoverable documents, including electronically-stored information.  The disclosure or discovery of electronically stored information shall be handled as follows:
 a. As used in this section 3(a), the following terms shall be defined as follows:
  i. "Alter" shall mean alter, change, modify, revise, corrupt, delete and/or destroy, but, in accordance with Fed. R.Civ. P. 37(e) shall not include alteration as a result of the routine, good-faith operation of an electronic information system.
  ii. "Information" shall mean all discoverable material, information, matter, and data, in any form or format of storage, subject to the Federal Rules of Civil Procedure.
  iii. "Custodial Persons" shall mean any of the Parties' or their subsidiaries' (including, without limitation, the *Las Vegas Review Journal* which is owned by Stephens Media) employees, off-site employees, contractors, agents, representatives or other Persons under the control of or acting in concert with a Party, in possession of Electronic Data that is potentially discoverable in this case, including, without limitation, those Persons that owe any Party a contractual or other fiduciary duty to maintain, preserve, keep confidential or otherwise protect its Electronic Data.
  iv. "Party" shall mean Righthaven LLC, David Allen, Democratic Underground LLC, and Stephens Media LLC.

    v. "Person" shall mean any individual, corporation, partnership, general partner, limited partnership, limited-liability partnership, limited-liability company, member, trust, association, organization or any form of entity whatsoever.

 b. Each Party shall preserve and not Alter all Information, including electronically-stored information, in that Party's possession, custody or control that is potentially discoverable in this case in their existing format regardless of any pre-existing retention policies.

 c. Each Party shall instruct all Custodial Persons to preserve and not Alter all Information potentially discoverable in this case in their existing format, regardless of any pre-existing retention policies.

 d. Each Party shall produce electronically-stored data in multi-page OCR .tif format, with Concordance load files with specifications as agreed upon by the parties (for compatibility with the most common litigation document review system), with the exception of Excel or similar spreadsheets which shall be produced in native format.  If a party receiving such production contends that a native or other non-.tif format is necessary to ascertain discoverable information, it may request a party to produce in native format.  Any dispute as to the necessity of production in native format shall be resolved by the Magistrate Judge.

 ~~e.~~ A Party desiring not to produce metadata associated with any Information created prior to the commencement of this action shall be required to seek a protective order protecting against such production and shall have the burden of proof of establishing the impropriety of production of any such metadata.  As to information created after commencement of this action, metadata need not be

6

produced if a party asserts that such metadata contains privileged information, provided that the party must list the existence of any such data in its privilege log and, if the parties cannot agree thereafter regarding its production, a motion to compel its production will be presented to the Magistrate Judge.

5. <u>Fed.R.Civ.P. 26(f)(3)(D) Claims of Privilege or Protection as Trial-Preparation Material</u>:  A party claiming that any item within the scope of discovery is protected as either privileged or as trial-preparation material, pursuant to Fed.R.Civ.P. 26(b)(5), shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's or items' protection as trial preparation material.  Such a privilege log shall be limited to communications prior to the commencement of this action, and shall be produced within (21) days following the date that the documents memorialized in the privilege log were to be produced by the party from whom discovery is being sought.  If a party becomes aware of a privileged document having been produced the parties shall comply with Fed. R. Civ. P. 26(b)(5)(B).

6. <u>Fed.R.Civ.P. 26(f)(3)(E) Changes</u>:  None at this time.

7. <u>Fed.R.Civ.P. 26(f)(3)(F) Orders</u>:  None at this time.

7

B.    **Later-Appearing Parties:**  A copy of this Discovery Order shall be served on any person who is hereafter added as a party to this action within five days of that later-appearing Party's first appearance.  This Discovery Order shall apply to such later-appearing party or parties, unless: (1) a stipulation of the Parties is approved by this Court, or (2) this Court, on motion for good cause shown, orders otherwise.

Dated this 3rd day of December, 2010.

RIGHTHAVEN LLC

By: /s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Asst. General Counsel at Righthaven LLC*
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
*Staff Attorney at Righthaven LLC*

*Attorneys for Plaintiff and Counter Defendant Righthaven LLC*


STEPHENS MEDIA, LLC


By:  /s/ J. Colby Williams

J. COLBY WILLIAMS, ESQ.
Nevada Bar No. 5549
jcw@campbellandwilliams.com
CAMPBELL AND WILLIAMS

*Attorneys for Counterdefendant Stephens Media, LLC*

DEMOCRATIC UNDERGROUND, LLC. and DAVID ALLEN

By: /s/ Laurance F. Pulgram

LAURENCE F. PULGRAM (CSB NO. 115163) (*pro hac vice*)
lpulgram@fenwick.com
FENWICK & WEST LLP

KURT OPSAHL (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD

*Attorneys for Defendants and Counterclaimant DEMOCRATIC UNDERGROUND, LLC, and Defendant DAVID ALLEN*

**IT IS SO ORDERED:**

_____
**UNITED STATES MAGISTRATE JUDGE**

**DATED:** _____