LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice pending*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:   (415) 875-2300
Facsimile:   (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:   (415) 436-9333
Facsimile:   (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:   (702) 457-1001
Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No. 2:10-cv-01356-RLH (RJJ)<br><br>**DECLARATION OF KURT OPSAHL ISO DEFENDANTS' CONSOLIDATED BRIEF IN OPPOSITION TO PLAINTIFF'S MTN FOR VOLUNTARY DISMISSAL TO THE EXTENT IT SEEKS TO FORECLOSE AWARD OF ATTORNEYS' FEES, CROSS-MOTION FOR SUMMARY JUDGMENT, AND OPPOSITION TO STEPHENS MEDIA'S MOTION TO DISMISS AND JOINDER** |

1. I am an attorney licensed to practice law in the State of California and am a Senior Staff Attorney at the Electronic Frontier Foundation, attorney for Defendants in the above-captioned matter.

2. I have knowledge of the facts set forth herein, and would testify to the same if called upon to do so.  I make this Declaration in support of Defendants' Consolidated Brief in Opposition to Plaintiff's Motion for Voluntary Dismissal to the Extent it Seeks to Foreclose Award of Attorneys' Fees, and in Support of Cross-Motion for Summary Judgment.

3. I last visited the *Las Vegas Review-Journal* website on December 6, 2010, where I determined that the entire story "U.S. Senate Race: Tea Party Power Fuels Angle" was still publicly available, at no cost, at www.lvrj.com/news/tea-party-power-fuels-angle-93662969.html.  Also, as of December 6, 2010, the copyright notice on that page is credited to the *Las Vegas Review-Journal.*

4. The page hosting the article found at www.lvrj.com/news/tea-party-power-fuels-angle-93662969.html, *supra,* encourages users to share articles on at least 18 different third-party Internet resources or to email, save, or print the article at no cost.  Attached hereto as **Exhibit A** is a printout of the article on the *Las Vegas Review Journal* web site encouraging the use of these resources.  In fact, when a user chooses the "Print This" option, a new window opens containing the text of the full article without advertising.

5. On September 8, 2010, the law firm Bryan Cave hosted a conference call, in which Steve Gibson, CEO of Righthaven LLC and former counsel of record in this case, participated.  I listened to that conference call when it took place.  A recording of that call can be accessed at http://bryancavemarketing.com/audio/70284709.mp3, last accessed by me on December 5, 2010.  At about the 6-minute mark, Mr. Gibson stated that: "Righthaven certainly employs technology to find infringements on the Internet.  I'm not going to say at what point in the process that we employ that technology—that's a proprietary business aspect of our

1  model—and, but we certainly do have that technology and, as is evident from the
2  number of lawsuits that have been filed, we certainly acquire copyright interests
3  and pursue resolution of copyright infringement after the acquisition of those
4  copyrights."

5  6. Later in the Bryan Case conference call, at about the 46-minute mark, Mr. Gibson
6  stated that "We absolutely do a fair use analysis internally ... and we certainly
7  looked at the fair use cases out there ... Before we go forward we get very, very
8  comfortable and very, very confident that there is not even a cognizable fair use
9  defense before we go forward."

10 7. I attach as **Exhibit B** a true and correct copy of Sherman Frederick, *Copyright*
11 *theft: We're not taking it anymore, Las Vegas Review-Journal*, (May. 28, 2010),
12 last accessed by me at
13 www.lvrj.com/blogs/sherm/Copyright_theft_Were_not_taking_it_anymore.html
14 on December 5, 2010.

15 8. I attach as **Exhibit C** a true and correct copy of Sherman Frederick, *Protecting*
16 *newspaper content -- You either do it, or you don't, Las Vegas Review-Journal*,
17 (Sept. 1, 2010), last accessed by me at
18 www.lvrj.com/blogs/sherm/Protecting_newspaper_content_--
19 _You_either_do_it_or_you_dont.html on December 5, 2010.

20 9. I attach as **Exhibit D** a true and correct copy of Steve Green, *Judge questions*
21 *Righthaven over R-J copyright suit costs*, *Las Vegas Sun,* (August 26, 2010), last
22 accessed by me at www.lasvegassun.com/news/2010/aug/26/judge-questions-
23 righthaven-over-r-j-copyright-suit/ on December 5, 2010.

24 10. I attach as **Exhibit E** a true and correct copy of corporate records for Righthaven,
25 LLC, obtained from the Nevada Secretary of State, which shows Net Sortie
26 Systems, LLC as Righthaven's Officer and Registered Agent.

