1   CAMPBELL & WILLIAMS
2   DONALD J. CAMPBELL, ESQ. (1216)
    J. COLBY WILLIAMS, ESQ. (5549)
3   700 South Seventh Street
    Las Vegas, Nevada 89101
4   Telephone: (702) 382-5222
    Facsimile: (702) 382-0540
5   Email: djc@campbellandwilliams.com
6         jcw@campbellandwilliams.com

7   Attorneys for Counterdefendant
8   Stephens Media, LLC

9           **UNITED STATES DISTRICT COURT**

10             **DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-GWF |
| Plaintiff, | |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **COUNTER-DEFENDANT STEPHENS MEDIA LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STRIKE** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Counterdefendant Stephens Media LLC ("Stephens Media") hereby submits the instant Reply (the "Reply") in support of its Motion to Dismiss or Strike (the "Motion"; Doc. No. 38), seeking to dismiss the Counterclaim (Doc. No. 13) filed by Defendant/Counterclaimant Democratic Underground, LLC ("Democratic Underground") pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  This Reply is based upon the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter of which this Court takes notice.

## POINTS AND AUTHORITIES

### I.    INTRODUCTION

Stephens Media has been needlessly brought into this lawsuit by an overzealous defendant, Democratic Underground, that is operating under the false premise that Stephens Media orchestrated the original Righthaven LLC ("Righthaven") Complaint.  Democratic Underground's innuendo and factually flawed assertions do not, however, justify the inclusion of Stephens Media as a party to this lawsuit.

Stephens Media assigned Righthaven the totality of rights in and to the literary work that is the subject of the Complaint.  As such, there is no justiciable case or controversy between Stephens Media and Democratic Underground.  Moreover, once the original case between Righthaven and Democratic Underground is adjudicated or voluntarily dismissed with prejudice as requested by Righthaven, any threat of or any actual case or controversy will cease to exist.

To eliminate any ambiguity on the issue, Stephens Media will consent to being bound by the final outcome of this litigation insofar as it relates to Stephens Media's ability to sue for infringement on any reversionary interest it may possess in the literary work at-issue.  For



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

instance, should the Court deny Righthaven's request to voluntarily dismiss its case with prejudice and should Democratic Underground successfully obtain a judgment of non-infringement of the work at-issue, Stephens Media will agree to be bound by that result as to the work sued upon. Such a concession grants Democratic Underground the benefit of knowing it will not be subject to further infringement proceedings by Stephens Media while saving all parties the time, costs and expense of protracted and unnecessary litigation.

Stephens Media's proffer aside, Democratic Underground's plea for declaratory relief is unquestionably redundant given the absence of an actual dispute involving parties with adverse legal interests. The Court should not allow Democratic Underground to pull Stephens Media into a lawsuit under the guise that full adjudication on the original claim will somehow leave the door open for Stephens Media to sue Democratic Underground on the very same set of facts. This is particularly true given that Righthaven has already moved for a voluntary dismissal with prejudice. Any other result would run contrary to rudimentary logic and applicable law. Accordingly, Stephens Media respectfully requests the Court grant its Motion.

**II.    FACTS**

Stephens Media has provided the Court with a recitation of the operative facts before it. Democratic Underground's submission does nothing to materially change or otherwise alter these facts. To the extent Stephens Media wishes to address certain factual contentions advanced by Democratic Underground in its response to the Motion, Stephen Media will do so in the argument sections set forth below.

. . . .

. . . .



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 83101
PHONE: 702/382-5222
FAX: 702/382-0540

## III.   ARGUMENT

### A.   Stephens Media Is Not An Appropriate Party To The Declaratory Judgment Counterclaim.

The circumstantial and speculative facts alluded to in Democratic Underground's Opposition (Doc. No. 46) do not support the notion that Stephens Media must be included as a party in this lawsuit.  First, the copyright assignment between Righthaven and Stephens Media is valid.  Complete ownership of the work being sued upon has been transferred to Righthaven without any ambiguity.  Second, Righthaven acted independently to bring suit against Democratic Underground because Stephens Media is not an owner, member, or investor in Righthaven.  Third, Righthaven is not a facade or a false front for Stephens Media; Righthaven and Stephens Media are entirely separate legal entities with distinct interests. Finally, the resolution of the original Complaint by granting Righthaven's Motion for Voluntary Dismissal with prejudice (Doc. No. 36) would effectively preclude Stephens Media from suing Democratic Underground on the same operative facts.  The foregoing reasons require Stephens Media's dismissal as a party to this litigation.

