SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff/Counterdefendant Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><hr>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v. | Case No.: 2:10-cv-01356-RLH-RHH<br><br>**DECLARATION OF SHAWN A. MANGANO IN SUPPORT OF REPLY IN SUPPORT OF RIGHTHAVEN LLC'S OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT** |

RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,

Counterdefendants.

I, Shawn A. Mangano, declare, under penalty of perjury, that the following is true and correct:

1. I am an attorney-at-law admitted to practice before all courts of the State of Nevada. I have personal knowledge of the facts set forth below, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true. I am over eighteen years old and I am competent to testify to the matters set forth herein.

2. I represent Plaintiff/Counterdefendant Righthaven LLC ("Righthaven") in the above-referenced matter.

3. This declaration is made in support of Righthaven, LLC's Opposition to Defendants' Cross-Motion for Summary Judgment.

4. On or about December 15, 2010, Righthaven received Defendant Democratic Underground, LLC ("Democratic Underground") and Defendant David Allen's (collectively with Democratic Underground known herein as the "Defendants") Rule 26 Initial Disclosures. A true and correct copy of Defendants' initial disclosures are attached hereto as Exhibit "1". These initial disclosures do not list all purported employees of Democratic Underground.

5. On or about December 17, 2010, Righthaven received Democratic Underground's First Set of Interrogatories.

6. On or about December 17, 2010, Righthaven received Democratic Underground's First Set of Requests for Admission.

7. On or about December 17, 2010, Righthaven received Democratic Underground's First Set of Requests for Production of Documents.

8. Defendants additionally propounded requests for admission, interrogatories and requests for production of documents on Stephens Media LLC in this action.

9. Defendants were fully aware of Righthaven's request to dismiss this case with prejudice at the time they propounded written discovery requests on Righthaven and on Stephens Media LLC.

10. On January 6, 2011, I participated in a meet and confer conference regarding the a disagreement between Righthaven and Defendants about the perceived insufficiency of Righthaven's identification of persons with knowledge, and despite Defendants' own disclosure of all Righthaven personnel in their own initial disclosures.  Four attorneys participated in the telephonic meet and confer conference – two from Fenwick & West LLP, one attorney from EFF, and Defendants' local counsel.  The telephonic meet and confer conference call lasted approximately 10 minutes.  Having worked in the Northern California legal market for approximately three years, it would not be surprising to learn that this 10-minute conference call will likely result in $500 to $1,000 in attorneys' fees allegedly incurred in the defense of an action that Righthaven has asked this Court to dismiss with prejudice.

11. Attached as Exhibit "2" is a true and correct copy of a publication from the United States Copyright Office entitled "Reproduction of Copyrighted Works by Educators and Librarians."

Signed and affirmed this seventh day of January, 2011 under the penalty of the United States of America.

      /s/ Shawn A. Mangano
      SHAWN A. MANGANO, ESQ.

**CERTIFICATE OF SERVICE**

    Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I attempted to electronically file the foregoing document and related exhibits on the seventh day of January, 2011.  However, due to Internet-related transmission issues and PDF conversion complications to the accompanying exhibits due to my firm's conversion to a an Apple-based computer system, my attempts to formally file this foregoing document and related exhibits could not be accomplished until January 10, 2011, which was done via the Court's CM/ECF system.

                                              By: /s/ Shawn A. Mangano

                                              Shawn A. Mangano, Esq.
                                              SHAWN A. MANGANO, LTD.
                                              9960 West Cheyenne Avenue, Suite 170
                                              Las Vegas, Nevada 89129-7701