SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
*Assistant General Counsel at Righthaven*
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900

*Attorneys for Plaintiff/Counterdefendant Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01356-RLH-RHH<br><br>**DECLARATION OF SHAWN A. MANGANO IN SUPPORT OF RIGHTHAVEN LLC'S REQUEST FOR DENIAL OR CONTINUANCE OF DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED.R.CIV.P. 56(d)** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v. | |

1

RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,

Counterdefendants.

I, Shawn A. Mangano, declare, under penalty of perjury, that the following is true and correct:

1.   I am an attorney-at-law admitted to practice before all courts of the State of Nevada. I have personal knowledge of the facts set forth below, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true. I am over eighteen years old and I am competent to testify to the matters set forth herein.

2.   I represent Plaintiff/Counterdefendant Righthaven LLC ("Righthaven") in the above-referenced matter.

3.   This declaration is made in support of Righthaven, LLC's Request for Denial or Continuance of Defendants' Cross-Motion for Summary Judgment Pursuant to Federal Rule of Civil Procedure 56(d) ("Rule 56(d)"). This request is referenced in Righthaven's response to Defendants' cross-motion for summary judgment at footnote 1 on page 7, as well as discussed in, at least, the introduction of same.

4.    As the Court is aware, Righthaven has moved this Court for permission to voluntarily dismiss its Complaint in this action with prejudice. Defendants have opposed this request. They have further moved for summary judgment, via a "cross-motion for summary judgment," in their favor on the issues of direct infringement and fair use. As argued in Righthaven's opposition to Defendants' cross-motion for summary judgment, genuine issues of material fact exist that prevent the Court from granting the cross-motion. Moreover, Righthaven maintains that Defendants' cross-motion for summary judgment should be denied or, alternatively continued, pursuant to Rule 56(d). Righthaven's Rule 56(d) request is contingent upon the following: (1) denial of Righthaven's pending motion to voluntarily withdraw its

Complaint with prejudice or imposition of conditions unacceptable for such dismissal by the Court; (2) denial of Righthaven's motion to dismiss and/or strike Democratic Underground, LLC's ("DU") counterclaim; and (3) denial of Stephens Media, LLC's ("Stephens") motion to dismiss DU's counterclaim/third-party complaint.  If the foregoing events were to occur, only then would Righthaven's related request for denial or continuance of Defendants' cross-motion pursuant to Rule 56(d) be ripe for decision by the Court.

5.     As set forth in Righthaven's response to the cross-motion, it does not wish to engage in exhaustive and expensive discovery efforts given the pending motions before this Court, which include its own request to voluntarily dismiss its Complaint with prejudice.  If the Court were to grant this request, Defendants' counterclaim will likewise be dismissed (although Righthaven and Stephens maintain that it should be dismissed or stricken independent of the relief granted with regard to the motion for voluntary dismissal), and the need for discovery will be obviated.

6.     Righthaven's rather practical approach further spares the Court the need to potentially adjudicate a host of discovery disputes that will undoubtedly arise given the Defendants' litigation tactics.  In this regard, DU has already served Righthaven with 82 requests for admission, 62 requests for production of documents, and 13 highly compound interrogatories.  Likewise, DU has served Stephens with 75 requests for admission, 69 requests for production of documents, and 13 interrogatories.  DU served the foregoing discovery requests despite having full knowledge of Righthaven's motion to voluntarily dismiss its Complaint with prejudice.  These discovery requests are highly objectionable as Righthaven has detailed in its responses.  The nature of the materials sought, which is at least one basis for Righthaven's objections, serve to underscore the contentious and fee-driven litigation tactics employed by Defendants in this case.  Righthaven has not propounded any written discovery on Defendants as of this filing under the rather sensible approach that doing so will only require it, and the Court in ruling on the objections certain to be lodged in response, to expend additional unnecessary time and resources given the current procedural posture of this case.

7.	As set forth above, Righthaven has not propounded any written discovery given the procedural posture of this case.  Righthaven has also not conducted any depositions in this case for the same reasons.  Should the above described conditions exist which would make the cross-motion for summary judgment ripe for adjudication, Righthaven maintains that numerous issues of material fact exist upon which Righthaven would need to conduct discovery.  For instance, Defendants allege in their Cross-Motion that they "operate the DU Website, upon which a third party posted allegedly infringing material . . ." and such conduct does not state a claim for direct copyright infringement." (Doc. # 45 at 18:10-11.)  Defendants further argue that "neither Democratic Underground nor David Allen engaged in any volitional act to display the Excerpt." (*Id.* at 18:12-14.)  As support for these propositions, Defendants rely on the declaration of Mr. Allen. (*Id.*)

8.	With regard to the issue of direct infringement, Mr. Allen's declaration further acknowledges that user contributions are stored on "a database on the server that hosts the DU Website." (*Id.* at 2 ¶ 7.)  Mr. Allen also admits that "Democratic Underground hosts the posted material . . . in order to make that material available to other users upon those users' request." (*Id.* at 2 ¶ 3.)  Moreover, Mr. Allen concedes that reader requests for material, such as the unauthorized copy of the Work, is "sent to the server." (*Id.* at 2 ¶ 8.)  Moreover, Mr. Allen concedes that reader requests for material, such as the unauthorized copy of the Work, is "sent to the server." (*Id.* at 2 ¶ 8.)  The request is then sent by software which retrieves "the contents of that post from the database . . . ." (Doc. 48 at 3 ¶ 8.)  Mr. Allen also avers that he had never read the unauthorized copy of the Work prior to the lawsuit. (*Id.* at 4 ¶ 21.)

