1  LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
   lpulgram@fenwick.com
2  CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
   cwebb@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone:     (415) 875-2300
5  Facsimile:     (415) 281-1350

6  KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
   kurt@eff.org
7  CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
   corynne@eff.org
8  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
9  San Francisco, California 94110
   Telephone:     (415) 436-9333
10 Facsimile:     (415) 436-9993

11 CHAD BOWERS (NV State Bar No. 7283)
   bowers@lawyer.com
12 CHAD A. BOWERS, LTD
   3202 West Charleston Boulevard
13 Las Vegas, Nevada 89102
   Telephone:     (702) 457-1001

14 Attorneys for Defendant and Counterclaimant
   DEMOCRATIC UNDERGROUND, LLC, and
15 Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company, | Case No. 10-01356-RLH (GWF) |
| Plaintiff, | |
| v. | **REPLY DECLARATION OF KURT OPSAHL IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR SUMMARY JUDGMENT** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |

1. I am an attorney licensed to practice law in the State of California and am a Senior Staff Attorney at the Electronic Frontier Foundation, attorneys for Defendants in the above-captioned matter.

2. I have knowledge of the facts set forth herein, and would testify to the same if called upon to do so.  I make this Declaration to respond to certain assertions made in Righthaven's Opposition to Defendants' Cross Motion for Summary Judgment.

3. On December 15, 2010, Righthaven submitted its Initial Disclosures to Defendants, pursuant to Federal Rule of Civil Procedure 26(a)(1)(A).  In those Disclosures, the only natural person named by Righthaven as "likely to have discoverable information" was Defendant David Allen.  Righthaven did not identify a single individual at Righthaven or Stephens Media likely to have discoverable information, instead only identifying "person[s] most knowledgeable" regarding certain topics.  Attached hereto as **Exhibit A** is a true and correct copy of Righthaven's Initial Disclosures.

4. Later on December 15, counsel for Defendants, Cliff Webb communicated with Shawn Mangano, counsel for Plaintiff, regarding the deficient disclosures, explaining that a disclosure that an unnamed person had information, but failing to identify that person, was improper.

5. In response, on December 17, Righthaven served supplemental disclosures adding the names of both myself, Kurt Opsahl, and an employee of Defendant Democratic Underground, Brian Leitner.  Righthaven did not identify a single individual at Righthaven or Stephens Media likely to have discoverable information.  Attached hereto as **Exhibit B** is a true and correct copy of Righthaven's Supplemental Disclosures.

6. On December 20, counsel for Defendants notified Mr. Mangano, via email that the parties needed to meet and confer regarding the continuing failure of Righthaven's disclosures to identify its individual witnesses.  Mr. Mangano responded on December 22, stating that "I will supplement them if I deem that supplementation is necessary" and that he would "look into his availability" to meet and confer during the week of December 27, requesting specifically that local counsel participate in any such conference.

REPLY DECLARATION OF KURT OPSAHL
IN SUPPORT OF DEFENDANTS' CROSS MSJ 1 CASE NO. 2:10-CV-01356-RLH (GWF)

7. That same day, counsel for Defendants replied, asking to schedule a time for a call on December 27 and stating its position that it was not necessary for local counsel for Defendants to be on the call. Despite his proposal to meet the week of December 27, Mr. Mangano never responded.

8. On January 4, 2011, having heard nothing from Mr. Mangano, counsel for Defendants sent Mr. Mangano an email requesting a meeting for January 5 or 6.

9. On January 5, Mr. Mangano replied stating that he had been out of town, and asking if local counsel for Defendants would be participating in a meet and confer call. Between December 27 and January 5, Mr. Mangano had filed four new lawsuits in this District on behalf of Righthaven and participated in a hearing in *Righthaven v. Center for Intercultural Organizing*, Case No. 2:10-CV-01322. Defense counsel replied, asking when Mr. Mangano was available for a call the next day, and stating that local counsel was not obligated to participate in the call.

10. On January 6, Mr. Mangano replied, expressing his position that local counsel needed to participate in the call.

11. Defendants' local counsel, Chad Bowers replied, "I rather vehemently disagree but in the interests of moving forward please provide me the time and call-in information and I will make sure that I am on the call. Please do not use my attendance as a basis to delay this conference call another minute."

12. Defense counsel again asked Mr. Mangano to provide a time that he was available for a call.

13. At 2:38 pm, Mr. Mangano replied via email, "I've got an opening at 2:45 today."

14. Myself, Cliff Webb and Jennifer Johnson, counsel for Defendants, joined the call. When we did, Mr. Mangano expressed a desire for Mr. Bowers to dial in before proceeding with our meet and confer. The call was brief. Mr. Mangano agreed to provide the identity of witnesses we had been requesting since December 15, and he ultimately provided them in a further supplementation on January 10, 2011.

15. After filing their Motions to Dismiss, Righthaven and Stephens Media joined with Defendants to submit a joint proposed discovery schedule which was adopted by the Court.

REPLY DECLARATION OF KURT OPSAHL
IN SUPPORT OF DEFENDANTS' CROSS MSJ     2     CASE NO. 2:10-CV-01356-RLH (GWF)

1  Righthaven has never requested that Defendants agree to postpone or stay that schedule, nor has it sought a stay from the Court. Because of the discovery deadlines, Defendants served discovery requests on December 17, 2010.

16. In response to Defendants' Requests for Admissions, Righthaven admitted or denied only 4 of 82 requests, objecting and refusing to answer all of the rest. In response to Defendants' Interrogatories, Righthaven provided only objections, no answers. In response to Defendants' Request for Production of Documents, Righthaven has produced no documents.

17. On January 12, 2011, counsel for Defendants delivered to Mr. Mangano, and Stephens Media's counsel, Colby Williams, a copy of a proposed protective order containing Defendants' proposed edits and revisions to Plaintiff's draft. Despite multiple requests to complete the entry of that order, counsel for Defendants has not received any further communications pertaining to the protective order.

18. I attach as **Exhibit C** a true and correct copy of excerpts of Counterdefendant Stephens Media, LLC's Reponses to Defendant and Counterclaimant Democratic Underground, LLC's First Set of Requests for Admissions.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 28th day of January, 2010, in San Francisco, California.

                                                    /s/ *Kurt Opsahl*
                                                    KURT OPSAHL

**ATTORNEY ATTESTATION**

2  In accordance with the Court's Special Order No. 109, dated September 30, 2005, I

3 hereby attest that concurrence in the filing of this document has been obtained from the

4 signatories indicated by a "conformed" signature (/s/) within this e-filed document:

```
                                          /s/ Laurence Pulgram
                                            Laurence Pulgram
```

REPLY DECLARATION OF KURT OPSAHL
IN SUPPORT OF DEFENDANTS' CROSS MSJ    4    CASE NO. 2:10-CV-01356-RLH (GWF)

REPLY DECLARATION OF KURT OPSAHL
IN SUPPORT OF DEFENDANTS' CROSS MSJ        4        CASE NO. 2:10-CV-01356-RLH (GWF)