1 SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
2 shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
3 9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
4 (702) 922-3851 – facsimile

5 *Attorney for Plaintiff/Counter-defendant Righthaven LLC*

6

7                    **UNITED STATES DISTRICT COURT**

8                         **DISTRICT OF NEVADA**

9

10 RIGHTHAVEN LLC, a Nevada limited-liability
11 company,                                         Case No.: 2:10-cv-01356-RLH-RJJ

12              Plaintiff,                          **STIPULATED**
                                                   **PROTECTIVE ORDER**
13 v.

14 DEMOCRATIC UNDERGROUND, LLC, a
District of Columbia limited-liability company;
15 and DAVID ALLEN, an individual,

16              Defendants.

17 _____

18 DEMOCRATIC UNDERGROUND, LLC, a
District of Columbia limited-liability company,
19
              Counterclaimant,
20
v.
21
RIGHTHAVEN LLC, a Nevada limited-liability
22 company; and STEPHENS MEDIA, LLC, a
Nevada limited-liability company,
23
              Counter-defendants.
24
25 _____

26

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Righthaven LLC ("Righthaven"), Stephens Media, LLC ("Stephens") and Democratic Underground LLC ("Democratic Underground") and David Allen ("Mr. Allen" collectively Democratic Underground and Mr. Allen are referred to herein as "Defendants"), by and through their undersigned counsel, do HEREBY STIPULATE AND AGREE as follows:

A Party or a non-party disclosing or producing information, documents, or things in this matter ("Producing Party") may designate such information, documents, or things as ***Confidential*** or ***Confidential—Attorneys' Eyes Only*** under the following terms and conditions:

1.     Any document, information or thing may be designated ***Confidential*** if it is in good faith determined by the Producing Party to contain confidential or proprietary information not normally or actually revealed to third parties (without causing such third parties to maintain such information in confidence) and the disclosure to the public of which would cause competitive harm to the disclosing party, including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document,[1] information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

2.     Any document, information or thing may be designated ***Confidential—Attorneys' Eyes Only*** if it is in good faith determined by the Producing Party to contain particularly sensitive information, for which the disclosure of such information to a party rather than to counsel would cause competitive harm, related to any of the following:  technical data, research and development information, marketing or other business plans, product or service information, customer information, trade secrets, competitive information, or financial information of the Party, or any other particularly sensitive information including information in written, oral, electronic, graphic, pictorial, audiovisual, or other form, whether it is a document, information contained in a document, item produced for inspection, information revealed during a deposition, information revealed in an interrogatory answer, or otherwise.

---

[1] The term "document" shall be synonymous in meaning and equal in scope to the usage of that term in Rule 34 of the Federal Rules of Civil Procedure, and shall include every writing and recording within the meaning given those terms in Rule 1001 of the Federal Rules of Evidence.

3.      A Producing Party may designate in good faith any document or other tangible information or thing as **Confidential** or **Confidential—Attorneys' Eyes Only** by stamping some conspicuous place thereof with the legend CONFIDENTIAL or CONFIDENTIAL— ATTORNEYS' EYES ONLY, respectively.  For example, in the case of a document, a Producing Party must so mark the first page of a multipage document and each applicable page.  In the case of other tangible items, a Producing Party may so mark any appropriate location.  For example, in the case of a computer disk, a Producing Party may so mark the disk cover.  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.  In addition, a Producing Party may designate any document or other tangible information or thing already produced in this action, prior to entry of this Order, as **Confidential** or **Confidential—Attorneys' Eyes Only** even though not previously so designated by notifying all parties to this case ("Parties") in writing within ten (10) business days of the entry of this Order of the specific item being designated and by providing a new copy of the document or other tangible information with the proper **Confidential** or **Confidential – Attorneys' Eyes Only** legend.  The non-Producing Party shall then destroy all copies of the designated material not containing the **Confidential** or **Confidential – Attorneys' Eyes Only** legend.

4.      A non-Producing Party may also designate any document, information, or thing produced during the course of this proceeding, not already designated **Confidential** or **Confidential—Attorneys' Eyes Only**, as **Confidential** or **Confidential—Attorneys' Eyes Only** as if it were a Producing Party.  The non-Producing Party shall accomplish such designation by notifying all Parties in writing of the specific item so designated within ten (10) business days of the production of such document, information, or thing, during which period said items shall be presumed **Confidential – Attorneys' Eyes Only**.  At the end of this ten (10) day period, such documents, information, or things not designated as **Confidential** or **Confidential—Attorneys' Eyes Only** shall automatically revert to non-Confidential status.

