LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:     (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>              Plaintiff,<br>   v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>              Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>              Counterclaimant,<br>   v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>              Counterdefendants. | Case No. 10-01356-RLH (GWF)<br><br>**DEFENDANTS' SUPPLEMENTAL MEMORANDUM ADDRESSING RECENTLY PRODUCED EVIDENCE RELATING TO PENDING MOTIONS** |

**INTRODUCTION**

Defendant / Counterclaimant Democratic Underground LLC and Defendant David Allen (collectively "Democratic Underground" or "Defendants"), respectfully submit this Supplemental Memorandum to bring to the Court's attention key evidence just produced in discovery that is highly relevant to the three currently pending motions. Specifically, on February 28, 2011, Cross-Defendant Stephens Media, LLC produced, belatedly, a copy of ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] *See* Declaration of Laurence Pulgram ("Pulgram Decl."), Exhibit A ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮, never before revealed to any Court in this District, on its face purports to ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ provide substantial evidence that: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Defendants request that the Court consider ▮▮▮▮▮▮▮▮ as a further basis upon which to deny the two Motions to Dismiss filed by Righthaven and Stevens Media, and to grant Defendants' Motion for Summary Judgment on the issue of fair use. Given that this material was only recently and belatedly produced, Defendants could not have addressed it in any of the prior briefing. *See, e.g.*, *United States v. Maris*, 2011 WL 468554, at *5 n.5 (D. Nev. Feb. 4, 2011) (granting leave to file supplemental materials even after the hearing on a motion for summary judgment); *Mitchel v. Holder*, 2010 WL 816761, at *1 n.1 (N.D. Cal. Mar. 9, 2010) (granting

---

[1] Stephens Media's responses to Defendants' First Requests For Production of Documents were due on January 18, 2011, ten days before Defendants' Reply in Support of their Cross-Motion. By failing to produce this evidence until February 28, Stephens Media precluded its earlier submission. For its part, Righthaven has still not produced this, or any other, document.

1  leave to file supplemental brief in support of motion for summary judgment addressing newly
2  discovered evidence); *Lumsden v. United States*, 2010 WL 2232946, at *1 (E.D. N.C. June 3,
3  2010) (granting leave to submit additional newly discovered evidence in support of motion for
4  summary judgment).

5      In particular, Defendants submit that ▇▇▇▇▇▇▇ demonstrates a compelling need for
6  the Court to adjudicate the issues raised by the Counterclaim as to ▇▇▇▇▇▇▇▇▇▇▇
7  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇, as that issue may affect and dispose of hundreds of cases
8  now improperly pending in this District.

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

    In Support of its Motion to Dismiss, Stephens Media presented the Court with a purported "Copyright Assignment," in the same form Righthaven has repeatedly presented in this District as purportedly creating its right to sue. *See* Stephens Media's Motion to Dismiss or Strike ("Dkt. 38"), Exh. 1. Stephens Media relied on this Copyright Assignment as the sole evidence from which it claimed that: (1) "Righthaven, not Stephens Media, holds the exclusive right to seek legal redress" for infringement (Dkt. 38. at 6); (2) "Stephens Media ***would be legally barred from [suing]*** " Democratic Underground, even if it wanted to (*id* at 7); and (3) there was "absolutely no evidence" to support Defendant's assertion that the assignment was a sham or that Righthaven is acting as Stephens Media's agent. *Id.*

    In response, Defendants pointed out that the "Copyright Assignment" did not identify any actual rights under the Copyright Act assigned to Righthaven. *See* Defendants' Memorandum in Opposition to Stephens Media LLC's Motion to Dismiss and Joinder ("Dkt. 46") at 6. Rather the Assignment circularly defined the rights assigned to include "all copyrights requisite to have Righthaven recognized as the copyright owner of the Work for purpose of Righthaven being able to claim ownership." Dkt. 38, Exh. 1. Defendants also noted that, by its terms, the "Copyright Assignment" provided that it was subject to an undefined "right of reversion" to Stephens Media and also referred to unidentified "monetary commitments and commitment to services provided" which had not been disclosed to the Court. *See* Dkt. 46 at 5-6. Defendants advised the Court that

