1  LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
   lpulgram@fenwick.com
2  CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
   cwebb@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone:    (415) 875-2300
5  Facsimile:    (415) 281-1350

6  KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
   kurt@eff.org
7  CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
   corynne@eff.org
8  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
9  San Francisco, California 94110
   Telephone:    (415) 436-9333
10 Facsimile:    (415) 436-9993

11 CHAD BOWERS (NV State Bar No. 7283)
   bowers@lawyer.com
12 CHAD A. BOWERS, LTD
   3202 West Charleston Boulevard
13 Las Vegas, Nevada 89102
   Telephone:    (702) 457-1001
14
   Attorneys for Defendant and Counterclaimant
15 DEMOCRATIC UNDERGROUND, LLC, and
   Defendant DAVID ALLEN

16                 **UNITED STATES DISTRICT COURT**
                    **FOR THE DISTRICT OF NEVADA**
17

18 RIGHTHAVEN LLC, a Nevada limited liability company,           Case No. 10-01356-RLH (GWF)

19                 Plaintiff,

                   v.
20
                                                                 **DECLARATION OF**
   DEMOCRATIC UNDERGROUND, LLC, a District of                    **LAURENCE F. PULGRAM**
21 Columbia limited-liability company; and DAVID ALLEN,          **IN SUPPORT OF**
   an individual,                                                **DEFENDANTS'**
22                 Defendants.                                    **SUPPLEMENTAL**
                                                                 **MEMORANDUM**
23 DEMOCRATIC UNDERGROUND, LLC, a District of                    **ADDRESSING RECENTLY**
   Columbia limited-liability company,                           **PRODUCED EVIDENCE**
24                                                                **RELATING TO PENDING**
                   Counterclaimant,                              **MOTIONS**
25
                   v.
26
   RIGHTHAVEN LLC, a Nevada limited liability company,
27 and STEPHENS MEDIA LLC, a Nevada limited-liability
   company,
28                 Counterdefendants.

I, Laurence F. Pulgram, declare as follows:

1.     I am an attorney licensed to practice law in the state of California and a partner at Fenwick & West, LLP.  I serve as one of the counsel for Defendant / Cross-Complainant Democratic Underground, LLC and Defendant David Allen (hereinafter "Defendants") in this matter.

2.     I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.  I make this declaration in support of Defendants' Supplemental Memorandum Addressing Recently Produced Evidence Relating to Pending Motions.

3.     On December 17, 2010, Defendants served a first set of Requests for Production of Documents on Plaintiff / Counterdefendant Righthaven, LLC and Counterdefendant Stephens Media, LLC.  Responses by both parties were due on January 18, 2011.  The due date was ten days before Defendants' due date for their Reply in Support of the Motion for Summary Judgment was to be filed.

4.     Amongst the Requests for Production made to Stephens Media were the following:

- (No. 3) "ALL DOCUMENTS concerning any assignment of rights in the News Article to Righthaven";
- (No. 8) "ALL DOCUMENTS that refer or relate to any 'monetary commitments' referenced in the JULY 19, 2010 ASSIGNMENT";
- (No. 10) "ALL DOCUMENTS that refer or relate to any 'right of reversion' referenced in the JULY 19, 2010 ASSIGNMENT";
- (No. 11) "ALL DOCUMENTS that refer or relate to any 'good and valuable consideration' referenced in the JULY 19, 2010 ASSIGNMENT";
- (No. 56) "ALL contracts, agreements, investment DOCUMENTS, or other terms between YOU and Righthaven."

5.     On January 18, 2011, Stephens Media responded with objections to the Requests for Production.  Stephens Media produced no responsive documents.

6.      Amongst the Requests for Production made to Righthaven were the following:

- (No. 3) "ALL DOCUMENTS concerning any potential or actual assignment of rights in the NEWS ARTICLE to Righthaven";

- (No. 8) "ALL DOCUMENTS that refer or RELATE TO any 'monetary commitments' referenced in the JULY 19, 2010 ASSIGNMENT";

- (No. 10) "ALL DOCUMENTS that refer or RELATE TO any 'right of reversion' referenced in the JULY 19, 2010 ASSIGNMENT";

- (No. 11) "ALL DOCUMENTS that refer or RELATE TO any 'good and valuable consideration' referenced in the JULY 19, 2010 ASSIGNMENT";

- (No. 45) "ALL contracts, agreements, investment DOCUMENTS, or other terms between YOU and Stephens Media.

7.      Righthaven, for its part, failed to respond or object to any of the Requests for Production by the due date of January 18, 2011.  When Righthaven did ultimately respond to the Requests for Production, on January 24, 2011, it produced no responsive documents and has, to this date, still produced no documents.

8.      On February 28, 2011, after an extended meet and confer process, Stephens Media made its first production of documents, totaling 94 pages, including a document Bates numbered SM000078 – SM000094, a true and correct copy of which is attached hereto as Exhibit A.

9.      Defendants are submitting this document to the Court immediately to ensure that the Court has access to it while considering the pending motions.

10.      Although counsel for Defendants have requested to receive the additional document referred to in Paragraph 2 of Exhibit A, it has not yet been provided by either Righthaven or Stephens Media.

11.      Stephens Media produced Exhibit A designated "Confidential Attorneys Eyes Only" under the Stipulated Protective Order in this action.  Dkt. 65.  Defendants do not believe that a filing of Exhibit A, or at least the entirety of Exhibit A, is appropriately withheld from public view under the Stipulated Protective Order or governing law.  Accordingly, pursuant to

1   Paragraph 19 of the Stipulated Protective Order, we have requested, in writing, that Stephens

2   Media and Righthaven agree within five days that Exhibit A may be filed not under seal, in whole

3   or in part.  In the event that we are able to reach agreement with Stephens Media and Righthaven,

4   it is our intention to file a stipulation as to which portions of Exhibit A, if any, are to remain

5   under seal.

6       12.    I declare under penalty of perjury under the laws of the United States that the

7   foregoing is true and correct.  Executed on March 4, 2011, in San Francisco, California.

8

9                                    */s/ Laurence F. Pulgram*
                                     Laurence F. Pulgram
10                                   Fenwick & West, LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A
# Filed Under Seal