SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Plaintiff/Counterdefendant Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><hr>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**RIGHTHAVEN LLC'S MOTION FOR RECONSIDERATION OF MARCH 9, 2011 ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM OR, ALTERNATIVELY, APPLICATION FOR BRIEFING SCHEDULE TO ADDRESS SUPPLEMENTAL BRIEF** |

Righthaven LLC ("Righthaven") hereby moves for reconsideration of the Court's March 9, 2011 Order (Doc. # 74) granting Underground, LLC's ("Democratic Underground") and David Allen's (collectively referred to herein as "Defendants") Motion for Leave to File Supplemental Memorandum Addressing Recently Produced Evidence Relating to Pending Motions (the "Motion for Leave"). (Doc. # 72.)  Alternatively, Righthaven hereby asks the Court to enter a briefing schedule that grants sufficient time for Righthaven to address the issues presented in Defendants' supplemental brief.  Righthaven requests a minimum of twenty-one (21) days to respond to the supplemental brief should reconsideration be denied.

This submission is based on the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **INTRODUCTION**

   A. *Basis For Reconsideration or, Alternatively, Application For Briefing Schedule.*

Righthaven asks the Court to reconsider its March 9, 2011 Order (Doc. # 74), which granted Defendants Motion for Leave.  Defendants filed their Motion for Leave on Friday, March 4, 2011.  (Doc. # 72.)  Righthaven had prepared its response to the Motion for Leave and was prepared to electronically submit it to the Court, but in the interim the Motion for Leave was granted.  Based on the Court's action, which granted the Motion for Leave after only two full judicial days from its filing, Righthaven was not provided with a sufficient opportunity to present its response for consideration.  Accordingly, Righthaven submits its response to the Motion for Leave in the form of this motion for reconsideration.  Alternatively, Righthaven asks the Court to enter a briefing schedule so that it can substantively respond to the issues raised in Defendants' supplemental brief.  Righthaven proposes that its response date be set no less than twenty-one (21) days from the date the Court takes action on this request for reconsideration.

   B. *Defendants' Motion For Leave Should be Denied on Reconsideration.*

Defendants' Motion for Leave is just the latest evidence of their litigation overkill and unfettered refusal to allow Righthaven to take the rather reasonable response of voluntarily dismissing its Complaint with prejudice given an adverse fair use decision by another judge in

this judicial district in a case involving the unauthorized replication of less than the entirety of a copyrighted work.[1] In this regard, Defendants refuse to take "yes" for an answer.

In the face of Righthaven's perfectly understandable and reasonable approach of seeking to voluntarily dismiss its Complaint with prejudice, which would result in Defendants obtaining a final judgment on the merits on the infringement allegations at-issue in this case, Defendants have elected to needlessly increase the burden on this Court and its staff and to increase the litigation costs incurred by the parties by escalating the litigiousness of the action. Righthaven contends that this is precisely Defendants' desired effect in this case – to drive up their attorneys' fees and costs in an attempt to burden Righthaven with an astronomical fee award. Defendants' litigation conduct clearly supports this conclusion. For instance, Democratic Underground filed a completely unnecessary counterclaim (Doc. # 13), which seeks the same result it would obtain through Righthaven's dismissal with prejudice of its Complaint – a final adjudication on the merits foreclosing the threat of re-litigation on the copyright infringement claim. Democratic Underground's entirely redundant counterclaim also needlessly brought Stephens Media, LLC ("Stephens Media") into this case as a third-party defendant, which has provided Democratic Underground with another party to target in its efforts to drive up attorneys' fees.

Defendants' refusal to accept a final adjudication on the merits in their favor is evident in their motion practice before this Court, which now includes their Motion for Leave. As a further example, when presented with Righthaven's motion to voluntarily dismiss its Complaint with prejudice (Doc. # 36), Defendants strenuously opposed it (Doc. # 44). Defendants, however, did not stop with their response in opposition. Rather, Defendants responded by filing a counter-motion for summary judgment (Doc. #45), which, if granted, would also result in them obtaining the exact relief sought in Democratic Underground's counterclaim – a finding of non-infringement. Now, despite these pending motions, either of which if granted would result in a final judgment on the merits in their favor, Defendants have moved the Court for leave to file a

---

[1] The decision referred to was reached by Judge Hicks in *Righthaven LLC v. Realty One Group, Inc.,* (D. Nev.) 2:10-cv-1036-LRH-PAL. (Doc. # 17, 24.) On February 11, 2011, Righthaven appealed Judge Hicks' relevant orders and the resulting judgment to the United States Court of Appeals for the Ninth Circuit. (Doc. # 26.)

supplemental memorandum that they contend further demonstrates the viability of their counterclaim. (Doc. # 72 at 1.)

