LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:     (415) 436-9333
Facsimile:     (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:     (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No. 10-01356-RLH (GWF)<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | |

This Court should deny Righthaven LLC's ("Righthaven") motion for reconsideration (Dkt. 78) of this Court's March 8th Order (Dkt. 74) granting Democratic Underground, LLC's and David Allen's (collectively "Defendants") Motion for Leave to File Supplemental Memorandum (Dkt. 72), which Stephens Media LLC ("Stephens Media") joins (Dkt. 80), because the Court has not erred and the initial decision was just. Defendants do not object to Righthaven and Stephens Media filing a responsive brief if the Court wants one, but if that brief does, as they state, attempt to explain away the new evidence, Defendants request an opportunity to respond to such an explanation.

## I.   LEGAL STANDARD

"A motion for reconsideration must set forth the following: (1) some valid reason why the court should revisit its prior order, and (2) facts or law of a 'strongly convincing nature' in support of reversing the prior decision." *Martinez v. Shinseki*, 2011 WL 9302, at *1 (D. Nev. Jan. 3, 2011) (citing *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003)). For example, "[r]econsideration may be appropriate if the district court: (1) is presented with newly discovered evidence, (2) has committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Id.* (citing *Nunes v. Ashcroft*, 375 F.3d 805, 807-08 (9th Cir. 2004)).

## II.   ARGUMENT

Righthaven fails to meet the legal standard to prevail on a motion for reconsideration. Instead, Righthaven concedes that the Supplemental Memorandum raises issues that require an "extensive examination of the validity and propriety of Righthaven's contractual relationship with Stephens Media" (Dkt. 78 at 5), but argues that the Court should nevertheless not allow Defendants to present the evidence to the Court, either now or while litigating Democratic Underground's counterclaim.

After a multi-page journey into irrelevant and baseless attacks on Defendants' litigation

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION       1       CASE NO. 2:10-CV-01356-RLH (GWF)

1  conduct,[1] Righthaven's first substantive argument claims that the Court should not even consider
2  the new evidence, because either (1) Righthaven might win its motion for dismissal and
3  exculpation from liability for attorneys' fees; or (2) Defendants may win the pending motion for
4  summary judgment on Righthaven's infringement claim.  However, as explained in the Motion
5  for Leave the recently produced evidence speaks to live issues *on those motions* (as well as the
6  motions to dismiss the counterclaim)—including the objective unreasonableness of Righthaven's
7  claims and the lack of market harm.  This Court can and should consider this evidence while
8  weighing those motions.

9       Righthaven also contends that this Court should not consider evidence showing that
10 Righthaven has not suffered any market harm, because Righthaven claims to be entitled to a
11 presumption of market harm.  Contrary to Righthaven's assertion, the Supreme Court in
12 *Campbell v. Acuff-Rose Music, Inc*., 510 U.S. 569, 591 (1994), made clear that no such
13 presumption pertains absent "verbatim copying of the original in its entirety for commercial
14 purposes."  *See* Dkt. 62 at 12.  Moreover, even pre-*Campbell*, a presumption would not exclude
15 any evidence that might *refute* the presumption.  *See Fisher v. Dees*, 794 F.2d 432 (9th Cir. 1986)
16 ("[T]he initial presumption need not be fatal to the defendant's cause.  The defendant can rebut
17 the presumption by convincing the court that the parody does not unfairly diminish the economic
18 value of the original."); *see also, e.g., Sega Enters. Ltd. v. Accolade, Inc*., 977 F.2d 1510 (9th Cir.
19 1992); *Hustler Magazine, Inc. v. Moral Majority, Inc*., 796 F.2d 1148 (9th Cir. 1986).  Since the
20 evidence shows that Righthaven faces no possible market harm any presumption of market harm
21 would disappear.  Simply put, no litigant is entitled to keep a presumption that is demonstrated to

---

[1] Defendants note that they pursued discovery under a discovery schedule that required them to do so, up until the time that Righthaven requested that the parties jointly propose a stay of depositions—which Defendants agreed to do. The stipulated order provided a stay of deposition discovery, but that the parties may "seek compliance with or rulings on responses and/or objections lodged with regard to previously propounded written discovery requests." Dkt. 71 at ¶ 14.  It is disappointing that once again Righthaven complains of discovery for which it did not ever request a stay, and indeed stipulated would continue.

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION     2     CASE NO. 2:10-CV-01356-RLH (GWF)

be false.[2]

Alternatively, Righthaven asserts that it should be granted leave to file its own brief, stating that it will be able to explain (1) why the material it previously withheld from the Court does not eviscerate Righthaven's infringement claim; and (2) how "the manner in which the 'newly discovered evidence' was drafted accounted for *Silvers* [*v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 889 (9th Cir. 2005) (*en banc*)] and any other relevant legal authorities."[3] While Defendants do not see how Righthaven will do so, if leave to file additional briefing is granted, Defendants respectfully request leave to file a reply brief. Having withheld the evidence until now, Righthaven and Stephens Media should not be allowed to submit new arguments about it without any ability for Defendants to respond. Defendants should need no more than seven days to respond to the arguments Righthaven and Stephens Media raise.

## III. CONCLUSION

For the reasons stated above, Defendants respectfully urge the Court to deny the motion for reconsideration. If this Court grants Righthaven's and/or Stephens Media's requests for additional briefing, Defendants respectfully request leave to file a reply brief within seven days after such briefs are filed.

---

[2] Righthaven also makes the meritless argument that this Court should not consider evidence that disposes of Righthaven's claim to market harm because, in Righthaven's view, the evidence does not also speak to harm to Stephens Media. This is irrelevant to its motion for reconsideration. Righthaven has not previously argued that it has standing to assert any market harm suffered by Stephens Media, choosing to rely solely on its purported presumption. *See, e.g.,* Opposition to Cross-Motion for Summary Judgment (Dkt. 58), at 18-19. Because the evidence speaks to issues currently before the Court, leave to file was properly granted, regardless of what additional issues the evidence may or may not speak to.

[3] Righthaven also cites to *Righthaven v. Dr. Shezad Malik Law Firm, P.C.*, 2010 WL 3522372 (D. Nev. Sept. 2, 2010), and *Righthaven v. Majorwager.com, Inc.*, 2010 WL 4386499 (D. Nev. Oct. 28, 2010), to support its claim that its assignment was valid. As Defendants have explained, those decisions came before the new evidence was available to the Court. Indeed, *Majorwager* specifically anticipated the possibility of additional evidence and correctly held that the assignment alone was not dispositive: "*Regardless of the assignment's assertions*, if only a right to sue was transferred; Plaintiff may lack standing." *Majorwager.com, Inc.*, 2010 WL 4386499, at *2 n.2 (emphasis added).

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION — 3 — CASE NO. 2:10-CV-01356-RLH (GWF)

1
2  Dated:  March 14, 2011                    FENWICK & WEST LLP
3
                                             By:      /s/ *Laurence F. Pulgram*
4                                                  LAURENCE F. PULGRAM, ESQ

5                                            Attorneys for Defendant and Counterclaimant
                                             DEMOCRATIC UNDERGROUND, LLC, and
6                                            Defendant DAVID ALLEN

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEFENDANTS' OPPOSITION TO MOTION FOR RECONSIDERATION     4     CASE NO. 2:10-CV-01356-RLH (GWF)