1  LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
   lpulgram@fenwick.com
2  CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
   cwebb@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone:     (415) 875-2300
5  Facsimile:     (415) 281-1350

6  KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
   kurt@eff.org
7  CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
   corynne@eff.org
8  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
9  San Francisco, California 94110
   Telephone:     (415) 436-9333
10 Facsimile:     (415) 436-9993

11 CHAD BOWERS (NV State Bar No. 7283)
   bowers@lawyer.com
12 CHAD A. BOWERS, LTD
   3202 West Charleston Boulevard
13 Las Vegas, Nevada 89102
   Telephone:     (702) 457-1001

14 Attorneys for Defendant and Counterclaimant
   DEMOCRATIC UNDERGROUND, LLC, and
15 Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No. 10-01356-RLH (GWF)<br><br>**DEFENDANTS' REQUEST TO UNSEAL EXHIBIT A TO PULGRAM DECLARATION AND RELATED FILINGS [DKT NOS. 74, 79]** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | |

**REQUEST TO UNSEAL**

On March 8, 2011, this Court ordered that Defendants' Supplemental Memorandum Addressing Recently Produced Evidence Relevant to Pending Motions (Dkt. 74) and accompanying documents be temporarily placed under seal, but also provided that:

> within fourteen (14) days of the date of this Order, (i) the parties shall file a stipulation as to which portions of said Exhibit A and the Supplemental Memorandum shall remain under seal or, (ii) if no stipulation is reached by the parties, Counterdefendants Stephens Media, LLC and Righthaven, LLC shall file with the Court their justification for retaining Exhibit A under seal, with any Reply thereto by Defendants to be filed within seven days thereafter.

Order Granting Defendants' Conditional Motion to File Documents Under Seal (Dkt. 75) ("March 8 Order") at 2.

As this Court knows, the documents were placed under seal only because they were designated "Confidential Attorneys' Eyes Only" by Stephens Media LLC ("Stephens Media") under the Stipulated Protective Order.  On March 9, 2011, Defendants asked Counterdefendants Stephens Media and Righthaven LLC ("Righthaven") to withdraw the designation or modify it to limited portions of the document or advise that they refused to do so.  *See* Declaration of Clifford Webb in Support of Defendants' Request to Unseal ("Webb Decl.") ¶ 3.  Defendants also notified Counterdefendants' counsel that they were willing to attempt to stipulate to redaction of any appropriately limited portion.  *Id*.  Later that day, counsel for Stephens Media and Righthaven refused to lift the designation on Exhibit A.  *Id*. ¶ 4.  Since then, neither Righthaven nor Stephens Media have proposed redactions or sought a stipulated resolution.  *Id*.  Accordingly, Defendants hereby notify the Court that no stipulation was reached by the parties.

Therefore, pursuant to this Court's March 8, 2011 Order, Righthaven and Stephens Media were required to "file with the Court their justification for retaining Exhibit A under seal" within fourteen days of the March 8 Order.  Dkt. 75.  As of March 29, 2011, 21 days from the date of this Court's order, the due date for Defendants' reply, neither Stephens Media nor Righthaven have filed with the Court any justification for retaining any documents under seal.

Accordingly, by failing to oppose the unsealing, Stephens Media and Righthaven have failed to provide the specific, articulable facts necessary to meet their burden of showing

1  compelling reasons for overriding the general right to inspect and copy judicial records and
2  documents.[1]  *See also* Local Rule 7-2(d) ("The failure of an opposing party to file points and
3  authorities in response to any motion shall constitute a consent to the granting of the motion.").

## CONCLUSION

For the reasons stated above, Defendants respectfully request that this Court unseal (i) Defendants' Motion for Leave to File Supplemental Memorandum Addressing Recently Produced Evidence Relevant to Pending Motions (Dkt. 74); (ii) Defendants' Supplemental Memorandum Addressing Recently Produced Evidence Relevant To Pending Motions (Dkts. 74 & 79); (iii) Declaration of Laurence Pulgram (Dkts. 74 & 79); and (iv) Exhibit A to Declaration of Laurence Pulgram (Dkts. 74 & 79).

Dated:  March 29, 2010                           FENWICK & WEST LLP


By:      /s/ *Laurence F. Pulgram*
         LAURENCE F. PULGRAM, ESQ

Attorneys for Defendants and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

---

[1] There is a strong presumption of public access to court records, and "compelling reasons" are required to override that presumption, particularly in the case of dispositive motions and their related attachments. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Of course, the presumptive right to access is not absolute, but it can only be overridden given "sufficiently compelling reasons" for doing so. *Foltz*, 331 F.3d at 1135. These compelling reasons must be supported by "specific factual findings." *Id.* (citing *San Jose Mercury News, Inc. v. United States District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999)); *see also Kamakana*, 447 F.3d at 1182 (the court's findings must be based on the specific, articulable facts provided to it). There is no room here for "hypothesis or conjecture." *Kamakana*, 447 F.3d at 1179 (quoting *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)). Conclusory or categorical statements that might satisfy the lesser "good cause" standard will therefore not suffice. *Id.* at 1184. Moreover, as the Ninth Circuit has explained, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation" is insufficient to support sealing. *Kamakana*, 447 F.3d at 1178 (*quoting Foltz*, 331 F.3d at 1136).