SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Plaintiff/Counterdefendant Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT'S REQUEST TO UNSEAL EXHIBIT A TO PULGRAM DECLARATION AND RELATED FILINGS AND APPLICATION FOR ORDER TO SHOW CAUSE WHY DEFENDANTS SHOULD NOT BE HELD IN CONTEMPT FOR VIOLATION OF THE STIPULATED PROTECTIVE ORDER ENTERED BY THE COURT** |

Righthaven LLC ("Righthaven") hereby responds to Defendant Democratic Underground, LLC's ("Democratic Underground") and David Allen's ("Allen" and collectively referred to herein as "Defendants") Request to Unseal Exhibit A to Pulgram Declaration and Related Filings (the "Request to Unseal," Doc. # 85). Defendants' request to unseal should be denied because they have subverted the terms of the Stipulated Protective Order (the "Protective Order") entered by this Court on February 14, 2011 (Doc. # 65) through their submission of a proposed order that contradicted the agreed upon procedures for addressing confidential document designation disputes. The Court, likely unaware of the specific dispute mechanisms concerning confidential document designations contained in the Protective Order, entered Defendants' proposed order (Doc. # 75). Defendants now ask the Court to unseal highly confidential materials designated by Stephens Media LLC ("Stephens Media") based upon an Order that was obtained without any substantive disclosure that the submitted contents were directly contrary to the terms of the Protective Order. Defendants' conduct and their failure to abide by the required terms under the Protective Order additionally serve as the basis for a request that the Court issue an Order to Show Cause why they should not be held in contempt.

The circumstances under which Defendants secured the Order upon which they now request to unseal confidential materials is shocking and likely in violation of their duty of candor owed to this Court. Defendants submitted a Conditional Request to Submit Documents Under Seal (the "Conditional Request," Doc. # 73) along with a proposed order (Doc. # 75) that serves as the basis for their request to unseal (Doc. # 85). Defendants' Conditional Request advised the Court of the following with regard to the Protective Order:

1. That Stephens Media had produced materials that were designated as "Confidential Attorneys' Eyes Only" as permitted under the Protective Order (Doc. # 75 at 1:9-12.); and

2. Documents designated as such must be submitted to the Court under seal under the terms of the Protective Order (*Id.* at 1:12-14.)

Defendants' Conditional Request then cites case law and makes argument concerning the presumption favoring public access to materials. (*Id.* at 1:20-27.) Defendants next argue that

neither Stephens Media nor Righthaven could make the showing required to prohibit public access to the submitted confidential materials, which were designated pursuant to terms of an agreement between the parties that was entered by this Court. (Doc. # 73 at 2:1-5.) Defendants then argue that Stephens Media and/or Righthaven "attempt to justify the sealing of the entirety of Exhibit A in response to this Motion." (*Id.* at 2:8-9.)

Nowhere in the Conditional Request did Defendants disclose that the Protective Order contained specific confidentiality designation dispute resolutions procedures.  These procedures are contained in paragraph 19, which reads as follows:

> If the Parties disagree as to whether designated material should be protected as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY", they are obligated to negotiate in good faith regarding the designated material.  Within five calendar days after receiving an objection to the [the] designation of material, the Designating Party shall either withdraw or modify the designation or advise that it will not be consensually withdrawn or modified.  If the Parties are unable to resolve their differences at that time, the Party challenging the designation ("Challenging Party") may make a motion to the court seeking the determination of the status of the material.  The Designating Party, when its designation is challenged, bears the ultimate burden of proving that the designated material is entitled to protection.  In the event of a motion, the documents or information whose designation is objected to shall continue to be treated as so designated until the motion is decided.

(Doc. # 65 at 9-10.)  In fact, despite their reference to the Protective Order applying to the materials designated by Stephens Media, Defendants failed to comply with the filing requirements expressly delineated in paragraph 12 of the Protective Order.  (*Id.* at 7-8.) Defendants' scheme to subvert the Protective Order is additionally evidenced by the contents of the proposed order, which was entered by the Court (Doc. # 75.)  The proposed order did not reference the Protective Order or its dispute resolution procedures whatsoever.  (*Id.*)  The proposed order did not set forth their compliance efforts with the dispute resolution procedures required under the Protective Order at all.  Moreover, Defendants' submissions made to the Court, which they now seek to unseal, failed to contain any of the designations set forth in paragraph 12 of the Protective Order.

Defendants' failed to inform the Court of the dispute resolution procedures contained in the Protective Order, which they did not follow, when filing their Conditional Request. They did not comply with the confidential document submission provisions set forth in paragraph 12 of the Protective Order. Defendants also made no meaningful attempt to meet and confer or otherwise discuss modifying the confidentiality designation assigned to the materials before submitting them to the Court. Rather, they redacted portions deemed confidential and asked the Court to seal the filing unless Stephens Media and/or Righthaven justified why they should not be made public through language contained in their proposed order that was subsequently entered. (Doc. # 75.) Defendants and their counsel, who are appearing with permission on a *pro hac vice* basis, should not be permitted to engage in such disingenuous gamesmanship in contravention of the Protective Order entered by this Court. Defendants' Request to Unseal should be denied. The Court should additionally issue an Order to Show Cause why the Defendants should not be held in contempt for violating the Protective Order.

Dated this 30th day of March, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 30th day of March, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*