1  LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
   lpulgram@fenwick.com
2  CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
   cwebb@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone:   (415) 875-2300
5  Facsimile:   (415) 281-1350

6  KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
   kurt@eff.org
7  CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
   corynne@eff.org
8  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
9  San Francisco, California 94110
   Telephone:   (415) 436-9333
10 Facsimile:   (415) 436-9993

11 CHAD BOWERS (NV State Bar No. 7283)
   bowers@lawyer.com
12 CHAD A. BOWERS, LTD
   3202 West Charleston Boulevard
13 Las Vegas, Nevada 89102
   Telephone:   (702) 457-1001
14
   Attorneys for Defendant and Counterclaimant
15 DEMOCRATIC UNDERGROUND, LLC, and
   Defendant DAVID ALLEN

16              **UNITED STATES DISTRICT COURT**
                 **FOR THE DISTRICT OF NEVADA**
17

| | |
|---|---|
| 18  RIGHTHAVEN LLC, a Nevada limited liability company, | Case No. 2:10-01356-RLH (GWF) |
| 19               Plaintiff,<br>       v. | |
| 20  DEMOCRATIC UNDERGROUND, LLC, a District of<br>Columbia limited-liability company; and DAVID ALLEN,<br>an individual, | **DEFENDANTS' CONSOLIDATED OPPOSITION TO COUNTERDEFENDANTS' MOTION TO STRIKE AND RESPONSE TO DEFENDANTS' REQUEST TO UNSEAL**<br>**[DKT. NOS. 87, 88, 89]** |
| 22               Defendants. | |
| 23  DEMOCRATIC UNDERGROUND, LLC, a District of<br>Columbia limited-liability company, | |
| 24               Counterclaimant, | |
| 25          v. | |
| 26  RIGHTHAVEN LLC, a Nevada limited liability company,<br>and STEPHENS MEDIA LLC, a Nevada limited-liability<br>company, | |
| 28               Counterdefendants. | |

**CONSOLIDATED OPPOSITION TO COUNTERDEFENDANTS'
MOTION TO STRIKE AND RESPONSE TO REQUEST TO UNSEAL**

Contrary to Counterdefendants' overblown rhetoric, there is absolutely nothing "underhanded" in Defendants' Request to Unseal Exhibit A to the Pulgram Declaration and its related filings, and it in no way violates the Stipulated Protective Order in this case. Instead, Defendants made repeated requests to Righthaven LLC ("Righthaven") and Stephens Media LLC ("Stephens Media") to dedesignate Exhibit A under the Stipulated Protective Order or otherwise explain what portions of it were legitimately confidential—requests that were first ignored and later rejected without explanation. Counterdefendants then waited over three weeks to even suggest that any improper procedure had been followed (none had); failed to address any such procedural concern to Defendants; and instead dropped this on the Court's doorstep. Meanwhile, absent from any of Counterdefendants' filings is any justification whatsoever for the continued sealing of these documents or their designation as "Confidential Attorneys' Eyes Only" in this case. *See* Dkts. 87, 88, & 89. As fully explained below, Defendants' actions have been consistent with the Stipulated Protective Order and, accordingly, Stephens Media's Motion to Strike (Dkt. 87 & 89) and Righthaven's Response, and accompanying request for an order to show cause (Dkt. 88), are baseless and should be rejected.

The Stipulated Protective Order specifically authorizes Defendants to request that any of the documents in question be placed in the public record, regardless of any formal dedesignation procedures that party may also seek to pursue. *See* Dkt. 65 ¶ 17. Specifically, the Stipulated Protective Order provides that it "shall not preclude any Party from (i) applying to the Court for an order permitting the disclosure or use of information or discovery material otherwise prohibited by this Stipulated Protective Order." Dkt. 65 ¶ 17. While simultaneously seeking to resolve the issue consensually by the procedures under paragraph 19, Defendants also exercised their right under paragraph 17 to seek leave from the Court to have Exhibit A and its related filings placed in the public record. *See* Dkt. 73 (Defendants' Conditional Request to File Documents Under Seal). Pursuant to that motion, which was served on Counterdefendants via ECF along with a proposed order, this Court entered its March 8 Order, providing

