CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**COUNTER-DEFENDANT STEPHENS MEDIA LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' REQUEST TO UNSEAL EXHIBIT A TO PULGRAM DECLARATION AND RELATED FILINGS (#85) AND CLIFFORD C. WEBB'S SUPPORTING DECLARATION (#86) OR, IN THE ALTERNATIVE, RESPONSE THERETO** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | |

1

Counter-Defendant Stephens Media LLC ("Stephens Media") hereby submits the instant Reply in Support of Motion to Strike Defendants Request to Unseal Exhibit A to Pulgram Declaration and Related Filings (#85) and Supporting Declaration of Clifford C. Webb (#86) or, in the alternative, Response Thereto. This Reply is based upon the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter of which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Defendants' Response (#90) to the Motion is Strike (#87) amounts to nothing more than a fumbling attempt to justify Defendants' failure to comply with the straightforward terms of the parties' Stipulated Protective Order ("SPO") (#65). Defendants begin by presenting a confusing factual background concerning the confidentiality of Exhibit A and then purposefully muddle the unequivocal provisions of the SPO governing the procedures for contesting a party's confidentiality designations. *See* Opp. at 1-2. Defendants thereafter proffer unsupported assertions concerning supposed delay tactics and an overall refusal to cooperate in discovery on the part of Stephens Media. *Id.* Nothing could be further from the truth. Defendants' meritless positions are a transparent attempt to distract the Court from the fact that Defendants disregarded the clear terms of the SPO in a misguided effort to place Stephens Media's and Righthaven, LLC's confidential business information in the public forum.

### II. ARGUMENT

Defendants' argument that they took "parallel" paths to seek a determination of the status of Exhibit A is disingenuous at best. *See* Opp. at 2:9. It is abundantly clear that Paragraph 17 of the SPO only applies to the "disclosure" or "use" of materials that are already

2


subject to the SPO rather than the procedure for contesting the status of documents that have been initially designated as confidential. Indeed, Paragraph 19 of the SPO expressly governs disputes between the parties over whether a document should retain its confidential status. As such, Paragraph 17 is a red herring upon which Defendants misplace reliance in order to give them some semblance of an argument that they complied with the terms of the SPO. They did not.

As noted in the Motion to Strike, Defendants failed to follow the direction of Paragraph 19. In fact, Defendants' weak attempt to explain their actions affirms Stephens Media's position that the procedure set forth in Paragraph 19 was not met. Defendants objected to the designation of Exhibit A as "Confidential - Attorneys Only" on March 3, 2011. Stephens Media then had five days to modify or withdraw the designation or advise Defendants that it would stand on its original designation. *See* SPO at ¶ 19. On March 9, 2011, Stephens Media properly informed Defendants that it would not withdraw the "Confidential - Attorneys Only" designation for Exhibit A. *See* Opposition, p. 2.

At that time, the burden under the SPO shifted to Defendants whereby they had the right to file a "***motion to the Court***" challenging Stephens' Media's designation of Exhibit A. *See* SPO at ¶ 19. Obviously, slipping a paragraph into a proposed order does not constitute filing a motion to the Court seeking a determination of Exhibit A's status. In short, Defendants tried to bypass the mutually agreed upon language of the SPO by shifting the burden of proving confidentiality to Stephens Media at a premature stage and without the benefit of an opening motion that set forth Defendants' substantive contentions as to why the subject document was not entitled to a confidentiality designation. Defendants' complaints regarding "delay" by

Stephens should be disregarded as Defendants brought this dispute on themselves by unnecessarily cutting corners in the discovery process.[1]

Seeking to deflect attention from their own shortcomings, Defendants utilize much of their Response to launch baseless attacks against Stephens Media. For starters, Defendants repeatedly assert that Stephens Media did not justify its designation of Exhibit A in any of its recent pleadings. That is because Stephens Media is still waiting for Defendants to comply with the SPO. When Defendants file a proper motion setting forth their substantive positions challenging the confidentiality of the Exhibit A (*i.e.*, the Strategic Alliance Agreement ("SAA")) executed between Stephens Media and Righthaven, Stephens Media will gladly respond thereto.[2] Suffice to say for now that disclosure of the SAA, the terms of which are not public knowledge and contain confidential commercial information, would—at a minimum—impair Righthaven's ability to negotiate similar agreements with other clients and would provide invaluable insight to Righthaven's competitors regarding the way it structures client

