SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**RIGHTHAVEN LLC'S JOINDER IN STEPHENS MEDIA LLC'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' REQUEST TO UNSEAL EXHIBIT "A" TO PULGRAM DECLARATION AND RELATED FILINGS** |

1

Righthaven LLC ("Righthaven") hereby joins in Stephens Media LLC's ("Stephens Media") Reply in Support of Motion to Strike Defendants' Request to Unseal Exhibit A to Pulgram Declaration And Related Filings And Clifford C. Webb's Supporting Declaration or, in The Alternative, Response Thereto (the "Motion to Strike Reply", Doc. # 91).

Righthaven agrees with Stephens Media's assertions that Defendants Democratic Underground, LLC and David Allen (the "Defendants") have clearly attempted to subvert the provisions of the Stipulated Protective Order (the "SPO") entered by this Court in a blatant attempt to make confidential business information publicly available. (*Id.* at 2-5.) In this regard, Righthaven additionally wishes to highlight that Defendants have taken this approach in a case where the Plaintiff has moved the Court for permission to voluntarily dismiss its Complaint with prejudice. While Defendants may contend, contrary to the agreed upon terms of the SPO, that the public has an interest in seeing that litigation-related materials are made available, such a request has not been made by a disinterested member of the public who seeks to pierce the protections of the SPO entered by this Court. Rather, the request to unseal has been made by a party that is fully aware of the contents of the materials at issue in an action that is on the precipice of resolution through the Court's adjudication of the motions presently pending before it. With these circumstances in mind, Defendants' goal of making the highly confidential business information between Righthaven and Stephens Media publicly available so that the contents of same can used by others adverse to Righthaven and/or Stephens Media without the protections of an agreed upon protective order becomes readily apparent.

Righthaven's concerns in this regard are certainly meritorious. To begin with, the Court could undoubtedly take judicial notice of the fact that virtually every material development in any pending Righthaven case, whether in this judicial district or elsewhere, is reported on by the *Las Vegas Sun*, a publication which is in direct competition with Stephens Media's *Las Vegas Review-Journal*. Permitting disclosure of the confidential materials at issue would undoubtedly result in their contents being replicated in and/or reported on in the *Las Vegas Sun*. Moreover, unsealing the confidential materials at issue would also result in their contents being made available to direct competitors of Righthaven. For instance, one of the defendants in another

pending Righthaven action in this judicial district has formed a copyright enforcement company, which certainly appears to be based upon the Righthaven's business model. *See Righthaven v. Hush-Hush Entertainment, Inc., et al.,* Case No.: 2:10-cv-01404-LRH-LRL (Doc. # 20-21). While the confidential materials at issue in this case may potentially be discoverable in other actions, such as the *Hush-Hush Entertainment, Inc.* case, doing so by granting Defendants' request to unseal in an action where voluntary dismissal with prejudice of the Complaint has been sought and in view of the alleged subversion of the SPO's procedures would necessarily result in denying Righthaven (and Stephens Media) the right to maintain the confidentiality of such materials in other pending actions through designation under any stipulated protective orders applicable to such other cases. Moreover, unsealing the confidential materials at issue will undoubtedly result in their global dissemination through Internet republication. This result is clearly justified by the widespread mainstream and tangential media coverage of Righthaven's currently pending copyright enforcement actions.

      Based on the foregoing, Righthaven joins in Stephens Media's Motion to Strike Reply. Accordingly, Righthaven respectfully requests the Court grant Stephens Media's requested relief.

      Dated this 13th day of April, 2011.

                                    SHAWN A. MANGANO, LTD.

                                    By: /s/ Shawn A. Mangano
                                    SHAWN A. MANGANO, ESQ.
                                    Nevada Bar No. 6730
                                    shawn@manganolaw.com
                                    9960 West Cheyenne Avenue, Suite 170
                                    Las Vegas, Nevada 89129-7701
                                    Tel: (702) 304-0432
                                    Fax: (702) 922-3851

                                    *Attorney for Righthaven LLC*

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 13th day of April, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-0432
Fax: (702) 922-3851

*Attorney for Righthaven LLC*