1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6 * * *

| | |
|---|---|
| 7 RIGHTHAVEN LLC, | |
| 8  Plaintiff, | Case No. 2:10-cv-1356-RLH-GWF |
| 9  vs. | **O R D E R**<br>(Request to Unseal–#85) |
| 10 DEMOCRATIC UNDERGROUND, LLC, | (Motion to Strike–#87) |
| 11 a District of Columbia limited-liability company, and DAVID ALLEN, an individual, | |
| 12  Defendants. | |
| 13 | |
| 14 DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability | |
| 15 company, | |
| 16  Counterclaimant, | |
| 17  vs. | |
| 18 RIGHTHAVEN LLC, a Nevada Limited-liability compamy; and and STEPHENS | |
| 19 MEDIA LLC, a Nevada limited liability company, | |
| 20 | |
| 21  Counterdefendants. | |

22    Before the Court is Defendants Democratic Underground, LLC and David Allen's
23 **Request to Unseal Exhibit A to Pulgram Declaration and Related Filings [dkt ## 74, 79]** (#85,
24 filed March 29, 2011). Plaintiff Righthaven filed a Response and Request for Order to Show Cause
25 (#88) on March 30, 2011. Defendant filed an opposition to the next motion to be discussed which the
26 Court considers to also be a reply in support of this Request (see #90).

1

Contemporaneous to it Response and Request identified above, and in the same document, Counter-Defendant Stephens Media filed a **Motion to Strike Defendants' Request to Unseal** (#87, filed March 30, 2011). Plaintiff Righthaven filed a Joinder to the Motion (#89) on March 30, 2011. Defendants filed an Opposition to the Motion to Strike and a Response (Reply) to its Request to Unseal (#90) on March 31, 2011. Stephens Media filed a Reply (#91) on April 11, 2011, which was Joined (#92) by Righthaven.

Defendant's Request to Unseal is based on the fact that when the Court permitted the Defendants' Supplemental Memorandum to be filed under seal, it directed the parties, within 14 days, to either file a stipulation as to which portions would remain under seal or Stephens Media and Righthaven will file their justification for retaining the documents in question under seal. Defendants immediately made overtures to obtain a stipulation, but were immediately rebuffed by Righthaven and Stephens Media. Defendant waited 21 days, a week longer than the Court's Order required, and then, having received no justification for keeping the documents under seal made the Request presently before the Court.

Righthaven and Stephens Media's Response, and the basis for their Motion to Strike, is that the procedure required in this Court's Order "subverted the terms of the Stipulated Protective Order" because it provided for a different procedure for requesting that confidential documents be unsealed.

They argue that Paragraph 19 of the Stipulated Protective Order require:

1. If the parties disagree over the designation, they are to negotiate in good faith regarding the Designated Material. *The uncontested facts are that Defendants tried to negotiate in good faith, but Righthaven and Stevens Media refused to do so.*
2. The Challenging Party then objects to the designation.
3. *The Designating Party then modifies or refuses to modify the designation. It is noted that a refusal to modify was made, suggesting that there was an "objection" to the designation as required.*

2

4.    The Challenging Party then makes a motion seeking a determination of whether the designated material is entitled to protection, with the Designating Party bearing the ultimate burden of proving that the material was entitled to protection, with the documents being treated as designated until the motion is decided. *In fact, the documents have continued to be treated as designated to the present.*

It appears that Righthaven and Stephens Media's objection is that the designated documents were filed, albeit in a sealed condition, with a motion where Defendants had "slip[ped] a paragraph into the proposed order," before any attempt at negotiation or formal objection, and was followed three weeks later by a request to unseal, does not constitute a motion as required by the Protective Order. Their argument puts form over substance, chronology over obligation.

Righthaven and Stephens Media accuse Defendants of being underhanded by proposing the 14-day response period in the Court's Order permitting the filing under seal. There was nothing underhanded done at all. The proposed order was filed. The Court's Order was also served on Righthaven and Stephens Media. Unless they confess to not reading, or ignoring, this Court's Order, their lament is not persuasive.

