1  LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
   lpulgram@fenwick.com
2  CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
   cwebb@fenwick.com
3  FENWICK & WEST LLP
   555 California Street, 12th Floor
4  San Francisco, California 94104
   Telephone:     (415) 875-2300
5  Facsimile:     (415) 281-1350

6  KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
   kurt@eff.org
7  CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
   corynne@eff.org
8  ELECTRONIC FRONTIER FOUNDATION
   454 Shotwell Street
9  San Francisco, California 94110
   Telephone:     (415) 436-9333
10 Facsimile:     (415) 436-9993

11 CHAD BOWERS (NV State Bar No. 7283)
   bowers@lawyer.com
12 CHAD A. BOWERS, LTD
   3202 West Charleston Boulevard
13 Las Vegas, Nevada 89102
   Telephone:     (702) 457-1001
14
   Attorneys for Defendant and Counterclaimant
15 DEMOCRATIC UNDERGROUND, LLC, and
   Defendant DAVID ALLEN

16              **UNITED STATES DISTRICT COURT**
                **FOR THE DISTRICT OF NEVADA**
17

18 RIGHTHAVEN LLC, a Nevada limited liability company,  | Case No. 2:10-01356-RLH (GWF)

19                Plaintiff,
                v.
20
   DEMOCRATIC UNDERGROUND, LLC, a District of   | **DEFENDANT DEMOCRATIC**
21 Columbia limited-liability company; and DAVID ALLEN,  | **UNDERGROUND LLC'S FIRST**
   an individual,                                         | **NOTICE OF MOTION AND**
                                                          | **MOTION TO COMPEL THE**
22                Defendants.                             | **PRODUCTION OF**
                                                          | **DOCUMENTS AND**
23 DEMOCRATIC UNDERGROUND, LLC, a District of   | **MEMORANDUM OF POINTS**
   Columbia limited-liability company,                    | **AND AUTHORITIES IN**
24                                                         | **SUPPORT THEREOF**
                  Counterclaimant,
25
                v.
26
   RIGHTHAVEN LLC, a Nevada limited liability company,
27 and STEPHENS MEDIA LLC, a Nevada limited-liability
   company,
28                Counterdefendants.

---

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO COMPEL...................................................... 1

LOCAL RULE 26-7(B) CERTIFICATION ................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 2

I.   INTRODUCTION ............................................................................................. 2

II.  FACTUAL BACKGROUND ........................................................................... 3

    A.   Case Overview ........................................................................................ 3

    B.   Background of the Present Discovery Dispute ...................................... 5

         1.   Meet and Confer with Stephens Media................................ 6

         2.   Meet and Confer with Righthaven ..................................... 8

III. ARGUMENT ................................................................................................. 10

    A.   Righthaven and Stephens Media Must Produce Documents Related to the Formation of Righthaven .................................................................. 11

         1.   Documents Relating To The Creation Of Righthaven Are Highly Relevant To Defendants' Affirmative Defenses And Democratic Underground's Counterclaim................................ 15

         2.   Righthaven Has Not Met Its Burden Of Showing That Information Related To The Formation Of Righthaven Is Not Discoverable.............. 15

         3.   Righthaven and Stephens Media Have Improperly Failed to Produce Relevant Documents ....................................... 16

         4.   Stephens Media Has Admitted It Is In Possession Of Relevant Documents Which It Is Withholding Based On Its "Previously Asserted Objections" Despite Asserting In Its Responses That It Is Not In Possession Of Responsive Documents ......................... 17

    B.   Righthaven and Stephens Media Must Produce Documents Related to The Assignment of Rights In The News Article, Including Communications About the SAA................................................................ 18

         1.   Stephens Media's Confidentiality Objections Are Moot Since Entry of the Stipulated Protective Order............................. 25

         2.   Righthaven Has Improperly Failed to Produce Relevant Documents ...... 26

    C.   Righthaven and Stephens Media Have Waived Their Objections Based on the Attorney-Client or Work-Product Privileges By Failing To Produce A Privilege Log................................................................ 26

1

**TABLE OF CONTENTS**
(Continued)

2                                                                                      **Page**

3   IV.   CONCLUSION ................................................................................................... 29

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

**CASES**

*Akers v. Keszei,*
    2009 U.S. Dist. LEXIS 106247 (D. Nev. Oct. 27, 2009) (Foley, J.) ................................ 26, 27

*Blankenship v. Hearst Corp.,*
    519 F.2d 418 (9th Cir. 1975) ................................................................................................ 10, 11

*Del Webb Communities, Inc. v. Partington,*
    2009 WL 3053709 (D. Nev. Sept. 18, 2009) ........................................................................ 11

*DIRECTV, Inc. v. Trone,*
    209 F.R.D. 455 (C.D. Cal. 2002) ........................................................................ 11, 12, 15

*Gracenote v. Musicmatch, Inc.,*
    2003 U.S. Dist. LEXIS 26015 (N.D. Cal Oct. 14, 2003) .................................................... 16

*Jackson v. Montgomery Ward & Co.,*
    173 F.R.D. 524 (D. Nev. 1997) ........................................................................................ 10, 15

*Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.,*
    2007 U.S. Dist. LEXIS 17540 (D. Nev. March 12, 2007) .............................................. *passim*

*Marchand v. Mercy Med. Ctr.,*
    22 F.3d 933 (9th Cir. 1994) .................................................................................................. 16

*Nidec Corp. v. Victor Company of Japan,*
    249 F.R.D. 575 (N.D. Cal. 2007) .......................................................................... 14, 25, 28

*Silvers v. Sony Pictures Entm't, Inc.,*
    402 F.3d 881 (9th Cir. 2005) ............................................................................................... 11

**RULES**

Federal Rule of Civil Procedure 26 ....................................................................................... *passim*

Federal Rule of Civil Procedure 34 ....................................................................................... *passim*

Federal Rule of Civil Procedure 37 ............................................................................................. 1

Local Rule 26-7 ............................................................................................................................ 1

Local Rule 26-7(a) ................................................................................................. 12, 19, 28

Local Rule 26-7(b) ...................................................................................................................... 1

**OTHER AUTHORITIES**

*Las Vegas Review Journal* article .............................................................................................. 2

1

## NOTICE OF MOTION AND MOTION TO COMPEL

2   Defendant and Counterclaimant Democratic Underground, LLC ("Democratic

3   Underground" or "Defendant") hereby moves pursuant to Federal Rules of Civil Procedure 26, 34

4   and 37 and Local Rule 26-7 to compel Plaintiff and Counterdefendant Righthaven LLC

5   ("Righthaven") and Counterdefendant Stephens Media LLC ("Stephens Media") to produce all

6   documents responsive to certain requests in Defendant and Counterclaimant Democratic

7   Underground LLC's First Set of Requests for Production of Documents ("First Set of Requests

8   for Production of Documents") relating to (1) the creation of Righthaven and (2) the assignment

9   of the copyright at issue, including communications required by and relating to the Strategic

10  Alliance Agreement recently made public in this case.

11  This motion is based on the following Local Rule 26-7(b) Certification, the following

12  Memorandum of Points and Authorities, the accompanying Declaration of Clifford C. Webb and

13  such other written submissions and oral argument as may be presented to the Court at or before

14  the time this motion is taken under submission.

15

## LOCAL RULE 26-7(B) CERTIFICATION

16  Pursuant to Local Rule 26-7(b), counsel for Democratic Underground certifies that it

17  conferred by email, by letter and by telephone with counsel for Righthaven and Stephens Media

18  from January 21, 2011 through March 24, 2011, in a sincere effort to resolve the issues raised by

19  this Motion to Compel without court action.  Defendant's efforts have been unsuccessful,

20  necessitating this motion.

21  Dated:  April 28, 2011                                FENWICK & WEST LLP

22

23                                                        By: _____ /s/ *Clifford C. Webb* _____

24                                                             CLIFFORD C. WEBB

                                                          Attorneys for Defendant and Counterclaimant
25                                                        DEMOCRATIC UNDERGROUND, LLC, and
                                                          Defendant DAVID ALLEN
26

27

28

---

DEFENDANT'S MOTION TO COMPEL                    1                CASE NO. 2:10-CV-01356-RLH (GWF)

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2

**I.     INTRODUCTION**

3      As the Court aptly stated in its most recent Order in this action, "Righthaven and Stephens

4  Media have attempted to create a cottage industry of filing copyright claims, making large claims

5  for damages and then settling claims for pennies on the dollar, with defendants who do not want

6  to incur the costs of defending the lawsuits[.  They] are now offended when someone has turned

7  the tables on them and is insisting on a judgment in their favor rather than a simple dismissal of

8  the lawsuit."[1]  Defendants, Democratic Underground ("DU") and its founder, David Allen, have

9  refused to be intimidated.  They have defended against claims that they infringed Righthaven's

10  copyrights when a blogger posted on the DU website a five sentence excerpt from a fifty sentence

11  *Las Vegas Review Journal* article.  In their defense, Defendants have not only claimed fair use,

12  but also challenged Righthaven's standing to sue, asserting that the purported assignment of

13  rights from Stephens Media to Righthaven is a sham, champertous, and invalid.

