LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:    (415) 875-2300
Facsimile:    (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:    (415) 436-9333
Facsimile:    (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:    (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>          Plaintiff,<br>  v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>          Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>          Counterclaimant,<br>  v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>          Counterdefendants. | Case No. 2:10-01356-RLH (GWF)<br><br>**DECLARATION OF CLIFFORD C. WEBB IN SUPPORT OF DEFENDANT DEMOCRATIC UNDERGROUND LLC'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS** |

I, Clifford C. Webb, declare as follows:

1. I am an attorney licensed to practice law in the state of California and an associate at Fenwick & West, LLP, counsel for Defendant/Cross-Complainant Democratic Underground, LLC and Defendant David Allen (hereinafter "Defendants") in this matter. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.

2. Attached hereto as Exhibit A is a true and correct copy of the Strategic Alliance Agreement between Righthaven and Stephens Media that was one of the few documents produced by Stephens Media in discovery and that was recently made public by Chief Judge Hunt's Order unsealing the record of it in this case.

3. To date, Righthaven has not produced any documents in this action. Stephens Media has produced only 14 documents, including only one email, and has not produced any communications between itself and Righthaven (other than the SAA) or SI Content Monitor relating to the assignment of rights to Righthaven or to the formation of Righthaven. The history of the meet and confer efforts in this case are as follows.

**A.     Initial Document Requests and Meet and Confer Calls.**

4. On December 17, 2010 counsel for Defendants served "Defendant and Counterclaimant Democratic Underground LLC's First Set of Requests for Production of Documents to Counterdefendant Stephens Media LLC" and "Defendant and Counterclaimant Democratic Underground LLC's First Set of Requests for Production of Documents to Plaintiff and Counterdefendant Righthaven LLC" (collectively, "First Sets of Requests for Production" on Stephens Media and Righthaven respectively. Responses were due on January 18, 2011. True and correct copies of the First Sets of Requests for Production are attached hereto as Exhibits B and C.

5. Stephens Media served responses on January 18, 2011. Stephens Media did not produce any documents. A true and correct copy of Counterdefendant Stephens Media, LLC's Responses to Defendant and Counterclaimant Democratic Underground, LLC's First Set of Requests for Production of Documents is attached hereto as Exhibit D.

6. Righthaven's responses were also due on January 18, 2011. Defendants received Responses from Righthaven by mail on January 21, 2011, with a postmark date of January 19. A true and correct copy of Plaintiff and Counterdefendant Righthaven's Responses to Defendant and Counterclaimant Democratic Underground, LLC's First Set of Requests for Production of Documents is attached hereto as Exhibit E (including the proof of service signed by Shawn Mangano, Righthaven's counsel, which, notwithstanding the postmark, states that he personally mailed the documents on January 18). A true and correct copy of an email dated January 21, 2011 from Shawn Mangano to Jennifer Johnson, counsel for Defendants, in which Mr. Mangano states: "Righthaven was handling their service. If they did not go out electronically, then they may have only gone out via U.S. Mail. I know they were prepared by me and provided to Righthaven to print out and serve." is attached hereto as Exhibit F.

7. Between January 21 and February 3, 2011, Jennifer Johnson, my colleague at Fenwick & West and also counsel for Defendants, made numerous attempts to set up a date to meet and confer with Mr. Mangano and with counsel for Stephens Media, Colby Williams. Counsel finally agreed to meet and confer separately via telephone on February 10, 2011.

8. On February 10, 2011 Ms. Johnson and Kurt Opsahl, counsel for Defendants, met and conferred with Mr. Mangano regarding Righthaven's responses and with Mr. Williams regarding Stephens Media's responses. Counsel for Defendants sent a meet and confer letter to each of the parties memorializing the meet and confer calls, which recounts that during the telephone calls, the parties resolved some of Righthaven's and Stephens Media's objections, and Defendants agreed to narrow certain requests in scope. Attached hereto as Exhibit G is a true and correct copy of Defendants' February 10, 2011 letter to Righthaven. Attached hereto as Exhibit H is a true and correct copy of Defendants' February 10, 2011 letter to Stephens Media.

