CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**COUNTER-DEFENDANT STEPHENS MEDIA LLC'S RESPONSE TO DEFENDANT/COUNTERCLAIMANT DEMOCRATIC UNDERGROUND'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DECLARATION IN SUPPORT THEREOF (#95, #96)** |



Counter-Defendant Stephens Media LLC ("Stephens Media") hereby submits its Response to the Motion to Compel Production of Documents and Declaration in Support Thereof (#95, #96) filed by Defendant/Counterclaimant Democratic Underground ("DU"). This Motion is based upon the pleadings and papers on file in this action, the declarations submitted herewith, and the Points and Authorities that follow.

## POINTS AND AUTHORITIES

### I. INTRODUCTION

DU seeks a court order compelling the production of documents related to: (1) the formation of Plaintiff Righthaven, LLC ("Righthaven"); (2) the execution of the Strategic Alliance Agreement ("SAA"); and (3) the assignment of the news article ("Assignment"). When considering DU's Motion, it is important to consider the following admonition from the United States Supreme Court:

> *In deciding whether a request comes within the discovery rules, a court is not required to blind itself to the purpose for which a party seeks information. Thus, when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery is properly denied.*

*Oppenheimer Fund Inc. v. Sanders,* 437 U.S. 340, 352 n. 17 (1978) (emphasis added).

Here, DU's counsel from the Electronic Frontier Foundation ("EFF") nakedly expresses its intent to use hoped-for rulings in this case as a mechanism to defeat every copyright infringement lawsuit filed by Righthaven. Indeed, DU's moving papers are littered with references to the supposed relevance of the requested documents to "hundreds of other actions Righthaven has filed." *See, e.g.,* Motion, pgs. 2, 3, 11. DU, as it has in several other filings, devotes much of its Motion to arguing the effect of the SAA on Righthaven's standing to assert

claims for copyright infringement in the first instance even though that issue has little to do with the matters presently before His Honor.[1]

It is, thus, ironic that DU's ability to present extensive arguments regarding the alleged dispositive effect of the executed SAA on Righthaven's standing to pursue this action actually undermines the central premise of its Motion to Compel, to wit: that it is entitled to all of the draft documents and communications leading up to the execution of the SAA in order to determine the agreement's meaning. Hornbook law teaches that such material would be inadmissible at trial under the parol evidence rule, and courts have denied discovery requests similar to DU's on this exact basis. Simply put, the instant Motion pertains to a limited discovery dispute in an action involving a single count of copyright infringement of a single news article ("News Article"). The alleged impact of the requested documents on collateral Righthaven matters is not an appropriate consideration here. With respect to this action, the basis upon which DU claims entitlement to the subject documents is utterly flawed as Stephens Media has already produced the documents relevant to the claims and defenses at issue herein. Accordingly, the Court should deny DU's Motion in its entirety.

## II.   FACTUAL BACKGROUND

At the risk of repeating certain of the details set forth in the undersigned's Declaration, Stephens Media must nonetheless respond to certain mischaracterizations contained in DU's Motion. On December 17, 2011, DU propounded extensive written discovery in the form of

---

[1] Stephens Media and Righthaven have recently responded to DU's arguments pertaining to the effect of the SAA and its alleged impact on various motions pending before the Court. *See* Counter-Defendant Stephens Media, LLC's Response to Defendants' Supplemental Memorandum (#99); Plaintiff Righthaven LLC's Response to Defendants' Supplemental Memorandum (#100); and Supporting Declarations of Steven Gibson and Mark Hinueber (#101, #102). For the sake of brevity, Stephens Media will refrain from repeating the same arguments here.

interrogatories, requests for admissions, and requests for production. *See* Declaration of J. Colby Williams ("Williams Decl."), ¶ 7. To say that the scope of DU's written discovery was irrelevant and overbroad given the narrow claim asserted in this matter would be an understatement. In particular, DU propounded approximately sixty-nine (69) requests for production of documents on subject matter that was largely unrelated to the News Article or the related copyright claim. *See* Declaration of Clifford C. Webb ("Webb Decl."), Exhibit C. Nevertheless, Stephens Media properly responded in a timely manner. *See* Williams Decl., ¶ 8.

