CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants.<br><br>―――――――――――――――<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**DECLARATION OF J. COLBY WILLIAMS IN SUPPORT OF COUNTER-DEFENDANT STEPHENS MEDIA LLC'S RESPONSE TO DEFENDANT/COUNTERCLAIMANT DEMOCRATIC UNDERGROUND'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DECLARATION IN SUPPORT THEREOF (#95, #96)** |

I, J. Colby Williams, declare under penalty of perjury as follows:



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1. I am a resident of Clark County, Nevada. I am over the age of eighteen and am competent to make this Declaration. This Declaration is based upon my personal knowledge unless otherwise so stated, and if called upon to testify, I would testify as set forth herein.

2. I am a licensed attorney in the State of Nevada, Bar Number 5549 and am a partner in the law firm CAMPBELL & WILLIAMS. I am one of the attorneys representing Counter-Defendant Stephens Media, LLC in Case No. 2:10-cv-01356-RLH-GWF.

3. I make this Declaration in support of Stephens Media's Response to Defendant/Counterclaimant Democratic Underground's ("DU") Motion to Compel Production of Documents and Declaration in Support Thereof (#95, #96).

4. At this time, Stephens Media and Righthaven have not executed a final joint defense agreement even though both parties have at all times acted with the belief and intention that communications among the parties and their respective attorneys are subject to the joint defense and/or common interest privilege.

5. Contrary to the representations in the Motion to Compel and Clifford C. Webb, Esq.'s Declaration in support thereof, Stephens Media has, in fact, produced approximately 161 documents during the course of discovery in this proceeding. The documents produced in this action are as follows:

- E-mail correspondence between Mark Hinueber, General Counsel for Stephens Media, LLC, and Joseph Chu, Staff Attorney for Righthaven, LLC, regarding the instant action. Bates Numbers SM000001-2.

- Google Analytics data regarding the number of page views of the News Article. Bates Numbers SM000003-8.

- Privacy Statement of Stephens Media, LLC as displayed on the Las Vegas *Review-Journal* website. Bates Numbers SM000009-12.

- Comment Policy of Stephens Media, LLC as displayed on the Las Vegas *Review-Journal* website. Bates Numbers SM000013.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

- ShareThis Publisher Terms of Service as displayed on the Las Vegas *Review-Journal* website. Bates Numbers SM000014-22.

- Robots.txt file for the Las Vegas *Review-Journal* website. Bates Numbers SM000023.

- Simulated Sitemap for the Las Vegas *Review-Journal* website on May 13, 2010. Bates Numbers SM000024-47.

- Las Vegas *Review-Journal* online advertising rates. Bates Numbers SM000048-49.

- License Agreement between Stephens Media, LLC and Burrelle's Information Services, LLC. Bates Numbers SM000050-58.

- License Agreement between Stephens Media, LLC and Lexis-Nexis. Bates Numbers SM000059-62.

- License Agreement between Stephens Media, LLC and ProQuest, LLC. Bates Numbers SM000063-67.

- License Agreement between Stephens Media, LLC and McClatchy-Tribune Information Services. Bates Numbers SM000068-72.

- License Agreement between Stephens Media, LLC and Gale Group. Bates Numbers SM000073-77.

- Strategic Alliance Agreement. Bates Numbers SM000078-94.

- Operating Agreement of Righthaven, LLC. Bates Numbers SM000095-161.

6. The foregoing documents were produced in two separate productions that occurred in the midst of ongoing meet-and-confer efforts, including extensive correspondence via e-mail and at least once conference call with counsel.

7. In addition to interrogatories and requests for admissions, DU served its First Set of Requests for Production of Documents to Stephens Media on December 17, 2010. *See* Declaration of Clifford C. Webb ("Webb Decl."), Exhibit C. The First Set of Requests for Production consisted of approximately sixty-nine (69) requests related to various topics. *Id.*

8. Stephens Media timely served its Response to the First Set of Requests for Production on January 18, 2011. *See* Webb Decl., Exhibit D. Stephens Media did not produce

documents at that time. Setting aside the objections to DU's facially irrelevant and overbroad document requests, Stephens Media did not produce documents at that time because the parties had not yet finalized their Stipulated protective order. The parties submitted their proposed Stipulated Protective Order on February 11, 2011 (#64), and it was entered by the Court on February 14, 2011 (#65).

9. On February 10, 2011, I engaged in a lengthy meet-and-confer teleconference with Jennifer Johnson, Esq., and Kurt Opsahl, Esq., who collectively acted on behalf of DU. Once again, contrary to the representations in the Motion to Compel and supporting Declaration, Stephens Media's objections to the First Set of Requests for Production were not resolved in the meet-and-confer teleconference. Although the entry of the Joint Stipulated Protective Order (#65) addressed certain issues regarding confidentiality, Stephens Media's objections as to relevance, scope, undue burden, and privilege were not resolved.

10. On February 28, 2011, Stephens Media served its First Supplemental Responses to the First Set of Requests for Production. *See* Webb Decl., Exhibit D. Stephens Media produced approximately 94 documents.

11. On March 1, 2011, I received an e-mail from Ms. Johnson wherein she described documents that she had "expected to receive in this production." *See* Webb Decl., Exhibit L.

