SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel: (702) 304-04732
Fax: (702) 922-3851

*Attorney for Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RIGHTHAVEN LLC, a Nevada limited-liability company,

Plaintiff,

v.

DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,

Defendants.

---

DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,

Counterclaimant,

v.

RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,

Counterdefendants.

Case No.: 2:10-cv-01356-RLH-RJJ

**RIGHTHAVEN LLC'S RESPONSE TO DEFENDANT DEMOCRATIC UNDERGROUND, LLC'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Righthaven LLC ("Righthaven") hereby responds to Defendant Democratic Underground, LLC's ("Defendant") Motion to Compel Production of Documents (the "Motion", Doc. # 95). Righthaven's response is based on the below Memorandum of Points and

Authorities, the pleadings and papers on file in this action, any oral argument this Court may allow, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

A cursory review of the Motion leaves its audience with the impression that Righthaven and Stephens Media LLC ("Stephens Media") have stonewalled and denied the Defendant its legitimate right to explore relevant issues related to the claims and defenses at issue in this action. In furtherance of Defendant's apparent theme, at the very beginning of the Motion it is asserted that "Righthaven has refused to produce a *single* document in discovery in this case." (Doc. # 95:2:26.) Moreover, Defendant boldly proclaims that after "over two months of meeting and conferring, Righthaven and Stephens Media continue to abuse the discovery process by withholding relevant documents." (*Id.* at 3:6-8.) Righthaven's counsel concedes, and it believes Stephens Media's counsel would concur, that if the factual assertions contained in Defendant's Motion were true, its Motion is unquestionably meritorious. The Motion, however, fails to accurately depict the circumstances giving rise to a discovery dispute that could have, and should have, been avoided had the Defendant sincerely desired to resolve the issues it now presents to the Court for resolution.

Defendant's tactics are not without precedent. In fact, Defendant's tactics are wholly consistent with its desire to increase the parties' litigation costs in the hopes of establishing a basis for a substantial attorneys' fees and costs award should it prevail in this case. For instance, Defendant has contested such issues as the sufficiency of Righthaven's initial disclosure of witnesses despite having disclosed each and every Righthaven employee, from staff counsel to paralegals, in its own initial disclosures. When advised that it already knew of and had disclosed the identity of every company employee, with the exception of maybe the janitorial service provider, Defendant threatened to preclude any non-disclosed witnesses from testifying in this case. Defendant even went as far as to conduct a meet and confer conference on this issue that was participated in by multiple attorneys. Righthaven readily capitulated and supplemented its initial disclosures to conform to Defendant's requests, even though it believed such disclosures

were not required under the Federal Rules of Civil Procedure. In short, there was simply nothing to gain by disputing such an inconsequential issue given that Defendant had already disclosed the identity of virtually every person who had crossed the threshold of Righthaven's offices as an employee.

Defendant's desire to prosecute this action with unfettered zealousness despite circumstances that would cause a reasonable party to reconsider such tactics is also evidenced by the procedural posture of this case. Given the nature of the copyright infringement allegations at issue in this action, which involve the unauthorized posting of a portion of a literary piece that was originally published by the *Las Vegas Review-Journal*, Righthaven attempted to secure a stipulation from Defendant that would permit it to voluntarily dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 41 following Judge Hicks' fair use decision involving less than the wholesale posting of a copyrighted work in *Righthaven LLC v. Realty One Group, Inc., et al.,* Case No. 2:10-cv-01036-LRH-PAL (D. Nev. Oct. 19, 2010) (Doc. # 17) ("*Realty One*"). While Righthaven unquestionably disagreed with, and has since appealed the decision in *Realty One* to the United States Court of Appeals for the Ninth Circuit, it nevertheless reasonably appreciated the effect this decision would have on the instant case. Defendant, however, rebuffed Righthaven's attempts to amicably and efficiently resolve this dispute in view of the decision in *Realty One*. In fact, Defendant's forced Righthaven to file a motion to voluntarily dismiss this case with prejudice, which the Court most certainly appreciates, is a unique submission by a plaintiff in any case.

