SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:    (702) 304-0432
Fax:   (702) 922-3851

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>                    Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br>                    Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br>                    Counterdefendants. | Case No.: 2:10-cv-01356-RLH-CWF<br><br>**RIGHTHAVEN LLC'S APPLICATION TO INTERVENE AS OF RIGHT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 24(A)(2)** |

Righthaven LLC ("Righthaven") hereby applies to intervene in this action as of right pursuant Federal Rule of Civil Procedure 24(a)(2) ("Application").  Righthaven's Application is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.  A proposed order granting Righthaven's Application is submitted concurrently with this filing.

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   INTRODUCTION

Righthaven respectfully submits this Application to intervene as of right pursuant to Rule 24(a)(2).  On June 14, 2011, this Court found that Righthaven lacked standing to bring its copyright infringement claim.  (Doc. # 116, the "Order".)  The Court's decision was expressly based upon the jurisdictional facts as they existed at the time the complaint was filed—namely the form of copyright assignment and the Strategic Alliance Agreement ("SAA") between Stephens Media and Righthaven that was then in existence at the time the complaint was filed.  (Order at 8.)  Although Righthaven respectfully disagrees with the Court's decision that Righthaven lacked standing under the original SAA, it accepts as the law of the case that Righthaven lacked standing under the complaint as filed.  Nevertheless, subsequent to the filing of Righthaven's complaint, Righthaven and Stephens Media executed the Clarification and Amendment to Strategic License Agreement ("Amendment"), which eliminated Stephens Media's rights of reversion and converted its right to use an assigned copyright to a mere non-exclusive license.  As explained in detail below, under the Amendment, Righthaven is the assignee and sole owner of the copyrighted work at issue in this case.  Thus, intervention as of right is proper.

Intervention is particularly warranted here, as Defendant's declaratory judgment claim against Stephens Media is still pending because the Court found that Stephens Media still owned the copyrighted Work under the original SAA.  (*See* Order at 14, 16.)  Yet, under the Amendment, Stephens Media is now a mere non-exclusive licensee with no ownership rights in the copyright and no standing to sue for infringement.  Therefore, Righthaven seeks to intervene as of right in order to protect its ownership interest in the copyright since it is the only party that may presently due so.

This case cannot be resolved without Righthaven's involvement because Righthaven is the only real party-in-interest.

As set forth below, Righthaven satisfies the requirements for intervention under Rule 24. Further, intervention will conserve judicial resources and allow for the efficient resolution of all related issues in a single proceeding rather than forcing Righthaven to file a new complaint, needlessly resulting in multiple litigations regarding similar issues. In addition, intervention will not cause undue delay or prejudice to Democratic Underground. For these reasons, Righthaven respectfully requests that its Application for leave to intervene as of right be granted.

## II.     SUMMARY OF RELEVANT FACTS

Righthaven filed its complaint for copyright infringement against the defendants on August 10, 2010 (Doc. # 1). Defendants answered the complaint (Doc. # 13) and defendant Democratic Underground asserted a counterclaim for a declaratory judgment of non-infringement against Righthaven and added Stephens Media as a counterclaim -defendant. (*Id.* at 6-24.) Subsequent to the filing of Righthaven's complaint, Righthaven and Stephens Media executed the Amendment, which remedied any previous defect in Stephens Media's copyright assignment to Righthaven, and consequently, remedied any prior defect in Righthaven's ownership of the Work or its standing to sue for infringement. (Doc. # 102, Ex. 3.)

On June 14, 2011, this Court issued an Order addressing several pending motions, including the issue of whether Righthaven had standing. (Order.) Notwithstanding Righthaven's present copyright ownership under the Amendment, the Court held that Righthaven's complaint must be dismissed because standing did not exist at the inception of the lawsuit. (Order at **7**-8.) The Court did not determine whether Righthaven currently has standing to sue in view of the Amendment (*id.* at 8 n.1) and dismissed Righthaven entirely from this action (*id.* at 16). Thus, the only pending claim that remains in this case is Democratic Underground's counterclaim for a declaratory judgment of non-infringement against Stephens Media.

## III.    ARGUMENT

Pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, a non-party may apply to intervene in an action as of right. Fed. R. Civ. P. 24(a)(2). The Ninth Circuit applies a four-part test

to determine if intervention of right is warranted. The applicant must demonstrate that (1) the intervention is timely; (2) the applicant has a significantly protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *See Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006). "In evaluating whether Rule 24(a)(2)'s requirements are met, [courts] normally follow practical and equitable considerations and construe the Rule broadly in favor of proposed intervenors." *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011).

