CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
      jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-GWF |
| Plaintiff, | |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **COUNTER-DEFENDANT STEPHENS MEDIA LLC'S MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 14, 2011 ORDER [Dkt No. 116]** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Counter-Defendant Stephens Media LLC ("Stephens Media") hereby moves for reconsideration of the Court's June 14, 2011 Order (the "June 14th Order" or the "Order") [Dkt. No. 116].  Stephens Media's request for reconsideration is based upon the below memorandum of points and authorities, the pleadings and papers on file in this action, any oral argument the Court may allow, and any other matter of which the Court takes notice.

## POINTS AND AUTHORITIES

### I.    INTRODUCTION

Stephens Media asks the Court to reconsider its June 14th Order because it has left the company to defend a non-infringement declaratory counterclaim despite the fact that it is precluded from filing an infringement suit against Democratic Underground, LLC ("Democratic Underground").  This rather unique and inequitable circumstance has resulted from the Court determining that Righthaven LLC ("Righthaven") lacked standing to maintain its copyright infringement claim based on jurisdictional facts existing as of the time its Complaint was filed. (Dkt. No. 116 at 7, 11.)  In employing this approach, however, the Court failed to consider an amendment to the operative contract upon which the Court's analysis was based.  (*Id.* at 8 n.1.)

The amended contractual agreement between Stephens Media and Righthaven fundamentally alters the analysis of whether Democratic Underground's non-infringement declaratory relief claim remains viable against Stephens Media.  As argued below, the amended contract clearly defines Stephens Media as a non-exclusive licensee to use the copyrighted work at issue.  As a non-exclusive licensee, Stephens Media cannot sue for copyright infringement. Absent Stephens Media's ability to sue for infringement, Democratic Underground cannot have a reasonable apprehension of suit.  The Court relied on the fear of a potential copyright infringement action by Stephens Media when determining to allow Democratic Underground's counterclaim of non-infringement to stand.  (*Id.* at 14.)  Since no such threat exists under the

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1    amended contractual relationship between Stephens Media and Righthaven, the Court should

2    reconsider its June 14th Order.

3    **II.     FACTUAL BACKGROUND**

4
5          Righthaven commenced this action on August 10, 2010 against Democratic Underground

6    and David Allen ("Allen" and collectively referred to with Democratic Underground as

7    "Defendants") for copyright infringement.  (Dkt. No. 1.)  Righthaven's Complaint asserted

8    ownership of a copyright registered literary piece entitled "Tea Party power fuels Angle" (the

9    "Work"), which originally appeared in the *Las Vegas Review-Journal* on or about May 13, 2010.

10   (Dkt. No. 1 at 2, 4; Dkt. No. 1-1, Exs. 2, 4.)  Stephens Media, which is the publisher of the *Las*

11   *Vegas Review-Journal*, assigned all rights, title and interest in and to the Work, along with the

12   right to sue for past, present and future infringement, to Righthaven prior to the filing of this

13   case. (Dkt. Nos. 101, Ex. 1; 102, Ex. 1.)

14
15         Defendants' answered the Complaint on September 27, 2010.  (Dkt. No. 13.)  In addition

16   to answering, Democratic Underground asserted a counterclaim against Righthaven and added

17   Stephens Media as a new counterdefendant in the case.  (*Id.* at 6-24.)  The counterclaim seeks a

18   declaratory judgment of non-infringement of the Work.  (*Id.* at 24-25.)  Shortly thereafter,

19   Stephens Media moved to dismiss or strike Democratic Underground's counterclaim.  (Dkt. No.

20   38.)  In so doing, Stephen Media argued that no case or controversy existed between it and

21   Democratic Underground because it had assigned all rights in and to the Work to Righthaven.

22   (*Id.*)  Stephens Media also argued that Democratic Underground's non-infringement claim would

23   necessarily be resolved through the defense of Righthaven's Complaint.  (*Id.*)  On December 7,

24   2010, Defendants sought summary judgment for non-infringement of the Work against

25   Righthaven. (Dkt. No. 45.)

26
27
28

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Discovery commenced while the various motions were pending. Stephens Media, and subsequently Righthaven, produced the Assignment for the Work, as well as, among other things, the Strategic Alliance Agreement ("SAA") between Stephens Media and Righthaven. With Court approval, Defendants supplemented their prior filings (Dkt. No. 79) on the issue of Righthaven's lack of standing in this action given the terms of the SAA and the Ninth Circuit's decision in *Silvers*, which holds that a plaintiff assigned only a bare right to sue for past copyright infringement lacks standing. *See Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884 (9th Cir. 2005).

