1  SHAWN A. MANGANO, ESQ.
   Nevada Bar No. 6730
2  shawn@manganolaw.com
   SHAWN A. MANGANO, LTD.
3  9960 West Cheyenne Avenue, Suite 170
   Las Vegas, Nevada 89129-7701
4  Tel:    (702) 304-0432
   Fax:    (702) 922-3851
5

6  *Attorney for Righthaven LLC*

7

8              **UNITED STATES DISTRICT COURT**

9                  **DISTRICT OF NEVADA**

10

11 RIGHTHAVEN LLC, a Nevada limited-liability       Case No.:  2:10-cv-01356-RLH-GWF
   company,
12                                                  **RIGHTHAVEN LLC'S RESPONSE TO**
                    Plaintiff,                      **ORDER TO SHOW CAUSE**
13                                                  **CONCERNING COMPLIANCE LOCAL**
   v.                                               **RULE 7.1-1**
14
   DEMOCRATIC UNDERGROUND, LLC, a District
15 of Columbia limited-liability company; and DAVID
   ALLEN, an individual,
16
                    Defendants.
17
   DEMOCRATIC UNDERGROUND, LLC, a District
18 of Columbia limited-liability company,
                    Counterclaimant,
19
   v.
20
   RIGHTHAVEN LLC, a Nevada limited-liability
21 company; and STEPHENS MEDIA LLC, a Nevada
   limited-liability company,
22
                    Counterdefendants.
23

24

25

26

27

28

                              1

Righthaven LLC ("Righthaven") hereby responds to the Order to Show Cause (Doc. # 116, the "OSC") concerning its nondisclosure of Stephens Media LLC ("Stephens Media") as an interested party under Local Rule 7.1-1.   Righthaven's response is based on the below Memorandum of Points and Authorities, the supporting declaration of Shawn A. Mangano, Esq. (the "Mangano Decl."), the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

The Court's OSC characterizes Righthaven's nondisclosure of Stephens Media as an interested party in this action as "factually brazen."  (Doc. # 116 at 15:3-5.)  This characterization inaccurately implies that Righthaven intentionally failed to comply with Local Rule 7.1-1. Righthaven did not intentionally, recklessly or willfully fail to comply with Local Rule 7.1-1 in this case or in any other pending action.

Rather, former in house counsel for Righthaven apparently failed to consider the full scope of the "direct, pecuniary interest" language under Local Rule 7.1-1 in failing to list Stephens Media on its Certificate of Interested Parties. (Doc. # 5; Mangano Decl. ¶ 7.)  Unlike its federal rule counterpart, Local Rule 7.1-1 does not define what constitutes a direct, pecuniary interest and there is an absence of case law addressing the scope of the required disclosures.  While the Court has concluded otherwise, it is certainly understandable how Local Rule 7.1-1 could have arguably been reasonably construed to not require the disclosure of Stephens Media's interest in any recovery in excess of costs under the Strategic Alliance Agreement (the "SAA").[1]

The obligation to disclose Stephens Media as an interested party pursuant to Local Rule 7.1-1 was certainly not appreciated by Righthaven's undersigned outside counsel, who has been licensed to practice before this Court since 1998. (Mangano Decl. ¶¶ 4, 7.)  Counsel reasonably viewed any contingent payment to Stephens Media under the SAA as constituting an indirect interest that

---

[1] To be clear, Righthaven did not intend hide Stephens Media's association with this action.  The SAA was produced during discovery and designated pursuant to the terms of the Stipulated Protective Order entered in this case because of the confidential terms contained therein that it did not want made publicly available to other copyright content enforcement entities.

