SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
(702) 304-0432 – telephone
(702) 922-3851 – facsimile

*Attorney for Righthaven LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-RHH |
| | **DECLARATION OF SHAWN A. MANGANO, ESQ. IN SUPPORT OF RIGHTHAVEN LLC'S RESPONSE TO ORDER TO SHOW CAUSE CONCERNING COMPLIANCE WITH LOCAL RULE 7.1-1** |
| Plaintiff, | |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |

1

I, Shawn A. Mangano, Esq., declare, under penalty of perjury, that the following is true and correct:

1.      I am an attorney-at-law admitted to practice before all courts of the State of Nevada.  I have personal knowledge of the facts set forth below, except for those factual statements expressly made upon information and belief, and as to those facts, I believe them to be true.  I am over eighteen years old and I am competent to testify to the matters set forth herein.

2.      I represent Righthaven LLC ("Righthaven") in the above-referenced matter.

3.      This declaration is made in support of Righthaven, LLC's Response to Order to Show Cause Concerning Compliance With Local Rule 7.1-1.

4.       I have been admitted to practice before this Court since 1998.  I am in good standing with the Court.  I have extensive federal court litigation experience.  In addition to being admitted to practice before all federal courts in this state, I am also admitted to practice before all federal courts in the State of California, the United States Court of Appeals for the Ninth Circuit, the United States Court of Appeals for the Federal Circuit, and the United States District Court for the District of Colorado.

5.       I substituted in a counsel of record in this case by stipulation, which was filed on or about November 12, 2010.  Prior to my substitution, J. Charles Coons and Joseph Chu, both of whom served as in house counsel for Righthaven, were prosecuting this case.  Mr. Coons was admitted to practice in this state in 2007.  Mr. Chu was admitted to practice in this state in 2008. I confirmed this information through a search of the State Bar of Nevada's online membership records.   On or about September 7, 2010, Mr. Coons certified and caused the Certificate of Interested Parties to be filed with the Court. (Doc. # 5.)  Righthaven no longer employs Mr. Coons and Mr. Chu.

6.       I served as co-counsel with Mr. Coons and Mr. Chu in several matters prior to their separation from Righthaven.  I found both attorneys to be diligent and forthright.  At times, their litigation skills understandably reflected their limited practice experience.  This observation aside, Mr. Coons and Mr. Chu did participate and effectively brief several complicated issues

concerning such matters as personal jurisdiction that resulted in favorable decisions for Righthaven.

7.      Based on my experience working with Mr. Coons and Mr. Chu, I honestly do not believe that they fully comprehended the scope of Local Rule 7.1-1's "direct, pecuniary interest" requirement as it related to the need to disclose Stephens Media's potential contingent recovery under the Strategic Alliance Agreement (the "SAA").  In fact, I did not fully appreciate the need to disclose Stephens Media under Local Rule 7.1-1 in view of the SAA's terms until reviewing the Court's June 14, 2011 Order (Doc. # 116).  I reasonably viewed any contingent payment to Stephens Media under the SAA as constituting an indirect interest that required a two-step payment process assuming any case resulted in a recovery.  Simply put, receipt of settlement funds through settlement or recovery by the enforcement of a judgment would be made to Righthaven.  Righthaven would then be contractually obligated under the SAA to subsequently pay Stephens Media any recovered sums over and above costs incurred.  Upon reviewing the Court's Order I immediately began taking corrective action by causing amended disclosures to be filed in numerous pending actions in this District and in the District of Colorado.  Overall, I have caused 80 such amended disclosures to be filed in this District.  I have also caused 34 amended disclosures to be filed in the District of Colorado.  At no time have I ever intentionally, willfully or knowingly violated Local Rule 7.1-1.

8.      On June 28, 2011, an automatic software update for the Internet browser was apparently installed on my computer.  This automatic software update caused my Internet browser to be incompatible with the Court's CM/ECF electronic filing system.  While the CM/ECF system was accessible to me, it did not permit any files to be attached for submission.  I was able to detect and rectify this incompatibility issue during the early afternoon of June 29th.  I included this paragraph to this declaration after correcting the compatibility issue.  This declaration absent this paragraph and Righthaven's associated response were fully prepared for submission on June 28th.

Signed and affirmed this 29th day of June, 2011.


/s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.


## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 28th day of June, 2011, I attempted to upload the foregoing document on the Court's CM/ECF system, but was unable to effectively do so until the 29th day of June, 2011 due to the CM/ECF's systems unforeseen incompatibility with a recently installed Internet browser software update.


SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:    (702) 304-0432
Fax:    (702) 922-3851

*Attorney for Righthaven LLC*

4