## AMENDED AND RESTATED STRATEGIC ALLIANCE AGREEMENT

This **AMENDED AND RESTATED STRATEGIC ALLIANCE AGREEMENT** ("Restated Amendment") is entered into by and between Righthaven LLC, a Nevada limited-liability company ("Righthaven") and Stephens Media LLC, a Nevada limited-liability company ("Stephens Media"; collectively with Righthaven known herein as the "Parties") and is made effective as of the 18th day of January, 2010 (the "Effective Date"; provided, however, that if this Restated Amendment is deemed not to be effective on the Effective Date by any court of competent jurisdiction, then the term of the Agreement shall commence on the date that this Restated Amendment is first executed by both Parties).

### *RECITALS*

WHEREAS, on January 18, 2010, Righthaven and Stephens Media entered into a Strategic Alliance Agreement (the "SAA"), which is also the Effective Date for this Restated Amendment;

WHEREAS, on May 9, 2011, Righthaven and Stephens Media executed the Clarification and Amendment to Strategic Alliance Agreement (the "Amendment"), which has a retroactive Effective Date of January 18, 2010;

WHEREAS, all defined terms used in this Restated Amendment shall have the same meaning assigned under Schedule 1 of the SAA unless otherwise stated herein;

WHEREAS, any defined term present in Schedule 1 of the SAA, but that no longer appears anywhere else in the SAA shall be deemed surplusage;

WHEREAS, the intent of the Parties in entering into the SAA and Amendment was to convey all ownership rights in and to any identified Work to Righthaven through a Copyright Assignment so that Righthaven would be the rightful owner of any identified Work and entitled to seek copyright registration of same with the United States Copyright Office;

WHEREAS, a United States District Court for the District of Nevada has held that the SAA and Amendment were insufficient to transfer sufficient copyright ownership to Righthaven such that it had standing to sue for infringement;

WHEREAS, although the Parties disagree with the afore-mentioned ruling, the Parties wish to address that court's stated concerns and amend their agreement to convey all ownership rights in and to any identified Work to Righthaven through a Copyright Assignment that has no restrictions and is not susceptible to challenge; and

WHEREAS, this Restated Amendment amends, clarifies, corrects, ratifies or otherwise conforms the SAA to reflect the parties' above expressed intentions when

entering into the SAA on the Effective Date and supplants and replaces, in its entirety, the Amendment.

NOW, THEREFORE, in consideration of the mutual promises and agreements herein and other good and valuable consideration, the receipt and sufficiency of which each party expressly acknowledges, Righthaven and Stephens Media agree to this Restated Amendment as follows:

1. <u>Amendment of Section 3.3 of the SAA.</u> As of the Effective Date, Section 3.3 of the SAA is hereby expressly amended and replaced to read as follows:

> 3.3 During the Term, Righthaven shall have the right, but not the obligation, to pursue an Infringement Action of the respective infringements that are the subject of the respective Infringed Copyrights.

2. <u>Amendment of Section 4 of the SAA.</u> As of the Effective Date, Section 4 of the SAA is hereby expressly amended and replaced to read as follows:

> 4. Should Righthaven elect to pursue an Infringement Action, Righthaven shall make all commercially reasonable efforts to commence procedures to effect the filing of such Infringement Action within the following time periods so as to minimize any administrative burden on Stephens Media with respect to the collection and/or preservation of evidence and to minimize the burden on Stephens Media or other potential third-party witnesses: (a) one (1) year of the procurement of a copyright registration covering the Stephens Media Assigned Copyright; or (b) if such registration already exists, within six (6) months after each respective copyright that gives rise to an Infringement Action is assigned; provided, however, that nothing herein shall obligate Righthaven to attempt to commence any procedures if, in its sole discretion, it elects to contact Infringer prior to any Infringement Action in an effort to achieve what it believes to be a commercially reasonable Recovery, or if Righthaven develops a good-faith-based belief that the Infringer is not an infringer of the Stephens Media Assigned Copyrights, or otherwise decides not to pursue an Infringement Action.

3. <u>Amendment of Section 7.2 of the SAA.</u> As of the Effective Date, Section 7.2 of the SAA is hereby expressly amended and replaced to read as follows:

> 7.2 Upon execution of a Copyright Assignment, Righthaven hereby agrees to grant to Stephens Media without further documentation a non-exclusive license to exploit the Stephens Media Assigned Copyright. The non-exclusive license granted to Stephens Media shall not include any exclusive rights in the Stephens Media Assigned Copyright, including, without limitation, the right to pursue an Infringement Action.

