SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
SHAWN A. MANGANO, LTD.
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:    (702) 304-0432
Fax:    (702) 922-3851

*Attorney for Righthaven LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-GWF |
| Plaintiff, | **RIGHTHAVEN LLC'S APPLICATION FOR EXTENSION OF TIME TO COMPLY WITH JULY 14, 2011 ORDER AND FOR CLARIFICATION OF SAME** |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **SOUGHT ON SHORTENED TIME PURSUANT TO LR 6-1** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |

Righthaven LLC ("Righthaven") hereby applies on shortened time pursuant to LR 6-1 for an extension of time to comply with the Court's July 14, 2011 Order (Doc. # 138, Minutes of Proceedings) and for clarification of the Order.

Righthaven's application is based on the below Memorandum of Points and Authorities, the pleadings and papers on file in this action, any permitted oral argument, and any other matter upon which this Court takes notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 14, 2011, the Court conducted a show cause hearing as to Righthaven's compliance with Local Rule 7.1-1, which requires the disclosure of interested parties in all actions.  After hearing argument from counsel, the Court imposed the following sanctions pursuant to Federal Rule of Civil Procedure 11 ("Rule 11") and under its inherent power to do so:

> 1.  Produce a copy of the Court's June 14, 2011 Order (Doc. 3 116, the "June 14th Order") to all parties in every pending proceeding involving Stephens Media LLC ("Stephens Media") in any jurisdiction in the country;
>
> 2.  Produce a copy of the Strategic Alliance Agreement (the "SAA") to all parties in every pending proceeding involving Stephens Media in any jurisdiction in the country;
>
> 3.  Produce a copy of any order from the July 14, 2011 hearing to all parties in every pending proceeding involving Stephens Media in any jurisdiction in the country;
>
> 4.  Produce a copy of the transcript from the July 14, 2011 hearing to all parties in every pending proceeding involving Stephens Media in any jurisdiction in the country; and
>
> 5.  Remit payment in the amount of $5,000 to the Court within two weeks.

(Doc. # 138.)

Righthaven respectfully requests the Court grant it an extension of time to comply with the foregoing requirements for the following reasons, which are certified as true by its undersigned counsel of record:

1. Righthaven's counsel has diligently investigated the number and nature of Righthaven's pending cases concerning Stephens Media.  Counsel has identified seventy-eight (78) cases that appear to fall within the Court's Order.  Counsel's investigation has further revealed that service of process has not been made in a significant number of these cases.  Counsel's investigation has been extremely time consuming and has also been impacted by numerous pending responses dates in a significant number of Righthaven and non-Righthaven matters.  In short, performing the degree of due diligence required vastly exceed the amount of time counsel anticipated dedicating to this portion of complying with the Court's Order.

2. Righthaven's counsel was sent two ECF notices concerning the minutes of the proceedings from the July 14th hearing.  One ECF notice was generated on July 14th.  The Second ECF notice was generated on July 19th (Doc. # 138), which counsel believed contained revised or additional language.  Counsel mistakenly believed the compliance dates set forth by the Court were based upon receipt of the second ECF notice on July 19th.

3. While there was a transcript of the July 14th proceedings docketed in the matter, counsel could not access the transcript without ordering a copy.  Righthaven, at counsel's instruction, ordered the transcript.  A PDF copy of the transcript was received on July 26th, only a few days from the compliance date and during which time counsel was dedicating significant briefing efforts to the *Righthaven LLC v. Pahrump Life* ("*Pahrump Life*"), *Righthaven LLC v. Hoehn* ("*Hoehn*"), *Righthaven LLC v. DiBiase* ("*DiBiase*"), and *Righthaven LLC v. Mostofi* ("*Mostofi*") *matters*.  These filings included a substantive, supplemental reply brief in *Pahrump Life*, responses to motions for attorneys' fees and costs in *Hoehn* and *DiBiase*, a response to a motion for enlargement of time to file a motion for attorney's fees in *Mostofi*, and the preparation of mediation questionnaires for the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") in *Hoehn* and *DiBiase*.  Counsel additionally had to prepare for and attend an OSC hearing in the *Pahrump Life* matter, as well as attend to non-Righthaven related client matters.

4.  Counsel has additionally researched potential grounds to appeal the monetary sanction imposed by the Court.  This task has taken a significant period of time and it has resulted in a preliminary determination that Righthaven may not be permitted to appeal the monetary sanction against it until a final judgment is entered in this case.  In such instances, other district courts have issued a temporary stay of payment until final judgment is entered.  Counsel wishes to file a request for temporary stay by August 5th for the Court's consideration and, on that basis, requests the compliance date for payment of the monetary sanction be extended or stayed until consideration of this filing.

5.  Counsel has additionally investigated the possibility of posting a bond in lieu of payment of the monetary sanction.  However, given the absence of a final judgment from which an appeal can be taken, it is virtually impossible to obtain a bond.  Again, the impediment to obtaining a bond is apparently uniquely attributable to the current procedural posture of this case.

6.  As of now, counsel still is investigating how to provide non-served parties with the materials required under the Order.  Counsel requests clarification as to whether ECF filing of the required materials will constitute compliance with the Court's Order in this pending matters.

7.  An issue has arisen as to whether cases that have been closed through entry of judgment in the district court, but are on appeal to the Ninth Circuit, constitute "pending actions" as set forth in the Court's Order.  Counsel requests clarification as to this issue so that Righthaven may fully meet its compliance obligations under the Order.

8.  Counsel anticipates that upon clarification of the foregoing issues, Righthaven can fully comply with the production of required materials to the active cases involving Stephens Media's assigned content within ten (10) days following receipt of such clarification from the Court.  In the interim, Righthaven will continue to assemble materials and produce same as required by the Court's Order.

For the foregoing reasons, Righthaven respectfully requests the Court grant its application for an extension of time to comply with the Court's July 14th Order.  Righthaven's counsel requests that the extension of time, if granted, be for a period of ten (10) days following receipt of clarification of the issues identified above, *i.e.,* production of materials to defendants not yet served and whether cases closed by the district court through entry of judgment that are subject to appeal constitute "pending actions" under the Court's Order.  Righthaven additionally asks that payment of the

monetary sanction be extended or stayed until the Court can consider its motion for stay pending entry of final judgment, which counsel anticipates filing on August 5th.

Dated this 28th day of July, 2011.

SHAWN A. MANGANO, LTD.

By: /s/ Shawn A. Mangano
SHAWN A. MANGANO, ESQ.
Nevada Bar No. 6730
shawn@manganolaw.com
9960 West Cheyenne Avenue, Suite 170
Las Vegas, Nevada 89129-7701
Tel:      (702) 304-0432
Fax:      (702) 922-3851

*Attorney for Righthaven LLC*

1

## CERTIFICATE OF SERVICE

2      Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that I on this 28th day of

3  July, 2011, I served a copy of the foregoing document via the Court's CM/ECF's system.

4

5                                             SHAWN A. MANGANO, LTD.

6                                             By: /s/ Shawn A. Mangano
7                                             SHAWN A. MANGANO, ESQ.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28