LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
JENNIFER J. JOHNSON (CA State Bar No. 252897) (*pro hac vice*)
jjjohnson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone:   (415) 875-2300
Facsimile:    (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone:   (415) 436-9333
Facsimile:    (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone:   (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>  Plaintiff,<br>   v.<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>  Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>  Counterclaimant,<br>   v.<br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>  Counterdefendants. | Case No. 2:10-cv-01356-RLH (GWF)<br><br>**DEFENDANT DEMOCRATIC UNDERGROUND'S RESPONSE TO RIGHTHAVEN'S APPLICATION FOR EXTENSION OF TIME TO COMPLY WITH JULY 14, 2011 ORDER AND FOR CLARIFICATION OF SAME [DKT 143]** |

1   Defendant Democratic Underground hereby submits this Response to Righthaven's
2   Application for Extension of Time to Comply with July 13, 2011 Order and For Clarification of
3   Same ("Righthaven's Application") [Dkt. 143] to provide a complete record for the Court and to
4   clarify certain misleading statements contained in Righthaven's Application.  Democratic
5   Underground submits the following reasons as to why Righthaven's Application should be denied
6   and it should be held to compliance with the Court's orders:

7   (1)   Righthaven attempts to justify delay in compliance with the Court's order based on
8   delayed receipt of a copy of the transcript embodying the Courts sanctions order of July 14, 2011
9   (the "Sanctions Transcript").  Righthaven represents that:

> "While there was a transcript of the July 14th proceedings docketed in the matter, counsel could not access the transcript without ordering a copy.  Righthaven, at counsel's instruction, ordered the transcript. A PDF copy of the transcript was received on July 26th, only a few days from the compliance date."

Righthaven's Application at 3.  In fact, however, a copy of that transcript was issued by the court reporter to the parties, and received by Democratic Underground on July 15.  Declaration of Kim McIntyre ¶ 3.  On that date, the court reporter transmitted a copy and stated that Democratic Underground had to pay no expedite charge, despite its availability the day after the hearing, because the transcript had been originally ordered on an expedited basis (and presumably received) by Righthaven.  *Id.* at ¶¶ 2-3.

(2)   Righthaven's assertion that it could not serve a copy of the Sanctions Transcript because it did not receive it until July 26 is also demonstrably false for another reason.  In the case of *Righthaven v. Pahrump*, *LLC,* Case No. 2:10-cv-01575-JCM (D. Nev)*,* Democratic Underground, which appeared as *amicus curiae,* filed a copy of the Court's Sanctions Transcript with the Court (Judge Mahan) on July 20, 2011 as an exhibit to the declaration of Clifford Webb.  *See Pahrump* Dkt. No. 58-2.  **That copy of the transcript was filed and electronically served on Righthaven on July 20, 2011,** 6 days before Righthaven now claims to have first received a copy.

(3)   Additionally, J. Malcom DeVoy, counsel for Wayne Hoehn in *Righthaven LLC v. Hoehn*, Case No. 2:11-cv-00050-PMP (D. Nev.), emailed a copy of the transcript to counsel for Righthaven on July 21, 2011 in connection with correspondence regarding Righthaven's need to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DU'S RESPONSE TO RIGHTHAVEN'S
APPLICATION FOR EXTENSION OF TIME
TO COMPLY
1
CASE NO. 2:10-cv-01356-RLH (GWF)

1   disclose the OSC hearing transcript in *Hoehn*. Declaration of J. Malcom DeVoy ("DeVoy

2   Decl."), Exh. 1. Thus, Righthaven had received **multiple copies** of the transcript prior to July 26,

3   2011, the date it states it first received the transcript in its Application.

4   (4)   Righthaven claims that "an issue has arisen as to whether cases that have been

5   closed through entry of judgment in the district court, but are on appeal to the Ninth Circuit,

6   constitute 'pending actions'" in which the Sanctions Order must be filed. Righthaven's claim of

7   confusion over this issue is mystifying. At page 19 of the Sanctions Transcript the Court directed

8   that its order to file copies "will not apply to those cases that have been dismissed ***unless there's***

9   ***going to be an appeal in those cases***." (emphasis added). Obviously, where appeals were taken,

10  the order was required to be filed.

