Clyde DeWitt
Nevada Bar Number 9791
LAW OFFICES OF CLYDE DEWITT, APC
732 S. Sixth Street, Suite 100
Las Vegas, NV 89101
(702) 386-1756
Fax (310) 362-8667
*clydedewitt@earthlink.net*

Attorneys for *Amicus Curiae*,
Citizens Against Litigation Abuse, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

# SOUTHERN DIVISION

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-Liability company,<br><br>　　Plaintiff,<br><br>　　vs.<br><br>DEMOCRATIC UNDERGROUND, LLC, *ET AL.*,<br><br>　　Defendant. | Case No: 2:10-cv-01356-RLH-GWF<br><br>Hon. Roger L. Hunt,<br>　United States District Judge<br><br>Hon. George W. Foley,<br>　United States Magistrate Judge<br><br>**RESPONSE OF *AMICUS CURIAE* CITIZENS AGAINST LITIGATION ABUSE, INC. IN CONNECTION WITH RIGHTHAVEN'S REQUEST FOR ADDITIONAL TIME TO COMPLY WITH THIS COURT'S ORDER OF JULY 14, 2011** |

**RESPONSE OF *AMICUS CURIAE* CITIZENS AGAINST LITIGATION ABUSE, INC. IN CONNECTION WITH RIGHTHAVEN'S REQUEST FO ADDITIONAL TIME TO COMPLY WITH THIS COURT'S ORDER OF JULY 14, 2011**

Democratic Underground, LLC ("Democratic Underground") on August 1, 2011 filed a response (Docket No. 145) to Righthaven's emergency request for extra time (Docket No. 143) to comply with this court's order of July 14, 2011 (Docket No. 138). It appears from that response that Righthaven's latest filing exhibits a lack of candor comparable to that attendant its Certificate of Interested Parties (Docket No. 5) that was the subject of the court's order.

To what Democratic Underground importantly said in its response, *Amicus Curiae* Citizens against Litigation Abuse would add two things:

The first is that, in addition to being several days late and $5,000 short – as Democratic Underground noted – Righthaven's request, as the court certainly is aware, also is short a showing of excusable neglect, as required for all post-deadline requests for extra time. FED. R. CIV. PROC. 6(b)(1)(B)(" When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect.")

A busy lawyer may be good cause for extra time; but it does not equal excusable neglect. *Hawks v. J.P. Morgan Chase Bank*, 591 F.3d 1043, 1047-48 (8th Cir. 2010). Moreover, for example, failure to read a local rule did not constitute "excusable neglect" sufficient to allow for extension of time in which to respond to a motion to dismiss for lack of personal jurisdiction and failure to state claims. *Boon Partners v. Advanced Financial Concepts, Inc.*, 917 F.Supp. 392 (E.D.N.C. 1996). Failure to read a court transcript when presented with it from several sources – the case here – should be no different.

The second point was raised in a letter that is Exhibit A to this document, establishing that, as of the date of the Exhibit A letter, Righthaven was then still trying to dance around the requirement that **all** courts be notified of the subject order. The undersigned had come to believe that the subject of Exhibit A had been addressed by Righthaven – apparently not. Rather, Mr. DeVoy the author of the letter, advised the undersigned by email on August 1, 2011 that, in the case identified in the letter, "We [the defense] had to file a motion for leave to supplement the record in *Hoehn*, which [we expect] Righthaven will oppose, and Righthaven has refused to comply with Hunt's Order to that case." Righthaven seems to not be taking this court's order seriously.

Citizens against Lawsuit Abuse does not believe it is the office of an *Amicus Curiae,* which it is, to suggest to the court how it should react to the current state of affairs. But this *Amicus* does believe that the court should be aware of all of the attendant circumstances so that it can make informed decision.

Dated: August 2, 2011          Respectfully Submitted,

                                           CLYDE DeWITT
                                           LAW OFFICES OF CLYDE DeWITT, APC

                                           By:    /s/ Clyde DeWitt
                                                        Clyde DeWitt

                                           Counsel for for *Amicus Curiae*,
                                           Citizens Against Litigation Abuse, Inc.

# Exhibit A

# Letter

**RANDAZZA LEGAL GROUP**

**J. MALCOLM DEVOY**
Licensed to practice in
Wisconsin
Nevada

**MARC J. RANDAZZA**
Licensed to practice in
Massachusetts
California
Arizona
Florida

**JESSICA S. CHRISTENSEN**
Licensed to practice in
California

**JONATHANE M. RICCI**
Licensed to practice in
Michigan
Ontario, Canada
U.S. Tax Court

**JASON A. FISCHER**
Licensed to practice in
Florida
California
U.S. Patent Office

www.randazza.com

**Las Vegas**
7001 W. Charleston Blvd.
Suite Number 1043
Las Vegas, NV 89117
Tel: 888.667.1113
Fax: 305.437.7662

**Miami**
2 S. Biscayne Boulevard
Suite Number 2600
Miami, FL 33131
Tel: 888.667.1113
Fax: 305.397.2772

**San Diego**
187 Calle Magdalena
Suite Number 114
Encinitas, CA 92024
Tel: 888.667.1113
Fax: 305.437.7662

**Toronto**
3230 Yonge Street
Suite Number 200
Toronto, ON M4N 3P6
Tel: 888.667.1113
Fax: 416.342.1761

Correspondence from:
J. Malcolm DeVoy IV, Esq.
jmd@randazza.com

**Reply to Las Vegas Office
via Email or Fax**

July 24, 2011

Via E-mail

Clyde F. DeWitt, Esq.
Todd Kincannon, Esq.
732 South Sixth Street, Suite 100
Las Vegas, NV 89101-6927

