# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>    Plaintiff,<br><br> vs.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>    Defendants.<br>_____<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>    Counterclaimant,<br><br> vs.<br><br>RIGHTHAVEN, LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>    Counterdefendants. | Case No.: 2:10-cv-001356-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Extension of Time, and Clarification–#143) |

AO 72
(Rev. 8/82)

1

Before the Court is Righthaven's **Motion for Extension, Clarification, and Stay** (#143, filed July 29, 2011). The Court has also considered Democratic Underground's Opposition (#145, filed Aug. 1, 2011).

Righthaven's counsel filed this motion in the afternoon of July 29, the day by which Righthaven was ordered to comply with the Court's sanctions. That same day, the Court granted a ten day extension through Monday, August 8, for Righthaven to comply with the Court's sanction. The Court deferred ruling on the remaining issues due to the lateness of Righthaven's filing.

In this motion, Righthaven requests that the Court clarify its sanctions order and extend the time for Righthaven to comply with the sanctions. The Court has already gratned an extension and will now address the requested clarifications. Righthaven desires to know: (1) whether simply filing the required documents in a case where the defendant has not yet been served would be sufficient, and (2) whether cases that have been dismissed but appealed constitute pending actions. Although the Court does not believe that clarification is necessary, the Court will clarify these and a few other issues.

First, as Righthaven points out in its motion, when the Court issued the sanctions the Court and counsel referred to "parties," not merely cases. Accordingly, it is insufficient to merely file the required documents; Righthaven must produce the documents to the *parties* in those cases as the Court clearly stated. The reason for this is simple: the Court is fully aware of Righthaven's practice of filing suit against a party and then entering settlement negotiations (and frequently settling) without ever serving the party. The Court concludes that depriving those parties of the benefit of the Court's order would be unjust.

Second, Righthaven must produce the required documents to all parties in all pending matters. The Court stated that the order would "not apply to those cases that have been dismissed *unless there's going to be an appeal in those cases.*" (Dkt. #.) The Court clearly ordered that Righthaven produce these documents in cases that have been dismissed but are later appealed. This logically includes cases that have already been appealed. Further, if there are any

AO 72
(Rev. 8/82)

pending motions in a case, that case is still pending in some fashion. Accordingly, Righthaven must produce the required documents in those cases as well even if all that remains pending is a request for attorney's fees or some similar matter.

Finally, after reexamining the issues and counsel's stated difficulties, the Court concludes that it was overly generous in granting the extension because counsel's situation is largely—if not entirely—of his and Righthaven's own making. Righthaven and its counsel should concentrate their efforts on material issues and court orders, not wishful research. Further, if counsel does not have time to do all that he needs to in Righthaven's dozens of cases, the Court kindly suggests that he or Righthaven obtain additional help, not complain to the Court about time constraints. Righthaven also informed the Court in its motion that it plans to request a stay of the monetary sanction. The Court already granted an extension, which it will not change, and suggests Righthaven not waste its time on a motion requesting any further relief from the sanction.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Righthaven's Motion for Extension of Time and Clarification (#143) is GRANTED as detailed above.

Dated: August 2, 2011.

_____
ROGER L. HUNT
United States District Judge