UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                Plaintiff,<br><br>vs.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>                Defendants.<br>_____<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>                Counterclaimant,<br><br>vs.<br><br>RIGHTHAVEN, LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>                Counterdefendants. | Case No.: 2:10-cv-001356-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Extension of Time, and Clarification–#143) |

AO 72
(Rev. 8/82)

1

1   Before the Court is Righthaven's **Motion for Extension, Clarification, and Stay**
2   (#143, filed July 29, 2011). The Court has also considered Democratic Underground's Opposition
3   (#145, filed Aug. 1, 2011).
4   Righthaven's counsel filed this motion in the afternoon of July 29, the day by which
5   Righthaven was ordered to comply with the Court's sanctions. That same day, the Court granted a
6   ten day extension through Monday, August 8, for Righthaven to comply with the Court's sanction.
7   The Court deferred ruling on the remaining issues due to the lateness of Righthaven's filing.
8   In this motion, Righthaven requests that the Court clarify its sanctions order and
9   extend the time for Righthaven to comply with the sanctions. The Court has already gratned an
10  extension and will now address the requested clarifications. Righthaven desires to know: (1)
11  whether simply filing the required documents in a case where the defendant has not yet been
12  served would be sufficient, and (2) whether cases that have been dismissed but appealed constitute
13  pending actions. Although the Court does not believe that clarification is necessary, the Court will
14  clarify these and a few other issues.
15  First, as Righthaven points out in its motion, when the Court issued the sanctions
16  the Court and counsel referred to "parties," not merely cases. Accordingly, it is insufficient to
17  merely file the required documents; Righthaven must produce the documents to the *parties* in
18  those cases as the Court clearly stated. The reason for this is simple: the Court is fully aware of
19  Righthaven's practice of filing suit against a party and then entering settlement negotiations (and
20  frequently settling) without ever serving the party. The Court concludes that depriving those
21  parties of the benefit of the Court's order would be unjust.
22  Second, Righthaven must produce the required documents to all parties in all
23  pending matters. The Court stated that the order would "not apply to those cases that have been
24  dismissed *unless there's going to be an appeal in those cases.*" (Dkt. #.) The Court clearly
25  ordered that Righthaven produce these documents in cases that have been dismissed but are later
26  appealed. This logically includes cases that have already been appealed. Further, if there are any

pending motions in a case, that case is still pending in some fashion. Accordingly, Righthaven must produce the required documents in those cases as well even if all that remains pending is a request for attorney's fees or some similar matter.

Finally, after reexamining the issues and counsel's stated difficulties, the Court concludes that it was overly generous in granting the extension because counsel's situation is largely—if not entirely—of his and Righthaven's own making. Righthaven and its counsel should concentrate their efforts on material issues and court orders, not wishful research. Further, if counsel does not have time to do all that he needs to in Righthaven's dozens of cases, the Court kindly suggests that he or Righthaven obtain additional help, not complain to the Court about time constraints. Righthaven also informed the Court in its motion that it plans to request a stay of the monetary sanction. The Court already granted an extension, which it will not change, and suggests Righthaven not waste its time on a motion requesting any further relief from the sanction.

### CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Righthaven's Motion for Extension of Time and Clarification (#143) is GRANTED as detailed above.

Dated: August 2, 2011.

_____
ROGER L. HUNT
United States District Judge