27 11. I attach as **Exhibit F** a true and correct copy of corporate records for Net Sortie
28 Systems, LLC, obtained from the Nevada Secretary of State, which shows Mr.

|   |   |
|---|---|
| 1 | Gibson as an Officer and Manager. |
| 2 | 12. I attach as **Exhibit G** a true and correct copy of Sherman Frederick, *Protecting* |
| 3 | *Newspaper Content II: Thieves are thieves*, Las Vegas Review-Journal (Sep. 2, |
| 4 | 2010), last accessed by me at |
| 5 | www.lvrj.com/blogs/sherm/Protecting_Newspaper_Content_II_Thieves_are_thiev |
| 6 | es.html on December 7, 2010. |
| 7 | 13. I attach as **Exhibit H** a true and correct copy of Joe Mullin, *Is This the Birth of the* |
| 8 | *Copyright Troll?*, Corporate Counsel (Aug. 16, 2010), last accessed by me at |
| 9 | www.law.com/jsp/cc/PubArticleCC.jsp?id=1202466627090 on December 7, 2010. |
| 10 | 14. I attach as **Exhibit I** a true and correct copy of Toby Manthey, *Firm holds* |
| 11 | *websites to the law*, Arkansas Democrat-Gazette (Aug. 26, 2010), preview |
| 12 | available at www.arkansasonline.com/news/2010/aug/26/firm-holds-websites-law- |
| 13 | 20100826/. |
| 14 | 15. I attach as **Exhibit J** a true and correct copy of Ron Breeding, *Arkansas* |
| 15 | *newspapers get serious about copyright enforcement*, KUAR FM 89.1 (Sep. 29, |
| 16 | 2010), last accessed by me at |
| 17 | www.publicbroadcasting.net/kuar/news.newsmain/article/6346/0/1707036/KUAR. |
| 18 | Features/Arkansas.newspapers.get.serious.about.copyright.enforcement on |
| 19 | December 7, 2010. |
| 20 | 16. I attach as **Exhibit K** a true and correct copy of Steve Green, *Some targets of* |
| 21 | *Righthaven lawsuits fighting back*, Las Vegas Sun (Aug. 4, 2010), last accessed by |
| 22 | me at http://www.lasvegassun.com/news/2010/aug/04/some-targets-righthaven- |
| 23 | lawsuits-fighting-back/ on December 7, 2010. |
| 24 | 17. I have reviewed public records available on the Court's electronic filing system |
| 25 | and observed that it reflects that Righthaven has filed at least 179 copyright |
| 26 | infringement suits similar to this one in this District since March 2010, along with |
| 27 | relevant status information reflected in the Court's files.  I attach as **Exhibit L** lists |
| 28 | of those suits.  Due to multiple entries for Righthaven on the Court's electronic |

DECLARATION OF KURT OPSAHL            3            CASE NO. 2:10-CV-01356-RLH (RJJ)

1 filing system, Righthaven's cases are listed in three separate documents.

18. I am personally familiar with the dockets of dozens of copyright infringement lawsuits filed in this District by Righthaven. In each of those cases, Righthaven consistently alleges "willful infringement" and seeks statutory damages, which range up to $150,000 if copyright infringement is found willful under 17 U.S.C. Section 504, regardless of any actual harm; demands to recover its attorneys' fees; and seeks control over the domain name that hosts the alleged infringement.

19. I am aware of at least nine cases filed by Righthaven in this Court that involve a copyright infringement claim regarding an excerpt consisting of less than half of the original article, including this case and *Righthaven v. Realty One*, Case 2:10-cv-01036-LRH -PAL. Three of these cases reflect having already been closed in the Court docket.[1]

20. I further understand that Righthaven advances its efforts to coerce quick and cheap settlements by, among other tactics, proposing discovery terms with burdensome and oppressive document preservation and production regimes. An example of Righthaven's standard proposed discovery order was filed in *Righthaven v. Shezad Malik,* Case 2:10-cv-00636-RLH-RJJ, Dkt. No. 16.

21. I further understand that many of the defendants in these Righthaven suits settle these cases quickly. At least 80 of the 179 cases filed in this Court to date indicate that they were already dismissed (settled). Most defendants in these cases will find it uneconomic to fund any litigation on these issues, much less in a foreign forum.

22. Since Defendants engaged us to represent them in this matter, the EFF and our cooperating counsel, Fenwick & West LLP, have spent substantial time preparing

---

[1] **Open**: *Righthaven v. Goff Assoc.*, 2:10-cv-00742-JCM-RJJ (12 of 31 sentences); *Righthaven v. Ozean Group*, 2:10-cv-00798-JCM-RJJ (14 of 31 sentences); *Righthaven v. Futrell*, 2:10-cv-00813-JCM-RJJ (9 of 24 paragraphs); *Righthaven v. Nystrom*, 2:10-cv-01490-JCM-RJJ (7 of 17 paragraphs). **Closed**: *Righthaven v. Vegas Backstage Access*, 2:10-cv-01033-KJD-PAL (14 of 59 paragraphs); *Righthaven v. Brian Lojeck*, 2:10-cv-00887-PMP-PAL (11 of 23 sentences); *Righthaven v. the Above Network*, 2:10-cv-01159-JCM-LRL (8 of 28 paragraphs).

the Answer and Counterclaim in this matter, negotiating in an unsuccessful attempt to reach early settlement, and engaging in the other case management efforts required by court rules.

I declare the foregoing under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 7th day of December, 2010, in San Francisco, California.

By:____/s/ *Kurt Opsahl*___

KURT OPSAHL

## ATTORNEY ATTESTATION

In accordance with the Court's Special Order No. 109, dated September 30, 2005, I hereby attest that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/s/) within this e-filed document:

*/s/ Laurence Pulgram*
Laurence Pulgram