#### 1.   Stephens Media and Righthaven Executed a Valid Copyright Assignment.

The Court should be very familiar with the Democratic Underground's arguments attacking the subject copyright Assignment (the "Assignment").  *See* Motion at Ex. 1.  Other defendants have raised this very same argument by asserting that Righthaven lacks standing to bring suit for copyright infringement.  This Court has considered and rejected time and time again these standing challenges as the Assignment documentation for each work has been



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1   determined to convey all the rights in and to the works at-issue.[1]   In fact, many other

2   defendants have withdrawn their standing arguments once they had the opportunity to view

3

4   the Righthaven Assignment and consider the appropriate legal standards.[2]   This case is no

5   different.

6       This Court can take judicial notice of other decisions and rulings in parallel

7   Righthaven cases that uphold the validity of the Assignment.  *See Mullis v. United States*

8
    *Bank. Ct.,* 828 F.2d 1385, 1388 (9th Cir. 1987) (the Court may properly consider matters of
9
10  public record such as pleadings, orders and other papers on file in another action pending in

11  the judicial district); *Mack v. South Bay Beer Distributors, Inc.,* 798 F.2d 1279, 1282 (9th Cir.

12  1986) (same).  The Court need not accept as true allegations that contradict facts which may

13  be judicially noticed.    The Assignment language before the Court in this case differs in no

14
    material respect from that previously reviewed in other cases.
15
16      Despite this Court's prior rulings with regard to Righthaven's standing to bring suit,

17  Democratic Underground claims that the Assignment in this case is a "sham," *see*

18  Counterclaim ¶ 38, and that it does not convey any of the rights required for Righthaven to

19
    validly hold the copyright in and to the literary work at-issue.  The Court should not consider
20
21  conclusory allegations or legal characterizations presented by Democratic Underground or

22  accept as true unreasonable inferences or unwarranted deductions of fact.  *See Aulson v.*

23  *Blanchard,* 83 F.3d 1, 3 (1st Cir. 1996) (nothing requires the court to "swallow the [pleader's]

24

---

25  [1]    *See, e.g., Righthaven v. Majorwager, Inc.,* Case No. 2:10-cv-00484-GMN-LRL Docket
    No. 29; *Righthaven v. Tuff-N-Uff Productions, et al.,* Case No. 2:10-cv-00794-PMP-PAL Docket
26  No. 19; and *Righthaven v. EMTCity.com et al.,* Case No. 2:10-cv-00854-HDM-PAL.



27  [2]    *Righthaven v. National Organization for the Reform of Marijuana Laws et al.,* Case No.
    2:10-cv-0351-LDG-PAL (Doc. No. 15); *Righthaven v. Industrial Wind Action Corp. et al.,* Case
28  No. 2:10-cv-00601-RLH-PAL (Doc. No. 15); and *Righthaven v. Center for Intercultural*
    *Organizing et al.,* Case No. 2:10-cv-01322-JCM-LRL (Doc. No. 8).

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited."); *see also Taylor v. F.D.I.C.,* 132 F.3d 753, 762 (D.C. Cir. 1997); *In re Delorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993); *Beliveau v. Caras,* 873 F.Supp. 1393, 1395-96 (C.D. Cal. 1995); *Transphase Sys., Inc. v. Southern Cal. Edison Co.,* 839 F.Supp. 711, 718 (C.D. Cal. 1993).

The Opposition is replete with conclusory statements by Democratic Underground that have no basis in fact or law. In the end, Democratic Underground's argument is nothing more than a veiled effort to contest Righthaven's standing to sue in this case so that it can allege Stephens Media is the true holder of the copyright, thereby subjecting it to the costs of defending this baseless action. Democratic Underground's analysis is simply wrong.