9.	For instance, as argued in Righthaven's response to the cross-motion, what is the "software" and the corresponding functionality employed by Defendants' operation of the DU Website which is referred to in Mr. Allen's declaration? (Doc. # 48 at 3 ¶ 8.)  Was this software purchased by Defendants?  Was this software designed by or for Defendants or otherwise modified for use in connection with the DU Website?  Similar genuine issues of material fact exist with regard to the "server" used by Defendants. (*Id.* at 2-3 ¶¶ 7-8.)  What acts do take to Defendants their maintain their server and the content stored thereon?  Do Defendants have any

internal procedures or reporting mechanisms which track content accessed by users from their server? Furthermore, while Mr. Allen states he had never viewed the infringing post until after service of the Complaint, Defendants' cross-motion is silent as to whether the other two DU employees knew of or about the infringing post at an earlier date than that asserted by Mr. Allen. Additionally, Righthaven would seek to explore through written discovery and through deposition testimony whether Defendants had received any user notices that it may infringe the copyright holder's rights, or, if so, whether they failed to take corrective action. Righthaven wishes to engage in written discovery requests (through, at a minimum, requests for production of documents and potentially a third-party subpoena for the production of materials), along with the depositions of Mr. Allen and the persons most knowledgeable on such topics as the purchase of the software and its related attributes, website's maintenance, server interaction via the software, data storage, internal data access reporting of user content pursuant to Federal Rule of Civil Procedure 30(b)(6). As argued in Righthaven's response to the cross-motion, this information is exclusively within the knowledge and control of Defendants. To date, only the Declaration of Mr. Allen has been disclosed on these highly material issues and said disclosure occurred only in support of the cross-motion.

10. Discovery would also be required as to the identity of all individuals who work for or who are associated with DU and its website. For instance, Mr. Allen's own declaration states that "[i]n addition to myself, two other individuals work for Democratic Underground." (Doc. # 48 at 2  ¶ 4.) DU has only disclosed the identity of Mr. Allen and one other individual employed by DU. Righthaven obviously would seek documents and other discovery from DU as to the identity of this third individual. Righthaven would also like to depose this individual on, at least, the issues asserted by Defendants as to the lack evidence and/or the inability for a finding of direct infringement liability.

11. Discovery would also be required on issues related to Defendants' asserted fair use defense. With regard to the first and fourth fair use elements, Defendants' own evidence clearly reveals the unauthorized copy of the work was used for a commercial purpose and that the market for the work was subjected to significant harm  based on it exposure on the website.

Mr. Allen readily admits that "[t]he DU Website is supported, in part, by advertising revenue generated by display of advertising on the site." (Doc. # 48 at 2 ¶ 6.)  He also acknowledges that "[t]he DU Website currently has more than 165,000 registered users . . ." all of which are undoubtedly exposed to advertising contained on the site and which Defendants undoubtedly tout to advertisers when setting rates for placing an advertisement on the site. (*Id.* at 2 ¶ 5.)  Mr. Allen further admits that "approximately 565 views . . ." of the unauthorized Work occurred during the "92 days it was posted and available at the DU Website." (*Id.* at 4 ¶ 16.)  While Defendants attempt to minimize the commercial use related to the unauthorized posting of the Work, it nevertheless was commercial use.  That said, information concerning the exact commercial nature of Defendants' unauthorized use of the work is unquestionably within their exclusive knowledge and control.  Righthaven asks that the cross-motion be denied or continued until it has an opportunity to conduct discovery on these issues, which additionally include revenue generated from the website, the form of said revenue and specifically the revenue attributed to page views of the unauthorized copy of the work.  While Mr. Allen has attempted to quantify this inquiry via his Declaration, Mr. Allen has not been subject to cross-examination on these issues via deposition and Defendants have not been required to respond to written discovery requests related to these issues.

12. Righthaven maintains that its request for denial of the cross-motion or, alternatively, a continuance of its disposition is compelled pursuant to Rule 56(d) in view of the foregoing.  It is my understanding that Defendants would not object to this request as being untimely under Rule 56(d) in the event I caused it to be filed on January 24th.  While Righthaven maintains that it could file this request at a later date, I have caused same to be filed today in view of the agreement between counsel under which Defendants would not challenge the timeliness of this filing.

Signed and affirmed this 24th  day of January, 2011 under the penalty of the United States of America.

/s/ Shawn A. Mangano

SHAWN A. MANGANO, ESQ.

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I filed the foregoing document on January 24, 2011 via the Court's CM/ECF system.

By: /s/ Shawn A. Mangano

Shawn A. Mangano, Esq.
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701