5.      A Producing Party may designate documents, information, or things disclosed at a deposition of a Producing Party or one of its present or former officers, directors, employees agents, or independent experts retained for purposes of this proceeding as **Confidential** or **Confidential—**

3

1  *Attorneys' Eyes Only* on the record during the deposition.  Alternatively, when it is impractical to

2  identify separately each portion of testimony or item that is entitled to protection during the deposition,

3  a Producing Party may designate testimony or items as *Confidential* or *Confidential—*

4  *Attorneys' Eyes Only* by notifying all Parties, through each Party's respective counsel, if any, in

5  writing of the specific item or testimony so designated, within ten (10) business days of receiving a

6  copy of the deposition transcript, of the specific exhibits or lines and pages of the deposition that are

7  *Confidential* or *Confidential—Attorneys' Eyes Only*.

8          a.     If a Producing Party designates such materials as *Confidential* or

9  *Confidential—Attorneys' Eyes Only* on the record, the Producing Party shall request that

10  the court reporter indicate on the cover page of the transcript that the transcript included

11  *Confidential* or *Confidential—Attorneys' Eyes Only* information, list the pages and

12  line numbers and/or exhibits of the transcript on or in which such information is contained, and

13  bind the transcript in separate portions containing *Confidential* or *Confidential—*

14  *Attorneys' Eyes Only*, and non-Confidential material.  Further, during the period in which

15  such *Confidential* or *Confidential—Attorneys' Eyes Only* information is discussed

16  during the deposition, any person present during the deposition who is not a Qualified Person or

17  Special Qualified Person, as defined below, or the court reporter or videographer shall be

18  excluded from that portion of the deposition.

19          b.     If during a deposition a Party designates any testimony or exhibit *Confidential*

20  or *Confidential—Attorneys' Eyes Only*, the deposition transcript and the exhibits thereto

21  shall be presumed *Confidential—Attorneys' Eyes Only* in their entirety until ten (10)

22  business days after receipt of the transcript by the Producing Party.  If, after the deposition is

23  taken, the Producing Party designated any portion of the deposition transcript or specific

24  exhibits as *Confidential* or *Confidential—Attorneys' Eyes Only* by giving written

25  notice as described above, all persons receiving notice of such designation shall affix the same

26  to the face of their copy or copies of the transcript.  At the expiration of the ten (10) day period,

the transcript and exhibits shall automatically revert to non-Confidential status, except those

portions that have been designated on the record in or in writing as *Confidential* or

*Confidential—Attorneys' Eyes Only*.

c.     A non-Producing Party may designate documents, information, or things disclosed at a deposition as ***Confidential*** or ***Confidential—Attorneys' Eyes Only*** in the same manner as a Producing Party.

6.     The documents, information and things designated and produced as ***Confidential*** or ***Confidential – Attorneys' Eyes Only*** pursuant to this Protective Order shall be used solely and exclusively for the purposes of this proceeding, including efforts to settle this dispute.  Moreover, documents, information and things designated as ***Confidential*** or ***Confidential – Attorneys' Eyes Only*** shall only be disclosed to Qualified Persons and Special Qualified Persons, respectively, as defined and described below.  Qualified Persons and Special Qualified Persons may only use ***Confidential*** or ***Confidential – Attorneys' Eyes Only*** designated material in and for the purposes of this proceeding, including efforts to settle this dispute.  Qualified Persons and Special Qualified Persons may not use or cause, aid, assist, advise or otherwise facilitate others to use ***Confidential*** or ***Confidential – Attorneys' Eyes Only*** designated material for or in connection with any business, investment, fundraising, consulting, advisory, research and development activity, or any other activity in competition or conflict with the rights and interests of the Producing Party.

7.     All documents, information or things designated as ***Confidential*** shall be made available only to the following Qualified Persons and only to the extent reasonably necessary for conducting or assisting in this case or its settlement:

      a.   the Parties and their parents and subsidiaries, including their present and former officers, directors, partners, or employees;

      b.   the Parties' attorneys of record in this case, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs;

      c.   in-house counsel to the Parties and employees of such counsel, and their authorized secretarial and paralegal staffs;

      d.   persons retained by any Party (or by its attorneys of record) for the purpose of assisting in this case as non-party consultants or experts or for trial preparation;

      e.   employees of outside copying, printing, graphics, binding, or computer input services;

f.  deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the discovery material(s) designated "CONFIDENTIAL" at deposition, and deposition witnesses shall not be entitled to retain copies of such discovery material(s);

g.  the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this case; and

h.  such other persons as the Parties may agree or may be ordered by the Court.