1  "when produced in discovery, [additional documents would] reveal the actual flow of obligations,
2  control, and funding between Righthaven and Stephens Media." *Id.*
3  ████████████████████████████████████████████
4  ████████████████████████████████████████████
5  ████████████████████████████████████████████
6  ████████████████████████████████████████████
7  ████████████████████████████████████████████
8  ████████████████████████████████████████████
9  ████████
10 ████████████████████████████████
11 ████████████████████████████████
12 ████████████████████████████████
13 ████████████████████████████████
14 ████████████████████████████████
15 ████████████████████████████████
16 ████████████████████████████████
17 ████████████████████████████████
18 ████████████████████████████████████████ Thus,
19 although the "Copyright Assignment" characterized itself as a transfer of "all copyrights *requisite*
20 to have Righthaven recognized as the copyright owner of the Work for purposes of Righthaven
21 being able to claim ownership as well as the right to seek redress for past, present and further
22 infringements of the copyright," (Dkt. 38, Exh. 1 (emphasis added)), ████████
23 ████████████████████████████████████████████
24 ████████████████████████████████████████████
25 ████████████████████████████████████

---

[2] ████████████████████████████████

[3] ████████████████████████████████████████



1  ███████████████████

2  Moreover, ████████████████████████ also suggests ███████████

3  ████████████████████████████████████████████████████████████████

4  ████████████████████████████████████████████████████████

5  ████████ that has been requested by Defendants, though not yet produced. ████████ Pulgram

6  Decl., ¶ 10. █████████████████████████████████████████████████████

7  ███████████████████████████████████████████████████████

8  ████████████████████████████████████████████████████████████

9  █████████████████████████████████████████████████████

10 ████████████████████████████████████████████████████████████████

11 ██████████ – though the precise facts await further document production.

## DISCUSSION

I. ████████████████ **SUBSTANTIATES DEMOCRATIC UNDERGROUND'S STANDING TO SUE STEPHENS MEDIA AS REAL PARTY IN INTEREST.**

Stephens Media has argued that it is an improper party because, "[c]omplete ownership of the work being sued upon has been transferred to Righthaven without any ambiguity" and because "Righthaven, not Stephens Media, is . . . the only party vested with the right to sue . . . ." Stephens Media's Reply in Support of Motion to Dismiss or Strike ("Dkt. 56") at 4, 10. ████ ████████████████████████ eviscerates this argument and exposes the plain falsity of these assertions. ████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████████████████████████

██████

████████████████████████████████████████████████████

1
2
3
4
5
6
7

8   In short, ▇▇▇▇▇▇ adds substantial additional evidence to the already extensive

9   factual allegations showing a live case and controversy against Stephens Media.

10  **II.    ▇▇▇▇▇▇▇▇ SUBSTANTIATES THE NEED TO RESOLVE THE
11          COUNTERCLAIM'S ALLEGATIONS THAT THE ASSIGNMENT IS INVALID, SHAM, AND UNENFORCEABLE.**

12  ▇▇▇▇▇▇▇▇ also further undermines the arguments of both Stephens Media and

13  Righthaven that this Court need not decide the Counterclaim's request for declaration of the

14  invalidity and unenforceability of the assignment. As Defendants have already argued, it is

15  *precisely* this sort of counterclaim, seeking resolution of the *validity* of the right assertedly

16  infringed, that the Supreme Court has held must survive a dismissal with prejudice of a claim for

17  infringement. Dkt. 46 at 13-14 (citing *Cardinal Chem. Co. v. Morton Int'l, Inc*., 508 U.S. 83

18  (1993)). This newly-produced evidence underscores the importance of addressing that question

19  now.

20  On the question of validity, the Counterdefendants have argued that other rulings on

21  motions to dismiss Righthaven's prior lawsuits supposedly "upheld the validity" of the form

22  "Copyright Assignment." *See, e.g.*, Dkt. 56 at 4-5; and Righthaven's Motion for Voluntary

23  Dismissal ("Dkt. 36") at 20-21. But for each of those rulings (which came on motions to dismiss)

24  Righthaven had withheld from the Court ▇▇▇▇▇▇▇▇

25  ▇▇▇▇▇▇▇▇

26  ─────────────────────
27  [4]   Defendants also note that ▇▇▇▇▇▇▇▇ Stephens Media should have
28  been listed in Righthaven's Certificate of Interested Parties. Dkt. 5.