Unfortunately, Defendants' litigation tactics are just the latest example of their tireless efforts to drive up the attorneys' fees incurred in this case, which has not been limited to unnecessary motion practice. Defendants' discovery efforts are another area in which they have attempted to drive up litigation costs. For instance, Defendants held a meet and confer conference consisting of two lawyers from Fenwick & West LLP, one lawyer from the Electronic Frontier Foundation and local counsel – a total of four lawyers – for the purpose of discussing Righthaven supplementing its initial disclosures to name company personnel. While this may seem somewhat reasonable, albeit litigation overkill, the aura of reasonableness quickly disappears when it is revealed that Defendants' own initial disclosures listed every Righthaven employee then employed by the company. Defendants' scorched earth litigation tactics are further evidenced by the voluminous written discovery requests propounded on both Righthaven and Stephens Media in this action. These requests have included such blatantly objectionable topics as requesting production of all statements from Righthaven's bank or other financial institution. Righthaven's, and for that matter Stephen Media's, attempt to rightfully preserve and protect its rights from such intrusive and impermissible discovery efforts has only resulted in the parties unnecessarily incurring more attorneys' fees, which appears to be Defendants' goal.

Righthaven asks the Court to place a proverbial tourniquet on the bleeding of attorneys' fees in this case by denying Defendants' request for leave to file a supplemental memorandum upon reconsideration. In this vein, Righthaven asserts that Defendants' proposed filing is merely another futile attempt to convince this Court that their redundant and unnecessary counterclaim somehow warrants adjudication even if summary judgment is entered in their favor or if Righthaven is permitted to voluntarily dismiss its Complaint with prejudice. While Defendants further contend their supplemental memorandum is germane to their motion for summary judgment and to Righthaven's motion for voluntary dismissal with prejudice, their arguments in these regards are less than credible. Accordingly, after reconsideration, the Motion for Leave should be denied.

## II. ARGUMENT

Righthaven remains ready, willing and able to substantively address each of Defendants' arguments raised in the proposed supplemental brief should the Court deny reconsideration, which includes an extensive examination of the validity and propriety of Righthaven's contractual relationship with Stephens Media. That said, an overview of the stated purpose underlying the alleged necessity for filing the proposed supplemental brief demonstrates that granting leave to file it is unwarranted.

### A. *The "Newly Produced Evidence" Does Not Justify The Counterclaim Surviving Dismissal.*

Simply stated, Defendants' defense of Righthaven's infringement allegations, which include their affirmative defenses and their pending cross-motion for summary judgment, is designed to result in a final judgment of non-infringement. Democratic Underground's counterclaim seeks the sole relief of a non-infringement finding. (Doc. # 13 at 24-25.)

While Democratic Underground has argued, and now has renewed the argument based on the "newly discovered evidence", that Stephens Media is a real party-in-interest, Stephens Media has agreed to be bound by the Court permitting Righthaven to voluntarily dismiss its Complaint with prejudice. In fact, issue preclusion (*res* judicata) principles necessarily support such a conclusion whether Stephens Media made this concession or not. *See Dean v. Riser,* 240 F.3d 505, 510 n.1 (5th Cir. 2001). Similarly, there is simply no need for Democratic Underground's counterclaim to survive should the Court grant its pending cross-motion for summary judgment because a final adjudication of non-infringement would result. As such, leave to amend to permit Defendants to argue further on the viability of their counterclaim is completely unwarranted given its required dismissal if Righthaven's motion to voluntarily withdraw its Complaint is granted or if Defendants' cross-motion for summary judgment is granted. Accordingly, the Court should reconsider its decision to grant the Motion for Leave.

**B.** *The "Newly Discovered Evidence" Does Not Substantiate The Objective Unreasonableness of Righthaven's Claims.*

While Defendants argue that the "newly discovered evidence" substantiates the objective unreasonableness of Righthaven's claims, this conclusion is completely unjustified. In fact, it is merely an attempt by Defendants to allude to some tangential relevance to the pending motion for voluntary dismissal. This fact is clearly evident through the seven lines of argument dedicated to this issue.

Simply put, Defendants are grasping at straws by trying to draw the Court's attention to an issue that has previously been litigated two times in this district. Decisions rendered in both *Righthaven LLC v. Dr. Shezad Malik Law Firm, P.C.,* 2010 WL 3522372 (D. Nev. Sept. 2, 2010)(Hunt, C.J.) and *Righthaven LLC v. Majorwager.com, Inc.,* 2010 WL 4386499 (D. Nev. Oct. 28, 2010)(Navarro, J.) rejected challenges to Righthaven's standing to bring copyright infringement actions based on its assignment of rights by Stephens Media in view of the decision in *Silvers v. Sony Pictures Entm't Inc.*, 402 F.3d 881 (9th Cir. 2005). Defendants contend the "newly discovered evidence" will alter these results. Righthaven is confident it will not. If leave is granted to file the supplemental memorandum, Righthaven intends to fully expose the readily apparent flaws presented in Defendants' arguments that would completely eviscerate countless years of licensing and related transactions throughout the country.

The lack of merit underlying Defendants' arguments aside, there is simply no basis to conclude the "newly discovered evidence" demonstrates the objective unreasonableness of Righthaven's claims. Righthaven submits that the manner in which the "newly discovered evidence" was drafted accounted for *Silvers* and any other relevant legal authorities. In short, the "newly discovered evidence" does not support a finding that Righthaven's claims were objectively unreasonable. Accordingly, the Court should deny the Motion for Leave after reconsideration.

### C. *The "Newly Discovered Evidence" Does Not Substantiate That Righthaven Faces No Possible Market Harm Through Defendants' Use.*

Defendants' final attempt at demonstrating the relevance of the "newly discovered evidence" is by arguing that such evidence demonstrates that Righthaven faces no possible market harm under the fourth fair use factor. Once again, Defendants are wrong.

To begin with, Righthaven has demonstrated in its response to Defendants' cross-motion that a presumption of market harm should be applied given the commercial nature of the infringement at-issue. If such a presumption were applied, Defendants' reliance on the "newly discovered evidence" would be of marginal benefit. Moreover, Defendants summarily assert without legal support that the fourth fair use analysis factor is directed to Righthaven's market harm. Righthaven believes, given the nature of the assignment at-issue as it applied to past claims for infringement, that the proper analysis would be directed toward the market harm suffered by the holder of the Work at the time the infringement occurred. If this is the correct inquiry, then the "newly discovered evidence" does not support Defendants' lack of market harm theory. Defendants' contention that the "newly discovered evidence" is highly probative of the mark harm inquiry under the fourth fair use analysis factor is misplaced and it should not serve as basis for granting leave to file the supplemental brief. Accordingly, the Court should deny the Motion for Leave upon reconsideration.

### III. CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny Defendants' Motion for Leave upon reconsideration.

Should the Court grant Defendants' Motion for Leave, Righthaven requests the Court grant it ample opportunity to effectively address the issues raised in the proposed supplemental brief. Righthaven estimates that it will take no less than twenty-one (21) calendar days following disposition of this request for reconsideration to prepare it substantive response to the proposed supplemental brief given the numerous arguments it anticipates raising in response. Accordingly, Righthaven requests the Court enter a briefing schedule sufficient to permit

Righthaven such time to respond to the proposed supplemental brief if the March 9, 2011 Order granting the Motion for Leave is left to stand.

Dated this 9th day of March, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 9th day of March, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

        SHAWN A. MANGANO, LTD.

        By: /s/ Shawn A. Mangano
        SHAWN A. MANGANO, ESQ.
        Nevada Bar No. 6730
        shawn@manganolaw.com
        9960 West Cheyenne Avenue, Suite 170
        Las Vegas, Nevada 89129-7701
        Tel: (702) 304-0432
        Fax: (702) 922-3851

        *Attorney for Righthaven LLC*