1  Counterdefendants with a duty to respond *only* if no stipulation was reached with Defendants.  If
2  there were to be no stipulation, the Court granted Counterdefendants the full 14 days of time
3  available to respond to any motion in which to supply a justification for sealing, with a reply
4  seven days later.  Dkt. 75 (Order Granting Conditional Motion to File Documents Under Seal).
5  Counterdefendants have ignored the Court's order to provide justification, filing nothing within
6  the 14 days required, and providing no justification in the three recently filed briefs on the topic.
7  Their misreading of the Stipulated Protective Order does not relieve them of the duty the Court
8  imposed.

9     Defendants pursued the parallel path of both a Motion and an effort to obtain consensual
10 dedesignation from Righthaven and Stephens Media because, based on their long history of
11 refusal to even engage with Defendants on disputed discovery, consensual resolution seemed
12 unlikely.  Defendants' decision has only been vindicated by Counterdefendants' refusal to
13 negotiate, or attempt to justify, any designation of Exhibit A.  *See* Dkt. 86 ("Webb Declaration")
14 ¶¶ 2-4.

15    Defendants first broached these issues nearly a month ago, on March 3, 2011, when
16 Defendants requested that Righthaven and Stephens Media agree to dedesignate Exhibit A to the
17 Pulgram Declaration under the terms of the Stipulated Protective Order, prior to submitting these
18 documents conditionally under seal to the Court.  *See* Webb Decl. ¶ 2.  On March 4th, having
19 received no response from Righthaven or Stephens Media, Defendants submitted Exhibit A and
20 its related filings to the Court under seal in compliance with the Stipulated Protective Order,
21 further noting their belief that the documents were inappropriately designated.  Dkt. 73.  Later, on
22 March 9th, still having received no response from either Righthaven or Stephens Media within
23 the five days provided by the consensual procedure, Defendants again requested dedesignation of
24 Exhibit A or that Counterdefendants provide any proposed redactions.  Webb Decl. ¶ 3.  Both
25 Righthaven and Stephens Media refused this request with no explanation.  Webb Decl. ¶¶ 3-4.
26 Given this, Defendants were completely justified in seeking relief from the Court in the instant
27 Request to Unseal.  The procedural objection represents a transparent effort to delay unsealing,
28 and nothing more.  Accordingly, this Court is entitled to unseal Exhibit A at this time.

Moreover, regardless of the fact that Defendants' Request to Unseal was entirely appropriate under the Stipulated Protective Order, the Court clerk on March 30, 2011, reclassified Defendants' reply as a Motion.  If Defendants' request is a motion to unseal, then Counterdefendants already have in place the procedure they apparently prefer, and 14 days to oppose it.  One way or the other, Counterdefendants must stop avoiding the merits, and explain why Exhibit A is properly sealed.  While Defendants believe that it is strongly in the public interest that Exhibit A be unsealed as soon as possible, if necessary, Defendants will respond to any arguments Counterdefendants may raise.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Counterdefendant Stephens Media's Motion to Strike be DENIED, Righthaven's request for an Order to Show Cause be DENIED, and that Defendants' Request to Unseal be GRANTED.  In the alternative, if this Court would like to give the Counterdefendants one last chance at justification, Defendants respectfully request that this Court order the Counterdefendants to oppose the Request to Unseal no later than April 12, 2011.  Defendants will reply to any such opposition one week later.

Dated:  March 31, 2011                                            FENWICK & WEST LLP

By:  _____/s/ *Laurence F. Pulgram*_____
      LAURENCE F. PULGRAM, ESQ

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

CONSOLIDATED OPP TO MTN TO STRIKE AND RESPONSE TO DEFENDANTS' REQUEST TO UNSEAL        3        CASE NO. 2:10-CV-01356-RLH (GWF)