---

[1] Defendants' complaint of delay also reeks of hypocrisy. When the language of the SPO and Paragraph 19 in particular was being negotiated, Stephens Media sought to include a 20-day time limit in which a party contesting a confidentiality designation must file a motion with the Court. Otherwise, the documents would maintain their confidential status. *See* Williams Decl. at Exh. 1. The purpose of a time limit was to ensure that disputes regarding the confidentiality of designated documents would not languish indefinitely. Defendants objected to the inclusion of any time limit for making such a motion, thus preserving their ability to keep confidentiality disputes alive throughout the duration of the litigation. This is hardly the act of a party that is interested in speedy resolution of discovery disputes.

[2] After originally—albeit erroneously—filing their Request to Unseal (#85) as a "Reply," which was presumably done in an effort to deprive Stephens Media and Righthaven of the opportunity to file a response thereto, Defendants now ask the Court to deem the Request to Unseal as the opening motion required by Paragraph 19 of the SPO. *See* Opp. at 3. Defendants then unilaterally impose a deadline of April 12, 2011 for Stephens Media to file its responsive brief to the "motion." Defendants, in other words, are asking the Court to bless its non-compliance with the SPO. This, however, is unfair as the Request to Unseal contains no substantive arguments regarding the alleged non-confidentiality of the SAA. Accordingly, it hardly qualifies as the type of motion contemplated under Paragraph 19 of the SPO. Again, when Defendants file a proper motion challenging the confidentiality of the SAA, Stephens Media will promptly respond thereto.

contracts. *See* Williams Decl. at ¶ 6. This Court has recently upheld confidentiality designations under a stipulated protective order in similar circumstances. *See Phase II Chin, LLC v. Forum Shops, LLC*, 2010 WL 2695659 **1-2 (D.Nev. July 2, 2010) (permitting lease agreement to be filed under seal where all parties had a copy of the document and public disclosure of the same would result in commercial disadvantage to landlord).

Finally, and in yet another attack against Stephens Media on a collateral matter, Defendants allege that Stephens Media has a "long history of refusal to even engage with Defendants on disputed discovery." *See* Opp. at 10-11. This contention is, in a word, false. If Defendants truly believe they have a legitimate discovery dispute with Stephens Media, they are free to file a motion to compel or seek similar relief from the Court. Should such a motion be forthcoming, Stephens Media welcomes the opportunity to detail the parties' respective behavior on the discovery front. That Defendants have failed to file such a motion to date is most telling.

### III. CONCLUSION

For the reasons set forth above, Stephens Media respectfully requests that this Court grant the instant Motion to Strike Defendants Request to Unseal Exhibit A to Pulgram Declaration and Related Filings (#85) and Supporting Declaration of Clifford C. Webb (#86).

Dated this 11th day of April, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By /s/ *J. Colby Williams*
   DONALD J. CAMPBELL, ESQ. (#1216)
   J. COLBY WILLIAMS, ESQ. (#5549)

Attorneys for Counterdefendant
Stephens Media, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was served on the 11th day of April, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *J. Colby Williams*
An employee of Campbell & Williams

# Williams Declaration

CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-GWF |
| Plaintiff, | |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **DECLARATION OF J. COLBY WILLIAMS IN SUPPORT OF MOTION TO STRIKE** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |



I, J. COLBY WILLIAMS, declare under penalty of perjury as follows:

1. I am a resident of Clark County, Nevada. I am over the age of eighteen and am competent to make this Declaration. This Declaration is based upon my personal knowledge unless otherwise so stated, and if called upon to testify, I would testify as set forth herein.

2. I am a licensed attorney in the State of Nevada, Bar Number 5549 and am a partner in the law firm CAMPBELL & WILLIAMS. I am one of the attorneys representing Counterdefendant Stephens Media, LLC in Case No. 2:10-cv-01356-RLH-GWF.

3. I make this Declaration in support of Stephens Media, LLC's Reply in Support of Motion to Strike Defendants Request to Unseal Exhibit A to Pulgram Declaration and Related Filings (#85) and Supporting Declaration of Clifford C. Webb (#86) or, in the alternative, Response Thereto.

4. Attached hereto as Exhibit 1 is a true and correct copy of an e-mail chain exchanged between me and counsel for Defendants wherein we were negotiating the language of a Stipulated Protective Order ("SPO") to govern the production of documents in this action. In particular, I sought to include a 20-day time limit in which a party contesting a confidentiality designation must file a motion with the Court. Otherwise, the documents would maintain their confidential status. The purpose of a time limit was to ensure that disputes regarding the confidentiality of designated documents would not languish indefinitely. Defendants objected to the inclusion of any time limit for making such a motion.

5. With respect to Defendants' complaint that Stephens Media has yet to justify its confidential designation of Exhibit A (*i.e.*, the Strategic Alliance Agreement ("SAA") executed between Stephens Media and Righthaven, LLC), Stephens Media will gladly do so when Defendants comply with the SPO by first filing an appropriate motion with the Court.



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

6. Meanwhile, I am aware that the terms of the SAA contain confidential commercial information. Specifically, Righthaven—which is a party to this action, a party to the SAA, and has joined in Stephens Media's confidentiality designations of the SAA—has made clear that public disclosure of the SAA would impair Righthaven's ability to negotiate similar agreements with other clients and would provide invaluable insight to competing copyright enforcement entities regarding the way Righthaven structures client contracts.

7. Declarant further says naught.

Las Vegas, Nevada
April 11, 2011



J. Colby Williams



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Page 3 of 3

# EXHIBIT 1

# EXHIBIT 1

# Colby Williams

| | |
|---|---|
| **From:** | Jennifer Johnson [jjjohnson@fenwick.com] |
| **Sent:** | Thursday, February 10, 2011 11:15 AM |
| **To:** | Colby Williams; shawn@manganolaw.com |
| **Cc:** | Laurence Pulgram; kurt@eff.org; Clifford Webb |
| **Subject:** | RE: Righthaven LLC v. Democratic Underground Protective Order |
| **Attachments:** | LIT-#1332210-v3-Proposed_Protective_Order.docx |

Shawn and Colby,

We will agree to keep Paragraphs 4 and 5(d). Additionally, we agree to a modified version of the language proposed by Stephens Media, as we just discussed in our meet and confer call, which eliminates the 20 day time period in which to file a motion:

"In the event of a motion, the documents or information whose designation is objected to shall continue to be treated as so designated until the motion is decided."

The new protective order is attached. You have our consent to file the version attached.

Thanks,
Jennifer

Fenwick
FENWICK & WEST LLP

**Jennifer J. Johnson**
Fenwick & West LLP
Associate, Litigation Group
☎ (415) 875-2391
🖷 (415) 281-1350
✉ jjjohnson@fenwick.com

---

**From:** Colby Williams [mailto:jcw@campbellandwilliams.com]
**Sent:** Thursday, February 10, 2011 9:07 AM
**To:** Jennifer Johnson
**Cc:** Laurence Pulgram; kurt@eff.org; Clifford Webb; shawn@manganolaw.com
**Subject:** RE: Righthaven LLC v. Democratic Underground Protective Order

Jennifer,

Your proposed edits to the SPO are fine although we agree that Paragraphs 4 and 5(d) should not be deleted. Additionally, (unless I missed it) it appears that the first draft did not address how designated documents are to be treated during the pendency of a challenge to said designation. We would suggest something along the following to be inserted at the end of Paragraph 20:

1

**"In the event of a timely motion, the documents or information whose designation is objected to shall continue to be treated as so designated until the motion is decided. In the event no motion is filed within twenty (20) days, the designated material in question shall remain confidential or highly confidential."**

Talk to you soon.

Regards,
Colby

---

**From:** Jennifer Johnson [mailto:jjjohnson@fenwick.com]
**Sent:** Wednesday, February 09, 2011 10:04 AM
**To:** Colby Williams
**Cc:** Laurence Pulgram; kurt@eff.org; Clifford Webb; shawn@manganolaw.com
**Subject:** RE: Righthaven LLC v. Democratic Underground Protective Order

Thank you.

---

**From:** Colby Williams [mailto:jcw@campbellandwilliams.com]
**Sent:** Wednesday, February 09, 2011 6:12 AM
**To:** Jennifer Johnson
**Cc:** Laurence Pulgram; kurt@eff.org; Clifford Webb; shawn@manganolaw.com
**Subject:** Re: Righthaven LLC v. Democratic Underground Protective Order


Once I get my oppositions in another matter filed this evening, I'll take a look and let you know prior to tomorrow's call.

Sent from my Verizon Wireless BlackBerry

----- Original Message -----
From: Jennifer Johnson <jjjohnson@fenwick.com>
To: Colby Williams
Cc: Laurence Pulgram <LPulgram@Fenwick.com>; 'Kurt Opsahl' <kurt@eff.org>; Clifford Webb <cwebb@fenwick.com>; 'shawn@manganolaw.com' <shawn@manganolaw.com>
Sent: Tue Feb 08 21:47:01 2011
Subject: RE: Righthaven LLC v. Democratic Underground Protective Order

Colby,


Do you have any additional proposed modifications?


Thanks,

Jennifer

From: shawn@manganolaw.com [mailto:shawn@manganolaw.com]
Sent: Tuesday, February 08, 2011 3:36 PM
To: Jennifer Johnson
Cc: Laurence Pulgram; 'Kurt Opsahl'; Clifford Webb; Colby Williams
Subject: RE: Righthaven LLC v. Democratic Underground Protective Order


Jennifer:


Sorry. I was referring to paragraph 4.


S


Shawn A. Mangano, Esq.

Shawn A. Mangano, Ltd.

9960 West Cheyenne Avenue, Suite 170

Las Vegas, Nevada 89129

(702) 304-0432 - telephone

(702) 922-3851 - facsimile

Licensed in California, Nevada and Illinois


-------- Original Message --------
Subject: RE: Righthaven LLC v. Democratic Underground Protective Order
From: Jennifer Johnson <jjjohnson@fenwick.com>
Date: Tue, February 08, 2011 3:26 pm
To: "'shawn@manganolaw.com'" <shawn@manganolaw.com>
Cc: Laurence Pulgram <LPulgram@Fenwick.com>, 'Kurt Opsahl' <kurt@eff.org>, Clifford Webb <cwebb@fenwick.com>, Colby Williams <jcw@campbellandwilliams.com>

Shawn,


Thank you. Please clarify which paragraph you are referring to in point one below.


Regards,

Jennifer


From: shawn@manganolaw.com [mailto:shawn@manganolaw.com]
Sent: Tuesday, February 08, 2011 3:22 PM

3

To: Jennifer Johnson
Cc: Laurence Pulgram; 'Kurt Opsahl'; Clifford Webb; Colby Williams
Subject: RE: Righthaven LLC v. Democratic Underground Protective Order


Jennifer:

I have reviewed the draft protective order. I have two modifications that I disagree with, which are as follows:

1. The deletion of paragraph is unacceptable; and

2. The deletion of 5(d) is unacceptable.


Regards,

S


Shawn A. Mangano, Esq.

Shawn A. Mangano, Ltd.

9960 West Cheyenne Avenue, Suite 170

Las Vegas, Nevada 89129

(702) 304-0432 - telephone

(702) 922-3851 - facsimile

Licensed in California, Nevada and Illinois


-------- Original Message --------
Subject: Righthaven LLC v. Democratic Underground Protective Order
From: "Jennifer Johnson" <jjjohnson@fenwick.com <mailto:jjjohnson@fenwick.com> >
Date: Tue, February 08, 2011 2:31 pm
To: "Colby Williams" <jcw@campbellandwilliams.com <mailto:jcw@campbellandwilliams.com> >,
<shawn@manganolaw.com <mailto:shawn@manganolaw.com> >
Cc: "Laurence Pulgram" <LPulgram@Fenwick.com <mailto:LPulgram@Fenwick.com> >, "'Kurt Opsahl'"
<kurt@eff.org <mailto:kurt@eff.org> >, "Clifford Webb" <cwebb@fenwick.com <mailto:cwebb@fenwick.com> >

Gentlemen,

    I have yet to receive comments to the protective order since your promise to provide comments last week. Please send us your comments by tomorrow evening so that we may review them and resolve any disagreements during our meet and confer calls on Thursday.

4

Regards,

Jennifer


<http://www.fenwick.com/>

Jennifer J. Johnson


Fenwick & West LLP <http://www.fenwick.com/>


Associate, Litigation Group


(415) 875-2391


(415) 281-1350


jjjohnson@fenwick.com


-----------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-----------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.