Righthaven and Stephens Media also accuse Defendants' counsel (who, they make a point of reminding the Court, are from out-of-town) of disingenuous gamesmanship. They demand the Court issue an Order to Show Cause why Defendants should not be held in contempt for violating the Protective Order. It is this demand that is disingenuous. This Court entered the Protective Order. This Court certainly has the authority to modify its procedures as it sees fit, which it did in establishing provision for the filing of the Supplemental Memorandum, because of the lateness of the disclosure by Righthaven and Stephens Media, and the potential imminent decision on the Motion to Dismiss and the Motion for Summary Judgment.

The use of phrases, in the Motion to Strike, such as "underhanded," "a ruse," "blatantly ignored," "brazen attempt," "fumbling attempt," "purposefully muddle," and "Defendants' complaint reeks of hypocrisy," is a very unprofessional attempt to attack counsel rather than address

1  the issues.  There is an old adage in the law that, if the facts are on your side, you pound on the facts.
2  If the law is on your side, you pound on the law.  If neither the facts nor the law is on your side, you
3  pound on the table.  It appears there is a lot of table pounding going on here.
4         There has been presented absolutely no basis to strike the Request to Unseal, and that
5  motion will be denied.
6         Addressing the issue of whether the Request to Unseal should be granted, the Court
7  confesses that its initial evaluation caused it to lean in favor of keeping the use of the Designated
8  Materials limited to this case, *i.e.,* keeping them sealed, except as to those who should have access to
9  them in the pursuit or defense of this case.  As I have read these and other motions in this case, and
10 considered the multitude of cases filed by Righthaven, on the claimed basis that Righthaven owns the
11 copyrights to certain Stephens Media copy, it appears to the Court that there is certainly an interest
12 and even a right in all the other defendants sued by Plaintiff to have access to this material.  Further-
13 more, because these cases have generated a great deal of public interest, particularly in the media and
14 on the internet, that there is a right of the public to this information which overrides any claimed
15 confidential commercial rights.
16        First,  Righthaven and Stephens Media fail to even attempt at a justification for
17 confidentiality in their response to the Request to Unseal.  They only make a feeble attempt at
18 justification in their Replies in support of their Motion to Strike.  In Stephens Media Reply it is only
19 addressed as part of one paragraph.  In Righthaven's Reply it is addressed in only one and one-half
20 paragraphs.
21        The concerns raised are (1) it would impair Righthaven's ability to negotiate similar
22 agreements with other clients and provide invaluable insight to Righthaven's competitors regarding
23 the way it structures client contracts.  (There is no evidence of any other potential clients.),  (2) it
24 would make available to direct competitors of Righthaven the nature of its negotiated contracts and
25 give them an unfair advantage. (They allege that a defendant in another of their lawsuits "appears to
26 be based upon the Righthaven's business model," *i.e.*, Hush-Hush Entertainment, Inc. As a defendant

4

in one of their cases, Hush-Hush certainly would have the right to obtain this same information), and (3) dissemination of the information would be published by Stephens Media competitor, the Las Vegas Sun newspaper, and would be disseminated widely throughout the internet. (The Las Vegas Sun and the internet have already widely disseminated articles about Righthaven's numerous lawsuits in this district and also the various favorable and adverse rulings that have been rendered.)  This substantiates the public interest in this matter and this information, which has been generated by Righthaven and Stephens Media's own actions.

The right of other defendants in Righthaven's lawsuits, and of the public to understand the full facts regarding the bases for Righthaven and Stephens Media's actions, outweighs the feeble concerns noted above.

IT IS THEREFORE ORDERED that **Request to Unseal Exhibit A to Pulgram Declaration and Related Filings [dkt ## 74, 79]** (#85) is GRANTED.

IT IS FURTHER ORDERED that Stephens Media's **Motion to Strike Defendants' Request to Unseal** (#87) and Righthaven's Joinder (#89) thereto, are DENIED.

Dated: April 14, 2011.

_____
Roger L. Hunt
**Chief United States District Judge**