14      With this Motion, Defendants ask the Court to compel documents that are directly

15  relevant to the last issue: Righthaven's standing.  Specifically, this includes documents about (1)

16  the formation of Righthaven and (2) the assignment of the copyright at issue.  These documents

17  are not only relevant to the claims and defenses in this action, but also to the hundreds of other

18  actions Righthaven has filed.  As the Court stated in its Order Granting Defendants' Motion to

19  Unseal, which made public the Strategic Alliance Agreement (one of the few documents

20  produced by Stephens Media thus far):  "it appears to the Court that there is certainly an interest

21  and even a right in all the other defendants sued by Plaintiff to have access to this material.

22  Furthermore, because these cases have generated a great deal of public interest, particularly in the

23  media and on the internet, that there is a right of the public to this information which overrides

24  any claimed confidential commercial rights."[2]

25      Righthaven and Steven Media have refused to produce these documents for over four

26  months.  Indeed, Righthaven has refused to produce a *single* document in discovery in this case.

27

28
_____

[1] Order on Motion for Reconsideration, Docket ("Dkt.") 94 at 2.

[2] Docket 93 at 4.

DEFENDANT'S MOTION TO COMPEL              2              CASE NO. 2:10-CV-01356-RLH (GWF)

1   Instead, Righthaven has time and time again promised to produce documents or reply to

2   Defendants regarding the status of production, and then failed to do so.  Meanwhile, Stephens

3   Media has unilaterally limited its discovery responses, producing a tiny subset of information.  It

4   has claimed as to certain requests that documents are only in its affiliates' possession, while later

5   contradicting itself and stating that, although Stephens Media is itself in possession of responsive

6   documents, those documents will not be produced or identified in privilege logs.   After over two

7   months of meeting and conferring, Righthaven and Stephens Media continue to abuse the

8   discovery process by withholding relevant documents.  Further, each has failed for four months to

9   produce *any* privilege log—thereby waiving the unclaimed privilege—while, at the same time

10  refusing to produce communications relating to the formation of Righthaven on the basis that they

11  are purportedly privileged.

12       There is no further excuse for Righthaven and Stephens Media's obstruction.  They should

13  be ordered to produce the documentation of their relationship, including those as to which any

14  conceivable privilege has been waived, within ten days of the Court's order.

15  **II.     FACTUAL BACKGROUND**

16       **A.     Case Overview**

17       In this copyright infringement action, one of over 250 filed by Righthaven against various

18  defendants in the past year, Righthaven claims that Democratic Underground and its owner David

19  Allen, have allowed a blogger to post on the DU website an Excerpt from a News Article, the

20  copyright for which was purportedly assigned to Righthaven by Stephens Media.  Defendant

21  Democratic Underground filed a counterclaim alleging that there can be no infringement, that the

22  assignment was a sham, that Righthaven exists solely to file copyright claims, and that Stephens

23  Media is the real party in interest.  Dkt. 13.  Defendants have also asserted several other

24  affirmative defenses, including unclean hands, barratry, champerty, and maintenance, copyright

25  misuse, fair use and lack of damages.  *Id.*

26       The few documents that have been obtained to date provide support for Defendants'

27  defenses and claims.  In support of a motion to dismiss, Stephens Media offered up a form of

28  "Assignment" that purported to assign its rights in the News Article to Righthaven, but which, on

1   its face, indicated that Stephens Media retained a right of reversion that the "Assignment" did not

2   disclose.  When Defendants pushed to obtain the documentation of that right of reversion,

3   Stephens Media ultimately produced a Strategic Alliance Agreement ("SAA"), which purports to

4   be the master agreement that governs all the assignments Righthaven has sued upon in this Court.

5   Declaration of Clifford C. Webb In Support of Defendant Democratic Underground LLC's

6   Motion to Compel the Production of Documents ("Webb Decl.") ¶ 2, Exh. A.

7         The terms of the SAA provide substantial evidence that:  (1) Righthaven has been

8   conveyed no rights in the work at issue other than the right to sue for infringement, a fact that

9   renders the assignment to Righthaven invalid; (2) Stephens Media is the real party in interest,

10  engaging Righthaven as its agent to prosecute this action;  (3) Stephens Media retains the right to

11  sue Democratic Underground under the Agreement, thereby giving rise to a live and genuine

12  controversy with Stephens Media; and (4) Righthaven has been granted no rights to exploit the

13  work in question, and thus, for the purpose of fair use analysis, can suffer no harm from the use of

14  the Excerpt by Democratic Underground.  Specifically, the SAA reflects:

15  - It is part of an "integrated transaction" through which Stephens Media, by its affiliate

16      "SI Content Monitor," appears to control Righthaven.  SAA ¶ 2.

17  - Righthaven has various—all unproduced—communications with Stephens Media

18      about which works to have assigned to it, including:

19      Righthaven provides an **"Infringement Notice"** to Stephens Media prompting
20      assignment of copyrights.  SAA ¶ 3.1

21      "Right*haven* shall have sixty (60) days after each respective assignment of each
        respective Assigned Infringed Copyright to Notify Stephens Media of whether
        Right*haven* will pursue an Infringement Action of said respective Assigned
22      Infringed Copyright (the **"Remediation Option Notice"**)."  SAA ¶ 3.3.

23      "Stephens Media shall provide Notice to Right*haven* of each copyright (each a
        "Notified Copyright") that is required to be the subject of a Copyright Assignment
24      (a **"Copyright Assignment Notice"**) by no later than five (5) Business Days prior
        to the last day upon which each respective Copyright Assignment is required to be
25      executed by Stephens Media as provided in Section 3.1."  SAA ¶ 7.1

26      "Right*haven* shall then provide to Stephens Media **a conforming Copyright
        Assignment** for Stephens Media to execute with respect to each Notified
27      Copyright within three business Days after receipt of the Copyright Assignment
        Notice."  *Id.*
28

- Stephens Media has a right to prevent Righthaven from bringing suit on any such work after receiving notice:

   > "Notwithstanding any other provision of this Agreement, Stephens Media shall have the right to notify Right*haven* within five (5) Business Days after receipt of a respective Remediation Option Notice, that Right*haven* should not take any Infringement Action with respect to a particular putative infringer as indicated in any respective Remediation Option Notice (**the "Declination Notice"**)." SAA ¶ 3.3.

- Stephens Media also has a right of reversion to reclaim ownership of any work at will:

   > "Stephens Media shall have the right at any time to terminate, in good faith, any Copyright Assignment ("The Assignment Termination") and enjoy a right of complete reversion to the ownership of any copyright that is the subject of a Copyright Assignment[.]" SAA ¶ 8.

- Despite the purported "assignment" of all rights in the copyright to Righthaven, the SAA in fact provides that:

   > "**Stephens Media shall retain (and is hereby granted by Right*haven*) an exclusive license to Exploit the Stephens Media Assigned Copyrights for any lawful purpose whatsoever and Right*haven* shall have no right or license to Exploit or participate in the receipt of royalties from the Exploitation of the Stephens Media Assigned Copyrights other than the right to proceeds in association with a Recovery.**" SAA ¶ 7.2 (emphasis added).

- Righthaven and Stephens Media split the proceeds of any recovery 50/50, minus Righthaven's costs, except that if Stephens Media reclaims the copyright, it has to pay Righthaven's expenses to date. SAA ¶¶ 5 8.

Nonetheless, Stephens Media and Righthaven continue to assert that the assignment is valid, that the relationship between them is not merely an agency relationship, and that Righthaven has sufficient control and ownership to constitute standing under the Copyright Act. Dkts. 36, 38, 56, 78. Therefore, Democratic Underground has a right to discovery of all documents that might bear on this supposed relationship, such as other communications about the assignment, communications leading to the formation of the SAA and negotiation of its terms, communications regarding the effectuation of assignment for the News Article or the relationship between Stephens Media and Righthaven, and so on.

### B.  Background of the Present Discovery Dispute

Defendants, over the course of the last three months, have communicated the clear

1    relevancy of the documents at issue and the inadequacy of Righthaven's and Stephens Media's

2    responses and production, both in writing and during telephone discussions.  Righthaven has

3    repeatedly promised dates on which it will produce documents but then failed to deliver anything.

4    To date, Righthaven has failed to produce a single document in response to any of Defendant's

5    document requests.  While Stephens Media has produced a handful of relevant documents, it

6    refuses to produce others that go to the heart of the pending action and Counterclaim.

7        Democratic Underground served its First Sets of Requests for Production of Documents

8    on Righthaven and Stephens Media, respectively on December 17, 2010.  *See* Webb Decl. ¶ 4,

9    Exhs. B, C.  Stephens Media served responses on January 18, 2011.  *Id.* ¶ 5, Exh. D.  Righthaven

10   served responses on or around January 18, 2011.[3]  Between January 21, 2011 and February 3,

11   2011, counsel for Defendants contacted counsel for Righthaven and Stephens Media in attempts

12   to arrange a meet and confer call regarding their responses.  *Id.* ¶ 7.  After three weeks of delay,

13   on February 10, 2011, counsel for Defendants finally was afforded separate meet and confer calls

14   with Righthaven and with Stephens Media.  *Id.*  During those calls, the parties resolved some of

15   Righthaven's and Stephens Media's objections, and Defendants agreed to narrow certain requests

16   in scope.  *Id.* ¶ 8.  That same day, counsel for Defendants sent Righthaven and Stephens Media

17   letters memorializing their respective meet and confer calls.  *Id.*, Exhs. G, H.  Defendants sent

18   additional emails clarifying the meet and confer letter on February 16, 2011.  *Id.* ¶ 9, Exhs. I, J.

19                    1.    Meet and Confer with Stephens Media

20       Stephens Media provided its First Supplemental Responses to Defendants on February 28,

21   2011 along with 14 documents, including the SAA.  *Id.* ¶ 10, Exh. K.  Those responses were

22   clearly incomplete.  For example, they included only one single email between Stephens Media

23   and Righthaven.  *Id.*  Defendants therefore emailed Stephens Media on March 1, 2011 listing

24   several specific categories of documents that Defendants expected to receive in Stephens Media's

---

[3] Righthaven's responses were due on January 18, 2011, but were postmarked January 19.  Despite an agreement between Defendants and Righthaven and Stephens Media to serve by email, Righthaven did not.  While the proof of service signed by Shawn Mangano, Righthaven's counsel, indicates that he personally mailed the documents on January 18, Mr. Mangano later revealed to Defendants' counsel: "Righthaven was handling their service.  If they did not go out electronically, then they may have only gone out via U.S. Mail.  I know they were prepared by me and provided to Righthaven to print out and serve."  *See* Webb Decl. ¶ 6, Exhs. E, F.  Defendants did not receive Responses from Righthaven until January 21, 2011, and the envelope was clearly postmarked January 19, 2011, one day after the responses were due.

production and asking when Defendants would receive such documents, including:

- "[T]he Operating Agreement referred to in the Strategic Alliance Agreement (SAA) and the other documents reflecting the integrated transaction for creation of SI Content Monitor and operations of Righthaven

- documents relating to the formation of Righthaven beyond the ultimate SAA (emails, drafts, discussions of structure, etc.)

- documents relating to the various elections and notices required by the SAA to be made by Stephens Media or Righthaven relating to the News Article, including, e.g., the Searching Decision, the Material Risk Conclusion, The Remediation Option Notice, the Assignment (documents apart from the form already supplied)

- other documents showing the notification of search results and any communication about them that resulted in the actual decision to and act of assignment."

*Id.* ¶ 11, Exh. L.  Defendants also requested that Stephens Media produce its past-due privilege log.  *Id.*  Under this Court's scheduling order, "[a] party. . . shall submit a detailed privilege log . . . within (21) days following the date that the documents memorialized in the privilege log were to be produced."  Dkt. 54 at 7.  Stephens Media's log was thus due on February 8.

After a week, counsel for Stephens Media, Mr. Colby Williams, replied that his understanding was that all documents, aside from the SAA, were in the possession of SI Content Monitor, a subsidiary of Stephens Media's parent company.  *Id.* ¶ 12, Exh. M.  In addition, Mr. Williams stated that he was—apparently for the first time, nearly three months after the service of the document requests—asking Stephens Media's general counsel, Mr. Hinueber, to review the documents he had.  *Id.*  On March 11, 2011, counsel for Defendants emailed Mr. Williams stating that it was surprising that Stephens Media claimed not to have possession of or even access to the Operating Agreement, as that Agreement, according to paragraph 2 of the SAA, was part of the integrated transaction that also included the SAA, to which Stephens Media was a party and which it had produced.  *Id.* ¶ 13, Exh. N.[4]  On March 17, Mr. Williams stated that he would

---

[4] Additionally, the SAA imposes obligations on Stephens Media to ensure that SI Content Monitor and Stephens Media have common ownership.  SAA ¶ 2.

1   attempt to obtain all the documents requested from SI Content Monitor, and that he would get

2   back to Defendants the next day with an answer.  *Id.* ¶ 14, Exh. O.

3       On March 21, having heard nothing, counsel for Defendants emailed Mr. Williams asking

4   for the status on documents from SI Content Monitor and from Mr. Hinueber, Stephens Media's

5   general counsel, which Defendants reminded Stephen Media must be included on its overdue

6   privilege log.  *Id.* ¶ 15, Exh. P.  On March 22, 2011, Mr. Williams stated that he was able to

7   obtain a copy of the Operating Agreement from SI Content Monitor that he produced along with

8   Stephens Media's Second Supplemental Responses.  *Id.* ¶ 16, Exh. Q.  But he did not produce the

9   remainder of the documents sought.

10      As to the documents in the possession of Mr. Hinueber, Stephens Media's general

11  counsel, Mr. Williams now admitted that responsive documents existed, but still refused to

12  produce them or to disclose what they were in a privilege log.   *Id.*  Mr. Williams stated that he

13  was maintaining the position that the Hinueber documents were "not 'otherwise discoverable'"

14  based on Stephens Media's previous written objections to the document requests calling for their

15  production.  *Id.*

16      Counsel for Defendants responded by listing a small subset of the Requests to which

17  Mr. Hinueber's documents would be relevant and detailing how any purported objection by

18  Stephens Media had already been resolved.  *Id.* ¶ 17, Exh. R.  For those categories, the objections

19  had been only (1) that the documents were "confidential"—an issue resolved over a month earlier

20  by entry of a protective order, or (2) that documents might be privileged—which would not have

21  excused production of a privilege log.  *Id.*  Nonetheless, Mr. Williams continued to maintain that

22  Stephens Media would not produce the documents unless the Court "rules that any of the subject

23  documents are 'otherwise discoverable' despite the asserted objections." *Id.* ¶ 18, Exh. S.

24                    2.    Meet and Confer with Righthaven

25      During the February 10, 2011 meet and confer, Defendants asked that Righthaven

26  reevaluate its relevancy objections to matters that were quite obviously relevant in this action.  *Id.*

27  ¶ 8, Exh. G.  For example, Righthaven had objected on relevancy grounds to:  documents relating

28  to the creation of Righthaven and its communications with Stephens Media; and documents

1    relating to the method of determining who Righthaven would sue—a process publicly referenced

2    by its head, Steve Gibson.  Righthaven responded that it would reevaluate its objection if

3    Defendants provided reasoning for how each of these requests was relevant.  Righthaven also

4    agreed to provide supplemental responses by February 20, 2011 and to provide a privilege log

5    and all relevant, responsive non-confidential documents by February 25.  *Id.*  Righthaven further

6    agreed to produce confidential documents 7-10 days after entry of the protective order, which was

7    subsequently entered on February 14.  *Id.*

8           Pursuant to Righthaven's request, and in an effort to have a meaningful meet and confer

9    and resolve these objections, Defendants did provide a detailed list of each objected-to Request

10   and the precise claims and affirmative defenses to which the requests are relevant.  It did so

11   despite it being *Righthaven's* burden to provide reasoning for its own objections.  *See Koninklijke*

12   *Philips Elecs. N.V. v. KXD Tech., Inc.,* 2007 U.S. Dist. LEXIS 17540, at *12 (D. Nev. March 12,

13   2007) ("the <u>objecting party</u> must specifically detail the reasons why each request is irrelevant")

14   (emphasis added); Webb Decl. ¶ 8, Exh. G.  Righthaven, however, failed to uphold its end of the

15   bargain.  Despite Righthaven's agreement to produce all documents and supplemental responses

16   no later than February 25, it provided nothing at all.  Defendants' counsel emailed Mr. Mangano,

17   counsel for Righthaven, asking when Defendants would be receiving the promised documents,

18   supplemental responses, and a privilege log.  *Id.* ¶ 20, Exh. U.  Mr. Mangano replied that he

19   would get back to counsel for Defendants by March 2.  *Id.* ¶ 21, Exh. V.

20          Having again received nothing by March 2, counsel for Defendants emailed Mr. Mangano

21   on March 3 asking for documents and a privilege log and requesting a date certain as to when Mr.

22   Mangano would provide the requested materials.  *Id.* ¶ 23 Exh. X.  Mr. Mangano stated that he

23   would produce documents "when they are located" and promised that privileged materials would

24   be included in a privilege log and provided to Defendants.  *Id.* ¶ 24, Exh. Y.  Counsel for

25   Defendants *again* asked for a date certain, and Mr. Mangano refused to provide one, saying "you

26   will get your privilege log shortly," blaming his delay on his "busy briefing schedule and court

27   appearances" and claiming that counsel for Defendants was refusing to extend "professional

28   courtesy" and driving up litigation costs.  *Id.* ¶¶ 25, 26, Exhs. Z, AA.  Righthaven did ultimately

1  produce supplemental responses—but they did not reevaluate or withdraw objections—they

2  actually purported to add *more*.[5]  No documents were ever produced—not one.

3          Counsel for Defendants sent a letter to Mr. Mangano on March 10, 2010 detailing the

4  status of the parties' meet and confer to date and requesting that Mr. Mangano contact counsel for

5  Defendants within a week if he believed any particular disagreement detailed in the letter could

6  potentially benefit from further oral discussion.  *Id.* ¶ 28, Exh. DD.  He did not reply.  On

7  March 24, 2011, Counsel for Defendants sent another email inquiring about the documents and

8  privilege log that had been originally due February 8, promised for February 25, and then

9  promised for March 3.  *Id.* ¶ 29, Exh. EE.  Mr. Mangano has not since replied regarding

10  documents or the privilege log.

11          Righthaven continues to refuse to produce any documents whatsoever, and has still failed

12  to produce the privilege log the Court's Order required "shall" be produced no later than

13  February 8, 2011.  While the parties in this action have agreed to a stay on deposition based

14  discovery pending decisions on pending motions, they explicitly agreed to continue discovery on

15  the requests that were already served prior to the stay.  Joint Stipulation and Order to Stay

16  Discovery, Dkt. 71.  This is because, when deposition discovery reopens, there will be only

17  approximately six weeks before expert reports are due, and Defendants therefore need to resolve

18  their disputes now.  Moreover, the materials being requested by, and withheld from, Defendants

19  are needed now, to fully address these issues in this case and others like it.

20  **III.     ARGUMENT**

21          Under Rule 26, "the scope of discovery is broad[,] and discovery should be allowed unless

22  the information sought has no conceivable bearing on the case."  *Jackson v. Montgomery Ward &*

23  *Co.*, 173 F.R.D. 524, 528 (D. Nev. 1997).  The party resisting discovery carries a "heavy burden"

24  of showing why discovery should not be allowed.  *Blankenship v. Hearst Corp.*, 519 F.2d 418,

25  429 (9th Cir. 1975).  This burden includes "clarifying, explaining, and supporting its objections."

26

27  _____

[5] On March 3, Mr. Mangano informed Defendants that he finally sent Righthaven's Supplemental Responses.  The Supplemental Responses were sent by postal mail, rather than email—a tactic that further delayed receipt of

28  supplementation that had been originally promised for February 20, and despite Defendants requesting on February 23 that Mr. Mangano serve them by email.  *Id.* ¶¶ 19, 27, Exhs. T, CC.

1    *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002) (citing *Blankenship*); *see also*

2    *Koninklijke Philips Elecs. N.V.,* 2007 U.S. Dist. LEXIS 17540, at *12 ("the objecting party must

3    specifically detail the reasons why each request is irrelevant").

4
       **A.**     **Righthaven and Stephens Media Must Produce Documents Related to the Formation of Righthaven.**
5

6       A core issue in this action, and the hundreds of others filed by Righthaven, is whether or

7    not the purported assignment to Righthaven is a sham and champertous.  Democratic

8    Underground believes that Righthaven was created as a tool to bring lawsuits on Stephens

9    Media's behalf, without Stephens Media taking responsibility for them.  Defendants assert that

10    Stephens Media intentionally designed the relationship with Righthaven to skirt the copyright

11    laws, create a patina of legitimacy for Righthaven, while providing nothing of value to

12    Righthaven other than the right to sue people.  Counterclaim, Dkt. 13, ¶¶ 8-11, 15-17.

13    Defendants contend that under the Ninth Circuit's decision in *Silvers v. Sony Pictures Entm't,*

14    *Inc.,* 402 F.3d 881 (9th Cir. 2005), this relationship between two companies cannot vest

15    Righthaven with the right to sue.  Defendants further contend that the structure renders

16    Righthaven merely an agent of Stephens Media, and that Stephens Media is the real party in

17    interest properly subject to Democratic Underground's Counterclaim—notwithstanding Stephens

18    Media's insistence that the Counterclaim must be dismissed.  Counterclaim, Dkt 13, ¶¶ 33-42.

19    Defendants also contend that the relationship was structured in a manner that constitutes

20    champerty, that is, "maintaining a suit in return for a financial interest in the outcome."  *Del*

21    *Webb Communities, Inc. v. Partington*, 2009 WL 3053709, at * 3 (D. Nev. Sept. 18, 2009).

22       In furtherance of these defenses, Defendants served requests on both Stephens Media and

23    Righthaven seeking documents relating to the creation of Righthaven, but have only received one

24    document from Stephens Media in response – the Operating Agreement – which Stephens Media

25    produced only after *Defendants* identified the document to Stephens Media by name during the

26    meet and confer process.  Webb Decl. ¶ 11, Exh. L.  This category of documents is directly

27    relevant to Defendants' affirmative defenses and Counterclaim, especially in light of the few

28    documents produced by Stephens Media, which—even prior to receipt of the actual

1  communications among the founders of Righthaven—suggest that Righthaven was created solely

2  for the purpose of bringing copyright infringement actions.  Defendants explained the relevance

3  of these materials in its meet and confer letter to Righthaven on February 10, 2010.  *Id.* ¶ 8, Exh.

4  G.  Righthaven and Stephens Media have never met their burden of explaining why these

5  materials should not be produced.  *Koninklijke Philips Elecs. N.V.,* 2007 U.S. Dist. LEXIS 17540,

6  at *12.  The objections asserted by Righthaven and Stephens Media are neither valid nor clarified,

7  explained or supported, as required by Rule 26.  *DIRECTV, Inc.*, 209 F.R.D. at 458.

8         Pursuant to Local Rule 26-7(a), the full text of the discovery originally sought and the

9  responses thereto appears below:

**DOCUMENT REQUEST NO. 58 TO RIGHTHAVEN:**
ALL DOCUMENTS referring or RELATING TO the creation of Righthaven,
including, without limitation, ALL COMMUNICATION among its founders and
funders.

**RESPONSE:**

Righthaven objects to this request on the grounds that the definitions of
"DOCUMENTS," "referring or RELATING TO," "Righthaven" and
"COMMUNICATION" as [sic] vague, ambiguous, overly broad and
impose compliance requirements outside of those authorized under
Rule 34.  Righthaven further objects to this request as compound, overly
broad, vague and ambiguous in its use of the phrases "refer or RELATE
TO" and "the creation of Righthaven, including, without limitation, ALL
COMMUNICATION among its founders and funders."  Righthaven
additionally objects to this request as calling for the production of
irrelevant material and has been done solely for the purpose of harassment.
Righthaven additionally objects to this request on the grounds that it calls
for the production of materials protected from discovery under the attorney
work product doctrine and/or attorney client privilege.  Moreover, this
request may invade the privacy rights of third parties.  Righthaven further
objects to this request on the ground that it calls for the disclosure of
confidential and/or proprietary information and the parties have yet to enter
into an agreeable Stipulated Protective Order in this case.  As such, no
protective order one [sic] has been entered by the Court under which an
appropriate confidentiality designation, if any, could be applied to
responsive materials to the extent such materials exist.

**SUPPLEMENTAL RESPONSE:**

Righthaven supplements its prior response to this request by objecting to it
grounds [sic] that that [sic] the definitions of "referring or RELATING
TO," and "COMMUNICATION" as [sic] vague, ambiguous, overly broad
and impose compliance requirements outside of those authorized under
Rule 34.  Righthaven further objects to this request as compound, overly
broad, vague and ambiguous in its use of the phrases "refer or RELATE
TO" and "the creation of Righthaven, including, without limitation, ALL
COMMUNICATION among its founders and funders."  Righthaven
additionally objects to this request as calling for the production of

irrelevant material and has been done solely for the purpose of harassment.

**DOCUMENT REQUEST NO. 41 TO RIGHTHAVEN:**
ALL COMMUNICATIONS between YOU and Mark Hinueber.

**RESPONSE:**
Righthaven objects to this request on the grounds that the definitions of "COMMUNICATIONS" and "YOU"[6] are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven also objects to this request as overly broad as it is not limited to any particular time period.  As such, Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Moreover, this request may invade the privacy rights of third parties.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order one [sic] has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**SUPPLEMENTAL RESPONSE:**
Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions [sic] of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34.  Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action. Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action.  Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure. Righthaven additionally directs Democratic Underground to the July 29, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media.

**DOCUMENT REQUEST NO. 42 TO RIGHTHAVEN:**
ALL COMMUNICATIONS between YOU and Jackson Farrow.

**RESPONSE:**
Righthaven objects to this request on the grounds that the definitions of "COMMUNICATIONS" and "YOU" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.  Righthaven also objects to this request as overly broad as it is not limited to any particular time period.  As such, Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant

---

[6] During the February 10, 2010 meet and confer call, Defendants agreed to limit the definition of "YOU" to mean "Righthaven LLC (i.e. not including those acting on its behalf)."  *See* Webb Decl. ¶ 8, Exh. G.

material outside the permissible scope of discovery in this action. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.  Moreover, this request may invade the privacy rights of third parties.  Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order one [sic] has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**SUPPLEMENTAL RESPONSE:**

Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions [sic] of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34.  Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action. Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action.  Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 36 TO STEPHENS MEDIA:**
ALL DOCUMENTS referring or RELATING TO the creation of Righthaven, including, without limitation, ALL COMMUNICATION among its founders and funders.

**RESPONSE:**

Objection.  The foregoing document Request is overbroad and unduly burdensome insofar as it is asking Stephens Media to produce documents from a wholly separate entity.  Without waiving the foregoing [objections], Stephens Media is not in possession of responsive documents.

**SUPPLEMENTAL RESPONSE:**

Without waiving the foregoing objections, *see* Righthaven Operating Agreement, Bates Nos. SM000095-161.

**DOCUMENT REQUEST NO. 53 TO STEPHENS MEDIA:**
ALL COMMUNICATIONS between YOU and Jackson Farrow.

**RESPONSE:**

Objection.  The foregoing document Request is overbroad and unduly burdensome as it is not limited in time or scope.  The foregoing Document Request seeks material protected by the common interest theory of the attorney-client privilege.  *See, e.g., Nidec Corp. v. Victor Company of Japan,* 249 F.R.D. 575, 578 (N.D. Cal. 2007).  Without waiving the foregoing objections, Stephens Media has not located any non-privileged documents responsive to this Request.  To the extent privileged communications responsive to this Request regarding the subject lawsuit exist, Stephens Media will provide an appropriate privilege log.

1

2

        1.     <u>Documents Relating To The Creation Of Righthaven Are Highly Relevant</u>
<u>To Defendants' Affirmative Defenses And Democratic Underground's</u>
<u>Counterclaim</u>.

3        Rule 26 "has been construed broadly to encompass any matter that bears on, or that

4   reasonably could lead to other matter that could bear on, any issue that is or may be in the case."

5   *Jackson,* 173 F.R.D. at 526.  Documents relating to Righthaven's creation are directly relevant to

6   the existence of an agency relationship between Righthaven and Stephens Media and to

7   Defendants' affirmative defenses of unclean hands, sham license, barratry, champerty and

8   maintenance, and copyright misuse.  Dkt 13.

9        Furthermore, the minimal documents produced thus far by Stephens Media have

10   supported Defendants' claims, further showing that the request encompasses a "matter that bears

11   on, or that reasonably could lead to other matter that could bear on" issues in this case.  *Jackson,*

12   173 F.R.D. at 526.  As stated in the SAA, the "integrated transaction" of which the SAA is a part,

13   also included the formation of Righthaven, supporting Defendants' allegation that Righthaven's

14   purpose is to bring copyright infringement actions, as repeatedly alleged in Defendant Democratic

15   Underground's pleadings in this action.  Dkts. 13, 44, 45, 79.  The integrated transaction further

16   suggests that Righthaven has no legitimate ownership interest in the News Article, that the

17   purported copyright assignment was a sham, and that Righthaven exists solely to pursue lawsuits

18   under the guise that Righthaven is the copyright owner.

19        Defendants thus rightly believe that the candid emails, correspondence, drafts, and other

20   communications about formation of Righthaven are likely to provide further evidence supporting

21   the sham purpose of its creation and the "Assignment."  In light of this information, there is no

22   justification for Righthaven's claim that documents relating to its formation are irrelevant and

23   undiscoverable.

24        2.     <u>Righthaven Has Not Met Its Burden Of Showing That Information Related</u>
<u>To The Formation Of Righthaven Is Not Discoverable</u>.

25

26        "The party who resists discovery has the burden to show that discovery should not be

27   allowed, and has the burden of clarifying, explaining, and supporting its objections."  *DIRECTV,*

28   *Inc.,* 209 F.R.D. at 458.  Righthaven has made no such showing.  Righthaven made four initial

1    objections, none of which justifies withholding materials.

2            First, as to relevance, as just explained, this objection was frivolous from the start.

3            Second, as to confidentiality, a protective order has been in place since February.

4            Third, as to objection based on privilege, a log was long ago required, and as discussed

5    below, failure to produce one has waived any continuing privilege.  Furthermore, Request 58

6    seeks more than just privileged communications, as it explicitly includes "all communications

7    among its founders and funders," which necessarily calls for production of non-privileged

8    information, as the parties were adverse in negotiating the SAA.  *See* SAA ¶¶ 9.10-9.12.

9            Fourth, as to "vagueness and ambiguity," there is nothing vague about a request for

10   communications about the formation of Righthaven, including between its founders and funders.

11   If those objections ever had any merit, they were resolved in the initial meet and confer call on

12   February 10, 2011.  Webb Decl. ¶ 8, Exh. G.   In its follow up letter to Righthaven after the initial

13   meet and confer, Democratic Underground noted that, with respect to Righthaven's objections as

14   to "vague and ambiguous" phrasing, using standard dictionary definitions of the words, the

15   request are not so ambiguous that Righthaven cannot, in good faith, "frame an intelligent reply."

16   *Marchand v. Mercy Med. Ctr.,* 22 F.3d 933, 938 (9th Cir. 1994).  Righthaven should have given a

17   plain dictionary meaning to the terms.  Moreover, if Righthaven wished to maintain such

18   objections following multiple meet and confer efforts, Righthaven had to propose good faith

19   alternative wording.  *Id.*; *see also Gracenote v. Musicmatch, Inc.,* 2003 U.S. Dist. LEXIS 26015,

20   at * 13 (N.D. Cal Oct. 14, 2003).  To the contrary, Righthaven simply refused to respond to

21   Defendants, and continues to refuse to produce documents.  Accordingly, Righthaven has no

22   objections to stand on.

23            3.    <u>Righthaven and Stephens Media Have Improperly Failed to Produce
                    Relevant Documents</u>.
24

25            Righthaven has failed to produce a single communication in response to Request Nos. 41

26   (for its communications with Mr. Hinueber, Stephens Media's general counsel) and 42 (for its

27   communications with Mr. Farrow, general counsel for SI Content Monitor).  As to

28   communications with Mr. Hinueber, the SAA was signed by Steven Gibson as the representative

1   for Right*haven* LLC, and by Mark Hinueber as the representative for Stephens Media LLC.  SAA

2   at 10.  The parties must have had communications leading up to the execution of the SAA, yet not

3   one has been produced or logged.  Further, Mr. Hinueber has publicly stated that he had the

4   ability to stop Righthaven from bringing lawsuits.  Webb Decl. ¶ 30, Exh. FF.  There is little

5   questions that he communicated with Righthaven's assignee in the process of pursuit of lawsuits

6   about the assigned interests.

7          As to communications with Jackson Farrow, general counsel for SI Content Monitor, the

8   SAA reveals that SI Content Monitor is party to the Operating Agreement forming Righthaven:

9           The parties hereby covenant that this Agreement is part of an integrated
            transaction with the transaction (the "Right*haven* Transaction") represented by the
10          formation of Right*haven* and the corresponding Operating Agreement by and
            amongst Net Sortie Systems, LLC, a Nevada limited-liability company ("Net
11          Sortie"), Right*haven* and the Stephens Media's [sic] affiliated company, SI
            Content Monitor LLC[.]"  SAA ¶ 2.
12

13   Yet, neither Righthaven nor Stephens Media has produced or logged a single communication with

14   Jackson Farrow.  Presumably there were discussions leading up to the formation of Righthaven

15   which would have included Mr. Farrow, given SI Content Monitor's involvement in its

16   formation.  And to the extent that Stephens Media has taken the position that communications

17   about the assignment are in the possession of SI Content Monitor, not itself (Webb Decl. ¶ 12,

18   Exh. M),  Mr. Farrow is the probable participant.

19          Accordingly, Righthaven and Stephens Media should be ordered to produce within ten

20   days all documents in the categories identified.

21          4.    Stephens Media Has Admitted It Is In Possession Of Relevant Documents
                  Which It Is Withholding Based On Its "Previously Asserted Objections"
22                Despite Asserting In Its Responses That It Is Not In Possession Of
                  Responsive Documents.
23

24          Stephens Media's only objection to Request No. 36 about formation of Righthaven reads:

25   "The foregoing document Request is overbroad and unduly burdensome *insofar as* **it is asking**

26   **Stephens Media to produce documents *from* a wholly separate entity**" (emphases added).  In

27   other words, it objected that it need not produce documents to the extent they were in the

28   possession of others.  Stephens Media's next sentence stated:  "Without waiving the foregoing

1    objections, Stephens Media is **not in possession of responsive documents**" (emphasis added).  A

2    month and a half later, however, Stephens Media revealed that its initial response was false—that

3    it actually *is* in possession of responsive documents found by Mr. Hinueber, but is withholding

4    them.  Webb Decl. ¶ 16, Exh. Q.  Nonetheless, Stephens Media still refuses to produce these

5    documents or disclose them in a privilege log, instead asserting its position that such documents

6    are "not 'otherwise discoverable'" based on Stephens Media's previously asserted objections.  *Id.*

7    ¶ 18, Exh. S.  But this objection was only applicable "insofar as" the documents were in another

8    entity's possession.  *Id.* ¶ 10, Exh. K.  Stephens Media's possession of relevant documents

9    renders its objection moot, and renders its refusal to produce utterly improper.

10          Moreover, as Stephens Media has demonstrated by production of the Operating

11   Agreement, it is able to obtain relevant documents in SI Content Monitor's control as well.

12   Request No. 53 seeks all communications between Stephens Media and Jackson Farrow, SI

13   Content Monitor's general counsel.  As discussed below in Section III.C, Stephens Media has

14   waived its objection as to privilege, its only objection to this Request.  Thus, Stephens Media

15   should be ordered to produce all responsive documents from SI Content Monitor, not merely the

16   Operating Agreement, and it should include any documents claimed to be privileged but not

17   timely logged in this case.

18          **B.      Righthaven and Stephens Media Must Produce Documents Related to The**
              **Assignment of Rights In The News Article, Including Communications About**
19            **the SAA.**

20          Equally as relevant to the claims and defenses in this action are documents relating to the

21   assignment of rights in the News Article, including communications relating to and called for

22   under the SAA.  The SAA contemplates:  (i) that Stephens Media would make a "Searching

23   Decision" about searches for potential copyrights to be enforced (¶ 3.1); (ii) that Stephens Media

24   would make a "Material Risk Conclusion" in relation to assignment of copyrights (*id.*); (iii) that

25   Righthaven would provide an "Infringement Notice" to Stephens Media prompting assignment of

26   copyrights (*id.*);  (iv) that Stephens Media would provide a "Copyright Assignment Notice"

27   within five days of each assignment, triggering duties by Righthaven (¶ 7.1); (v) that Righthaven

28   would supply a "Remediation Option Notice" of its intention to sue or not on infringed copyrights

1   (¶ 3.3); (vi) that Stephens Media would have a right to supply a "Declination Notice" preventing

2   suit within five days of receipt of the "Remediation Option Notice" (*id.*); and (vii)  that Stephens

3   Media would cooperate fully with Righthaven with respect to the Infringement Action (¶ 9.6).

4   Presumably there would also be emails or other written records of communications between

5   Righthaven and Stephens Media (or its subsidiaries) reflecting these activities.   All of this

6   information relating to that assignment is undoubtedly within the scope of Rule 26 discovery.

7   None of it has been produced.

8          Democratic Underground's First Requests for Production of Documents contain several

9   requests encompassing these topics.  As to Stephens Media, though all objections have been

10  resolved during the meet and confer process, it has only produced the SAA and one

11  "Assignment," without any of the surrounding documents or communications, internal or with

12  Righthaven.  In addition, though the SAA controls the relationship at issue, Stephens Media has

13  failed to produce any documents leading up to the SAA, or negotiating terms in the SAA, nor has

14  it produced a privilege log identifying such communications.

15         Righthaven's response has been even worse.  It has not produced any documents

16  whatsoever, in blatant disregard of the discovery process as well as its own repeated

17  commitments that it would be producing documents.

18         Pursuant to Local Rule 26-7(a), the full text of the discovery originally sought and the

19  responses thereto appears below:

20         **DOCUMENT REQUEST NO. 3 TO RIGHTHAVEN:**
            ALL DOCUMENTS concerning any potential or actual assignment of rights in the
21          NEWS ARTICLE to Righthaven.

22         **RESPONSE:**

23          Righthaven objects to this request on the grounds that the definitions of
            "DOCUMENTS" and "Righthaven" are vague, ambiguous, overly broad
            and impose compliance requirements outside of those authorized under
24          Rule 34.  Righthaven also objects to this request as vague, ambiguous and
            compound in it [sic] use of the phrase "concerning any potential or actual
25          assignment of the rights."  Righthaven additionally objects to this request
            on the grounds that it calls for the production of materials protected from
26          discovery under the attorney work product doctrine and/or attorney client
            privilege.  Righthaven further objects to this request on the ground that it
27          potentially calls for the disclosure of confidential and/or proprietary
            information and the parties have yet to enter into an agreeable Stipulated
28          Protective Order in this case.  As such, no protective order one [sic] has

1  been entered by the Court under which an appropriate confidentiality
   designation, if any, could be applied to responsive materials to the extent
2  such materials exist.

3  Subject to the foregoing objections, Righthaven has attached materials to
   the Complaint and to publicly available filings in this matter that are
4  potentially responsive to this request.  These materials are already in the
   possession of Democratic Underground's counsel.  If required, Righthaven
5  will make these same materials available for inspection and copying or
   otherwise arrange for their production.

6
   **SUPPLEMENTAL RESPONSE:**
7  Righthaven supplements it [sic] prior response to this request by directing
   Democratic Underground to the materials attached to the Complaint and to
8  the materials attached to its publicly available filings in this matter, which
   contain materials responsive to this request.  These materials are already in
9  the possession of Democratic Underground's counsel.  If required,
   Righthaven will make these same materials available for inspection and
10 copying or otherwise arrange for their production.  Righthaven is in the
   process of reviewing potentially responsive material to this request for
11 designation under the Stipulated Protective Order entered in this action.
   Righthaven will produce any materials designated by it or make such
12 designated materials available for inspection and copying on a mutually
   agreeable date and time.  Should Righthaven locate any additional
13 materials responsive to this request during the course of litigation, it will
   supplement this response and make said materials available for inspection
14 and copying or otherwise arrange for their production following their
   review for appropriate designation under the Stipulated Protective Order.
15 Righthaven additionally directs Democratic Underground to the July 19,
   2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM
16 000078-94), which have been previously produced in this action by
   Stephens Media.
17
   **DOCUMENT REQUEST NO. 3 TO STEPHENS MEDIA:**
18 ALL DOCUMENTS concerning any assignment of rights in the NEWS ARTICLE
   to Righthaven.
19
   **RESPONSE:**
20 Objection.  The information sought by this Document Request seeks
   confidential business and/or commercially sensitive information.
21 Additionally, to the extent any [such] information sought by this Document
   Request is the subject of legitimate discovery in this action, Stephens
22 Media will only produce such information once a binding protective order
   is in place.  Plaintiff/Counterdefendant Righthaven, LLC drafted a
23 proposed protective order and sent it to DU for its comments on
   December 7, 2010.  DU did not respond until two judicial days before the
24 due date for these Responses.  Without waiving the foregoing objections,
   *see* July 19, 2010 Assignment and News Article previously produced
25 herein.

26 **SUPPLEMENTAL RESPONSE:**
   Without waiving the foregoing objections, *see* Strategic Alliance
27 Agreement, Bates Nos. SM000078-94.

28

**DOCUMENT REQUEST NO. 4 TO RIGHTHAVEN:**
ALL DOCUMENTS reflecting any COMMUNICATIONS between Righthaven and any other PERSON or entity RELATING TO assignment or reversion of rights in the NEWS ARTICLE.

**RESPONSE:**
Righthaven objects to this request on the grounds that the definitions of "DOCUMENTS," "COMMUNICATIONS," "Righthaven," "PERSON," and "RELATING TO" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven also objects to this request as vague, ambiguous and compound in it [sic] use of the phrases "reflecting any" and "assignment or reversion rights."  Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege.
Righthaven further objects to this request on the ground that it potentially calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case.  As such, no protective order one [sic] has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

Subject to the foregoing objections, Righthaven has attached materials to the Complaint and to publicly available filings in this matter that are potentially responsive to this request.  These materials are already in the possession of Democratic Underground's counsel.  If required, Righthaven will make these same materials available for inspection and copying or otherwise arrange for their production.

**SUPPLEMENTAL RESPONSE:**
Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions of "COMMUNICATIONS," and "RELATING TO" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven also objects to this request as vague, ambiguous and compound in it [sic] use of the phrases "reflecting any" and "assignment or reversion rights."

Subject to the foregoing, Righthaven supplements it [sic] prior response to this request by directing Democratic Underground to the materials attached to the Complaint and to the materials attached to its publicly available filings in this matter, which contain materials responsive to this request. These materials are already in the possession of Democratic Underground's counsel.  If required, Righthaven will make these same materials available for inspection and copying or otherwise arrange for their production. Righthaven is in the process of reviewing potentially responsive material to this request for designation under the Stipulated Protective Order entered in this action.  Righthaven will produce any materials designated by it or make such designated materials available for inspection and copying on a mutually agreeable date and time.  Should Righthaven locate any additional materials responsive to this request during the course of litigation, it will supplement this response and make said materials available for inspection and copying or otherwise arrange for the production following their review for appropriate designation under the Stipulated Protective Order. Righthaven additionally directs Democratic Underground to the July 19,

1   2010 Assignment and the Strategic Alliance Agreement (Bates Nos.
    SM 000078-94), which have been previously produced in this action by
2   Stephens Media.

3   **DOCUMENT REQUEST NO. 4 TO STEPHENS MEDIA:**
    ALL DOCUMENTS reflecting any COMMUNICATIONS between Righthaven
4   and any other PERSON or entity, including YOU, RELATING TO assignment or
    reversion of rights in the NEWS ARTICLE.

5
    **RESPONSE:**
6   Objection.  The information sought by this Document Request seeks
    confidential business and/or commercially sensitive information.
7   Additionally, to the extent any [such] information sought by this Document
    Request is the subject of legitimate discovery in this action, Stephens
8   Media will only produce such information once a binding protective order
    is in place.  Plaintiff/Counterdefendant Righthaven, LLC drafted a
9   proposed protective order and sent it to DU for its comments on
    December 7, 2010.  DU did not respond until two judicial days before the
10  due date for these Responses.  The Document Request also seeks material
    that may be protected by the attorney-client and work product privileges.

11
    Without waiving the foregoing objections, Stephens Media is not aware of
12  any documents responsive to this Request but will supplement the same
    upon the entry of a Stipulated Protective Order if responsive documents are
13  located.

14  **DOCUMENT REQUEST NO. 10 TO RIGHTHAVEN:**
    ALL DOCUMENTS that refer or RELATE TO any "right of reversion" referenced
15  in the JULY 19, 2010 ASSIGNMENT.

16  **RESPONSE:**
    Righthaven objects to this request on the grounds that the definitions of
17  "DOCUMENTS" and "refer or RELATE TO" are vague, ambiguous,
    overly broad and impose compliance requirements outside of those
18  authorized under Rule 34.  Righthaven additionally objects to this request
    on the grounds that it calls for the production of materials protected from
19  discovery under the attorney work product doctrine and/or attorney client
    privilege.  Righthaven further objects to this request on the ground that it
20  potentially calls for the disclosure of confidential and/or proprietary
    information and the parties have yet to enter into an agreeable Stipulated
21  Protective Order in this case.  As such, no protective order one [sic] has
    been entered by the Court under which an appropriate confidentiality
22  designation, if any, could be applied to responsive materials to the extent
    such materials exist.

23
    Subject to the foregoing objections, Righthaven has attached materials to
24  the Complaint and to publicly available filings in this matter that are
    potentially responsive to this request.  These materials are already in the
25  possession of Democratic Underground's counsel.  If required, Righthaven
    will make these same materials available for inspection and copying or
26  otherwise arrange for their production.

27  **SUPPLEMENTAL RESPONSE:**
    Righthaven supplements its prior response to this request by objecting to it
28  on the grounds that the phrase "refer or RELATE TO" is vague,

ambiguous, overly broad and impose [sic] compliance requirements outside of those authorized under Rule 34.

Subject to the foregoing, Righthaven additionally directs Democratic Underground to the July 19, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM 000078-94), which have been previously produced in this action by Stephens Media. Righthaven is presently unaware of the existence of any additional materials responsive to this request. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 41 TO RIGHTHAVEN:**
ALL COMMUNICATIONS between YOU and Mark Hinueber.

**RESPONSE:**
Righthaven objects to this request on the grounds that the definitions of "COMMUNICATIONS" and "YOU" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven also objects to this request as overly broad as it is not limited to any particular time period. As such, Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Moreover, this request may invade the privacy rights of third parties. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order one [sic] has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**SUPPLEMENTAL RESPONSE:**
Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions [sic] of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34. Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action.

Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure. Righthaven additionally directs Democratic Underground to the July 29, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media.

**DOCUMENT REQUEST NO. 42 TO RIGHTHAVEN:**
ALL COMMUNICATIONS between YOU and Jackson Farrow.

**RESPONSE:**

Righthaven objects to this request on the grounds that the definitions of "COMMUNICATIONS" and "YOU" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven also objects to this request as overly broad as it is not limited to any particular time period. As such, Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action. Righthaven additionally objects to this request on the grounds that it calls for the production of materials protected from discovery under the attorney work product doctrine and/or attorney client privilege. Moreover, this request may invade the privacy rights of third parties. Righthaven further objects to this request on the ground that it calls for the disclosure of confidential and/or proprietary information and the parties have yet to enter into an agreeable Stipulated Protective Order in this case. As such, no protective order one [sic] has been entered by the Court under which an appropriate confidentiality designation, if any, could be applied to responsive materials to the extent such materials exist.

**SUPPLEMENTAL RESPONSE:**

Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions [sic] of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34. Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action.

Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 10 TO STEPHENS MEDIA:**

ALL DOCUMENTS that refer or RELATE TO any "right of reversion" referenced in the JULY 19, 2010 ASSIGNMENT.

**RESPONSE:**

Objection. The information sought by this Document Request seeks confidential business and/or commercially sensitive information. Additionally, to the extent any such information is sought by this Document Request is the subject of legitimate discovery in this action, Stephens Media will only produce such information once a binding protective order is in place. Plaintiff/Counterdefendant Righthaven, LLC drafted a proposed protective order and sent it to DU for its comments on December 7, 2010. DU did not respond until two judicial days before the due date for these Responses. Without waiving the foregoing objections, *see* July 19, 2010 Assignment previously produced herein.

**SUPPLEMENTAL RESPONSE:**

Without waiving the foregoing objections, *see* Strategic Alliance Agreement, Bates Nos. SM000078-94.

1

**DOCUMENT REQUEST NO. 53 TO STEPHENS MEDIA:**
ALL COMMUNICATIONS between YOU and Jackson Farrow.

2

**RESPONSE:**

3

Objection.  The foregoing document Request is overbroad and unduly
burdensome as it is not limited in time or scope.  The foregoing Document

4

Request seeks material protected by the common interest theory of the
attorney-client privilege.  *See, e.g., Nidec Corp. v. Victor Company of*

5

*Japan,* 249 F.R.D. 575, 578 (N.D. Cal. 2007).  Without waiving the
foregoing objections, Stephens Media has not located any non-privileged

6

documents responsive to this Request.  To the extent privileged
communications responsive to this Request regarding the subject lawsuit

7

exist, Stephens Media will provide an appropriate privilege log.

8

**DOCUMENT REQUEST NO. 69 TO STEPHENS MEDIA:**
ALL DOCUMENTS that refer or RELATE TO the facts underlying YOUR

9

statement on page 2 of Docket 38 that "Stephens Media's involvement with
Righthaven…is limited to its role as the assignor of the subject copyright."

10

**RESPONSE:**

11

Objection.  The information sought by this Document Request seeks
confidential business and/or commercially sensitive information.

12

Additionally, to the extent any [such] information sought by this Document
Request is the subject of legitimate discovery in this action, Stephens

13

Media will only produce such information once a binding protective order
is in place.  Plaintiff/Counterdefendant Righthaven, LLC drafted a

14

proposed protective order and sent it to DU for its comments on December
7, 2010.  DU did not respond until two judicial days before the due date for

15

these Responses.  Without waiving the foregoing objections, *see* July 19,
2010 Assignment and News Article previously produced herein.

16

**SUPPLEMENTAL RESPONSE:**

17

Without waiving the foregoing objections, *see* Strategic Alliance
Agreement, Bates Nos. SM000078-94.

18

19

    1.    Stephens Media's Confidentiality Objections Are Moot Since Entry of the
Stipulated Protective Order.

20

       Stephens Media's sole objection to the four requests above, which each seek information

21

relevant to the assignment of the News Article at issue in this action, is that a protective order had

22

not been entered in this case.  Since entry of the Stipulated Protective Order on February 14,

23

2010, this objection is moot.  Dkt. 65; *see Koninklijke Philips Elecs. N.V,* 2007 U.S. Dist. LEXIS

24

17540, at *15 ("a stipulated protective order regarding the production of confidential and

25

proprietary information has been entered in this case.  Therefore Defendants' objection to

26

producing documents based on the proprietary or confidential nature of the requested information

27

[is] overruled, and Defendants are required to produce relevant documents or information").

28

       It is inconceivable that Stephens Media does not have additional responsive documents,

1    given those specifically *required* to be *created by Stephens Media* or to be *sent to Stephens Media*

2    under the SAA.  *See* SAA, ¶¶ 3.1, 3.3, 7.1.  If it claims that it does not possess such documents

3    because they are in the hands of "SI Content Monitor," this could only be by virtue of SI Content

4    Monitor acting as Stephens' Media's agent under the SAA—a relationship that certainly allows

5    Stephens Media to obtain and produce the documents itself (as it did with the Operating

6    Agreement).   Accordingly, the Court should order Stephens Media to produce all documents in

7    its possession, custody and control within ten days of its order, including those in the possession

8    of SI Content Monitor, responsive to these requests.

9                    2.    Righthaven Has Improperly Failed to Produce Relevant Documents.

10          In its Supplemental Responses, Righthaven engages in a game of "directing Defendants"

11   to the SAA document produced by Stephens Media and to documents attached to its pleadings,

12   without actually producing any documents.  Righthaven's response also claims it will produce

13   documents it chooses to "designate"—notably, not all responsive documents—at a date uncertain,

14   depending on when it chooses to review them.  Webb Decl. ¶ 27, Exh. CC.  Righthaven has had

15   long enough—over four months—to locate and review documents.  Righthaven's assertion that it

16   will produce documents on a "mutually agreeable date and time" is demonstrably false.

17   Righthaven previously chose, unilaterally, the dates for its compliance, but then failed,

18   repeatedly, to meet even its own schedule.  *Id.*  Righthaven's last "promise" of a date to provide

19   documents was that it would provide them "when they are located."  *Id.* ¶ 24, Exh. Y.

20   Defendants have been more than patient; there is no excuse for such game playing in this case.

21          Accordingly, Righthaven should be ordered to produce within ten days all documents in

22   the categories identified.

23       **C.    Righthaven and Stephens Media Have Waived Their Objections Based on the**
         **Attorney-Client or Work-Product Privileges By Failing To Produce A**
24       **Privilege Log.**

25          This Court has repeatedly held that where, as here, a party fails to produce a privilege log,

26   that party's objections based on privilege are waived.  *See Koninklijke Philips Elecs. N.V.,* 2007

27   U.S. Dist. LEXIS 17540, at * 14 (Foley, J.); *Akers v. Keszei,* 2009 U.S. Dist. LEXIS 106247, at *

28   8-9 (D. Nev. Oct. 27, 2009) (Foley, J.).  The "party asserting the attorney-client privilege has the

1   burden of making a *prima facie* showing that the privilege protects the information" and must

2   produce a privilege log or affidavits supporting application of the work product doctrine or

3   demonstrating attorney-client privilege. *Koninklijke Philips Elecs.,* 2007 U.S. Dist. LEXIS

4   17540, at *14.  Where Defendants do not provide privilege logs or affidavits supporting their

5   generalized objections based on privilege, the party waives its privilege objections. *Id.*; *Akers,*

6   2009 U.S. Dist. LEXIS 106247, at *8-9, n. 2 (finding plaintiff's privilege objection waived as

7   improper where plaintiff had not produce a privilege log).

8          Beyond this general obligation to produce a log, however, the failure of Stephens Media

9   and Righthaven in this case is also a direct violation of the Court's scheduling order, which

10   specifically ordered production of a log no later than February 8.  *See* Order, Dkt. 54 ("A party. . .

11   shall submit a detailed privilege log detailing the nature of the privilege or the basis for the item's

12   or items' protection as trial preparation material.  Such a privilege log shall be limited to

13   communications prior to the commencement of this action, and shall be produced within (21)

14   days following the date that the documents memorialized in the privilege log were to be produced

15   by the party from whom discovery is being sought.").  Because generalized objections are

16   improper without submission of a privilege log, Righthaven and Stephens Media have waived all

17   objections based on privilege, and the Court should so order on this motion.  *Koninklijke Philips*

18   *Elecs.,* 2007 U.S. Dist. LEXIS 17540 at *14.

19          That the waiver here should be enforced finds further support in two other facts.  First,

20   Defendants are not belatedly springing some trap upon Righthaven or Stephens Media; rather

21   Defendants have been requesting privilege logs for three months, repeatedly reminding of the

22   Court's prior order, only to have Righthaven and Stephens Media thumb their noses.  *See, e.g.,*

23   Webb Decl. ¶¶ 8, 11, 13, 17, 19, 20, 22, 23, 25, 28, 29, Exhs. G, H, L, N, R, T, U, W, X, Z, DD,

24   EE.  Second, the deliberate stalling of resolution of privilege issues has been in pursuit of tactical

25   advantage.  Both Righthaven and Stephens Media apparently hoped to shield the nature of their

26   relationship behind a claim of "common interest" privilege—apparently including within that

27   privilege communications about the formation of Righthaven and the assignments that

28   Defendants assert are a sham. *Id.* ¶¶ 10, 18, Exhs. K, S.  But they have a problem doing so:  to

1   claim joint conduct further substantiates Defendants' claim of agency and sham and undermines

2   their claim that they were engaged in any sort of arms' length, genuine transaction.  Despite

3   Defendants' Requests for documents that might substantiate or refute their common interest,

4   Righthaven and Stephens Media have failed to produce any responsive documents.

5           Pursuant to Local Rule 26-7(a), the full text of the discovery originally sought and the

6   responses thereto appears below:

7   ### DOCUMENT REQUEST NO. 7 TO RIGHTHAVEN:
    ALL DOCUMENTS concerning any joint defense, common interest, or other
8   agreements for cooperation in litigation or preservation of privileges between
    Righthaven and Stephens Media.

9
    ### RESPONSE:
10      Righthaven objects to this request on the grounds that the definitions of
        "DOCUMENTS," "Righthaven," and "Stephens Media" are vague,
11      ambiguous, overly broad and impose compliance requirements outside of
        those authorized under Rule 34.  Righthaven also objects to this request as
12      vague, ambiguous and compound in its use of the phrases "concerning
        any," "joint defense, common interest, or other agreements for cooperation
13      in litigation" and "or preservation of privileges." Righthaven additionally
        objects to this request on the grounds that it calls for the production of
14      materials protected from discovery under the attorney work product
        doctrine and/or attorney client privilege.  Righthaven further objects to this
15      request on the grounds that it potentially calls for the disclosure of
        confidential and/or proprietary information and the parties have yet to enter
16      into an agreeable Stipulated Protective Order in this case.  As such, no
        protective order one [sic] has been entered by the Court under which an
17      appropriate confidentiality designation, if any, could be applied to
        responsive materials to the extent such materials exist.

18
    ### SUPPLEMENTAL RESPONSE:
19      Righthaven supplements it [sic] response to this request by objecting to it
        as vague, ambiguous and compound in it [sic] use of the phrases
20      "concerning any," "joint defense, common interest, or other agreements for
        cooperation in litigation" and "preservation of privileges."  Subject to these
21      objections, Righthaven is reviewing material in its possession that may be
        responsive to this request.  Righthaven will produce, or make available for
22      inspection and copying, any material deemed to be responsive to this
        request after it is [sic] been assigned an appropriate designation, if any,
23      under the Stipulated Protective Order entered in this action.

24  ### DOCUMENT REQUEST NO. 7 TO STEPHENS MEDIA:
    ALL DOCUMENTS concerning any joint defense, common interest, or other
25  agreements for cooperation in litigation or preservation of privileges between
    Righthaven and Stephens Media.

26
    ### RESPONSE:
27      Objection.  The foregoing document Request seeks material protected by
        the common interest theory of the attorney-client privilege.  *See, e.g.,*
28      *Nidec Corp. v. Victor Company of Japan,* 249 F.R.D. 575, 578 (N.D. Cal.

1
2
3

2007).  Without waiving the foregoing objections, Stephens Media has not located any non-privileged documents responsive to this Request.  To the extent privileged communications responsive to this Request regarding the subject lawsuit exist, Stephens Media will provide an appropriate privilege log.

4  Despite responding that they would produce and/or log documents responsive to this

5  Request, Stephens Media and Righthaven have refused to produce any such documents or to

6  provide a privilege log.  By refusing even to identify what privileges were being claimed, and as

7  to what documents, Righthaven and Stephens Media intentionally halt the difficult process for

8  resolving those issues.  The just consequence for such conduct is to treat the privilege as waived.

9  **IV.**      **CONCLUSION**

10  For these reasons, Defendant Democratic Underground respectfully requests that this

11  Court grant Defendant's Motion to Compel Production of Documents from Stephens Media on

12  Requests 3, 4, 7, 10, 36, 53 and 69 and from Righthaven on Requests 3, 4, 7, 10, 41, 42 and 58.

13  The Court should order all documents in their possession, custody and control, including those in

14  the control of their agents including SI Content Monitor, produced within ten days of its order.

15  And the Court should order that all privileges have been waived as to these categories and as to

16  any responsive materials within the scope of the Court's order.

17  Dated:  April 28, 2011                           FENWICK & WEST LLP

18

19                                                          By:  ____/s/ *Clifford C. Webb*_____
20                                                                CLIFFORD C. WEBB

21                                                          Attorneys for Defendant and Counterclaimant
22                                                          DEMOCRATIC UNDERGROUND, LLC, and
                                                            Defendant DAVID ALLEN

23

24

25

26

27

28