9. Attached hereto as Exhibit I is a true and correct copy of the February 16, 2011 email from Ms. Johnson to Mr. Mangano clarifying the February 10, 2011 meet and confer letter. Attached hereto as Exhibit J is a true and correct copy of the February 16, 2011 email from Ms. Johnson to Mr. Williams clarifying the February 10, 2011 meet and confer letter.

**B.     Unsuccessful Efforts To Resolve Disputes with Stephens Media.**

10.     On February 28, 2011, Stephens Media served Defendants with Counterdefendant Stephens Media, LLC's First Supplemental Responses to Defendant and Counterclaimant Democratic Underground, LLC's First Set of Requests for Production of Documents, a true and correct copy of which is attached hereto as Exhibit K.  Stephens Media also sent a production of 14 documents, which included one email between Stephens Media and Righthaven and the Strategic Alliance Agreement between Righthaven and Stephens Media, among other things.

11.     Attached hereto as Exhibit L is a true and correct copy of Ms. Johnson's email to Mr. Williams dated March 1, 2011, which identifies documents not received from Stephens Media, including the Operating Agreement described in the SAA, and which inquires about Stephens Media's privilege log.

12.     Attached hereto as Exhibit M is a true and correct copy of an email dated March 9, 2011 from Mr. Williams to Ms. Johnson stating that he believes documents are in the possession of SI Content Monitor, LLC and that Mr. Hinueber, Stephens Media's general counsel expects to complete review of his documents "by Friday," March 11.

13.     Attached hereto as Exhibit N is a true and correct copy of an email dated March 11, 2011 from Ms. Johnson to Mr. Williams regarding Stephens Media's claim not to have possession of the Operating Agreement.

14.     Attached hereto as Exhibit O is a true and correct copy of an email dated March 17, 2011 from Mr. Williams to Ms. Johnson stating that he will get back to Ms. Johnson the next day regarding SI Content Monitor.

15.     Attached hereto as Exhibit P is a true and correct copy of an email dated March 21, 2011 from Ms. Johnson to Mr. Williams asking about the status of documents from SI Content Monitor and from Mr. Hinueber.

16.     Attached hereto as Exhibit Q is a true and correct copy of an email dated March 22, 2011 from Mr. Williams to Ms. Johnson stating that he was able to obtain a copy of the Operating Agreement from SI Content Monitor and that Mr. Hinueber's documents were not "otherwise discoverable" based on objections previously set forth by Stephens Media.

17.     Attached hereto as Exhibit R is a true and correct copy of an email dated March 22, 2011 from Ms. Johnson to Mr. Williams in which Ms. Johnson listed Requests to which Mr. Hinueber's documents would be relevant and detailing how each of Stephens Media's objections to these requests had been resolved.

18.     Attached hereto as Exhibit S is a true and correct copy of an email dated March 22, 2011 from Mr. Williams to Ms. Johnson in which Mr. Williams maintains his objection and states that Stephens Media will not produce the documents unless the Court "rules that any of the subject documents are 'otherwise discoverable' despite the asserted objections."

### C.     Unsuccessful Efforts To Resolve Disputes With Righthaven.

19.     On February 23, Ms. Johnson emailed Mr. Mangano asking about Righthaven's supplemental responses, which were promised for February 20, and requesting that Mr. Mangano serve them by email. Attached hereto as Exhibit T is a true and correct copy of Ms. Johnson's February 23, 2011 email to Mr. Mangano.

20.     On February 25, Ms. Johnson emailed Mr. Mangano stating, "We have still not received supplemental discovery responses from Righthaven.  We have also not received any documents from Righthaven, or a privilege log.  You agreed to have us a privilege log and non-confidential documents by today.  You agreed to produce confidential documents 7-10 days after entry of the protective order.  10 days was yesterday.  We expect to hear back from you today as to when we will be receiving this information."  A true and correct copy of this email is attached hereto as Exhibit U.

21.     That same day, Mr. Mangano replied that he would try to "have all of the issues addressed by Wednesday," i.e. March 2.  Attached hereto as Exhibit V is a true and correct copy of Mr. Mangano's February 25 email to Ms. Johnson.

22.     Attached hereto as Exhibit W is a true and correct copy of Ms. Johnson's February 26, 2011 email replying to Mr. Mangano stating, "The meet and confer process does not work if we accept your agreements and they are then not fulfilled.  Are you committing to send us by email everything described in my email below, including the privilege log, by Wednesday?" Mr. Mangano never replied.

1  23. On March 3, 2011, Ms. Johnson emailed Mr. Mangano regarding the status of
2  Righthaven's supplemental responses, document production and privilege log. Attached hereto as
3  Exhibit X is a true and correct copy of Ms. Johnson's March 3, 2011 email to Mr. Mangano.

4  24. Mr. Mangano replied that he would produce documents "when they are located"
5  and promised that privileged materials would be included in a privilege log. Attached hereto as
6  Exhibit Y is a true and correct copy of this March 3, 2011 email from Mr. Mangano to Ms
7  Johnson.

8  25. Ms. Johnson again asked Mr. Mangano for a date certain as to when Righthaven
9  would complete its agreed upon document production and privilege log, listing the dates as to
10 when each of these should have been produced. Attached hereto as Exhibit Z is a true and correct
11 copy of Ms. Johnson's March 3, 2011 email to Mr. Mangano asking for a date certain for
12 Righthaven's production and privilege log.

13 26. Attached hereto as Exhibit AA is Mr. Mangano's March 3 email to Ms. Johnson
14 stating that his delay was due to "busy briefing schedule and court appearances," that "you will
15 get your privilege log shortly." Attached hereto as Exhibit BB is a true and correct copy of Ms.
16 Johnson's reply email to Mr. Mangano.

17 27. Righthaven mailed its supplemental responses to Defendants on March 3, 2011.
18 Attached hereto as Exhibit CC is a true and correct copy of Plaintiff and Counterdefendant
19 Righthaven LLC's First Supplemental Response to Defendant and Counterclaimant Democratic
20 Underground, LLC's First Set of Requests for Production of Documents. It did not provide—and
21 still has not provided, any documents or privilege log.

22 28. On March 10, 2011, Ms. Johnson sent Mr. Mangano a letter detailing the status of
23 the parties' meet and confer to date and requesting that Mr. Mangano contact counsel for
24 Defendants within a week if he believed any particular disagreement detailed in the letter could
25 potentially benefit from further oral discussion. Mr. Mangano did not reply. Attached hereto as
26 Exhibit DD is a true and correct copy of Ms. Johnson's March 10, 2011 letter to Mr. Mangano.

27 29. On March 24, 2011 Ms. Johnson sent another email inquiring about the documents
28 and privilege log to Mr. Mangano. Mr. Mangano has not since replied regarding documents or

CLIFFORD WEBB DECL. ISO
DEFENDANT'S MOTION TO COMPEL         5         CASE NO. 2:10-CV-01356-RLH (GWF)

1  the privilege log.  Attached hereto as Exhibit EE is a true and correct copy of Ms. Johnson's

2  March 24, 2011 email to Mr. Mangano.

3       30.    Attached hereto as Exhibit FF is a true and correct copy of Ron Breeding,

4  *Arkansas newspapers get serious about copyright enforcement,* KUAR FM 89.1 (Sept. 29, 2010),

5  previously available at www.publicbroadcasting.net/kuar/news.newsmain/article/6346/0/1707036

6  / KUAR.Features/Arkansas.newspapers.get.serious.about.copyright.enforcement in which

7  Mr. Hinueber states, "I can tell Righthaven not to sue somebody."

8      I declare under penalty of perjury under the laws of the United States that the foregoing is

9  true and correct.  Executed on April 28, 2011, in San Francisco, California.

                                              /s/ *Clifford C. Webb*
                                              CLIFFORD C. WEBB