In an attempt to minimize Stephens Media's cooperation in discovery, however, DU repeatedly asserts that Stephens Media has only produced 14 documents. *See, e.g.*, Motion at p. 6; Webb Decl., ¶¶ 3, 10. This is false. Rather, Stephens Media has produced approximately 161 documents in this proceeding. *See* Williams Decl., ¶ 5. These documents include Google Analytics data reflecting page views for the News Article, licensing agreements between Stephens Media and third parties, and policies concerning the Las Vegas *Review-Journal* website. *Id.* Stephens Media likewise produced the SAA and Righthaven Operating Agreement. *Id.* In light of the foregoing, DU's assertions that Stephens Media has been stonewalling discovery are baseless.

DU further implies that Stephens Media withheld the Righthaven Operating Agreement prior to its production. *See* Motion at pgs. 7-8, 11; Webb Decl., ¶ 13. This, too, is false. As a threshold matter, Stephens Media is not a member of Righthaven. Stephens Media is not a party to the Righthaven Operating Agreement, and did not have the document in its possession. *See* Williams Decl., ¶¶ 12-13. Instead, Stephens Media reached out to SI Content Monitor, LLC through the appropriate channels in an attempt to obviate the need for DU to issue a subpoena in Little Rock, Arkansas. *Id.* at ¶ 14; Exhibit "A," Letter of March 11, 2011. Further, the



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Righthaven Operating Agreement was produced immediately upon receipt. *See* Williams Decl., ¶ 16. That DU now seeks to capitalize on this courtesy and attack Stephens Media is reflective of its general approach to this proceeding.

Finally, DU repeatedly states that all of Stephens Media's objections were resolved during the meet-and-confer process. This is wrong. While the entry of the Stipulated Protective Order (#65) resolved some of Stephens Media's concerns regarding the confidential treatment of certain documents, the SPO did not resolve its objections as to relevance, undue burden, and scope. *See* Williams Decl., ¶ 9. Any assertion that Stephens Media agreed to produce the documents which are the subject of this Motion is likewise nonsense for the reasons discussed below.

### III. ARGUMENT

#### A. Legal Standard

As the Court well knows, Federal Rule of Civil Procedure 26 governs the present dispute. In pertinent part, this Rule provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). "However, the scope of discovery under the federal rules is not boundless; the requests must be relevant and cannot be unreasonably cumulative, duplicative, or unnecessarily burdensome in light of their benefit." *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 526 (D. Nev. 1997). As such, discovery of matter not "reasonably calculated to lead to the discovery of admissible evidence" is not permitted. Fed. R. Civ. P. 26(b)(1).

#### B. DU Is Not Entitled To Any Communications Concerning The Formation Of Righthaven, Creation Of The SAA, Or Assignment Of The News Article As They Are Irrelevant, Overbroad, And Unduly Burdensome.

DU nicely summarizes the discovery it seeks from Stephens Media as follows:

> Democratic Underground has a right to discovery of all documents that might bear on this supposed relationship [between Stephens Media and Righthaven], such as

> other ***communications*** about the assignment, ***communications*** leading to the formation of the SAA and negotiation of its terms, ***communications*** regarding the effectuation of the News Article or the relationship between Stephens Media and Righthaven, and so on.

*See* Motion, p. 5 (emphasis added). Indeed, the continual refrain in DU's Motion is that it is seeking and entitled to ***communications*** between Stephens Media and Righthaven in order to uncover the purpose of the Assignment, to shed light on the negotiations leading to the SAA, and the like. *See, e.g.*, Motion at pgs. 15, 17, 18, and 19.

DU then cherry-picks the following two requests for production when arguing that it is entitled to the subject communications:

**DOCUMENT REQUEST NO. 36:**

ALL DOCUMENTS referring or RELATING TO the creation of Righthaven, including, without limitation, ALL COMMUNICATION among its founders and funders.

**RESPONSE NO. 36:**

Objection. The foregoing document Request is overbroad and unduly burdensome insofar as it is asking Stephens Media to produce documents from a wholly separate entity. Without waiving the foregoing, Stephens Media is not in possession of responsive documents.

**SUPPLEMENTAL RESPONSE**

Without waiving the foregoing objections, *see* Righthaven Operating Agreement, Bates Nos. SM000095-161.

**DOCUMENT REQUEST NO. 53:**

ALL COMMUNICATIONS between YOU and Jackson Farrow.

**RESPONSE NO. 53:**

Objection. The foregoing Document Request is overbroad and unduly burdensome as it is not limited in time or scope. The foregoing Document Request seeks material protected by the common interest theory of the attorney-client privilege. *See, e.g., Nidec Corp. v. Victor Company of Japan*, 249 F.R.D. 575, 578 (N.D.Cal. 2007). Without waiving the foregoing objections, Stephens Media has not located any non-privileged documents responsive to this Request. To the extent privileged communications responsive to this Request regarding the subject lawsuit exist, Stephens Media will provide an appropriate privilege log.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

As to Request for Production No. 36, DU engages in an exercise of semantics before ultimately concluding that Stephens Media is in possession of responsive documents that must be produced. *See* Motion at pgs. 17-18. In so doing, DU conveniently ignores the topics of relevance, undue burden, and the overbroad nature of the request on the alleged basis that Stephens Media failed to object on those grounds. *Id.*

As to communications with Jackson Farrow in Request for Production No. 53, DU conspicuously fails to address Stephens Media's objection that the request is "overbroad and unduly burdensome as it is not limited in time and scope." *See* Motion at p. 18. Nor does DU make any attempt to show how "all" communications with Jackson Farrow are relevant to this proceeding.

DU's presentation of this matter is incomplete at best, and misleading at worst. As demonstrated above, the upshot of DU's requests is that they seek communications from Stephens Media about the formation of Righthaven, execution of the SAA, and Assignment of the News Article. What DU fails to inform the Court is that it asked numerous duplicative and cumulative requests that seek the exact same documents as those sought in Request Nos. 36 and 53. A sample of these requests include:

**DOCUMENT REQUEST NO. 41:**

ALL COMMUNICATIONS that refer or RELATE TO the Defendants in this lawsuit (excluding any assertedly privileged COMMUNICATIONS, which shall be logged pursuant to the SCHEDULING ORDER).

**RESPONSE NO. 41:**

Objection. This Request seeks information that is not calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome as it is entirely unlimited in time as well as the author and recipient of any communications. *See also*, Response to Request for Production No. 6.

**SUPPLEMENTAL RESPONSE NO. 41**

Without waiving the foregoing objections, *see* E-mail communications of October 19, 2010, Bates Nos. SM000001-02.

**DOCUMENT REQUEST NO. 42:**

ALL COMMUNICATIONS that refer or RELATE TO the NEWS ARTICLE (excluding any assertedly privileged COMMUNICATIONS, which shall be logged pursuant to the SCHEDULING ORDER.

**RESPONSE NO. 42:**

Objection. This Request seeks information that is not calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome as it is entirely unlimited in time as well as the author and recipient of any communications. *See also*, Response to Request for Production No. 6.

**DOCUMENT REQUEST NO. 43:**

ALL COMMUNICATIONS that refer or RELATE TO Righthaven (excluding any assertedly privileged COMMUNICATIONS, which shall be logged pursuant to the SCHEDULING ORDER).

**RESPONSE NO. 43:**

Objection. This Request seeks information that is not calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome as it is entirely unlimited in time as well as the author and recipient of any communications. *See also*, Response to Request for Production No. 6.

**DOCUMENT REQUEST NO. 44:**

ALL COMMUNICATIONS that refer or RELATE TO Net Sortie Systems LLC [a member of Righthaven, LLC] (excluding any assertedly privileged COMMUNICATIONS, which shall be logged pursuant to the SCHEDULING ORDER).

**RESPONSE NO. 44:**

Objection. This Request seeks information that is not calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome as it is entirely unlimited in time as well as the author and recipient of any communications. *See also*, Response to Request for Production No. 6.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

**DOCUMENT REQUEST NO. 45:**

ALL COMMUNICATIONS that refer or RELATE TO SI Content Monitor LLC [a member of Righthaven, LLC] (excluding any assertedly privileged COMMUNICATIONS, which shall be logged pursuant to the SCHEDULING ORDER).

**RESPONSE NO. 45:**

Objection. This Request seeks information that is not calculated to lead to the discovery of admissible evidence, overbroad and unduly burdensome as it is entirely unlimited in time as well as the author and recipient of any communications. *See also*, Response to Request for Production No. 6.

*See* Webb Decl., Exhibit D.

The Court will note that in addition to overbreadth and undue burden, Stephens Media also objected on grounds that the subject requests were not calculated to lead to the discovery of admissible evidence, *i.e.*, that they were irrelevant for purposes of Fed. R. Civ. P. 26(b)(1). Thus, while DU selectively directed the Court's attention to Request Nos. 36 and 53 in hopes of persuading it that Stephens Media did not assert certain objections thereto, the reality is that Stephens Media specifically asserted a number of objections to DU's duplicative requests seeking the exact same material.[2] We turn to those objections now.

    **1.    Any Alleged Communications Regarding Righthaven Are Wholly Irrelevant To The Claims And Defenses At Issue In The Instant Action.**

As noted above, DU is absolute in its position that the sought-after discovery is required to determine the nature of the relationship between Stephens Media and Righthaven. While DU devotes scant attention to the legal concept of relevance, it nonetheless contends that

---

[2] DU also ignores the fact that Stephens Media included the following objection at the outset of its Responses: "Stephens Media objects to the Document Requests to the extent they purport to require Stephens Media to provide information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Nothing contained in any response herein (including the production of any information or documents) shall be deemed to be an admission, concession, or waiver by Stephens Media to the relevance, materiality or admissibility of any information or document." *See* Webb Decl., Exhibit D at p. 3, ¶ 4.

communications concerning Righthaven are necessary to address Righthaven's standing to sue as well as DU's claim that "the purported assignment of rights . . . is a sham, champertous, and invalid." See Motion, p. 2. This is classic overreaching as basic contract law dictates that the only two documents necessary to resolve the foregoing issues are the Assignment and SAA.[3]

It is axiomatic that, "[p]arol, or extrinsic, evidence is not admissible to add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and unaffected by accident or mistake." *Crockett & Myers, Ltd. v. Napier, Fitzgerald & Kirby, LLP*, 440 F.Supp.2d 1184, 1191 (D. Nev. 2006) (citing *Ringle v. Bruton*, 86 P.3d 1032 (Nev. 2004)). *See also, Kaldi v. Farmers Ins. Exchange*, 21 P.3d 16, 21 (Nev. 2001) ("The parol evidence rule forbids the reception of evidence which would vary or contradict the contract, since all prior negotiations and agreements are deemed to have been merged therein").[4] Indeed, where "a written contract is clear and unambiguous on its face, extraneous evidence cannot be introduced to explain its meaning." *Kaldi*, 21 P.3d at 21.[5]

The foregoing authority makes clear that any prior communications between Stephens Media and Righthaven would have no bearing on whether Stephens Media validly conveyed its rights in the News Article to Righthaven. The terms of the executed SAA and Assignment will

---

[3] The effect of the SAA on Righthaven's standing to sue has been discussed at length in other recently filed pleadings (#79, #99, #100, #101, and #102). The only two documents relied upon by Stephens Media, Righthaven, and—most notably—DU when addressing the issue of standing are the Assignment and SAA. *See id.*

[4] Federal courts construe copyrights as contracts and apply state law in their interpretation under the United States Copyright Act. *See, e.g., Marquis Models, Inc. v. Green Valley Ranch Gaming, LLC*, 2007 WL 2904172, *4 (D. Nev. 2007) ("Although the United States Copyright Act grants exclusive jurisdiction for infringement claims to federal courts, those courts construe copyrights as contracts and turn to the relevant state law to interpret them"); *Foad Consulting Group, Inc. v. Azzalino*, 270 F.3d 821, 827-28 (9th Cir. 2001) (applying state law on the parol evidence rule in determining whether a party granted an implied copyright license). As such, Nevada law would govern the potential use of parol evidence.

[5] DU has not alleged any ambiguity, accident, or mistake in this proceeding.



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

determine whether the subject transaction accomplished its goal. DU is prohibited from using the parties' communications, negotiations, and proposed agreements to explain, alter, or contradict the basic provisions of the two contracts. In fact, Stephens Media and Righthaven, as the actual parties to the agreements, would likewise be barred from introducing extrinsic evidence in a contractual dispute. This is especially true where the SAA contains an integration clause confirming that "this Agreement represents the entire understanding and agreement by and between Righthaven and Stephens Media." *See* Webb Decl., Exhibit A.

Federal district courts have routinely denied parties' attempts to obtain discovery of contract drafts, communications, and related material analogous to that sought by DU here. *See, e.g., Chen-Oster v. Goldman, Sachs & Co.*, 2011 WL 803101 **1-2, 4 (S.D.N.Y. March 1, 2011) (denying as irrelevant plaintiffs' discovery requests for copies of exemplar contracts in order to interpret employment agreement at issue where employment agreement was unambiguous and, thus, extrinsic evidence would be inadmissible to interpret its meaning); *Quadrant EPP UAS, Inc. v. Menasha Corp.*, 2007 WL 320286 **1-2 (E.D.Pa. 2007) (denying discovery requests seeking drafts of stock purchase agreement and documents reflecting discussions about its negotiation: "pursuant to the integration clause, the Agreement expresses all of the parties' negotiations made prior to its execution; that the likelihood of the previous drafts and/or related information leading to discovery of admissible evidence is tenuous at best, and that the burden borne by the plaintiffs in producing drafts of the Agreement and documents related to its negotiation clearly outweighs any benefit the defendant might receive[.]"). *Cf. D.E. Shaw Laminar Portfolios, LLC v. Archon Corp.*, 570 F.Supp.2d 1262, 1270 (D.Nev. 2008) (party opposing summary judgment motion was not entitled to continuance under Fed. R. Civ. P. 56(f) where requested discovery comprised parol



evidence materials that would be inadmissible at trial and, thus, insufficient to create a triable issue of material fact.). The same result is warranted here.

Stephens Media anticipates that DU may try to argue that the communications surrounding the formation of Righthaven, execution of the SAA, and Assignment are relevant to the issue of champerty. It is worth noting as a prefatory matter that, DU fails even to mention champerty, barratry, or maintenance in its First Cause of Action or Request for Relief in the Counterclaim. *See* Counterclaim, pgs. 24-35. Regardless, DU's own legal counsel at the EFF extensively argued these concepts in a recently filed motion to dismiss a separate Righthaven matter before the Honorable Chief Judge Robert L Hunt. *See Righthaven LLC v. Thomas DiBiase*, Case No. 2:10-cv-01343, Docket No. 47, p. 10.

In that motion to dismiss, DU's attorneys argue at length that the subject copyright assignment fails because the SAA is champertous. *Id.* at 10-13. To support their argument, DU's counsel relies on nothing more than the language in the SAA itself, essentially arguing that the SAA is champertous on its face. *Id.* Nowhere does EFF claim the need for additional extrinsic evidence in order to buttress its arguments on this point. Thus, the same attorneys who in this proceeding are adamant that the Court must compel discovery of all communications related to Righthaven have impliedly acknowledged elsewhere that the only documents relevant to the allegedly dispositive issues of standing and champerty are the SAA and the Assignment. The rest is a fishing expedition.

In the end, DU is not entitled to any and all communications regarding Righthaven as those documents are irrelevant and not calculated to lead to the discovery of admissible evidence. As to the issues of standing and champerty, the only relevant documents are the Assignment and SAA. That much is clear from the arguments proffered by DU's attorneys in the *DiBiase* matter.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Prior drafts of these documents and/or communications regarding their negotiation and formation are simply inadmissible under the parol evidence rule. Rather, DU seeks discovery of this information for use in collateral proceedings and in furtherance of its public relations blitz against Stephens Media and Righthaven. With that in mind, the Court should heed the unequivocal instruction of the United States Supreme Court, *supra*, and deny DU's motion to compel the production of documents that are clearly irrelevant to the narrow issues in this proceeding.

### 2. DU's Assorted Requests For Production Are Entirely Overbroad And Unduly Burdensome As To Scope.

Besides seeking irrelevant communications concerning Righthaven, DU's cumulative requests for production are entirely overbroad and unduly burdensome. Document requests that seek the production or examination of "all reports, correspondence, memoranda, papers, etc., which pertain to the negotiation of such contracts…are manifestly burdensome, oppressive, and unlimited in scope." *McCullough v. Dairy Queen, Inc.*, 195 F.Supp. 918, 919 (E.D. Pa. 1961); *Chen-Oster; Quadrant EPP, supra*. This is exactly what DU requests here as it seeks to compel production of all communications relating to the operative agreements between Stephens Media and Righthaven. *See, e.g.*, Motion at pgs. 5, 15-19.

The selective requests singled out by DU in an attempt to evade Stephens Media's relevance objections are also offensive as to burden and scope. For example, Request for Production No. 53 seeks **all communications** between Stephens Media and Jackson Farrow without any limitation whatsoever. Jackson Farrow is General Counsel for Stephens Capital Partners LLC –an affiliate of Stephens Media. In short, Stephens Media executives routinely communicate with Jackson Farrow on numerous topics that are wholly unrelated to Righthaven. *See* Declaration of Mark Hinueber, ¶ 7. That DU claims an entitlement to all such communications is, frankly, ridiculous.

Request for Production No. 36 seeking all communications among the founders and funders of Righthaven relating to its formation is similarly overbroad and unduly burdensome. Because Stephens Media is neither a founder nor funder of Righthaven, it would not even be privy to all such communications. This request for production, if it is proper at all, should be directed to Righthaven rather than Stephens Media.

Finally, it is of no moment that Stephens Media was able to procure the Righthaven Operating Agreement from SI Content Monitor as this was done through official channels in an effort to obviate the need for DU to issue a subpoena to a foreign company. *See* Williams Decl., ¶ 13-16; Exhibit "A," Letter of March 11, 2011. Stephens Media did not exert any sort of control over the Righthaven Operating Agreement. *Id.* Although DU was apparently dissatisfied with the result, Stephens Media's efforts to expedite discovery do not justify DU's overbroad and unduly burdensome requests for production related to the formation of Righthaven. Per the request of DU's counsel, Stephens Media has provided the contact information for SI Content Monitor, LLC should it wish to issue a subpoena to that entity. *See* Webb Decl., Exhibit S. It is Stephens Media's belief that DU has not done so as of this time.

### 3. Even If The Requested Documents Are Relevant And Appropriately Narrow As To Time And Scope, Stephens Media Did Not Waive Its Right To Assert Attorney-Client and Work-Product Privilege.

Assuming *arguendo* that the disputed communications are discoverable in this proceeding (they are not) Stephens Media did not waive the protections of the attorney-client privilege or work-product doctrine by not producing a privilege log. As previously detailed, Stephens Media asserted non-privilege-based objections to DU's requests. Under the framework established by the Federal Rules of Civil Procedure, Stephens Media is only obligated to produce a privilege log if its non-privilege-based objections are overruled by the Court.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

The plain language of FRCP 26(b)(5) expressly states that a party must only produce a privilege log if the party withholds information that is "otherwise discoverable." Fed. R. Civ. P. 26(b)(5). The Advisory Committee further instructed as follows:

> The obligation to provide pertinent information concerning withheld privileged material applies only to items "otherwise discoverable." If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Advisory Committee Notes, 146 F.R.D. 401 (1993).

Respected commentators on the subject of civil procedure concur that this is the correct approach:

> The requirement that specifics be provided should not always apply with respect to materials that are withheld on additional grounds other than privilege, such as that production would be unduly burdensome or that they are irrelevant, since those materials are not "otherwise discoverable."
>
> \*\*\*
>
> Ultimately, courts will need to make a judgment whether the nonprivilege grounds for objection are sufficiently substantial to excuse immediate presentation of detailed justification for privilege claims.

*See* 8 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2016.1 (3d ed. 2010).

The proper course of action for the Court in this situation is to address Stephens Media's non-privilege objections first and, if those objections are overruled, only then should the Court require the production of a privilege log. Counsel for Stephens Media clearly informed DU of its



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

position on this issue weeks before the instant Motion was filed, but obviously to no avail. *See* Webb Decl., Exhibit S.

Stephens Media, moreover, did not breach the strictures of the Scheduling Order (#54). Under the Scheduling Order, a privilege log must be "produced within 21 days following the date that the documents memorialized in the privilege log were to be produce[.]" *Id.* Here, "the date that the documents . . . were to be produced" has not yet passed because the documents in question have not been found to be "otherwise discoverable" pursuant to FRCP 26(b)(5). Stephens Media, therefore, did not waive its right to assert attorney-client privilege or work-product protection.[6]

### C. Stephens Media Is Not In Possession Of Any Other Responsive Documents Concerning The Assignment Of Rights In The News Article.

Finally, DU seeks documents contemplated by the SAA including the "Searching Decision," "Material Risk Conclusion," "Infringement Notice," "Copyright Assignment Notice," "Remediation Option Notice, and "Declination Notice." DU also requests communications which would reflect the creation of the foregoing documents. In support of its motion to compel production of these documents, DU cites the following requests for production:

---

[6] DU also argues that Stephens Media cannot claim privilege based on common interest because no joint defense agreement has been produced. *See* Motion, pgs. 27-29. Simply put, Stephens Media and Righthaven have not executed a final joint defense agreement even though both parties have operated with the understanding that all communications between them are protected. *See* Williams Decl., ¶ 4. Regardless, the existence of a joint defense agreement or lack thereof is irrelevant because such an agreement is not determinative of the existence of common interest privilege. *See United States v. Stepney*, 246 F.Supp.2d 1069, 1080 fn. 5 (9th Cir. 2003) ("[n]o written agreement is generally required to invoke the joint defense privilege"); *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, 2002 WL 649043 (N.D. Ill. 2002) (applying the common interest privilege despite the lack of a formal joint defense agreement where attorneys *verbally agreed* to collaborate regarding privileged matters); *Katz v. AT&T Corp.*, 191 F.R.D. 433, 437 (E.D. Pa. 2000) ("Plaintiffs are correct in their assertion that the common interest doctrine protects privileged and work-product materials even if there is no "final" agreement[.]").

**DOCUMENT REQUEST NO. 3:**

ALL DOCUMENTS concerning any assignment of rights in the NEWS ARTICLE to Righthaven.

**RESPONSE NO. 3:**

Objection. The information sought by this Document Request seeks confidential business and/or commercially sensitive information. Additionally, to the extent any information sought by this Document Request is the subject of legitimate discovery in this action, Stephens Media will only produce such information once a binding protective order is in place. Plaintiff/Counterdefendant Righthaven, LLC drafted a proposed protective order and sent it to DU for its comments on December 7, 2010. DU did not respond until two judicial days before the due date for these Responses. Without waiving the foregoing objections, *see* July 19, 2010 Assignment and News Article previously produced herein.

**SUPPLEMENTAL RESPONSE NO. 3:**

Without waiving the foregoing objections, *see* Strategic Alliance Agreement, Bates Nos. SM000078-94.

**DOCUMENT REQUEST NO. 4:**

ALL DOCUMENTS reflecting any COMMUNICATIONS between Righthaven and any other PERSON or entity, including YOU, RELATING TO assignment or reversion of rights in the NEWS ARTICLE.

**RESPONSE NO. 4:**

Objection. The information sought by this Document Request seeks confidential business and/or commercially sensitive information. Additionally, to the extent any information sought by this Document Request is the subject of legitimate discovery in this action, Stephens Media will only produce such information once a binding protective order is in place. Plaintiff/Counterdefendant Righthaven, LLC drafted a proposed protective order and sent it to DU for its comments on December 7, 2010. DU did not respond until two judicial days before the due date for these Responses. The Document Request also seeks material that may be protected by the attorney-client and work product privileges.

Without waiving the foregoing objections, Stephens Media is not aware of any documents responsive to this Request but will supplement the same upon the entry of a Stipulated Protective Order if responsive documents are located.

**DOCUMENT REQUEST NO. 10:**

ALL DOCUMENTS that refer or RELATE TO any "right of reversion" referenced in the JULY 19, 2010 ASSIGNMENT.

**RESPONSE NO. 10:**

Objection. The information sought by this Document Request seeks confidential business and/or commercially sensitive information. Additionally, to the extent any information sought by this Document Request is the subject of legitimate discovery in this action, Stephens Media will only produce such information once a binding protective order is in place. Plaintiff/Counterdefendant Righthaven, LLC drafted a proposed protective order and sent it to DU for its comments on December 7, 2010. DU did not respond until two judicial days before the due date for these Responses. Without waiving the foregoing objections, *see* July 19, 2010 Assignment previously produced herein.

**SUPPLEMENTAL RESPONSE NO. 10:**

Without waiving the foregoing objections, *see* Strategic Alliance Agreement, Bates Nos. SM000078-94.

**DOCUMENT REQUEST NO. 69:**

ALL DOCUMENTS that refer or RELATE TO the facts underlying YOUR statement on page 2 of Docket 38 that "Stephens Media's involvement with Righthaven...is limited to its role as the assignor of the subject copyright."

**RESPONSE NO. 69:**

Objection. The information sought by this Document Request seeks confidential business and/or commercially sensitive information. Additionally, to the extent any information sought by this Document Request is the subject of legitimate discovery in this action, Stephens Media will only produce such information once a binding protective order is in place. Plaintiff/Counterdefendant Righthaven, LLC drafted a proposed protective order and sent it to DU for its comments on December 7, 2010. DU did not respond until two judicial days before the due date for these Responses. Without waiving the foregoing objections, *see* July 19, 2010 Assignment and News Article previously produced herein.

**SUPPLEMENTAL RESPONSE NO. 69:**

Without waiving the foregoing objections, *see* Strategic Alliance Agreement, Bates Nos. SM000078-94.

This dispute is easily resolved. Simply put, documents like the "Searching Decision," "Material Risk Conclusion," "Infringement Notice," "Copyright Assignment Notice," "Remediation Option Notice, and "Declination Notice,"—though contemplated in the SAA—do not exist for the News Article at issue herein. *See* Declaration of Mark Hinueber, ¶¶ 4-5.



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Generally, Stephens Media will only receive a forwarding letter from Righthaven that accompanies a proposed copyright assignment for a Las Vegas *Review-Journal* article. *Id.* at ¶ 6. Stephens Media has not, however, located such a document in connection with the News Article. *Id.* For the convenience of the Court and the parties, Stephens Media has attached an exemplar of a typical forwarding letter that was sent in connection with a different article. *See* Hinueber Decl., Exhibit A. In the event Stephens Media locates a forwarding letter for the News Article at issue herein, it will certainly produce a copy forthwith.

## IV. CONCLUSION

For the reasons set forth above, Stephens Media respectfully requests that DU's motion to compel be denied in its entirety.

Dated this 15th day of May, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By /s/ *J. Colby Williams*
    DONALD J. CAMPBELL, ESQ. (#1216)
    J. COLBY WILLIAMS, ESQ. (#5549)
    700 South Seventh Street
    Las Vegas, Nevada 89101
    Telephone: (702) 382-5222
    Facsimile: (702) 382-0540

Attorneys for Counterdefendant
Stephens Media, LLC



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was served on the 15th day of May, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *J. Colby Williams*
An employee of Campbell & Williams