12. I responded to Ms. Johnson's e-mail on March 2, 2011 while I was out of town. *See* Webb Decl., Exhibit M (March 2, 2011 e-mail). I represented that it was my preliminary understanding that Stephens Media was not in possession of documents concerning the formation of Righthaven including the Operating Agreement. *Id.* I also stated my belief that these documents may be irrelevant and not subject to discovery in this proceeding. *Id.* Finally, I informed counsel for DU that Stephens Media did not have additional responsive documents

concerning the News Article (*e.g.*, the Material Risk Conclusion, the Remediation Option Notice, etc.). *Id.*

13. I followed up on my previous e-mails on March 9, 2011. *See* Webb Decl., Exhibit M. As to the documents identified in Ms. Johnson's e-mail of March 1, 2011, I informed her that documents related to the formation of Righthaven are not in the possession of Stephens Media but, rather, were likely in the control of SI Content Monitor, LLC. *Id.* With regard to any communications in the possession of Stephens Media, I expressly stated that while Mark Hinueber—Stephens Media's General Counsel—was searching for responsive documents, Stephens Media did not agree that these communications "are subject to production or inclusion on a privilege log given the previous objections we've asserted." *Id.*

14. On March 11, 2011, counsel for Stephens Media, Philip R. Erwin, Esq, directed a letter to Jackson Farrow, general counsel for SI Content Monitor, LLC. *See* Letter of March 11, 2011, a true and correct copy of which is attached hereto as Exhibit "A". Therein, Mr. Erwin explained the background of the instant action and requested that Mr. Farrow perform a search for the Righthaven Operating Agreement and "any and all documents which form or relate to the 'Integrated Transaction' or 'Righthaven Transaction' as defined in the Strategic Alliance Agreement." *Id.* Further, Mr. Erwin asked if Mr. Farrow would agree to produce the documents for review and possible production in this proceeding. *Id.*

15. On March 21, 2011, Mr. Farrow – on behalf of SI Content Monitor – produced the Righthaven Operating Agreement. He also informed Mr. Erwin that no other documents comprise the "Integrated Transaction" or "Righthaven Transaction" as defined in the Strategic Alliance Agreement.

16. On March 22, 2011, I e-mailed Ms. Johnson to inform her that Stephens Media would be producing the Righthaven Operating Agreement. *See* Webb Decl., Exhibit Q.

Likewise, I informed Ms. Johnson that Stephens Media would not be producing Mr. Hinueber's communications regarding Righthaven based on previously-asserted objections unrelated to attorney-client privilege. *Id.* In addition, because Stephens Media withheld the communications on non-privilege grounds, I represented that Stephens Media was not obligated to produce a privilege log pursuant to FRCP 26(b)(5). *Id.*

17. On March 22, 2011, I received an e-mail from Ms. Johnson setting forth similar arguments to those which form the basis for DU's Motion to Compel. *See* Webb Decl., Exhibit R.

18. That same day, I briefly responded to Ms. Johnson's arguments and reiterated Stephens Media's cooperation throughout the discovery period in this case. *See* Webb Decl., Exhibit S. Further, I provided Ms. Johnson with Mr. Farrow's contact information should DU find it necessary to subpoena SI Content Monitor for additional documents. *See* Webb Decl., Exhibit S. I do not believe that DU ever served SI Content monitor with any subpoena.

19. The parties were unable to resolve the discovery dispute.

20. I declare under penalty of perjury of the laws of the United States and the State of Nevada that the foregoing is true and correct.

Executed this 15th day of May, 2011 in Las Vegas, Nevada.

_/s/ J. Colby Williams_


CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

# EXHIBIT A

# EXHIBIT A



**CAMPBELL & WILLIAMS**
ATTORNEYS AT LAW

March 11, 2011

Jackson Farrow, Jr.
SI Content Monitor LLC
111 Center Street, Suite 500
Little Rock, AR 72201

   Re: *Democratic Underground, LLC v. Righthaven, LLC and Stephens Media LLC*, Case No. 2:10-cv-01356

Dear Mr. Farrow:

  This firm has been retained as counsel for Stephens Media LLC ("Stephens Media") in the above-referenced matter. By way of background, I will briefly summarize the relevant proceedings.

  Righthaven, LLC ("Righthaven") filed suit against Democratic Underground, LLC ("Democratic Underground") for copyright infringement of a newspaper article originally published in the Las Vegas *Review-Journal*. Despite Stephens Media's prior assignment of the subject copyright to Righthaven, Democratic Underground filed a counterclaim against Stephens Media seeking a declaratory judgment that no infringement had occurred.

  Thereafter, Righthaven filed a motion for voluntary dismissal. In addition, Stephens Media filed a motion to dismiss because it is an improper party to the lawsuit. Although these dispositive motions are currently pending before the Court, discovery has commenced, and Democratic Underground has propounded voluminous requests for production of documents as well as other forms of written discovery.

  While Stephens Media has already provided a number of documents to Democratic Underground, certain other documents sought by the defendant are not in the possession or custody of Stephens Media. We believe the documents may be in the possession of SI Content Monitor, LLC. Specifically, Democratic Underground seeks a copy of the Righthaven Operating Agreement referenced in the Strategic Alliance Agreement ("SAA") entered into between Stephen Media and Righthaven. Democratic Underground has likewise requested production of any and all documents which form or relate to the "Integrated Transaction" or "Righthaven Transaction" as defined in the SSA.

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Jackson Farrow, Jr.
March 11, 2011
Page 2

By copy of this letter, we would ask SI Content Monitor to conduct a search of its records to determine whether it has possession of the documents being sought by Democratic Underground and, if so, whether the company is willing to provide copies of those documents to Stephens Media. In the event SI content Monitor possesses responsive documents and is willing to provide them to Stephens Media, we will then review the documents to determine whether some or all of them should be produced in the lawsuit given Stephens Media's previously asserted objections.

Thank you in advance for your cooperation and please do not hesitate to contact me with any questions of concerns.

Very truly yours,

CAMPBELL & WILLIAMS

Philip R. Erwin, Esq.