In response to Righthaven's filing, the Defendant did not relinquish its zealous desire to escalate litigation. Defendant opposed Righthaven's request for voluntary dismissal with prejudice, filed a counterclaim that brought Stephens Media into this case as a third party defendant, and additionally moved for summary judgment on its affirmative defense of fair use along with its claim that no direct infringement occurred. Defendant additionally escalated its discovery efforts, despite the pendency of two dispositive motions, by serving Righthaven and Stephens Media with requests for production and requests for admission. Defendant's requests for production served on Righthaven totaled sixty-two (62) and included such patently

objectionable topics as "ALL statements from YOUR bank or other financial institution", "ALL DOCUMENTS that refer or RELATE TO any revenue or income received by YOU", and "ALL DOCUMENTS that reflect any settlements by Righthaven of claims for copyright infringement." (Doc. # 96-2 at 10, 15.) As set forth in its response to Defendant's Motion, Stephens Media was likewise subjected to virtually identical invasive and excessive written discovery requests despite this action being on the precipice of adjudication by the Court. In fact, in what could be deemed a moment of clarity, Defendant, along with Defendant David Allen, remarkably agreed to stay deposition discovery in this case given its unique procedural posture. (Doc. # 71.) Unfortunately, this stipulated discovery stay still authorized Defendant to seek relief from the Court for any perceived deficiencies in Righthaven's and Stephens Media's written discovery responses, which is has resulted in the apparent need for it to bring this Motion. (*Id.*)

Righthaven is fairly certain that no degree of compliance with Defendant's objectionable and invasive discovery requests would have mitigated Defendant's desire to bring this Motion. Defendant's overwhelming desire to seek relief from this Court is clearly apparent through its factually jaundiced portrayal of the parties' actions during the discovery process. For instance, Defendant asserts that "Righthaven has refused to produce a *single* document in discovery in this case." (Doc. # 95:2:26.) This is simply untrue. Righthaven has supplemented its initial disclosures five times in this case. This fact is simply ignored by Defendant in its Motion. Moreover, Righthaven has identified materials responsive to Defendant's discovery requests through specific reference to Stephens Media's produced materials and corresponding Bates designations. Unfortunately, Defendant's view of document production apparently requires Righthaven to replicate materials previously produced by other parties along with its own accompanying Bates designation. Righthaven's approach was designed to reduce the production of duplicative materials while still identifying them as being responsive to the propounded document requests. If the Court deems this approach as unreasonable, Righthaven will promptly correct its document production to conform to whatever is needed to comply with its discovery obligations. Such corrective action, however, will not result in the production of materials otherwise not disclosed by Righthaven or Stephens Media.

More fundamentally, however, is the mischaracterization that Righthaven somehow "actually purported to add *more*" objections to supplemental responses to requests for production in this case. (Doc. # 95 at 13:28-14:2.) This assertion is completely ludicrous. Righthaven's supplemental discovery responses, consistent with its representations during meet and confer efforts with opposing counsel, eliminated numerous objections, identified responsive material previously produced by specific Bates range, represented that either it had not located additional materials responsive to the request or indicated that it was in the process of ascertaining the existence of responsive materials, and confirmed that it would promptly supplement its response should discoverable materials be found. (Doc. # 96-29 at 3-4, 6-7, 8-9, 28-29, 37-38.)

While Defendant maintains that Righthaven has shirked its discovery obligations, it defies reason as to how such a conclusion could be reasonably reached in view of the supplemental responses provided. In this regard, it should also be noted that during meet and confer sessions, Defendant's counsel readily conceded by that its initial definitions contained in its requests for production of documents were circular, ambiguous, open-ended and incapable of a meaningful response, by subsequently agreeing to amend its definitions. (Doc. # 96-7 at 3, 6.) These definitional amendments applied to all of Defendant's propounded written discovery requests. (*Id.*) Furthermore, Defendant agreed to incorporate temporal limitations to its written discovery that were not expressly contained in its requests. (*Id.*) Defendant's counsel subsequently modified the previously agreed upon temporal limitation to its written discovery requests approximately a week later. (Doc. # 96-9 at 2.) Despite these concessions and material modifications to its written discovery requests, the Court is asked to believe that no meaningful meet and confer efforts were engaged in between Defendant and Righthaven. Moreover, Defendant disingenuously depicts Righthaven, and Stephens Media, as willingly engaging in obstructionist conduct despite Defendant willingly conceding the merits of the objections originally lodged in response to its initial discovery requests.

In short, the parties have vigorously litigated this action despite Righthaven's request that it be permitted to voluntarily dismiss its Complaint with prejudice. Despite the advocacy of counsel for the parties, meet and confer efforts have resulted in a tailoring of issues in dispute.

These efforts aside, reasonable minds may differ as to their discovery obligations under the Federal Rules of Civil Procedure. Contrary to the tone of Defendant's Motion, this is precisely the reason this dispute it before the Court resolution. As the Court is likely aware, Stephens Media's counsel certainly is not known to routinely employ obstructionist discovery tactics. Rather, the reputations of Stephens Media's counsel in this jurisdiction speak volumes as to their professionalism. Likewise, Righthaven's counsel has only appeared before this Court with regard to a discovery dispute between parties on one occasion over thirteen (13) years of practice in this jurisdiction. Accordingly, Righthaven asks the Court to not only consider the historical professionalism of counsel appearing before it, but to also look past Defendant's unfettered desire to prejudice the issues presented through its myopic view of the circumstances giving rise to this unnecessary discovery dispute.

## II. ARGUMENT

Defendant's Motion asks the Court to compel Righthaven to respond to requests for production 3, 4, 7, 10, 41, 42, and 58. (Doc. # 95 at 33.) Thus, Defendant's voluminous Motion asks for the Court to compel Righthaven to respond to less than ten (10) percent of the requests for production propounded by it. While it would be onerous to do so, Righthaven certainly maintains that the amount of paper dedicated to seeking the alleged compliance with less than ten (10) percent of the total propounded requests for production greatly exceeds that of typical submission in this judicial district for such a dispute. This observation aside, Righthaven maintains that is has viably objected to and has reasonably attempted to requests for production that are beyond the authorized scope of Federal Rule of Civil Procedure 26.

### *A. Righthaven's Supplemental Responses to Requests for Production 3, 4, 7, 10, 41, 42, and 58 are Consistent With its Obligations Under the Federal Rules of Civil Procedure.*

As noted above, Defendant asks the Court to compel Righthaven to respond to requests for production 3, 4, 7, 10, 41, 41, and 58. (Doc. # 95 at 33.) Defendant's requested relief, however, assumes that Righthaven has somehow violated its discovery obligations through its supplemental responses to the propounded requests for production. This is simply not the case.

In fact, Righthaven's supplemental responses to these requests for production unequivocally demonstrate that it is in full compliance with its discovery obligations under the Federal Rules of Civil Procedure.

Simply put, Righthaven has not refused to produce responsive materials to any of the requests for production that Defendant seeks to compel. Rather, Righthaven has lodged applicable objections, has indicated that it will or has looked for responsive materials, that upon investigation no such materials have been found, that if responsive materials are discovered at a later date it will produce them, and, to the extent responsive materials have otherwise been produced in the action, Righthaven has identified such materials by Bates designation along with an accompanying description. Specifically, Righthaven has supplemented its responses to the requests for production at issue in the Motion as follows:

**DOCUMENT REQUEST NO. 3:**

ALL DOCUMENTS concerning any potential or actual assignment of rights in the NEWS ARTICLE to Righthaven.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Righthaven supplements it prior response to this request by directing Democratic Underground to the materials attached to the Complaint and to the materials attached to its publicly available filings in this matter, which contain materials responsive to this request. These materials are already in the possession of Democratic Underground's counsel. If required, Righthaven will make these same materials available for inspection and copying or otherwise arrange for their production. Righthaven is in the process of reviewing potentially responsive material to this request for designation under the Stipulated Protective Order entered in this action. Righthaven will produce any materials designated by it or make such designated materials available for inspection and copying on a mutually agreeable date and time. Should Righthaven locate any additional materials responsive to this request during the course of litigation, it will supplement this response and make said materials available for inspection and copying or otherwise arrange for their production following their review for appropriate designation under the Stipulated Protective Order. Righthaven additionally directs Democratic Underground to the July 19, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media.

**DOCUMENT REQUEST NO. 4:**

ALL DOCUMENTS reflecting any COMMUNICATIONS between Righthaven and any other PERSON or entity RELATING TO assignment or reversion of rights in the NEWS ARTICLE.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions of "COMMUNICATIONS," and "RELATING TO" are vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven also objects to this request as vague, ambiguous and compound in it use of the phrases "reflecting any" and "assignment or reversion rights."

Subject to the foregoing, Righthaven supplements it prior response to this request by directing Democratic Underground to the materials attached to the Complaint and to the materials attached to its publicly available filings in this matter, which contain materials responsive to this request. These materials are already in the possession of Democratic Underground's counsel. If required, Righthaven will make these same materials available for inspection and copying or otherwise arrange for their production. Righthaven is in the process of reviewing potentially responsive material to this request for designation under the Stipulated Protective Order entered in this action. Righthaven will produce any materials designated by it or make such designated materials available for inspection and copying on a mutually agreeable date and time. Should Righthaven locate any additional materials responsive to this request during the course of litigation, it will supplement this response and make said materials available for inspection and copying or otherwise arrange for their production following their review for appropriate designation under the Stipulated Protective Order. Righthaven additionally directs Democratic Underground to the July 19, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media.

**DOCUMENT REQUEST NO. 7:**

ALL DOCUMENTS concerning any joint defense, common interest, or other agreements for cooperation in litigation or preservation of privileges between Righthaven and Stephens Media.

**RESPONSE TO DOCUMENT REQUEST NO. 7:**

Righthaven supplements it response to this request by objecting to it as vague, ambiguous and compound in it use of the phrases "concerning any," "joint defense, common interest, or other agreements for cooperation in litigation" and "or preservation of privileges." Subject to these objections, Righthaven is reviewing material in its

possession that may be responsive to this request. Righthaven will produce, or make available for inspection and copying, any material deemed to be responsive to this request after it is been assigned an appropriate designation, if any, under the Stipulated Protective Order entered in this action.

**DOCUMENT REQUEST NO. 10:**

ALL DOCUMENTS that refer or RELATE TO any "right of reversion" referenced in the JULY 19, 2010 ASSIGNMENT.

**RESPONSE TO DOCUMENT REQUEST NO. 10:**

Righthaven supplements is prior response to this request by objecting to it on the grounds that the phrase "refer or RELATE TO" is vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34.

Subject to the foregoing, Righthaven additionally directs Democratic Underground to the July 19, 2010 Assignment and the Strategic Alliance Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media. Righthaven is presently unaware of the existence of any additional materials responsive to this request. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 41:**

ALL COMMUNICATIONS between YOU and Mark Hinueber.

**RESPONSE TO DOCUMENT REQUEST NO. 41:**

Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34. Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action.

Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure. Righthaven additionally directs Democratic Underground to the July 19, 2010 Assignment and the Strategic Alliance

Agreement (Bates Nos. SM000078-94), which have been previously produced in this action by Stephens Media.

**DOCUMENT REQUEST NO. 42:**

ALL COMMUNICATIONS between YOU and Jackson Farrow.

**RESPONSE TO DOCUMENT REQUEST NO. 42:**

Righthaven supplements its prior response to this request by objecting to it on the grounds that the definitions of "COMMUNICATIONS" is vague, ambiguous, overly broad and imposes compliance requirements outside of those authorized under Rule 34. Righthaven objects to this request to the extent it is interpreted to require the production of irrelevant material outside the permissible scope of discovery in this action.

Subject to the foregoing, Righthaven is in the process of investigating whether any relevant, responsive material exists and, if so, whether said material should be designated under the Stipulated Protective Order entered in this action. Righthaven will supplement this response and produce, or arrange for the production, of additional responsive material consistent with its obligations under the Federal Rules of Civil Procedure.

**DOCUMENT REQUEST NO. 58:**

ALL DOCUMENTS referring or RELATING TO the creation of Righthaven, including, without limitation, ALL COMMUNICATION among its founders and funders.

**RESPONSE TO DOCUMENT REQUEST NO. 58:**

Righthaven supplements its prior response to this request by objecting to it grounds that that the definitions of "referring or RELATING TO," and "COMMUNICATION" as vague, ambiguous, overly broad and impose compliance requirements outside of those authorized under Rule 34. Righthaven further objects to this request as compound, overly broad, vague and ambiguous in its use of the phrases "refer or RELATE TO" and "the creation of Righthaven, including, without limitation, ALL COMMUNICATION among its founders and funders." Righthaven additionally objects to this request as calling for the production of irrelevant material and has been done solely for the purpose of harassment.

(Doc. # 96-29 at 3-4, 6-7, 8-9, 28-29, 37-38.)

With each of the above supplemental responses, with the exception of document request number 58, Righthaven agreed to search for responsive materials, to produce any responsive

materials if located, to supplement its production should responsive materials be located at a later date, and, where applicable, directed Defendant to previously produced materials responsive to its request. It is beyond reason why Righthaven would be deemed to have obstructed Defendant's discovery efforts given the content of its supplemental responses. Just because Defendant suspects that Righthaven is in possession of responsive materials does not justify a finding that Righthaven is in fact in possession of and is withholding materials that do not exist. To the extent materials are discovered at a later date despite Righthaven's efforts to date to locate them, these responsive materials will be promptly produced as indicated in its supplemental responses.

Turning specifically to request for production number 58, Righthaven clearly did not agree to produce all materials responsive to this request. Its reason for doing so should be readily apparent to the Court. First, the request principally relates to documents relating to the formation of Righthaven. (Doc. # 96-29 at 37-38.) In this regard, Righthaven, or Stephens Media, have produced the articles of organization and the operating agreement for the company. The articles of organization unquestionably result in the formation of a Nevada limited-liability company under NRS 86.151. Moreover, the operating agreement details the members, managers, monetary distribution considerations, and the scope of authority granted to the manager or other individual responsible for the company's daily operations. These materials, along with the Strategic Alliance Agreement (the "SAA") and it subsequent amendment (the "Amendment") has been produced to Defendant.

Despite Righthaven's compliance with the spirit of request for production number 58, Defendant apparent is intent on seeking all communications leading up to Righthaven's formation. Such information is clearly irrelevant. Defendant has challenged Righthaven's and Stephens Media's assignment of the copyrighted material at issue in this action based upon the contents of the SAA. They are in possession of the articles of organization and the operating agreement for Righthaven. Whatever potential relevance could be gleaned from pre-formation communications, which have not even been determined to exist – whether privileged or not, is a mystery. Accordingly, Righthaven stands on its lodged objections to request for production

number 58 in view of the other responsive materials produced in this action. If the Court overrules Righthaven's objections, it will promptly comply by ascertaining whether or not responsive information exists to this request and produce any such material in compliance with its discovery obligations.

In sum, Righthaven has no desire to obstruct Defendant's discovery efforts. It has attempted to protect its rights while fully complying with its obligations under the Federal Rules of Civil Procedure. In fact, Defendant amended numerous ambiguous and circular definitions contained in its original requests for production in response to Righthaven's objections and following meet and confer efforts by counsel. (Doc. # 96-9 at 2.) Righthaven asserts that its supplemental responses to Defendant's requests for production clearly evidence its attempts to adhere to its discovery obligations in this case. While Defendant may claim otherwise, the record before the Court speaks more persuasively in this regard than the bluster of a party seeking to make a mountain out of a molehill.

***B. Defendant's Claim That Pre-Formation Material, Including Drafts And Correspondence, Are Discoverable Under Federal Rule of Civil Procedure 26 is Without Merit.***

A majority of Defendant's Motion is dedicated to the claim that materials relating to Righthaven's formation is "highly relevant" to the claims at issue in this case. (Doc. # 95 at 15.) Nothing could be further from the truth or from the scope of discoverable information under Federal Rule of Civil Procedure 26.

As noted above, Defendant has obtained Righthaven's articles of organization, its operating agreement, the SAA, and the Amendment through written discovery in this action. This, however, is apparently not enough. Defendant is, for some reason, intent on engaging in a proverbial fishing expedition as to whether or not correspondence between the members of Righthaven are accurately reflected in the fully executed operating agreement for the company. Moreover, Defendant apparently seeks to obtain drafts of the operating agreement, which was unquestionably prepared by counsel. Setting aside obvious privilege and work product issues, the Court must ask the fundamental question – even if this information were produced and it

demonstrated in some manner a contention advanced by the Defendant, how is it relevant in view of a fully executed operating agreement for Righthaven? Without question, the operating agreement's terms supersede and supplant any oral or collateral representations between the members. Accordingly, correspondence concerning negotiations and drafts exchanged between the members has little, if any, probative value in this case. As such, even if the Court were to disregard the potential privilege issues related to such information, the alleged responsive material is not relevant to the claims and defenses at issue in this case.

***C. Defendant's Claim That Righthaven is Withholding Materials Related to The Assignment And The SAA Are Misplaced.***

Defendant's additionally argue that Righthaven, and Stephens Media, have failed to produce materials related to the assignment of the work at issue and the SAA. (Doc. # 95 at 18.) Defendant's arguments are predicated on the flawed assumption that such materials exist and that Righthaven and Stephens Media are refusing to disclose them. This is simply not true.

Defendant's argument relies on numerous defined terms under the SAA. (*Id.*) Under Defendant's interpretation of the SAA, Righthaven and Stephens Media should be in possession of a variety of documents, such as a "Searching Decision", an "Infringement Notice", a "Copyright Assignment Notice", or a "Remediation Option Notice." (*Id.*) Defendant's reliance on these defined terms, however, ignores the practical implementation of the SAA. The parties to the SAA can easily discharge their respective obligations under the SAA through an in-person or telephonic meeting. There is no requirement under the SAA that the cited materials and notices be placed in writing in order to effectuate a contemplated transaction. To the extent a writing requirement is construed to exist, the parties can waive such a requirement. In sum, the existence of defined terms and notices under the SAA does not establish their existence or that Righthaven and/or Stephens Media is withholding responsive materials. In this regard, Righthaven recently produced through its fifth supplemental initial disclosure a cover letter sent to Stephens Media concerning the assignment for the copyrighted work at issue in this case. Consistent with its obligations under the Federal Rules of Civil Procedure, Righthaven will continue to supplement its disclosures upon discovery of responsive material. This

acknowledgement aside, Righthaven has not discovered any additional material that would be responsive to Defendant's discovery requests that are before the Court.

***D. Righthaven Has Not Waived Its Right to Assert Attorney-Client Privilege.***

Righthaven joins in Stephens Media's arguments concerning Defendant's argument that the parties have waived their right to assert the attorney-client privilege in this case. (Doc. # 95 at 26-29.) Succinctly stated, neither Righthaven nor Stephens Media have waived the attorney-client privilege by not producing a privilege log in this case. In this regard, any non-privilege based objections to discovery must be overruled before an obligation to produce a privilege log arises.

Federal Rule of Civil Procedure 26(b)(5) expressly states that a party must only produce a privilege log if the party withholds information that is "otherwise discoverable." FED. R. CIV. P. 26(b)(5). The Advisory Committee further instructed as follows:

> The obligation to provide pertinent information concerning withheld privileged material applies only to items "otherwise discoverable." If a broad discovery request is made – for example, for all documents of a particular type during a twenty year period – and the responding party believes in good faith that production of documents for more than the past three years would be unduly burdensome, it should make its objection to the breadth of the request and, with respect to the documents generated in that three year period, produce the unprivileged documents and describe those withheld under the claim of privilege. If the court later rules that documents for a seven year period are properly discoverable, the documents for the additional four years should then be either produced (if not privileged) or described (if claimed to be privileged).

Advisory Committee Notes, 146 F.R.D. 401 (1993).

This approach has been endorsed by highly regarded civil procedure commentators:

> The requirement that specifics be provided should not always apply with respect to materials that are withheld on additional grounds other than privilege, such as that production would be unduly burdensome or that they are irrelevant, since those materials are not "otherwise discoverable."
>
> ***

> Ultimately, courts will need to make a judgment whether the nonprivilege grounds for objection are sufficiently substantial to excuse immediate presentation of detailed justification for privilege claims.

*See* 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2016.1 (3d ed. 2010).

Based on the foregoing, the Court should first rule on the non-privilege objections raised by Righthaven in response to the requests for production. If the asserted objections are overruled, then the Court should require a privilege log to be produced if responsive materials are withheld based on an asserted privilege.

Righthaven additionally did not breach or otherwise violate the terms of the Scheduling Order entered in this case with regard to production of a privilege log. (Doc. # 54.) Under the Scheduling Order, a privilege log must be produced within 21 days after the date that the documents memorialized in the privilege were to be produced. (*Id.*) Here, such a date has not passed because any such documents potentially covered by the attorney-client privilege has not yet passed because the documents in question have not been found to be "otherwise discoverable" under Federal Rule of Civil Procedure 26(b)(5). Accordingly, Righthaven has not waived its right to assert attorney-client privilege or work-product protection in this action.[1]

---

1 Defendant also argues that Righthaven cannot claim privilege based on common interest because no joint defense agreement has been produced. (*See* Doc. # 95 at 27-29.) Righthaven concurs with Stephens Media's assertion that the parties have not executed a final joint defense agreement even though they have operated with the understanding that all communications between them are protected. *See* Williams Decl., ¶ 4. Regardless, the existence of a joint defense agreement or lack thereof is irrelevant because such an agreement is not determinative of the existence of common interest privilege. *See United States v. Stepney*, 246 F.Supp.2d 1069, 1080 fn. 5 (9th Cir. 2003) ("[n]o written agreement is generally required to invoke the joint defense privilege"); *Ocean Atl. Dev. Corp. v. Willow Tree Farm, L.L.C.*, 2002 WL 649043 (N.D. Ill. 2002) (applying the common interest privilege despite the lack of a formal joint defense agreement where attorneys *verbally agreed* to collaborate regarding privileged matters); *Katz v. AT&T Corp.*, 191 F.R.D. 433, 437 (E.D. Pa. 2000) ("Plaintiffs are correct in their assertion that the common interest doctrine protects privileged and work-product materials even if there is no "final" agreement[.]").

## III. CONCLUSION

Based on the foregoing, Righthaven respectfully requests the Court deny Defendant's Motion and grant such other relief as it deems proper. To the extent the Court determines that Righthaven has not fully complied with its obligations under the Federal Rules of Civil Procedure, it will promptly and diligently comply with any Order of this Court.

Dated this 17th day of May, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701

**CERTIFICATE OF SERVICE**

Pursuant to LR 5-4, I hereby certify that a true and correct copy of the foregoing document was served via the Court's CM/ECF system on February 17, 2011 on counsel of record in this action.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.