**A.   Righthaven's Application Is Timely.**

The timeliness requirement for intervention is satisfied in light of the fact that Righthaven filed this Application within days after the Court's Order dismissing it from the case and in light of the recently executed Amendment.

**B.   As the Sole Owner of the Copyrighted Work, Righthaven Has a Significant Protectable Interest in the Non-Infringement Declaratory Judgment Claim, and Its Ability to Protect Its Interest Will Necessarily be Impaired by Disposition of the Action.**

Because Righthaven is the sole owner of the copyright at issue in Democratic Underground's non-infringement declaratory judgment claim, it has a significantly protectable interest which will necessarily be impaired by the Court's decision as to infringement. Thus, Righthaven satisfies the next two requirements for intervention, which entail having a significantly protectable interest which may be impaired by the disposition of the action. *Prete*, 438 F.3d at 954. These two requirements are interrelated given that a prospective intervenor "has a sufficient interest for intervention purposes if it will suffer a practical impairment of its interests as a result of the pending litigation." *California ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006).

Because the Amendment remedied the prior defects in Righthaven's copyright ownership under the SAA, Righthaven has a protectable interest in this case.

**1.   Righthaven is the sole copyright owner and sole party with standing to sue.**

Righthaven is the current owner of the copyrighted work and would have standing to bring an action for infringement. 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right

under a copyright is entitled … to institute an action for any infringement of that particular right ….").  A copyright owner need not have been the author or original owner; indeed, copyright law recognizes the transferability of the rights protected by copyright.  17 U.S.C. § 101 ("A 'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license.")  It is also black-letter law that a non-exclusive licensee, such as Stephens Media, lacks standing to sue for infringement.  *See id.*; *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 898 n. 7 (9th Cir. 2005).

Pursuant to the Amendment, there can be no question that Righthaven obtained "all right, title and interest to said Work such that Righthaven shall be recognized as the copyright owner of the Work, shall have the right to register said Work with the United States Copyright Office, and shall have the right to pursue past, present and future infringements of the copyright in and to the Work." (Doc. # 102, Ex. 3.)  As the owner of the copyright, Righthaven has the ability to exploit its exclusive rights as it sees fit.  Righthaven may reproduce the copyrighted work, create derivative works, assign the copyright, grant licenses, receive royalty payments and sue for copyright infringement.  In short, Righthaven may utilize the entire bundle of exclusive rights that accompany copyright ownership.  Nothing in the parties' agreements prevents Righthaven from doing so.  Righthaven granted a non-exclusive license back to Stephens Media to use the copyrighted work (Doc. # 102, Ex. 3 at § 7.2), but that license does not divest Righthaven of its ownership rights.  *See Silvers*, 402 F.3d at 898 n. 7.  As the copyright owner, Righthaven has a significant protectable interest in this action.

    **2. Neither the purpose of the transaction nor Stephens Media's retention of certain rights invalidates the assignment.**

Democratic Underground has previously argued that Righthaven's assignment is merely a "sham" because of Righthaven's business purpose and the existence of two provisions in the Amendment: a provision giving Stephens Media 30 days written notice prior to exploiting the Infringed Work and a separate provision giving Stephens Media the option to re-purchase the copyright.  (Doc. # 102, Ex. 3.)  Democratic Underground is wrong.

1  Parties routinely enter into complex agreements transferring intellectual property rights.  It is
2  well-established that these transfers are not invalid simply because the original owner retains some
3  rights.  *See, e.g., Vittoria N. Am., L.L.C. v. Euro-Asia Imports Inc.*, 278 F.3d 1076, 1082 (10th Cir.
4  2001) (holding that a "thirty-day reassignment clause does not establish that [the trademark
5  assignment] is a sham") (citing *Premier Dental Prods. Co. v. Darby Dental Supply Co.,* 794 F.2d
6  850, 855-56 (3d Cir. 1986) ("[L]imitations in an otherwise valid assignment agreement do not
7  invalidate it")); *Int'l Armament Corp. v. Matra Manurhin Int'l., Inc.*, 630 F. Supp. 741, 746 (E.D.
8  Va. 1986) ("Plaintiff's ownership of the marks is subject to conditions on its license agreement with
9  Carl Walther, which make that distributorship revocable by Walther for violation of 'essential'
10 clauses.  Such limitations on an assignment do not invalidate or make it a sham, however.")

11  Moreover, the Ninth Circuit, more than 40 years ago, rejected the argument that an
12 assignment made solely to facilitate a lawsuit is somehow improper.  In *Rawlings v. Nat'l Molasses*
13 *Co.*, 394 F.2d 645, 648 (9th Cir. 1968),[1] the Ninth Circuit held:

> Defendants make the further point that the arrangement between plaintiff and [assignor] was accomplished for the sole purpose of permitting plaintiff to bring this action without joining [assignor] as a party plaintiff or defendant.  We assume that to be true.  Defendants urge that the transaction was a sham.  The documents were in fact executed and nothing in the record indicates that as between [assignor] and plaintiff they are either void or voidable.  If not, then the purpose underlying their execution is of no concern to the defendants.

18 Thus, the Ninth Circuit long ago rejected the argument that the purpose behind a business transaction
19 or a business itself has any bearing on the issue of standing.

20  Further, courts in numerous patent cases have rejected the argument that an otherwise valid
21 transfer of intellectual property rights made to confer standing is somehow defective, or a sham,
22 because the motivating business purpose is litigation.  For example, in a highly analogous case in the
23 patent context, the Federal Circuit held that patent assignments made for the sole purpose of bringing
24 suit are nonetheless valid.  *SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*, 1994 WL

---

[1] Patent cases, such as *Rawlings*, are highly instructive here.  As the Ninth Circuit held in *Silvers,* courts "should interpret the Copyright Act consistently with the requirement of the Patent Act" because of the fundamental similarity between the two types of intellectual property rights.  402 F.3d at 888; *see also Davis v. Blige*, 505 F.3d 90, 104 (2nd Cir. 2007) ("Although patent and copyright law function somewhat differently, courts considering one have historically looked to the other for guidance where precedent is lacking . . . .  Licenses in patent and copyright function similarly . . . .").

374529 (Fed. Cir. Jul. 14, 1994). There, the defendant urged the court to ignore the patent assignment between related corporate entities because, like here, the agreement was entered for the purpose of conferring standing to sue for infringement. The defendant also argued "sham" because the assignment required the plaintiff to assign the patents back at the conclusion of the litigation, a much greater restriction than that present in this case. *Id.* at *6. The court rejected defendant's arguments, ruling that "[t]his court and other courts have held that an assignment that explicitly provides for possible transfer back to the assignor is nevertheless effective to give the assignee standing." *Id.* The court further held that:

> the district court erred in granting summary judgment on the ground that the assignments of the … patents were shams because the sole purpose of the assignment was to facilitate litigation. In so ruling, the trial court ignored the express language in the assignments and in effect created a new requirement, not found in any case law, that a patent assignment must have an "independent business purpose."

*Id.* Thus, the Federal Circuit explicitly ruled that the motive or purpose of an assignment is irrelevant to the assignee's standing to enforce the exclusive rights conferred and that the assignor's ability to re-acquire its rights does not deprive the assignee of its right to bring suit. *Id.* at *6-7. If the Court were to follow this reasoning, as *Silvers* holds it should, Righthaven is the sole current owner of the copyright, and not Stephens Media.

In yet another case decided by the Federal Circuit, the court held that a grant of patent rights was sufficient to confer standing notwithstanding the fact that the grantor retained several rights relating to the patent. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870 (Fed. Cir. 1991). In *Vaupel*, the grantor retained "1) a veto right on sublicensing by Vaupel; 2) the right to obtain patents on the invention in other countries; 3) a reversionary right to the patent in the event of bankruptcy or termination of production by Vaupel; and 4) a right to receive infringement damages." *Id.* at 875. Despite the grantor's retention of these rights, the court held that "none of these reserved rights was so substantial as to reduce the transfer to a mere license or indicate an intent not to transfer all substantial rights." *Id.* Here, as in *Vaupel*, the rights retained by Stephens Media do not negate the exclusive rights conferred to Righthaven.

3. **Resolution of Democratic Underground's non-infringement claim may impair Righthaven's interest in seeking redress for copyright infringement.**

As discussed above, Righthaven is the owner of the Work and has been properly conveyed the right to sue for an accrued infringement claim. Democratic Underground's pending declaratory judgment claim seeks a finding of non-infringement of the Work based on the doctrine of fair use. (Doc. # 13 at 24-25.) Entry of such relief would undeniably affect Righthaven's ability to protect its interest in the Work. *See Arakaki v. Cayetano*, 324 F.3d 1078, 1084 (9th Cir. 2003) ("The requirement of a significantly protectable interest is generally satisfied when the interest is protectable under some law, and there is a relationship between the legally protected interest and the claims at issue."); *Amgen, Inc. v. F. Hoffman-Laroche Ltd.*, 456 F. Supp .2d 267, 280 n. 11 (D. Mass. 2006) (license in technology sufficient to support intervention as of right in patent infringement action). And if there is a finding of no fair use, Righthaven would not be able to obtain any remedy for Democratic Underground's infringement. Either result would be inequitable.

Further, the "interest" element is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *In re Estate of Ferdinand E. Marcos Human Rights Litig.,* 536 F.3d 980, 985 (9th Cir. 2008) (internal quotations omitted); *California ex rel. Lockyer*, 450 F.3d at 442 ("Having found that appellants have a significant protectable interest, we have little difficulty concluding that the disposition of this case may, as a practical matter, affect it."); *Arakaki*, 324 F.3d at 1086 ("This Court follows the guidance of Rule 24 advisory committee notes that state that 'if an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene.'"). Thus, Righthaven's Application should be granted because allowing Righthaven to intervene makes sense as a practical matter. It would allow Righthaven to bring its infringement claim in this action and avoid any duplicative litigation.

C.  **Stephens Media May Not Adequately Represent Righthaven's Interest.**

The final requirement to intervene as of right requires the applicant to demonstrate that the existing parties inadequately represent its interest. *Prete,* 438 F.3d at 954; *Arakaki*, 324 F.3d at 1083. Generally, the required showing of inadequate representation is minimal. *Sagebrush*

*Rebellion, Inc. v. Watt*, 713 F.2d 525, 528 (9th Cir. 1983). But when an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises. *Arakaki*, 324 F.3d at 1086. The presumption of adequate representation may be overcome with a "compelling showing." *Id.*

In considering whether an applicant meets the minimal inadequacy of representation requirement under Rule 24(a)(2), courts "'consider several factors, including whether [a present party] will undoubtedly make all of the intervenor's arguments, whether [a present party] is capable of and willing to make such arguments, and whether the intervenor offers a necessary element to the proceedings that would be neglected.'" *Prete,* 438 F.3d at 956 (quoting *Sagebrush Rebellion, Inc.,* 713 F.2d at 528).

Here, the existing parties would not adequately represent Righthaven's interest. Democratic Underground is clearly adverse to Righthaven's interest. *See Sagebrush Rebellion, Inc.,* 713 F.2d at 527. Thus, the only party that could potentially represent Righthaven's interest is Stephens Media through its defense of Democratic Underground's declaratory judgment claim. And although Stephens Media has an interest in seeing that the declaratory judgment claim is refuted, as discussed above, it cannot presently sue for copyright infringement because it holds a non-exclusive license to the Work. As a holder of a non-exclusive license, Stephens Media may seek dismissal of Democratic Underground's claim on standing grounds. Further, given Stephens Media's lack of standing to bring an infringement claim, it would not be able to bring a counterclaim against Democratic Underground for infringement, and thus would not be able to recover damages or any other remedy. Given this fact, Stephens Media may not advance the same arguments that Righthaven would bring if it is allowed to intervene.

IV.     CONCLUSION

       For the foregoing reasons, Righthaven respectfully requests that the Court grant its request to intervene as of right in this action pursuant to Rule 24(a)(2).

Dated this 23rd day of June, 2011.

                                            SHAWN A. MANGANO, LTD.

                                            <u>By: /s/ Shawn A. Mangano</u>
                                            SHAWN A. MANGANO, ESQ.
                                            Nevada Bar No. 6730
                                            shawn@manganolaw.com
                                            9960 West Cheyenne Avenue, Suite 170
                                            Las Vegas, Nevada 89129-7701
                                            Tel:       (702) 304-0432
                                            Fax:      (702) 922-3851

                                            *Attorney for Righthaven LLC*

## CERTIFICATE OF SERVICE

    Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 23rd day of June, 2011, I caused the foregoing document to be served by the Court's CM/ECF system.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:   (702) 304-0432
Fax:   (702) 922-3851

*Attorney for Righthaven LLC*