Stephens Media and Righthaven responded to Defendants' supplemental filing on May 9, 2011. (Dkt. Nos. 99, 100.) Stephens Media also joined in Righthaven' response. (Dkt. No. 99.) Stephens Media's response maintained the SAA did not create a case or controversy between it and Democratic Underground because it did not own the Work at issue. (*Id.*) Consistent with Stephens Media's argument, Righthaven's response asserted that it properly acquired the right to sue for Defendants' past infringement of the Work because this accrued claim was assigned to it along with all ownership rights from Stephens Media by virtue of the Assignment in full compliance with the *Silvers* decision. (Dkt. No. 100 at 5-8.) That certain rights were licensed-back to Stephens Media under the SAA did not change this result. (*Id.*) Righthaven additionally submitted declarations reaffirming that the intent of the SAA transaction and related Assignment was to transfer full ownership of the Work and further directed the Court to language in the SAA that vested it with authority to take whatever action was necessary to effectuate this intent. (*Id.* at 8-9.) Finally, Righthaven and Stephens Media submitted the Amendment, which (i) sought to clarify Righthaven's full ownership rights in any assigned copyrighted content from Stephens Media, and (ii) to modify Stephens Media's rights such that it would have only a non-exclusive license to use any assigned work. (Dkt. No. 100 at 9-10.)



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

The June 14th Order, which Stephens Media requests the Court to reconsider, addressed the pending motions and Righthaven's standing to maintain its copyright infringement claim against Defendants.  (Dkt. No. 116.)  With regard to subject matter jurisdiction, the Court determined, based on the SAA, that Righthaven lacked standing as of the filing of the Complaint to vest it with the power to pursue the copyright infringement claims.  (*Id.* at 7, 11.)  The Court additionally found that "the SAA is not void or unenforceable, it merely prevents Righthaven from obtaining standing to sue from the Assignment." (*Id.* at 7:10-11.)

The Court's standing analysis was based upon the jurisdictional allegations and evidence as of August 10, 2011, when Righthaven filed the Complaint.  (Dkt. No. 116 at 7.)  It did not determine whether Righthaven has standing to sue for an accrued copyright infringement claim in view of the SAA's terms as amended by the parties.  (*Id.* at 8 n.1.)  The Court dismissed Righthaven entirely from this action based on a lack of standing.  (*Id.* at 16.)  As a result of that ruling, the Court also deemed Righthaven's motion for voluntary dismissal and Defendants' motion for summary judgment to be moot.  (*Id.*)

The Order likewise denied Stephens Media's motion to dismiss or strike Democratic Underground's counterclaim.  (*Id.* at 16.)  In denying Stephens Media's motion, the Court determined that a case or controversy existed between Stephens Media and Democratic Underground that justified the latter's request for a declaratory judgment of non-infringement because Stephens Media has threatened suit through its consent to Righthaven's filing of the Complaint.  (*Id.* at 14:14-20.)  The Court further reasoned the counterclaim was justified by Democratic Underground's apparent desire to re-post the Work or maintain a full archive of prior website posts and that such conduct could subject it to a copyright infringement claim.  (*Id.* at 14:20-21.)  The Court's Order did not expressly find that Stephens Media was the true owner of the Work.  (*Id.* at 14.)

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

In sum, the Court's June 14th Order dismissed Righthaven's Complaint for copyright infringement, dismissed Righthaven from the case entirely, and left Stephens Media as the lone party to Democratic Underground's declaratory judgment counterclaim, which seeks a finding of non-infringement of the Work originally sued upon by Righthaven.   While the Court has determined that Righthaven lacked standing as of August 10, 2010 to maintain its infringement action, its standing analysis did not consider Righthaven and Stephens Media's post-filing Amendment of the SAA. (Dkt. No. 116 at 8 n.1.)  Stephens Media contends that it is only granted a non-exclusive license to use the Work under the Amendment.  As a non-exclusive licensee, Stephens Media is precluded from suing for infringement, which obviates Democratic Underground's fear of suit by Stephens Media.  Simply put, Stephens Media's non-exclusive license under the Amendment cannot give rise to a case or controversy with Democratic Underground that will support the latter's declaratory judgment action.  Accordingly, Stephens Media asks the Court to reconsider its June 14th Order.

## III.   ARGUMENT

### A.   Legal Standard

Reconsideration of a court order requires: (1) a valid reason for revisiting the prior order; and (2) facts or law of a strongly convincing nature so as to warrant reversal of the prior decision. *Frasure v. United States,* 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).  Examples of appropriate circumstances warranting reconsideration of a prior order include: (1) the district court is presented with newly discovered evidence; (2) clear error was committed or the prior decision was manifestly unjust; or (3) an intervening change in controlling law has occurred. *See Nunes v. Ashcroft,* 375 F.3d 805, 807-08 (9th Cir. 2004). *See also, School Dist. No. 1J v. ACandS, Inc.,* 5 F.3d 1255, 1263 (9th Cir. 1993).

**B.**  **Reconsideration Of The Court's June 14th Order Is Required Because A Case Or Controversy Cannot Exist Given Stephens Media's Non-Exclusive License Under The Amended SAA.**

Reconsideration is necessary because the June 14 Order has resulted in a non-exclusive licensee, Stephens Media, remaining to defend an action for declaratory judgment of non-infringement when it could not bring an infringement claim given its non-exclusive rights to the Work. As such, reconsideration is justified on several grounds: (1) the Court's Order was based on solely on the SAA and did not consider the Amendment, thereby potentially qualifying the Amendment as new evidence; and/or (2) the Court's Order was manifestly unjust because it resulted in a non-exclusive licensee remaining to defend the declaratory judgment action in view of the Amendment. *See Nunes,* 375 F.3d at 807-08; *ACandS, Inc.,* 5 F.3d at 1263. Granted, this unusual procedural posture resulted from the Court dismissing Righthaven from this action based on the jurisdictional allegations existing as of the filing of the Complaint, which limited the standing analysis to the Assignment and the SAA. (Dkt. No. 116 at 7, 11.) Nevertheless, the Amendment, which was not considered in the Court's Order (*Id.* at 8 n.1), establishes Stephens Media's non-exclusive license rights in the Work. (Dkt. Nos. 101, Ex. 3; 102, Ex. 3.) Accordingly, a case or controversy between Stephens Media and Democratic Underground does not exist because Stephens Media is a non-exclusive licensee of the Work.[1]

**1.**  **A Non-Exclusive Licensee Cannot Assert a Copyright Infringement Claim, Thereby Making a Declaratory Relief Claim For Non-Infringement Improper.**

It is black-letter law that a non-exclusive licensee lacks standing to sue for infringement. *See Silvers,* 402 F.3d at 898 n. 7. *See also, Davis v. Blige,* 505 F.3d 90, 101 (2d Cir. 2007) ("[T]he holder of a nonexclusive license may not sue others for infringement."); *I.A.E., Inc. v.*

---

[1]  Stephens Media's argument in this regard is consistent with the arguments asserted by Righthaven in its recently filed motion to intervene as of right in this case. (Dkt. No. 120.).

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

*Shaver,* 74 F.3d 768, 775 (7th Cir. 1996) ("[A] person holding a nonexclusive license has no standing to sue for copyright infringement."); *Eden Toys, Inc. v. Florelee Undergarment Co.,* 697 F.2d 27, 32 (2d Cir. 1982) ("The Copyright Act authorizes only two types of claimants to sue for copyright infringement: (1) owners of copyrights, and (2) persons who have been granted exclusive licenses by owners of copyrights."). Rather, the copyright owner has standing to sue for infringement. 17 U.S.C. § 501(b) ("The legal or beneficial owner of an exclusive right under a copyright is entitled ... to institute an action for any infringement of that particular right ...."). A copyright owner need not have been the author or original owner; indeed, copyright law recognizes the transferability of the rights protected by copyright. 17 U.S.C. § 101 ("A 'transfer of copyright ownership' is an assignment, mortgage, exclusive license, or any other conveyance, alienation, or hypothecation of a copyright or of any of the exclusive rights comprised in a copyright, whether or not it is limited in time or place of effect, but not including a nonexclusive license.").

The Supreme Court has instructed that declaratory judgment claims must arise from disputes which are "definite and concrete, touching the legal relations of parties having adverse legal interests . . . and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MedImmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007) (quoting *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240-41 (1937)). The dispute-giving rise to the claim must be one "of sufficient immediacy and reality to warrant the issuance of declaratory judgment." *Id.* (quoting *Maryland Casualty Co. v. Pacific Coal & Oil Co.,* 312 U.S. 270, 273 (1941)). The D.C. Circuit has explained that a district court's subject matter jurisdiction over a declaratory judgment action is determined by the existence of an "actual controversy." *Teva Pharmaceuticals USA, Inc. v. Novartis Pharmaceuticals Corp.,* 482 F.3d 1330, 1337 (Fed.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Cir. 2007). An actual controversy within the meaning of the Declaratory Judgment Act is the same as a "case or controversy" under Article III: there must be an injury-in-fact that is "personal, concrete and particularized, and actual or imminent." *Id.*

The federal rules further require that "the party who brings an action actually possess[es], under the substantive law, the right sought to be enforced." *United HealthCare Corp. v. American Trade Ins. Co., Ltd.,* 88 F.3d 563, 568-69 (8th Cir. 1996); Fed. R. Civ. P. 17(a). In the context of assignments, the assignee is deemed the real party in interest after a claim or right has been assigned. *See Klamath-Lake Pharmacy Assoc. v. Klamath Med. Serv. Bureau,* 701 F.2d 1276, 1282 (9th Cir. 1983). *See also, Farrell Const. Co. v. Jefferson Parish, Louisiana,* 896 F.2d 136, 140 (5th Cir. 1990) ("[A] party not possessing a right under substantive law is not the real party in interest with respect to that right and may not assert it."). Accordingly, where a declaratory relief action is based on the imminent threat of suit, the party upon which this belief is based must be empowered to assert the alleged threatened legal action. *See, e.g., A.C. Horn Corp. v. New York Life Ins. Co.,* 113 F.2d 864 (2d Cir. 1940) (non-exclusive patent licensee may not bring suit for infringement; and, therefore, defendant may not counterclaim for declaratory judgment of non-infringement and invalidity in the absence of the patentee).[2]

Because a non-exclusive licensee cannot sue for copyright infringement, any fear or threat of imminent legal action that could potentially justify a declaratory relief action for non-infringement is lacking. Absent the right under substantive law to sue for copyright infringement, a non-exclusive licensee is simply not a proper party to an action seeking a declaration of whether any infringement occurred. *Cf. A.C. Horn, supra.* As explained in the next section, Stephens Media is just such a non-exclusive licensee under the plain language of the Amendment. Accordingly, reconsideration of the June 14th Order is required.

---

[2] The similarity between copyright law and patent law is discussed *infra* at pp. 12-13.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**2.      Stephens Media is a Non-Exclusive Licensee Under the Amendment.**

As noted above, the Court's June 14th Order did not consider the effect of the Amendment on the issue of standing because its analysis was limited to the jurisdictional allegations existing at the time Righthaven filed its Complaint. (Dkt. No. 116 at 7, 8 n.1, 11.) Employing this jurisdictional analysis, however, has inequitably resulted in a party without the right to sue for copyright infringement as a non-exclusive licensee, Stephens Media, being left to stand alone to defend a declaratory relief non-infringement action for which the party seeking the relief has no imminent or otherwise appreciable threat of suit. Through reconsideration of its June 14th Order, Stephens Media respectfully asks the Court to rectify this inequitable procedural result by considering the amended SAA.

Pursuant to the Amendment, there can be no question that Stephens Media conveyed to Righthaven "all right, title and interest to said Work such that Righthaven shall be recognized as the copyright owner of the Work, shall have the right to register said Work with the United States Copyright Office, and shall have the right to pursue past, present and future infringements of the copyright in and to the Work." (Dkt. Nos. 101, Ex. 3; 102, Ex. 3.) As the owner of the copyright, Righthaven has the ability to exploit its exclusive rights as it sees fit. Righthaven may reproduce the copyrighted work, create derivative works, assign the copyright, grant licenses, receive royalty payments and sue for copyright infringement. In short, Righthaven may utilize the entire bundle of exclusive rights that accompany copyright ownership. Nothing in the Assignment, Amendment or Operating Agreement prevents Righthaven from doing so. Righthaven granted a non-exclusive license back to Stephens Media to use the copyrighted work (Dkt. Nos. 101, Ex. 3 at § 7.2; 102, Ex. 3 at § 7.2), but that license does not divest Righthaven of its rights. *See Silvers*, 402 F.3d at 898 n. 7.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Democratic Underground has previously argued, as have others, that the Assignment is merely a "sham" because of Righthaven's business purpose and the existence of two provisions in the Amendment: (1) a provision giving Stephens Media 30 days written notice prior to exploiting the Infringed Work (Dkt. Nos. 101, Ex. 3 at § 7.2; 102, Ex. 3 at § 7.2); and (2) a separate provision giving Stephens Media the option to re-purchase the copyright (Dkt. Nos. 101, Ex. at § 8.1; 102, Ex. at § 8.1). These provisions and related arguments do not change the fact that Stephens Media's is a non-exclusive licensee under the Amendment.[3]

Parties routinely enter into complex agreements transferring intellectual property rights. It is well established that these transfers are not invalid simply because the original owner retains some rights. *See, e.g., Vittoria N. Am., L.L.C. v. Euro-Asia Imports Inc.*, 278 F.3d 1076, 1082 n.3 (10th Cir. 2001) (holding that a "thirty-day reassignment clause does not establish that [the trademark assignment] is a sham") (citing *Premier Dental Prods. Co. v. Darby Dental Supply Co.*, 794 F.2d 850, 855-56 (3d Cir. 1986) ("[L]imitations in an otherwise valid assignment do not invalidate it")); *Int'l Armament Corp. v. Matra Manurhin Int'l., Inc.*, 630 F. Supp. 741, 746 (E.D. Va. 1986) ("Plaintiff's ownership of the marks is subject to conditions on its license agreement with Carl Walther, which make that distributorship revocable by Walther for violation of 'essential' clauses. Such limitations on an assignment do not invalidate or make it a sham, however.")

---

[3] One court in this district recently considered the amended SAA and found that the Amendment failed to convey standing. *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP-RJJ (June 20, 2011) (Dkt. No. 28). In so ruling, the court noted that the Amendment required Righthaven to give Stephens Media 30-days notice if it intended to exploit an assigned work for any other purpose than bringing an infringement action. (Dkt. No. 28 at 10:12-13.) The court additionally noted that the Amendment granted Stephens Media the right to repurchase assigned works upon 14-days notice. (*Id.* at 14-16.) According to the court, these provisions effectively give Stephens Media the right to "prevent Righthaven from ever exploiting or reproducing the Work." (*Id.* 10:16.) Stephens Media, while not a party to that action, respectfully disagrees with this analysis as it makes assumptions about Stephens Media's future conduct without any evidentiary basis for doing so.

Page 11 of 15

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Moreover, the Ninth Circuit, over 40 years ago, rejected the argument that an assignment made solely to facilitate a lawsuit is somehow improper. In *Rawlings v. Nat'l Molasses Co.*, 394 F.2d 645, 648 (9th Cir. 1968), the Ninth Circuit held:

> Defendants make the further point that the arrangement between plaintiff and [assignor] was accomplished for the sole purpose of permitting plaintiff to bring this action without joining [assignor] as a party plaintiff or defendant. We assume that to be true. Defendants urge that the transaction was a sham. The documents were in fact executed and nothing in the record indicates that as between [assignor] and plaintiff they are either void or voidable. If not, then the purpose underlying their execution is of no concern to the defendants.

Thus, the Ninth Circuit long ago rejected the argument that the purpose behind a business transaction or a business itself has any bearing on the issue of standing.

Finally, as the Ninth Circuit held in *Silvers,* courts "should interpret the Copyright Act consistently with the requirement of the Patent Act" because of the fundamental similarity between the two types of intellectual property rights. 402 F.3d at 888. *See also, Davis*, 505 F.3d at 104 ("Although patent and copyright law function somewhat differently, courts considering one have historically looked to the other for guidance where precedent is lacking . . . . Licenses in patent and copyright function similarly . . . .").

Likewise, numerous patent cases have rejected the argument that an otherwise valid transfer of intellectual property rights made to confer standing is somehow defective, or a sham, because the motivating business purpose is litigation. For example, in a highly analogous case in the patent context, the Federal Circuit held that patent assignments made for the sole purpose of bringing suit are nonetheless valid. *SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp.*, 1994 WL 374529 (Fed. Cir. Jul. 14, 1994). There, the defendant urged the court to ignore the patent assignment between related corporate entities because, like here, the agreement was entered for the purpose of conferring standing to sue for infringement. The defendant also argued "sham" because the assignment required the plaintiff to assign the patents back at the conclusion

Page 12 of 15

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

of the litigation, a much greater restriction than that present in this case. *Id.* at *6.  The court

rejected defendant's arguments, ruling that "[t]his court and other courts have held that an

assignment that explicitly provides for possible transfer back to the assignor is nevertheless

effective to give the assignee standing." *Id.*  The court further held that:

> the district court erred in granting summary judgment on the ground that the
> assignments of the ... patents were shams because the sole purpose of the
> assignment was to facilitate litigation.  In so ruling, the trial court ignored the
> express language in the assignments and in effect created a new requirement, not
> found in any case law, that a patent assignment must have an "independent
> business purpose."

*Id.*  Thus, in the very context that *Silvers* advises courts to consider, the Federal Circuit explicitly

ruled that the motive or purpose of an assignment is irrelevant to the assignee's standing to

enforce the exclusive rights conferred and that the assignor's ability to re-acquire its rights does

not deprive the assignee of its right to bring suit. *Id.* at **6-7.  If the Court were to follow this

reasoning, as *Silvers* holds it should, the arguments concerning notice and the right to repurchase,

which has not been exercised by Stephens Media, must be rejected.

In yet another case decided by the Federal Circuit, the court held that a grant of patent

rights was sufficient to confer standing notwithstanding the fact that the grantor retained several

rights relating to the patent. *See Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*,

944 F.2d 870 (Fed. Cir. 1991).  In *Vaupel*, the grantor retained "1) a veto right on sublicensing by

Vaupel; 2) the right to obtain patents on the invention in other countries; 3) a reversionary right to

the patent in the event of bankruptcy or termination of production by Vaupel; and 4) a right to

receive infringement damages." *Id.* at 875.  Despite the grantor's retention of these rights, the

court held that "none of these reserved rights was so substantial as to reduce the transfer to a mere

license or indicate an intent not to transfer all substantial rights." *Id.*  Here, as in *Vaupel*, the

rights retained by Stephens Media do not negate the exclusive rights conferred to Righthaven;

thus, Stephens Media is a non-exclusive licensee without the right to sue for infringement.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In short, the plain language of the Assignment conveys Stephens Media a non-exclusive right to use the Work.  Democratic Underground cannot have a reasonable or imminent threat of an infringement suit brought by Stephens Media given that a non-exclusive licensee cannot seek such relief.  Moreover, the 30-day notice provision and the unexercised right of repurchase does not magically turn Stephens Media's non-exclusive rights into exclusive rights.  Thus, the Court's June 14th Order inequitably and improperly resulted in Stephens Media being left to defend a declaratory relief non-infringement claim brought by a party that it is precluded from suing for infringement.   Accordingly, the Court should reconsider its decision to allow Democratic Underground's counterclaim to stand against Stephens Media.

## IV.    CONCLUSION

For the reasons set forth above, Stephens Media respectfully requests the Court reconsider its June 14th Order, which permitted Democratic Underground to maintain its declaratory judgment non-infringement counterclaim against Stephens Media.

DATED this 28th day of June, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By   /s/ *J. Colby Williams*
 DONALD J. CAMPBELL, ESQ. (#1216)
 J. COLBY WILLIAMS, ESQ. (#5549)
 700 South Seventh Street
 Las Vegas, Nevada  89101
 Telephone:  (702) 382-5222
 Facsimile:  (702) 382-0540

Attorneys for Counterdefendant
Stephens Media LLC



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing **Motion for Reconsideration of the Court's June 14, 2011 Order** was served on the 28th day of June, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

_/s/ J. Colby Williams_
An employee of Campbell & Williams