1    required a two-step payment process assuming any case resulted in a recovery.  (Mangano Decl. ¶

2    7.) Simply put, receipt of settlement funds through settlement or recovery by the enforcement of a

3    judgment would be made to Righthaven.  (*Id.*) Righthaven would then be contractually obligated

4    under the SAA to subsequently pay Stephens Media any recovered sums over and above costs

5    incurred. (*Id.*) Thus, while counsel certainly appreciates the Court's guidance and will adhere to its

6    decision, there is certainly an arguable and reasonable basis to construe Stephens Media's pecuniary

7    interest as indirect, and not direct, under the SAA.  This observation aside, upon reviewing the

8    Court's June 14th Order, Righthaven's undersigned counsel immediately took corrective action by

9    causing almost 120 amended disclosures to be filed in this District and in the District of Colorado.

10   (*Id.* ¶¶ 4, 7.)  In short, finding that in house counsel[2] committed a sanctionable violation by failing to

11   comply with Local Rule 7.1-1 is an extremely harsh and factually unwarranted result.  (*Id.* ¶ 5.)

12           As discussed below, the disclosure requirements under the Federal Rules of Civil Procedure

13   and under Local Rule 7.1-1 are imposed for the purpose of enabling the Court to ascertain potential

14   grounds for recusal.  *See Plotzker v. Lamberth,* 2008 WL 4706255, at *12 (W.D. Va. Oct. 22, 2008).

15   Although not formally disclosed through Righthaven's Certificate of Interested Parties, the Court

16   was certainly aware of Stephens Media's potential interest in this case upon the filing of Democratic

17   Underground LLC's ("Democratic Underground") counterclaim.  (Doc. # 13 at 6-24.)  This filing,

18   which occurred only twenty-days after Righthaven filed its Certificate of Interested Parties (Doc. #

19   5), added Stephens Media as a party to this case.  (*Id.*)  Moreover, Righthaven's Complaint clearly

20   identified the *Las Vegas Review-Journal*, which is owned by Stephens Media, as the publication

21   source for the copyrighted work at issue in this case. (Doc. # 1 at 2-3)  Righthaven additionally

22   attached a copy of the work as it originally appeared on the *Las Vegas Review-Journal's* website as

23   an exhibit to the Complaint. (Doc. # 1-1 Ex. 2.)  Righthaven's copyright infringement enforcement

24   efforts of Stephens Media owned content has unquestionably received extensive media coverage

25   throughout the country widely since early 2010.

26

27   [2] Mr. Coons and Mr. Chu are no longer employed by Righthaven. (Mangano Decl. ¶ 5.)  Mr. Coons
     was admitted to practice in 2007. (*Id.*)  Mr. Chu was admitted to practice in 2008.  (*Id.*)  Mr. Coons

28   formally withdrew from this case by Court Order.  (Doc. # 69.)  Mr. Chu has not moved to withdraw
     from this case as of this filing.

In sum, the facts demonstrate that sufficient information was contained in the record to enable the Court to ascertain Stephens Media's potential interest in, and eventual formal involvement through Democratic Underground's counterclaim, shortly after this action was filed. Accordingly, even in view of Righthaven's former in house counsel's oversight disclosing Stephens Media on the company's Certificate of Interested Parties, the Court had ample information before it to ascertain whether recusal was warranted based on Stephens Media's association with the claims and counterclaims before it.  The totality of these circumstances further demonstrates that neither Righthaven nor its counsel, past or present, willfully or otherwise intentionally violated Local Rule 7.1-1 in this case or in any other pending case.

## II.    APPLICABLE STANDARDS

Federal Rule of Civil Procedure 7.1 ("Rule 7.1") requires a nongovernmental corporate party to identify in a publicly filed disclosure statement "any parent corporation and any publicly held corporation owing 10% or more of its stock." FED. R. CIV. P. 7.1(a)(1).  Local Rule 7.1-1 further provides as follows:

> Unless otherwise ordered, in all cases except *habeas corpus* cases counsel for private (non-governmental) parties shall identify in the disclosure statement required by Fed. R. Civ. P. 7.1 all persons, associations of persons, firms, partnerships or corporations (including parent corporations) which have a direct, pecuniary interest in the outcome of the case.

LR 7.1-1(a).

"The purpose of the disclosure statements required by Rule 7.1 is to assist the court in making decisions about possible disqualification." *Plotzker,* 2008 WL 4706255, at *12. "The disclosure requirements are calculated to identify circumstances that are likely to call for disqualification of a judge 'on the basis of financial information that a judge may not know or recollect.'" *Smith v. Argent Mortgage Co.,* 2006 WL 581157, at *2 (D. Colo. 2006)(citing and quoting Advisory Committee Notes).

The Court "may, after notice and opportunity to be heard, impose any and all appropriate sanctions on an attorney or party appearing *in pro se* who, without just cause . . ." fails to comply with the local rules of practice. *See* LR IA 4-1(c).  This "relatively mild" sanction power is "implicit

4

1   in the right to make rules for the orderly administration of justice" under 28 U.S.C. § 2071 and

2   Federal Rule of Civil Procedure 83. *Zambrano v. Tustin,* 885 F.2d 1473, 1479 (9th Cir. 1989).  To

3   support an award of fines payable to the court as a sanction, there must be a showing of "conduct

4   amounting to recklessness, gross negligence, repeated – although unintentional – flouting of court

5   rules, or willful misconduct." *Id.* at 1480.  Sanctions cannot be imposed for mere negligence. *Id.; see*

6   *also Kleiner v. First Nat'l Bank of Atlanta,* 751 F.2d 1192, 1209 (11th Cir. 1985).  "A practice that

7   punishes mere negligence on the part of counsel is not necessary to the orderly functioning of the

8   court system, especially in light of the availability of other remedies." *Zambrano,* 885 F.2d at 1480.

9   In order to support an award of attorney fees to opposing counsel, there must be a showing of "bad

10  faith actions or willful disobedience of court orders or rules." *Id.* at 1481.

11          As argued below, any violation of Local Rule 7.1-1 through Righthaven's former in house

12  counsel's failure to disclose Stephens Media's pecuniary interest in this action does not rise to the

13  level of sanctionable conduct.  Moreover, sufficient information concerning Stephens Media's

14  potential interest in this action since, at least, September 27, 2010 through the company's addition as

15  a party through Democratic Underground's counterclaim, which was filed only twenty-days after

16  Righthaven filed its Certificate of Interested Parties.  (Doc. # 13 at 6-24; Doc. # 5.)  Democratic

17  Underground's counterclaim was filed only twenty-days after Righthaven filed its Certificate of

18  Interested Parties in this case.  (Doc. # 5.)  Thus, while technically in in noncompliance with Local

19  Rule 7.1-1, the Court was aware of Stephens Media's alleged interest in this case from a very early

20  date.  Finally, Righthaven's outside counsel proactively responded to the Court's June 14th Order

21  (Doc. # 116) by supplementing the company's disclosures in 80 cases pending in this District and

22  another 34 cases pending in the District of Colorado.  (Mangano Decl. ¶ 7.)  Accordingly, sanctions

23  should not be imposed for violation of Local Rule 7.1-1.

24  **III.    ARGUMENT**

25          **A.    Righthaven's Nondisclosure of Stephens Media Under Local Rule 7.1-1 Was Not
                    the Result of Sanctionable Conduct by Counsel.**

26          Righthaven's nondisclosure of Stephens Media as an interested party under Local Rule 7.1-1

27  was not the result of sanctionable conduct engaged in by its prior in house counsel.  Rather, the facts

28  presented support a finding that this omission was an oversight by the company's former counsel,

5

1   which was immediately corrected once called to its current outside counsel's attention in the June

2   14th Order.  (Mangano Decl. ¶ 7.)

3        As noted above, to support a sanction award for such a violation, there must be a showing of

4   "conduct amounting to recklessness, gross negligence, repeated – although unintentional – flouting

5   of court rules, or willful misconduct." *See Zambrano,* 885 F.2d at 1480.  Sanctions cannot be

6   imposed for mere negligence. *Id.; see also Kleiner,* 751 F.2d at 1209. Punishing counsel's arguable

7   negligence does not further the "orderly functioning of the court system, especially in light of the

8   availability of other remedies."  *Zambrano,* 885 F.2d at 1480.

9        As a threshold matter, unlike Rule 7.1, which clearly defines the percentage of ownership

10  required for disclosure, Local Rule 7.1-1 contains no such parameters.  Rather, Local Rule 7.1-1

11  imposes the duty to disclose the existence of a party that has a "direct, pecuniary interest" in the

12  action.  LR 7.1-1(a).  There is an absence of case law or other decisional authority that defines

13  "direct, pecuniary interest" under Local Rule 7.1-1 or otherwise.  Similarly, there is a fairly limited

14  collection of decisional law under Rule 7.1.  Given these circumstances, while Righthaven

15  appreciates and respects the Court's construction of Local Rule 7.1-1, the absence of decisional law

16  supports the conclusion that counsel could arguably reasonably misconstrue the disclosure

17  requirements of Local Rule 7.1-1.

18       The lack of decisional law and the nature of Stephens Media's interests certainly do not

19  justify a finding that in house counsel intentionally or willfully violated Local Rule 7.1-1.  In order

20  for prior in house counsel to have committed sanctionable conduct, they first recognize that potential

21  contingent recoveries constitute a "direct, pecuniary interest" under Local Rule 7.1-1.  (Mangano

22  Decl. ¶ 7.)  Counsel then had to fully appreciate that Stephens Media's potential contingent recovery

23  in excess of litigation costs under the SAA qualified as such a "direct, pecuniary interest" under

24  Local Rule 7.1-1.  (*Id.*) This is simply not as clear-cut an analysis as the Court has stated in its OSC.

25  (Doc. # 116 at 15.)

26       In fact, Righthaven's undersigned outside counsel, who has extensive federal court litigation

27  experience, reasonably misconstrued the SAA's impact on the company's disclosure requirements

28  under Local Rule 7.1-1 given the Court's June 14th Order.  (Mangano Decl.  7.) Counsel reasonably

1   and in good faith interpreted any contingent payment to Stephens Media under the SAA as

2   constituting an indirect interest that required a two-step payment process assuming any case resulted

3   in a recovery.  (Mangano Decl. ¶ 7.) Simply put, receipt of settlement funds through settlement or

4   recovery by the enforcement of a judgment would be made to Righthaven.  (*Id.*) Righthaven would

5   then be contractually obligated under the SAA to subsequently pay Stephens Media any recovered

6   sums over and above costs incurred. (*Id.*)  Upon reviewing the Court's June 14th Order,

7   Righthaven's counsel took immediate corrective action by causing amended disclosures to be filed

8   in almost 120 pending cases.  (*Id.*)  There certainly was no intentional, willful or knowing violation

9   of Local Rule 7.1-1 on the undersigned counsel's part in this or any other pending action.  The same

10  conclusion should apply to Righthaven's former in house counsel's conduct.

11          Righthaven's former in house counsel's arguable oversight in disclosing Stephens Media

12  pursuant to Local Rule 7.1-1 is further supported by the claims presented to the Court.  Righthaven's

13  former in house counsel filed the Complaint in this case.  (Doc. # 1.)  Righthaven's Complaint

14  clearly identified the *Las Vegas Review-Journal*, which is owned by Stephens Media, as the

15  publication source for the copyrighted work at issue in this case. (*Id.* at 2-3)  Righthaven also

16  attached a copy of the work as it originally appeared ion the *Las Vegas Review-Journal's* website as

17  an exhibit to the Complaint. (Doc. # 1-1 Ex. 2.)  In house counsel additionally secured registration of

18  the work from the United States Copyright Office and attached proof of the registration to the

19  Complaint.  (Doc. # 1 at 4; Doc. # 1-1 Ex. 4.)  Registration was obtained based on an assignment of

20  rights from Stephens Media.  (Doc. # 1-1 Ex. 4.)  To conclude that Righthaven's former in house

21  counsel intentionally or willfully violated Local Rule 7.1-1 requires an extremely severe and

22  impractical interpretation of the circumstances presented.  Such a conclusion would also be contrary

23  to prior in house counsels' diligence and forthrightness as experienced by Righthaven's undersigned

24  outside counsel.  (Mangano Decl. ¶ 6.) Righthaven maintains that these facts do not support a

25  finding that sanctionable conduct occurred in former in house counsel's failure to disclose Stephens

26  Media under Local Rule 7.1-1.

27

28

1

**B.     Assuming Sanctionable Conduct Occurred, Which It Did Not, LR IA 4-1 Limits the Court's Authority to Impose Sanctions in This Case.**

2

3      Righthaven maintains that its nondisclosure under Local Rule 7.1-1 was not the result of

4   sanctionable conduct by its former in house counsel.   Should the Court conclude otherwise, LR IA

5   4-1 limits the Court's sanction authority to those not presently before it.

6      LR IA 4-1 authorizes the Court to impose sanctions "on an attorney or party appearing *in pro*

7   *se* who, without just cause . . ." violates the Local Rules. *See* LR IA 4-1(c).  Local Rule 7.1-1 is filed

8   pursuant to the certification of counsel of record in the action.  *See* LR 7.1-1(a).  Thus, a clear

9   interpretation of LR IA 4-1 read in conjunction with Local Rule 7.1-1 empowers the Court to

10  sanction counsel or a "party appearing *in pro se* who, without just cause . . ." executes the defective

11  certification.  Moreover, imposition of sanctions for violation of Local Rule 7.1-1 would require a

12  finding that the defective certification constituted "conduct amounting to recklessness, gross

13  negligence, repeated – although unintentional – flouting of court rules, or willful misconduct." *See*

14  *Zambrano,* 885 F.2d at 1480.

15     Here, Righthaven is not appearing, nor could it appear, *in pro se*.  The Certificate of

16  Interested Parties filed in this case was certified by counsel that has been formally terminated by

17  Court Order. (Doc. # 5; Doc. # 69.)  On November 12, 2010, Righthaven's outside counsel formally

18  appeared in this action through the submission of a proposed order to substitute in as counsel of

19  record.  (Doc. # 35.)  This same counsel is responsible for immediately taking corrective action after

20  reading the Court's June 14th Order.  (Mangano Decl. ¶ 7.)  This fact aside, counsel responsible for

21  filing the defective disclosure required by Local Rule 7.1-1 is no longer of record before the Court

22  and Righthaven has never appeared *in pro se*.  Accordingly, the plain language of LR IA 4-1 does

23  not leave the Court with authority to issue sanctions for a violation of Local Rule 7.1-1 given the

24  circumstances before it.  While the Court could potentially sanction Righthaven's prior counsel, he

25  should unquestionably be provided with notice and an opportunity to respond before such action is

26  taken.

27

28

8

1

**IV.    CONCLUSION**

2

   For the foregoing reasons, Righthaven respectfully requests that the Court find its failure to

3

comply with Local Rule 7.1-1 through its former in house counsel does not rise to the level of

4

sanctionable conduct given the circumstances described herein. Moreover, Righthaven has taken

5

corrective action in response to the Court's June 14th Order by filing amended disclosure statements

6

in almost 120 pending cases in within this District and within the District of Colorado.

7

Dated this 28th day of June, 2011.

8
                                          SHAWN A. MANGANO, LTD.
9
                                          By: /s/ Shawn A. Mangano
10                                        SHAWN A. MANGANO, ESQ.
                                          Nevada Bar No. 6730
11                                        shawn@manganolaw.com
                                          9960 West Cheyenne Avenue, Suite 170
12                                        Las Vegas, Nevada 89129-7701
                                          Tel:      (702) 304-0432
13                                        Fax:      (702) 922-3851

14
                                          *Attorney for Righthaven LLC*
15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 28th day of June, 2011, I attempted to upload the foregoing document on the Court's CM/ECF system, but was unable to effectively do so until the 29th day of June, 2011 due to the CM/ECF's systems unforeseen incompatibility with a recently installed Internet browser software update.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:     (702) 304-0432
Fax:     (702) 922-3851

*Attorney for Righthaven LLC*