4. <u>Amendment of Section 8 of the SAA.</u> As of the Effective Date, Section 8 of the SAA is hereby expressly amended and replaced to read as follows:

8.  Upon execution of a Copyright Assignment, Righthaven hereby agrees to grant to Stephens Media the option to re-purchase the Stephens Media Assigned Copyright five (5) years from the date of the Copyright Assignment. If Stephens Media exercises this option, the purchase price of the Stephens Media Assigned Copyright shall be its fair market value at the time the option is exercised, to be negotiated by the Parties in good faith.

5.  **Amendment of Section 9.3 of the SAA.** As of the Effective Date, Section 9.3 of the SAA is hereby expressly amended and replaced to read as follows:

9.3  Upon assignment to Righthaven of any Stephens Media Assigned Copyrights, Stephens Media shall not grant any Encumbrance on or in any of the Stephens Media Assigned Copyrights to any third Person, absent prior written approval of Righthaven. Notwithstanding the foregoing provision, it shall not be a breach of this Agreement if Stephens Media, as part of an overall funding securitization, Encumbers all or substantially all of Stephens Media's assets as part of said funding securitization, so long as neither its interests in the Stephens Media Assigned Copyrights (i.e., its non-exclusive licenses, pursuant Section 7.2, and its right to repurchase, pursuant to Section 8), nor the underlying Works themselves are singled-out as or part of a particularized group of Encumbered assets.

6.  **Amendment of Section 15.5 of the SAA.** As of the Effective Date, Section 15.5 of the SAA is hereby expressly amended and replaced to read as follows:

15.5  The term of this Agreement (the "Term") commences on the Effective Date and shall expire by delivery of ninety (90) day advance written Notice by either Party to the other that the terminating party no longer wishes to be bound by the Agreement; provided, however that the term shall not be less than five (5) years and one (1) day from the date of the last Copyright Assignment executed pursuant to this Agreement.

7.  **Amendment of Exhibit 1 to the SAA.** As of the Effective Date, Exhibit 1 of the SAA is hereby expressly amended and replaced to read, and any Copyright Assignment executed subsequent to the Effective Date shall be interpreted as retroactively including the amended and replaced language, as follows:

This Copyright Assignment (the "Assignment") is made effective as of _____ (the "Effective Date") by Stephens Media LLC, a Nevada limited-liability company ("Stephens Media").

In consideration of good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Stephens Media hereby transfers, vests and assigns to Righthaven LLC, a Nevada limited-liability company, ("Righthaven") all right, title and interest in the work depicted in Exhibit A, attached hereto and incorporated herein by reference, (the "Work") such that Righthaven shall be the sole copyright owner of the Work, shall have the right to register said Work with

the United States Copyright Office, and shall have the right to pursue past, present and future infringements of the copyright in and to the Work.

**IN WITNESS WHEREOF**, Stephens Media hereby executes this Assignment on this _____ day of _____, 20__.

8. <u>Incorporation of Recitals.</u> The above Recitals are expressly incorporated into and shall be deemed to constitute terms and conditions of this Restated Amendment.

9. <u>SAA Modification.</u> Except as otherwise expressly set forth in this Restated Amendment, all terms, conditions, representations and warranties set forth in the SAA shall survive and shall in no way be modified, supplanted, altered or changed as a result of this Restated Amendment.

10. <u>Counterparts.</u> This Restated Amendment may be executed in one or more counterparts, each of which shall be an original, and all of which shall collectively constitute the same document. This Restated Amendment may also be executed by signatures provided by electronic facsimile transmission or by electronic mail transmission (also known as "Fax" or "e-mail" copies). Facsimile or e-mail signatures shall be as binding and effective as original signatures.

IN WITNESS WHEREOF, each of the undersigned duly execute this Restated Amendment and represent that each has the authority to legally bind each respective entity.

| Righthaven LLC | Stephens Media LLC |
|---|---|
| By: _[signature]_ | By: _[signature]_ |
| Name: Steven A. Gibson | Name: Mark A. Hinueber |
| Title: Manager | Title: Vice President |
| Date: 7-7-11 | Date: 7-7-11 |