11  (5)   Further, Righthaven has attempted to skirt its obligation to inform other courts of

12  this Court's order by taking the position that a case that has been dismissed and in which a

13  request for attorneys fees award is pending is not a "pending matter." In *Righthaven v. Hoehn*,

14  despite requests from Hoehn's counsel that Righthaven file the transcript with the Court as

15  relevant to Hoehn's pending motion for attorneys fees, Righthaven claimed that a matter in which

16  this motion was pending was not a "pending matter" and refused to file the Sanctions

17  Transcript—necessitating the additional time and expense for Hoehn's counsel to file the

18  Sanctions Order. DeVoy Decl., ¶¶ 3-13, Exh. 1.

19  (6)   Although Righthaven claims that it was "virtually impossible" to procure a bond

20  for the $5,000 sum this Court ordered paid, it provides no evidence to support this claim, and no

21  description of its efforts, if any, to obtain a bond. In all events, where the sanction was payable to

22  the Court, rather than to another party, Righthaven is not at risk that any payment that it makes

23  now would be unrecoverable. If Righthaven does appeal this order and obtain a reversal—an

24  event hard to imagine—it can simply obtain a refund from the Court upon reversal. By contrast,

25  if it does not pay the award now, there is no assurance that Righthaven will survive as a going

26  concern, or be further funded by its owners in a sufficient amount to ensure funding of the

27  sanctions award later. By not paying now, Righthaven and its owners avoid having to maintain or

28  contribute sufficient funds to ensure that payment will ever occur.

DU'S RESPONSE TO RIGHTHAVEN'S
APPLICATION FOR EXTENSION OF TIME    2    CASE NO. 2:10-cv-01356-RLH (RJJ)
TO COMPLY

(7) As a further excuse for its non-compliance with the Sanctions Order, Righthaven claims to be "investigating" how to provide non-served parties with the materials required by the Court's order, asking for "clarification" of whether ECF filing would be sufficient. The Court's Sanction's Transcript stated that "every case Righthaven has . . . must be provided with" the materials and that "if I do issue a written opinion, counsel, I'm also going to direct that it be provided, filed in every other case that Righthaven has." Sanctions Transcript at 17-18; *see also id.* at 22 (transcript is "to be provided to other courts"). This makes it unambiguous that the materials must be filed in every case, whether or not a party had been served. If a party is later served, the materials would, of course, already be in the record.[1]

(8) Finally, Righthaven's Application, dated July 28, 2011, was not filed until late on Friday afternoon July 29, 2011, a day late and $5,000 short of complying with the Court's Order. [Dkt. 138].

For the foregoing reasons, Democratic Underground respectfully requests that the Court deny Righthaven's Application For Extension of Time to Comply With the Court's July 14th Order, and Order Righthaven to comply immediately in order to protect other litigants and the Court.

Dated: August 1, 2011         FENWICK & WEST LLP

By:/s/ Laurence F. Pulgram
    Laurence F. Pulgram

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC

---

[1] Democratic Underground notes that Righthaven has settled several cases before effecting service of the Complaint. *See e.g. Righthaven LLC v. Kirvin Doak Communications et al*, Case No. 2:10-cv-01482-LRH-LRL (D. Nev); *Righthaven LLC v. Rawguru,*, Case No. 2:10-cv-01570-PMP-PAL (D. Nev); *Righthaven LLC v. Parson*, 2:10-cv-01571-KJD-RJJ (D. Nev). While Righthaven might wish to be able to try to settle cases before the defendant is aware of the SAA and this Court's transcript, doing so would work an injustice.

DU'S RESPONSE TO RIGHTHAVEN'S
APPLICATION FOR EXTENSION OF TIME         3         CASE NO. 2:10-cv-01356-RLH (RJJ)
TO COMPLY