Re:   *Clarification of Recent Order, Righthaven LLC et al v. Democratic Underground LLC et al, Case No 2:10-cv-01356, Docket No. 138, and applicability to Plaintiff Righthaven LLC's cases pending appeal.*

Dear Mr. DeWitt and Mr. Kincannon,

As you are no doubt aware, I, along with Marc J. Randazza, admitted *pro hac vice*, represent one of Righthaven LLC's many defendants within this District, Wayne Hoehn, in *Righthaven LLC v. Hoehn*, Case Number 2:11-cv-00050. In our case, Judge Pro issued an Order dismissing Righthaven's Complaint in that case, and entered judgment in Mr. Hoehn's favor, on June 20, 2011. (Docket Numbers 28, 30.)

Currently, Mr. Hoehn's Motion for Attorney's Fees (Docket Number 32) is pending before Judge Pro. In addition, Righthaven LLC filed a notice of appeal in that case (Docket Number 33) on July 19, 2011. I have conferred with Righthaven's attorney, Shawn Mangano about whether Righthaven LLC intends to file this Court's earlier Order in the *Democratic Underground* case, (Docket Number 116), and the transcript of this Court's July 14, 2011 hearing (or superseding written order) in this case, with the *Hoehn* court.

It seems to be that Attorney Mangano's position is that Judge Hunt's order does not apply to the *Hoehn* case. Attorney Mangano further represented that he had "not considered" whether this Court's recent Order (Document Number 138) required the filing of these documents in *Hoehn*, but was "willing to consider it." Unfortunately, it seems that this is a strategy by Righthaven to avoid following Judge Hunt's order, at least long enough that it can keep these documents out of the record in the Hoehn case. We find this unsurprising, given the fact that Judge Hunt's order seems to bear directly upon Righthaven's position in the fee award matter as well as the issues on appeal. We found it troubling that Righthaven is seemingly attempting to evade Judge Hunt's clear order, but given the unethical actions that Righthaven has engaged in to date, we are unsurprised.

The language in the Order of July 14 states that Righthaven must file the documents in "every pending case" involving Stephens Media (Docket Number 138). While our client has already prevailed in *Righthaven LLC v. Hoehn*, the matter continues with both a pending motion for attorneys' fees and an appeal to the 9th Circuit. We believe that the order in your case will directly apply to both of our pending issues

As counsel to a party potentially affected by this Order (Docket Number 138), and not having a stake in the *Democratic Underground* litigation, we wonder if you would be able to share your insight into Judge Hunt's July 14, 2011 Order, memorialized at Docket Number 138. As you participated in that case, and we did not, perhaps you have insight into Judge Hunt's position that we lack. In the event that you feel that it would be worthwhile doing so, we would request that you file a motion for clarification in your case. We feel that doing so would benefit all parties who are involved in cases with Righthaven, where Righthaven seems to take the position that Judge Hunt's order did not clearly include their cases.

It seems it would be contrary to the spirit of Judge Hunt's Order (Docket Number 138), which is predicated on curing Righthaven LLC's deception within this District, if Righthaven LLC were exempt from disclosing Judge Hunt's earlier Order (Docket Number 116) and the July 14, 2011 hearing's transcript – or later written order – from the record of cases such as *Hoehn*, which are pending appellate review. Incidentally, such a clarification could affect at least two cases other than *Hoehn*; Righthaven LLC has filed notices of appeal in *Righthaven LLC v. DiBiase*, Case Number 2:10-cv-01343, *Righthaven LLC v. Realty One Group, Inc. et al*, Case Number 2:10-cv-01036, and *Righthaven LLC v. Center for Intercultural Organizing et al*, Case Number 2:10-cv-01322.

Of course, we could be mistaken. If the court intended the order to exempt the Hoehn case and the 9th Circuit cases, a clarification of the Order could be useful. It seems to us that the court's order stated that it applied to "every case" in "any jurisdiction," and that this encompasses both cases in which there is a fee award pending and it does not seem to exempt 9th Circuit cases. At the hearing, and in the transcript recently filed in *Pahrump Life*, it seems clear that Judge Hunt intended to have the Order and transcript filed in cases seeing appeal (Transcript of July 14 hearing at 18:25-19:2). However, since Righthaven seems to interpret it differently, we respectfully request that you seek clarification of the order for the benefit of all 274 defendants, including those whose cases are not active.

Respectfully Submitted,

J. Malcolm DeVoy IV

cc (via e-mail):    Marc J. Randazza, Esq.