### a.   *The copyright assignment is not void or voidable.*

Democratic Underground claims the Assignment is a "sham" but fails to allege any facts which support the notion that it is unenforceable. Instead, Democratic Underground argues that the Assignment is somehow void as a matter of law. Nonsense. Stephens Media and Righthaven are free to contract for the transfer of copyright ownership as expressly permitted under 17 U.S.C. § 201(d)(1), which provides that copyright ownership "may be transferred in whole or in part." Such assignments are recognized as valid by the courts. *See, e.g., ABKCO Music, Inc. v. Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991).

Here, Stephens Media transferred ownership in and to the work at issue to Righthaven "in consideration for monetary commitments and commitments to services to be provided..." *See* Motion at Ex. 1. The Assignment language plainly states that the transfer was a contractual assignment between two parties for due consideration. The ownership of the work

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

at issue was vested in Righthaven and remains with Righthaven so long as the Assignment is valid.

In order for the Assignment to be void under Nevada law, it must be unconscionable, illegal, or in violation of public policy. *See Rivero v. Rivero*, 216 P.3d 213, 226-27 (Nev. 2009); *American Heritage, Inc. v. Native American Dev. And Consulting Svcs., Inc.*, 2007 WL 956887 *1 (Nev. 2007) ("[a] contract to do a thing which cannot be performed without a violation of the law is void[.]"). While a contract to engage in illegal activity is void, that is hardly the situation before the Court in this matter. The Assignment cannot be void because the transfer of copyrights is a legal right afforded to all copyright holders pursuant to 17 U.S.C. § 201(d)(1).

Likewise, the Assignment is not voidable by Democratic Underground. A voidable contract is valid until annulled or rejected at the option of ***one of the parties***. *See, e.g., Toobert v. Woods*, 174 F.2d 861, 863 (9th Cir. 1949) (sole effect of statute rendering an otherwise valid contract voidable "is to render it unenforceable by one party against the will of the other who repudiates it."). In light of the foregoing, a voidable contract cannot be invalidated by a third party like Democratic Underground. *Cf. Sammons v. Comm'r of Internal Revenue*, 838 F.2d 330, 335 (9th Cir. 1988) ("a third party may [not] have a court declare an illegal contract void."); *First State Bank v. Shirley AG Service, Inc.*, 417 N.W.2d 448 (Iowa 1987) (a voidable agreement is valid "[a]gainst the rest of the world."). The facts of this case do not, however, give rise to a voidable contract as the Assignment is expressly permitted under the Copyright Act. Even if it were not, neither Stephens Media nor Righthaven has taken affirmative steps to repudiate the Assignment or declare it invalid. The

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

burden is on Democratic Underground to demonstrate how the Assignment is somehow invalid or illegal. It has not come remotely close to doing so.

### b. *A valid assignment negates Stephens Media as a required party.*

Democratic Underground predictably questions the validity of the Assignment as it knows a valid assignment obviates the need for Stephens Media to be a party to this litigation. In fact, given the pedestrian nature of the Democratic Underground's argument, the only allegation it can muster is that Righthaven acts entirely as Stephens Media's agent. This contention is nothing short of pure fantasy.

In *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, the court held that a complaint alleging copyright infringement sufficiently complies with Rule 8(a) so long as the plaintiff asserts: "(1) which specific original works form the subject of the copyright claim; (2) *that the plaintiff owns the copyrights in those works*; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004) (emphasis added). Righthaven has irrefutably satisfied each of these elements.

Focusing on the second element of the foregoing standard, Righthaven exhibited the Assignment in alleging its ownership of the work at-issue in this case. *See* Motion at Ex. 1. The Righthaven Assignment assigns all exclusive ownership rights in and to the work, and is expressly inclusive of all accrued causes of action. Specifically, the Righthaven Assignment provides:

> Assignor hereby transfers, vests and assigns [the Work] . . . to Righthaven . . . all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven being able to claim ownership as well as the right to seek redress for *past, present and future infringements* of the copyright in and to the Work.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

*Id.* (emphasis added).

This language is unambiguous.  The Righthaven Assignment effects an assignment of the right to sue for any possible infringements of the instant work, whether accrued or unaccrued.  This axiom is exemplified by the Fifth Circuit's analysis of this issue:

> Almost completely overlooked by all counsel is the effectiveness of an assignment of accrued causes of action for copyright infringement. ***All that is required is that the contract cover in no uncertain terms choses in action for past, prior, accrued damages*** . . . Here, the parties to the agreement were clearly careful to be clear and are clearly correct.  By express language the assignments cover the accrued causes of action for prior infringement. ***As an assignee of the causes of action for infringement damages, past, present and future, [the plaintiff] has the right to maintain the action***.

*Prather v. Neva Paperbacks, Inc.*, 410 F.2d 698, 700 (5th Cir. 1969) (emphasis added).

Addressing *Prather*, the Ninth Circuit in *Silvers v. Sony Pictures Entertainment, Inc.*, 402 F.3d 881, 889 (9th Cir. 2005) did not dispute the Fifth Circuit's analysis, acknowledging that that case involved an assignment of all "accrued causes of action."[3]  These decisions are directly applicable to the facts before this Court.

Here, as in *Prather* and as acknowledged by the Ninth Circuit in *Silvers*, Righthaven acquired ownership of all accrued causes of action because the Assignment specifically transfers the "right to seek redress for past, present and future infringements."  Motion at Ex. 1.  By no means do the terms of the Assignment impose any form of limitation upon Righthaven's standing to sue for past infringements of the work at-issue.  In fact, a cursory

---

[3]     In *Silvers*, the court notes that *Prather* was decided prior to the enactment of the 1976 Copyright Act and was therefore an "unhelpful authority" for the purposes of the Ninth Circuit's discussion in *Silvers*.  402 F.3d at 889.  However, the Ninth Circuit's issue with *Prather* was not whether the Fifth Circuit properly equated the definition of "accrued" claims with the definition of "past" claims in the context of copyright assignments.  In fact, the *Silvers* decision apparently recognized and approved of this analysis.  *Id.*  The Ninth Circuit's issue instead arose from the *Prather* decision's lack of a 17 U.S.C. § 501 (2002) analysis, which had not yet been enacted at the time the *Prather* decision was rendered. *Silvers*, 402 F.3d at 889.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1   review of the Assignment demonstrates that the language expressly addresses the transfer of

2   exclusive ownership rights in their entirety, including all accrued causes of action.  Again,

3   assignments of this nature are unquestionably permitted under 17 U.S.C. § 201(d)(1), which

4   provides that copyright ownership "may be transferred in whole or in part," and such

5   assignments are recognized as valid by the courts.  *See, e.g., ABKCO Music, Inc. v.*

6   *Harrisongs Music, Ltd.*, 944 F.2d 971, 980 (2d Cir. 1991).

7       The Assignment is conclusive, unambiguous, and not a "sham" as Democratic

8   Underground would like the Court to believe.  Righthaven, not Stephens Media, is the only

9   party at interest in this suit and is the only party vested with the right to sue for the

10  unauthorized reproduction of the work at-issue.

**2.    Stephens Media is not a Member-Owner of Righthaven and even if it was, the Counterclaim Would Still be Barred Under Nevada Statutory Law.**

    Democratic Underground has made the factually unsupported claim that Stephens

Media owns a portion of Righthaven.  *See* Opposition at 10.  Righthaven has been very

consistent with this Court when disclosing the certificate of interested parties in all of its

cases. (*See* Doc. No. 5).  Stephens Media has never been identified or disclosed as a party

who has a direct pecuniary interest in the outcome of any Righthaven case.  And for good

reason, ***Stephens Media is not an owner, member, or investor in Righthaven.***  *See*

Declaration of Mark Hinueber.  As such, Democratic Underground's claim that Stephens

Media is one and the same as Righthaven is wholly misplaced.

    Moreover, even if Stephens Media was a member of Righthaven (which it is not),

Democratic Underground's lawsuit against Stephens Media would still be barred by the

Nevada Limited Liability Company Act.  *See* NRS 86.011, *et seq.*  To be sure, the Act is

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

absolutely clear that "*[a] member of a limited liability company is not a proper party to proceedings by or against the company*, except where the object is to enforce the member's right against or liability to the company." NRS 86.381 (emphasis added).

This basic tenet of law governing LLCs is reinforced by numerous Nevada statutes that underscore the separate existence of a limited liability company from its members. For example, an LLC's members do not have personal liability for the debts, obligations, and liabilities of the LLC. *See* NRS 86.371. A member's interest is personal property, *see* NRS 86.351(1), and is limited to "his share of the economic interests in a limited liability company, including profits, losses, and distribution of assets." NRS 86.091. In other words, a member has no ownership interest in specific property of the LLC. *See, e.g.*, NRS 86.311 ("Real and personal property owned or purchased by a limited liability company must be held and owned, and conveyance made, in the name of the company."); NRS 86.346 ("a member . . . has no right to demand or receive any distribution from a limited liability company in any form other than cash.").

Accordingly, Democratic Underground's attempt to hold Stephens Media accountable for the alleged actions of a wholly separate limited liability company is entirely improper for the following reasons: 1) Stephens Media is not an owner, member, or investor in Righthaven; and 2) any potential lawsuit against Stephens Media based on nothing more than an alleged pecuniary interest in Righthaven would nonetheless be barred as a matter of law.

### 3. Righthaven Acts in Its Own Interests and Independent from those of Stephens Media.

As noted above, Stephens Media and Righthaven are two distinct and separate entities. Righthaven must make business decisions that are in the best interest of Righthaven regardless of the impact on Stephens Media or, for that matter, any other client. Democratic

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1
2
3
4

Underground cannot disregard these facts and collapse Stephens Media and Righthaven into an agency relationship or one single entity solely on the basis of fabricated facts and conjecture.

5
6
7
8
9
10
11

As an illustrative example of the separation between Stephens Media and Righthaven, Righthaven recently filed suit against *The Drudge Report* for copyright infringement of a Righthaven-owned visual work.[4]  *See* Hinueber Decl.  The complaint was based on a visual work that was assigned to Righthaven from a separate Righthaven client, not Stephens Media. *Id.*  Righthaven did not consult or seek the approval of Stephens Media to file the suit against *The Drudge Report.  Id.*

12
13
14
15
16
17
18
19
20
21
22
23

Additionally, earlier in 2010, Righthaven pursued and filed a copyright infringement suit against the Nevada Republican U.S. Senatorial candidate, Ms. Sharron Angle.[5]  It was widely known in Nevada and actually published by the Las Vegas *Review-Journal*, which is owned and operated by Stephens Media, that the *Review-Journal* endorsed Ms. Angle in the senate race.   It was Righthaven's choice and prerogative to advance the interests of Righthaven by suing Ms. Angle for copyright infringement.  These scenarios are not unique and reinforce the fact that neither Stephens Media, nor any other Righthaven customer, exercises control over Righthaven's method of copyright enforcement.  Thus, Democratic Underground's allegations that Stephens Media exercises control over Righthaven or acts in concert with Righthaven is, once more, unsupported rhetoric.

24
25
26

Despite the uncontroverted facts detailed above, Democratic Underground goes so far as to suggest that Righthaven is simply an "alter ego" of Stephens Media.  *See* Opp. at p. 4.

27
28



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

---

[4]   *Righthaven v. Matt Drudge et al.,* Case No. 2:10-cv-02135-KJD-RJJ (Doc. No. 1).

[5]   *Righthaven v. Sharron Angle,* Case No. 2:10-cv-01511-RLH-RJJ (Doc. No. 1).

1   Not surprisingly, Democratic Underground only levels this serious allegation in passing and

2   makes zero attempt to satisfy the stringent standard required to establish alter ego liability.

3
    The Nevada Legislature has codified the test for ignoring the separate existence of a business
4

5   entity pursuant to the alter ego doctrine as follows:

6           1.      Except as otherwise provided by specific statute, no stockholder, director
            or officer of a corporation is individually liable for a debt or liability of the
7           corporation, unless the stockholder, director or officer acts as the alter ego of the
8           corporation.

9           2.      A stockholder, director or officer acts as the alter ego of a corporation if:

10                  (a)    The corporation is influenced and governed by the stockholder,
11          director or officer;

12                  (b) There is such unity of interest and ownership that the corporation and
            the stockholder, director or officer are inseparable from each other; *and*
13

14                  (c) Adherence to the corporate fiction of a separate entity would sanction
            a fraud or promote a manifest injustice.
15

16  NRS 78.747 (emphasis added).  "Conclusory allegations of 'alter ego' status are insufficient to

17  state a claim.  Rather a plaintiff must allege specifically both of the elements of alter ego

18  liability, as well as facts supporting each." *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.2d

19  1101, 1116 (C.D.Cal. 2003) (dismissing alter ego claims under Fed.R.Civ.P. 12(b)(6)).

20
    Democratic Underground has done neither.
21

22          Democratic Underground's serious, albeit baseless, allegations regarding Stephens

23  Media's status as an alter ego of Righthaven are nothing more than ploy to improperly

24  influence the Court.  They should be disregarded in their entirety.

25
                    **4.      Adjudication of the Original Complaint Will Effectively Preclude**
26                  **any Further Infringement Action by Stephens Media.**

27          Stephens Media is not a party to the original Righthaven Complaint but agrees to

28  adhere to the decision of this Court regarding the copyright infringement allegations.  The


CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

comparison of two cases turns on whether the two suits are based on substantially the same operative facts. *See, e.g., Keene Corp. v. U.S.*, 508 U.S. 200, 201 (1993). A brief look at the relevant facts in this case illustrates that adjudication of the Counterclaim is utterly unnecessary.

Dismissal of the Counterclaim would effectively preclude Stephens Media from being able to bring suit against Democratic Underground for the simple reason that all of the material facts in the instant case will be ***exactly*** the same if Stephens Media were to pursue an infringement claim. The operative facts are as follows: (1) The original work was published in the Las Vegas *Review-Journal*, (2) the work was registered with the U.S. Copyright Office, and (3) the Democratic Underground reproduced a portion of the work on an unauthorized basis. Those are the essential facts of the Righthaven suit against the Democratic Underground.

These would be the exact facts Stephens Media must rely on if it desired to bring suit against Democratic Underground for the instant reproduction at issue (assuming *arguendo* it could even do so). Furthermore, Stephens Media would be required to reacquire the rights to the instant work from Righthaven, and file a complaint on the exact same facts and claims the Court will have previously adjudicated in this lawsuit. Stephens Media does not have any additional or alternative facts to offer on the matter and, thus, is willing to abide by whatever the end result is in this matter.

**B.    The Counterclaim Does Not State A Controversy Between Democratic Underground And Stephens Media.**

For the sake of brevity, Stephens Media will refrain from restating the arguments contained in its original Motion regarding the utter lack of a case of controversy between it and Democratic Underground in this proceeding. It is, however, necessary to point out that



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Page 14 of 17

Democratic Underground's claimed case or controversy presents the *exact* type of illusory question which courts are tasked to avoid.

In sum, Democratic Underground argues that a case or controversy exists because Stephens Media may bring another lawsuit for the same alleged copyright infringement at a later date. It is undisputed that this argument is based on pure speculation as Stephens Media has unequivocally refuted the suggestion that it will institute new litigation based on the same facts at issue in this proceeding. Democratic Underground's manufactured "case or controversy" is the epitome of a hypothetical scenario that seeks nothing more than an advisory opinion. The case law set forth in the Motion precludes the Court from considering such an improper question. *See* Motion at 4-8.

The reality is that Stephens Media and Democratic Underground are not enmeshed in a defined legal dispute which requires adjudication from the Court. Stephens Media, moreover, has not threatened to initiate any legal action against Democratic Underground and has, in fact, made it abundantly clear that no legal action is forthcoming. The Counterclaim, which seeks a decision on a fictional legal dispute, must be dismissed.

**C.     The Counterclaim Is Redundant To The Original Righthaven Complaint.**

The Democratic Underground Counterclaim and the subsequent Opposition add nothing to the pleadings and should be stricken pursuant to Rule 12(f) or, alternatively, dismissed for failure to state a claim. The Counterclaim is a desperate attempt to bring Stephens Media into a litigation battle that will absorb judicial resources, require the parties to incur needless legal fees, and will result in relief that will be no different from that already at issue in the Complaint.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Democratic Underground attempts, at length, to justify its Counterclaim on the ground that Stephens Media is not a party to the original Complaint. The website operator fails to recognize—no doubt intentionally—that any adjudication of the original Complaint will terminate any hint of a live controversy with Stephens Media. The Counterclaim cites a single cause of action: "Declaration of No Copyright Infringement." *See* Counterclaim at 24. Clearly, the declaratory relief sought by Democratic Underground is directly inverse to the sole cause of action for copyright infringement found in Righthaven's Complaint. *Compare* Complaint ¶¶ 34-46. Yet, Democratic Underground's Opposition fosters the notion that there are new theories distinct from the subject of the Complaint. *See* Opposition at 12. These theories include, without limitation, fair use, implied license, *de minimis* infringement, and failure to mitigate. *See* Counterclaim at 14-23. In truth, however, there does not appear to be a single legal theory cited by Democratic Underground in the Counterclaim or its Opposition that has not also been listed as an affirmative defense in the Answer. Accordingly, Democratic Underground's attempt to raise additional issues at this stage is unpersuasive at best.

Contrary to the oft-repeated assertions of Democratic Underground, the Counterclaim does not go far beyond the original Complaint. The Court will hear Righthaven's copyright claim and determine whether: (1) infringement occurred, or (2) no infringement occurred. These determinations will resolve all issues in the Complaint and the superfluous Counterclaim. End of story.

. . . .

. . . .

. . . .

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

IV.   **CONCLUSION**

For the reasons set forth above, Stephens Media respectfully requests that this Court grant its Motion to Dismiss or Strike the Counterclaim.

Dated this 7th day of January, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By   /s/ *J. Colby Williams*
     DONALD J. CAMPBELL, ESQ. (#1216)
     J. COLBY WILLIAMS, ESQ. (#5549)
     700 South Seventh Street
     Las Vegas, Nevada 89101
     Telephone: (702) 382-5222
     Facsimile: (702) 382-0540

Attorneys for Counterdefendant
Stephens Media, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was served on the 7th day of January, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

    /s/ *J. Colby Williams*
    An employee of Campbell & Williams

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

# DECLARATION OF MARK HINUEBER

**DECLARATION OF MARK A. HINUEBER IN SUPPORT OF COUNTER-DEFENDANT STEPHENS MEDIA LLC'S IN SUPPORT OF THE MOTION TO DISMISS OR STRIKE**

I, MARK A. HINUEBER, declare:

1.     I am a resident in the State of Nevada.  I am the Vice President and General Counsel of Stephens Media, LLC, which publishes a variety of daily and weekly newspapers across the country, including the Las Vegas *Review-Journal*.

2.     I have personal knowledge of the facts stated herein, unless stated upon information and belief, and to those facts I believe them to be true.  I am competent to testify to the matters stated herein.

3.     I offer this Declaration in Support of Counter-Defendant Stephens Media, LLC's Reply in Support of the Motion to Dismiss or Strike.

4.     Stephens Media, LLC is neither an owner, member, or investor in Righthaven, LLC nor holds any pecuniary interest in the company itself.

5.     Righthaven recently filed suit against *The Drudge Report* for copyright infringement of a Righthaven-owned visual work. *See Righthaven v. Matt Drudge et al.,* Case No. 2:10-cv-02135-KJD-RJJ.  The complaint was based on a visual work that was assigned to Righthaven from a separate Righthaven client, not Stephens Media. Righthaven did not consult or seek the approval of Stephens Media to file the suit against *The Drudge Report.*

6.     I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I signed this Declaration on January 7, 2011 in Las Vegas, Nevada.

*/s/ **Mark A. Hinueber***
MARK A. HINUEBER



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540