8.  All employees, information, or things designated as ***Confidential—Attorneys' Eyes Only*** shall be made available <u>only</u> to the following Special Qualified Persons and only to the extent reasonably necessary for conducting or assisting in this case or its settlement, and only pursuant to the procedures provided by paragraph 12 below:

a.  the Parties' outside attorneys of record in this case, the partners, associates, and employees of such counsel, and their authorized secretarial and paralegal staffs;

b.  persons retained by any Party (or by its attorneys of record) for the purpose of assisting in this case as non-party consultants or experts or for trial preparation;

c.  employees of outside copying, printing, binding, or computer input services;

d.  deposition witnesses, but only for the purposes of this litigation and only (i) at deposition and only to the extent reasonably necessary and (ii) to prepare a witness for deposition and only to the extent reasonably necessary and only when, in good faith, counsel for the witness believes that there is a reasonable likelihood that the witness will be shown the discovery material(s) designated "CONFIDENTIAL—ATTORNEY'S EYES ONLY" at deposition, and deposition witnesses shall not be entitled to retain copies of such discovery material(s);

e.  the Court and court personnel, deposition officers, court reporters, and videographers used in connection with this case; and

f.  such other persons as the Parties may agree or may be ordered by the Court.

9.      Materials designated as **_Confidential_** or **_Confidential—Attorneys' Eyes Only_** shall not be made available to persons other than those specifically identified in paragraphs 8 and 9 above, respectively, even if attached to or contained within otherwise non-Confidential materials, such as transcripts, memoranda, or affidavits; the **_Confidential_** or **_Confidential—Attorneys' Eyes Only_** information must be removed before the remaining materials may be made available to those other persons.

10.     Qualified Persons, as defined in paragraph 8 above, but excluding those in paragraphs 8(b),(e) and (g) shall not been given access to any information, documents, or things designated as **_Confidential_** unless and until such Qualified Person has first been supplied with and has read a copy of this Order and has executed the Qualified Person Undertaking in the form annexed hereto.  Counsel for the Parties shall maintain a file containing the original of each executed Qualified Person Undertaking.

11.     Special Qualified Persons, as defined in paragraph 9 above, but excluding those in paragraphs 9(a),(c) and (e),  shall not be given access to any information, documents, or things designated as **_Confidential—Attorneys' Eyes Only_** unless or until such Special Qualified Person has been supplied with and has read a copy of this Order and has executed the Special Qualified Person Undertaking in the form annexed hereto.  Counsel for the Parties shall maintain a file containing the original of each executed Special Qualified Person Undertaking.

12.     No documents, information, or things designated as **_Confidential_** or **_Confidential—Attorneys' Eyes Only_** shall be filed with the Court (except as provided in Nev. LR 10-5), including that contained in pleadings, motions, briefs, declarations, or exhibits, except in sealed envelopes.  Such sealed envelopes shall bear the caption of the case and shall recite a concise, non-disclosing inventory of their contents for docketing purposes.  Additionally, in the case of materials or information designated **_Confidential_**, such sealed envelopes shall prominently bear the legend: CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.  In the case of materials or information designated **_Confidential—Attorneys' Eyes Only_**, the sealed envelope shall prominently bear the legend: CONTAINS CONFIDENTIAL—ATTORNEYS' EYES ONLY INFORMATION SUBJECT TO PROTECTIVE ORDER, TO BE OPENED ONLY BY OR AS DIRECTED BY THE COURT.  To the

extent possible, only those portions of a filing with the Court that contain material designated as **Confidential** or **Confidential—Attorneys' Eyes Only** shall be filed under seal.  To the extent that no **Confidential** or **Confidential—Attorneys' Eyes Only** information is disclosed, the Parties may refer to, and quote from, documents designated as **Confidential** or **Confidential— Attorneys' Eyes Only** in pleadings, motions, briefs, affidavits, or exhibits filed with the Court, without the need to file such pleadings, motions, briefs, affidavits, or exhibits under seal.

13.     Nothing in this Order shall preclude any Party to the proceeding or their attorneys from:

a.     showing materials designated as **Confidential** or **Confidential— Attorneys' Eyes Only** to an individual who either prepared or reviewed the document prior to the filing of this action, or is shown by the document to have received the document;

b.     disclosing or using, in any manner or for any purpose, any information, documents, or things from the Party's own files that the Party itself designated as **Confidential** or **Confidential—Attorneys' Eyes Only;**

c.     disclosing or using, in any manner or for any purpose, any information, documents, or things obtained from a source other than discovery or to which a Party has a right of access independent of discovery;

d.     disclosing or using in any manner or for any purpose, any information, document, or thing that is at the time of production or disclosure, or subsequently becomes, through no wrongful act or failure to act on the part of the receiving Party, generally available to the relevant public through publication or otherwise, or is already rightfully in the possession of the receiving Party at the time of production; or

e.     disclosing or using, in any manner or for any purpose, any information, documents, or thing at the trial of this matter.  However, if a Party intends to use or offer into evidence at such trial any materials designated as **Confidential** or **Confidential— Attorneys' Eyes Only**, that Party shall, unless otherwise ordered by the Court, so inform the Producing Party in a reasonable time in advance in order that the Producing Party may take such steps reasonably necessary to preserve the confidentiality of such information or documents.

14.     If any Party is served with a subpoena or similar process, from any person whatsoever, directing that Party to produce any materials  designated as **Confidential** or **Confidential—**

1   ***Attorneys' Eyes Only*** not so designated by  that Party, counsel for that Party shall within five (5)

2   business days give counsel for the designating Party written notice of the fact of such service so that the

3   designating Party may seek a protective order or otherwise act to protect the confidentiality of the

4   designated materials.

5        15.    Within sixty (60) days of the conclusion of this action, including any appeals, all

6   originals and reproductions of any materials designated as ***Confidential*** or ***Confidential—***

7   ***Attorneys' Eyes Only*** shall be returned to the Producing Party or destroyed.  However, counsel for

8   the Parties may retain one complete set of pleadings and motion papers filed with the Court, and one

9   complete copy of deposition testimony given in this action.  Counsel for the receiving Party shall

10  provide written verification to the Producing Party that all copies of such materials produced to the

11  receiving Party have been returned or destroyed, other than as indicated in this paragraph.  Materials

12  designated as ***Confidential*** or ***Confidential—Attorneys' Eyes Only*** that are in the custody of

    the Court are excepted from the terms of this paragraph.

13       16.    The terms of this Order shall remain in effect after the action and any related appeals are

14  concluded.

15       17.    This Stipulated Protective Order shall not preclude any Party from (i) applying to the

16  Court for an order permitting the disclosure or use of information or discovery material otherwise

17  prohibited by this Stipulated Protective Order; or (ii) applying for an order modifying this Stipulated

    Protective Order in any respect.

18       18.    No Party shall be obligated to challenge the propriety of any confidentiality designation,

19  and failure to do so shall not preclude a subsequent attack on the propriety of such designation.

20       19.    If the Parties disagree as to whether designated material should be protected as

21  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", they are obligated to

22  negotiate in good faith regarding the designated material.  Within five calendar days after receiving an

    objection to designation of material, the Designating Party shall either withdraw or modify the

23  designation or advise that it will not be consensually withdrawn or modified.  If the Parties are unable to

24  resolve their differences in that time, the Party challenging the designation ("Challenging Party") may

25  make a motion to the Court seeking a determination of the status of the material.  The Designating

26  Party, when its designation is challenged, bears the ultimate burden of proving that the designated

1   material is entitled to protection.  In the event of a motion, the documents or information whose

2   designation is objected to shall continue to be treated as so designated until the motion is decided.

3       20.    Prior to a deposition of a Party or a non-party represented by a Party's counsel, the

4   Designating Party's counsel shall provide a copy of this Order to such deponent and instruct such

5   deponent to read the Order and to execute the Qualified Person Undertaking and/or the Special

6   Qualified Person Undertaking forms (as applicable) attached to this Order.

7       21.    In accordance with Fed. R. Civ. Proc. 26(b)(5)(B), if a Producing Party inadvertently

8   produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or

9   work product immunity or both, such inadvertent production shall not necessarily constitute any waiver

10  of attorney-client privilege or work product immunity and all copies of such inadvertently produced

11  documents shall promptly be returned by the receiving Party to the Producing Party upon demand;

12  provided, however, that compliance with this provision shall not constitute a waiver of any rights of the

    receiving Party under Fed. R. Civ. Proc. 26(b)(5)(B).

13  / / /

14  / / /

15  / / /

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26

1

IT IS SO STIPULATED AND AGREED.

2

3    DATED: February 11, 2011                DATED: February 11, 2011

4        FENWICK & WEST LLP                       SHAWN A. MANGANO, LTD.

5

6    By: /s/ Laurence F. Pulgram_____    By: /s/Shawn A. Mangano_____
         Laurence F. Pulgram, Esq.               Shawn A. Mangano, Esq.
7        555 California Street, 12th Floor        9960 West Cheyenne Avenue, Suite 170
         San Francisco, California 94104          Las Vegas, Nevada 89129

8
                                                  *Attorney for Plaintiff and Counter-*
9                                                 *Defendant Righthaven LLC*

         CHAD A. BOWERS, LTD.
10       Chad A. Bowers, Esq.                      CAMPBELL & WILLIAMS
         3202 West Charleston Boulevard
11       Las Vegas, Nevada 89102

12                                             By:  /s/ J. Colby Williams_____
                                                   J. Colby Williams, Esq.
13       THE ELECTRONIC FRONTIER                   Wade W. Rabenhorst, Esq.
         FOUNDATION                                700 South Seventh Street
14       Kurt Opsahl, Esq.                         Las Vegas, Nevada 89101
         Corynne McSherry, Esq.
15       454 Shotwell Street                       *Attorneys for Third Party Defendant*
         San Francisco, California 94110           *Stephens Media, LLC*

16
     *Attorneys for Defendant Democratic*
17   *Underground, LLC and David Allen*

18

19

20

21                                            IT IS SO ORDERED:

22

23                                            _____

24                                            UNITED STATES DISTRICT JUDGE

25
                                              DATED: _____February 14, 2011_____
26

**QUALIFIED PERSON UNDERTAKING**

I, _____ (name), of _____

_____(employer and business address), am about to receive

information, documents, or things designated as *Confidential* under the Stipulated Protective Order dated

_____, 2010, entered by the United States District Court, District of Nevada, in the case of

*Righthaven LLC v. Democratic Underground, LLC. et al., case no. 2:10-cv-01356-RLH-RJJ*  (the "Protective

Order").

I hereby represent and certify that I have been given a copy of and read the Protective Order and that I

understand its terms and conditions.  I hereby further certify that I am one of the persons allowed under

paragraph 8 of the Protective Order to receive access to information, documents, or things designated

*Confidential*.  I also agree to be bound by the terms and conditions of the Protective Order, specifically

including the requirement that information, documents, and things I may receive that are designated

*Confidential* as well as all copies, notes, summaries, and other records made regarding such information,

documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraph 7 of the

Protective Order to have such information.  I further agree that I will only use this material in and for the

purposes of this proceeding and that I will not use or cause, aid, assist, advise or otherwise facilitate others to use

the material for or in connection with any business, investment, fundraising, consulting, advisory, research &

development activity, or any other activity in competition or conflict with the rights and interests of the

Producing Party.

I further understand that violation of the Protective Order may be punishable by contempt of court, and I

consent and submit to the jurisdiction of the United States District Court, District of Nevada, with respect to the

enforcement of any terms and conditions of the Protective Order.


_____          _____
Date                             Signature

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### SPECIAL QUALIFIED PERSON UNDERTAKING

I, _____ (name), of _____

_____(employer and business address), am about to receive information, documents, or things designated as *Confidential - Attorneys' Eyes Only* under the Stipulated Protective Order dated _____, 2010, entered by the United States District Court, District of Nevada, in the case of *Righthaven LLC v. Democratic Underground, LLC. . et al.*, case no. 2:10-cv-01356-RLH-RJJ (the "Protective Order").

I hereby represent and certify that I have been given a copy of and read the Protective Order and that I understand its terms and conditions.  I hereby further certify that I am one of the persons allowed under paragraph 9 of the Protective Order to receive access to information, documents, or things designated *Confidential – Attorneys' Eyes Only*.  I also agree to be bound by the terms and conditions of the Protective Order, specifically including the requirement that information, documents, and things I may receive that are designated *Confidential – Attorneys' Eyes Only* as well as all copies, notes, summaries, and other records made regarding such information, documents, and things, shall be disclosed to no one other than persons specifically allowed by paragraph 8 of the Protective Order to have such information.  I further agree that I will only use this material in and for the purposes of this proceeding and that I will not use or cause, aid, assist, advise or otherwise facilitate others to use the material for or in connection with any business, investment, fundraising, consulting, advisory, research & development activity, or any other activity in competition or conflict with the rights and interests of the Producing Party.

I further understand that violation of the Protective Order may be punishable by contempt of court, and I consent and submit to the jurisdiction of the United States District Court, District of Nevada, with respect to the enforcement of any terms and conditions of the Protective Order.

_____          _____
Date                                  Signature

13