1  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ As a result, this is the first case in which any

3  Court will have ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

4       Rather than dismiss the Counterclaim as "unnecessary," this Court will need to determine

5  whether ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ the settled requirement that "only

6  owners of an exclusive right in a copyright may sue" for infringement. *Silvers v. Sony Pictures*

7  *Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005). In *Silvers*, the *en banc* Ninth Circuit held that an

8  assigned "right to sue for an accrued claim for infringement is not [one of the] exclusive

9  right[s]" in copyright that can provide standing to sue. Such exclusive rights are limited to those

10 specified in Section 106 of the Copyright Act, such as the right to copy, distribute, perform, etc.

11 *See id.* at 884. Thus, in *Silvers*, the author of a work made for hire, who subsequently had been

12 granted by her employer (the copyright holder) "all right, title and interest in and to any claims

13 and causes of action against [specified infringers]," had no legal or beneficial interest in the

14 underlying copyright itself, and thus could not initiate suit, because none of the individual

15 exclusive rights under § 106 had been granted to her. *See id.* at 883. In support of its

16 Counterclaim, Democratic Underground asserts that the same rule applies here. ▓▓▓▓▓▓

17 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

18 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

19 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

20 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

21 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, makes the Counterclaim all the more important. ▓▓▓▓

22 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

23 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ may effectively dispose of hundreds of Righthaven cases.

---

25 [5] For example, *in Righthaven LLC v. Dr. Shezad Malik Law Firm P.C.*, (D. Nev.) 2:10-cv-0636-RLH-RJJ (cited in RH's motion (Dkt. 36) at 21), Righthaven incorrectly stated that "[i]n the present action, there is no division of
26 copyright ownership as was the case in *Silvers*; Righthaven is the owner of both the exclusive rights in and to the Work and the owner of all accrued causes of action." 2:10-cv-0636, Dkt. 11 at 13: 2-3 and Dkt. 13 at 12:24-26.
27 This is incorrect because ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
28

1    **III.     ███████████ SUBSTANTIATES THE OBJECTIVE
     UNREASONABLENESS OF PLAINTIFF'S CLAIMS AND THE PROPRIETY OF
2    AN ATTORNEYS' FEE AWARD.**

3    Righthaven argued in its Motion that it should be allowed to voluntarily dismiss without

4    paying attorneys' fees because the "objective reasonableness" of its claims had purportedly been

5    validated by the courts' refusal to dismiss its prior claims for lack of standing. Dkt. 36. at 20-22.

6    As just explained, however, those prior rulings resulted from Righthaven's withholding ███

7    ███████ from the Court. With ██████████ now on record, ████████████████████

8    ████████████████████████████████████████, rendering Righthaven's

9    claim objectively unreasonable.

10   **IV.    ██████████████████████████████████████████████████**

11   Finally, ████████████ further substantiates the impossibility of harm to Righthaven's

12   market for the work, as relevant to the fourth factor of the fair use analysis. Under ██

13   ████████████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████████

18   ██████. *See generally* Defendants' Reply Memorandum in Support of Cross Motion for

19   Summary Judgment ("Dkt. 62") at 13-14 (discussing lack of market harm).

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28

DEFENDANTS.' SUPPL. MEMO ADDRESSING RECENTLY
PRODUCED EVIDENCE RELATING TO PENDING           8           CASE NO. 2:10-CV-01356-RLH (GWF)
MOTIONS

**CONCLUSION**

For these reasons, Defendants respectfully request that the Court consider ███████ ███████ in its adjudication of the three motions now pending before it.

Dated: March 4, 2011                FENWICK & WEST LLP

By:  ___/s/ *Laurence F. Pulgram*___
     LAURENCE F. PULGRAM, ESQ

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN