CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email:  djc@campbellandwilliams.com
         jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>                    Defendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br><br>**COUNTER-DEFENDANT STEPHENS MEDIA LLC'S (i) NOTICE OF WITHDRAWAL OF ITS MOTION FOR RECONSIDERATION OF THE COURT'S JUNE 14, 2011 ORDER [DKT 126], AND (ii) LIMITED REPLY TO DEMOCRATIC UNDERGROUND, LLC'S COMBINED OPPOSITION [DKT 140]** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>                    Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>                    Counterdefendants. | |

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Counterdefendant Stephens Media LLC ("Stephens Media") hereby submits Notice of Withdrawal of its Motion for Reconsideration of the Court's June 14, 2011 Order [Dkt. 116]. Stephens Media does, however, wish to address the combined opposition filed by Democratic Underground, LLC ("DU") [Dkt. 140] to the extent it claims Stephens Media and Righthaven, LLC ("Righthaven") have perpetrated a fraud on the Court.  Pursuant to the Court's Order Granting Motion to Seal [Dkt. 142], Stephens Media additionally provides support to maintain the confidentiality of certain commercial agreements between Stephens Media and non-parties to this litigation that were relied upon as part of DU's opposition.

## POINTS AND AUTHORITIES

**I.      WITHDRAWAL OF THE MOTION FOR RECONSIDERATION.**

After reflection and consultation, Stephens Media has elected to withdraw its Motion for Reconsideration [Dkt. 126].  In so doing, Stephens Media is not disavowing the validity of the Clarification and Amendment to Strategic Alliance Agreement ("Amendment") executed with Righthaven on May 9, 2011 or the Amended and Restated Strategic Alliance Agreement ("Amended and Restated SAA") executed by Stephens Media and Righthaven on July 7, 2011. Instead, Stephens Media recognizes the demanding standard required to obtain reconsideration and believes the parties' resources as well as those of the Court are better utilized addressing substantive matters that will arise in the future rather than revisiting issues decided in the past.

**II.     STEPHENS MEDIA AND RIGHTHAVEN HAVE NOT PERPETRATED A FRAUD ON THE COURT THROUGH THEIR REFORMATION OF THE STRATEGIC ALLIANCE AGREEMENT.**

Notwithstanding Stephens Media's decision to withdraw its Motion for Reconsideration, it must nonetheless respond to DU's accusations that Stephens Media and Righthaven have sought to perpetrate a fraud on the Court through their reformation of the Strategic Alliance

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

1   Agreement ("SAA").   *See* Dkt. 140 at 25:2 – 30:20.   Suffice it to say, Stephens Media

2   unequivocally denies that it has sought to perpetrate any fraud on the Court.

3      "[F]raud on the court 'embraces only that species of fraud which does or attempts to,

4   defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial

5   machinery cannot perform in the usual manner its impartial task of adjudging cases that are

6
7   presented for adjudication.'" *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1104 (9th

8   Cir. 2006) (quoting *Alexander v, Robertson*, 882 F.2d 421, 424 (9th Cir. 1989)).   The doctrine is

9   applied narrowly.   *Id.* ( attorney's alleged act of forging co-counsel's signature on acceptance of

10  Rule 68 offer of judgment "falls far short" of fraud on the court).   *See also, United States v.*

11
12  *Chapman*, 642 F.3d 1236, 1241 (9th Cir. 2011) (while government's failure to disclose

13  impeachment material to criminal defendants amounted to flagrant prosecutorial misconduct

14  justifying dismissal, "[Ninth Circuit] precedent contemplates a higher level of culpability" to

15  establish fraud on the court); *Alexander*, 882 F.2d at 424-25 (attorney's unlicensed practice of

16  law, while perhaps misconduct, did not constitute fraud on the court).   *But see, Dixon v.*

17
18  *Commissioner*, 316 F.3d 1041, 1046-47 (9th Cir. 2003) (finding fraud on the court where IRS

19  counsel and tax test-case petitioners entered in to secret settlement agreements before trial,

20  deceived the court from learning about the agreements during trial, and thus violated the rights

21  of the 1,300 tax payers who agreed to be bound by the result of the tax court proceeding).

22      Stephens Media's actions in connection with the Amendment and Amended and Restated

23  SAA do not remotely approach conduct that can be considered "defiling the court itself" or an

24  "unconscionable plan or scheme which is designed to improperly influence the court in its

25  decision." *Latshaw*, 452 F.3d at 1104.   DU's accusations against Stephens Media are premised

26
27  on the fact that Stephens Media is a party to several agreements with non-parties to the instant

28  action that involve the potential use of Las Vegas *Review-Journal* articles.   Dkt. 140 at 28:13 –

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

30:20.   According to DU, the terms of Stephens Media's pre-existing agreements are incompatible with the Amended and Restated SAA and, thus, the latter agreement does not reflect the truth about the relationship between Stephens Media and Righthaven. *Id.*

The very fact that DU is able advance this argument—faulty though it is—eviscerates the notion that Stephens Media has attempted to perpetrate a fraud on the Court.[1]   Stephens Media produced its pre-existing agreements to DU on February 28, 2011 as part of its discovery responses in this action.   *See* Dkt. 105-1 at pp. 3-4 (J. Colby Williams Decl. in Support of Response to Motion to Compel Production of Documents).   Similarly, Stephens Media provided DU with the Amendment and the Amended and Restated SAA promptly after their respective execution dates.   *See* Dkt. Nos. 101 (Hinueber Decl. addressing Amendment); 136 (Supplement providing copy of Amended and Restated SAA).   Stephens Media likewise executed a stipulation that expressly set forth a framework for all parties to address the impact of the Amended and Restated SAA in light of the record developed in this action.   *See* Dkt. 135.

In short, Stephens Media has provided the Court with the information it needs to evaluate the impact of the Amended and Restated SAA.   While Stephens Media obviously disagrees with DU's contentions that Stephens Media's agreements with non-parties to this action undercut the terms of the Amended and Restated SAA, DU has been perfectly capable of presenting its

---

[1]   DU's characterization of the alleged conflicts between Stephens Media's other contracts and the Amended and Restated SAA is off-base.   First of all, only a small subset of *Review-Journal* articles has been assigned to Righthaven, thereby leaving the vast majority of *Review-Journal* content subject only to the pre-existing agreements and unaffected by the Amended and Restated SAA.   *See* Declaration of Mark Hinueber at ¶ 5.   Next, content appearing in the *Review-Journal* is uploaded to or otherwise made available to Stephens Media's other contracting parties at or about the same time the material appears in the printed newspaper.   *Id.* at 6.   Because Stephens Media is the owner of the copyright in an article at the time it is published and, by definition, any assignment of that article to Righthaven will not occur until some undetermined time in the future (*e.g.*, when infringing activity has been detected), Stephens Media has every right to authorize the limited use of the article at the time of publication.   *Id.*   With respect to those limited articles that are subsequently assigned to Righthaven, and thereafter licensed back to Stephens Media on a non-exclusive basis, Stephens Media has previously disclosed to Righthaven the existence of its other agreements.   *Id.* at 7.

Page 4 of 10

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

position to His Honor because Stephens Media produced the relevant contracts more than five months ago as part of the ordinary course of discovery.  DU has not cited a single case to support the proposition that opposing parties' differing views regarding the import of fully-disclosed contracts can support a finding of fraud on the Court.  Nor has DU presented any authority to support the ill-conceived notion that the act of amending an assignment agreement to eliminate concerns regarding standing is tantamount to fraud on the court.  Given the Supreme Court's observation that doubts regarding the standing conferred by an assignment "could be easily overcome" by simply rewriting the agreement, *see Sprint Communications Co., L.P., v. APCC Svcs., Inc.*, 554 U.S. 269, 289 (2008), DU's argument is, at a minimum, overreaching.

Indeed, by leveling this serious charge, DU signals its belief that it can spew forth any allegation, no matter how outrageous, and it will nevertheless receive a receptive audience with the Court.  Stephens Media does not believe this is an accurate assessment on DU's part, and respectfully submits that DU's accusations of fraud on the Court should be swiftly and forcefully rejected.

### III. GOOD CAUSE EXISTS TO MAINTAIN THE CONFIDENTIALITY OF STEPHENS MEDIA'S CONTRACTS WITH NON-PARTIES TO THIS ACTION.

As touched on above, DU relied on several agreements between Stephens Media and non-parties to this action when advancing the baseless argument that Stephens Media has perpetrated a fraud on the Court through the execution of and reliance on the Amended and Restated SAA.  DU properly filed three of those agreements under seal because Stephens Media had produced them as Confidential-Attorney's Eyes Only pursuant to the terms of the Stipulated Protective Order entered in this action.  *See* Dkt. 65 (Stipulated Protective Order); Dkt. 139 (Motion to File Documents Under Seal).  On July 28, 2011, the Court entered an Order Granting the Motion to Seal "until such time as Stephens Media provides a basis for this Court to maintain them under seal." Dkt. 142.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Before addressing this directive from the Court, Stephens Media would note that the Court's Order—which was prepared by DU—arguably reverses the applicable burden on this issue under Ninth Circuit precedent. As explained in more detail herein, "when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted, so that *the party seeking disclosure must present sufficiently compelling reasons why the sealed discovery documents should be released.*" *Philips v. General Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) (emphasis added). Because DU is the only party contending the subject documents should not "ultimately be maintained under seal," Dkt. 139 at 1:19-22, it was required to present compelling reasons to justify the release of the documents under this paradigm. It did not do so.[2]

In any event, Stephens Media recognizes and fully supports the existence of a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978). Indeed, this right is essential to a newspaper's ability to report on the operations of government institutions, including the judicial branch. *Id.* at 598. Notwithstanding the foregoing, the courts have created an exception to the general presumption of access to judicial records in the context of a "*sealed discovery document* [attached] to a *non-dispositive* motion." *Kamakana v. City and*

---

[2]     Despite this Ninth Circuit precedent, Stephens Media acknowledges that the Stipulated Protective Order ("SPO") entered in this action provides that "[t]he Designating Party, *when its designation is challenged*, bears the ultimate burden of proving that the designated material is entitled to protection." Dkt. 65 at ¶ 19 (emphasis added). Stephens Media accepts this burden and addresses it herein. We would note, however, that the SPO sets forth a procedure for challenging confidentiality designations before this burden is triggered. The procedures include an objection to the designated material, an obligation of the parties to negotiate in good faith to resolve the dispute, and (if the dispute cannot be resolved) a motion by the challenging party seeking a determination of the status of the material. *Id.* DU never notified Stephens Media that it objected to the confidentiality designations of the subject documents, never sought to negotiate on this issue, and its "motion" simply asked the Court to keep the documents sealed only until Stephens Media provided a justification for maintaining the sealed status. *See* Declaration of J. Colby Williams at ¶¶ 4-7. Respectfully, the failure to follow these procedures renders the drafting and implementation of the SPO a useless exercise.

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

*County of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (emphasis and alteration in original). Where, as here, a district court has granted "a protective order to seal documents during discovery, 'it has already determined that 'good cause' exists to protect this information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality.'" *Id.* at 1179-80 (quoting *Philips, supra,* 307 F.3d at 1213). Thus, "a 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to a non-dispositive motion." *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

Neither Stephens Media's Motion for Reconsideration nor Righthaven's Motion to Intervene is a dispositive motion. Thus, the sealed status of certain documents attached to DU's combined opposition to these non-dispositive motions is governed by the "good cause" standard. In the event the Court's entry of the Stipulated Protective Order in this action does not constitute a sufficient finding of "good cause," *see Kamakana, Philips, supra,* Stephens Media represents as follows in further support of the "good cause" showing:

- three of the four sealed documents are contracts between Stephens Media and non-parties to this action (ProQuest Information and Learning Company, Burrelle's Information Services, LLC, and Lexis Nexis) (the "Non-Party Contracts") (*see* Hinueber Decl. at ¶ 4);[3]

- all of the Non-Party Contracts pre-date the filing of this litigation, and none of them are the subject of the dispute at issue herein (*id.* at ¶ 8);

---

[3]     The fourth sealed document is an excerpt from the Righthaven Operating Agreement reflecting the capital contributions of Righthaven's members. As Stephens Media has repeatedly stated throughout these proceedings, it is not a member of Righthaven and is not a party to the Righthaven Operating Agreement. To the extent the word "Stephens" is used throughout the document, this nomenclature refers to SI Content Monitor, LLC, an Arkansas limited liability company that is a separate entity from Stephens Media, LLC. *See, e.g., Doe v. Unocal Corp.*, 248 F.3d 915, 925-26 (9th Cir. 2001) (reciting principles governing separateness of affiliated entities despite common ownership and officers). Given that Stephens Media is not a party to the Righthaven Operating Agreement, it respectfully submits that Righthaven should be given the opportunity to address whether the subject excerpt should remain sealed. This is particularly appropriate given DU's failure to comply with the terms of the SPO when challenging confidentiality designations. *See supra* at n. 2.



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

- Stephens Media treats the Non-Party Contracts as confidential commercial information, and certain of those agreements expressly recognize that the parties thereto will be sharing trade secrets and that said information is to be treated as confidential (*see, e.g.,* Dkt 140-4 at ¶ 18 (Burrelle's); 140-6 at ¶ 8 (Lexis Nexis)) (*id.* at ¶ 9);

- the Non-Party Contracts contain sensitive pricing information that is not generally known to members of the public which would, if disclosed, cause the parties thereto competitive disadvantage (*id.* at ¶ 10);

- the Non-Party Contracts are drafted predominantly, if not entirely, by the other parties to the agreements, not Stephens Media. Accordingly, those non-parties have a proprietary interest in the form of the respective contracts and the terms contained therein which should not be publicly disclosed without first giving the non-parties notice and an opportunity to address the Court on this issue (*id.* at ¶ 11).

To summarize, the Non-Party Contracts contain private information concerning entities that are not involved in these proceedings. Unlike the SAA and its progeny, the Non-Party Contracts are not the subject of the dispute in this action or, for that matter, any other Righthaven action. Notwithstanding the foregoing, Stephens Media produced the subject agreements to the Defendants in this action who, in turn, have been able to use the documents to formulate their positions and present them to the Court. Any further disclosure or dissemination is inappropriate and unnecessary. "The law [ ] gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to,* trade secrets or other confidential research, development, *or commercial information*." *Philips,* 307 F.3d at 1211-12 (providing examples of protected materials, including attorney-client privileged letters inadvertently sent to opposing counsel, medical and psychiatric records, and confidential settlement agreements) (second emphasis added). In light of the record presented herein, Stephens Media respectfully submits that "good cause" exists to maintain the confidentiality of the sealed commercial information submitted as part of DU's combined opposition.

. . . .

. . . .

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

**IV.    CONCLUSION**

For the reasons set forth above, Stephens Media hereby withdraws its Motion for Reconsideration [Dkt. 126]. Stephens Media further requests that the Court (i) affirmatively reject DU's accusations that Stephens Media has perpetrated a fraud on the Court, and (ii) maintain the confidentiality and sealed status of the Non-Party Contracts that were produced by Stephens Media in this action and attached as exhibits to DU's combined opposition.

DATED this 5th day of August, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By   /s/ *J. Colby Williams*
     DONALD J. CAMPBELL, ESQ. (#1216)
     J. COLBY WILLIAMS, ESQ. (#5549)
     700 South Seventh Street
     Las Vegas, Nevada 89101
     Telephone:  (702) 382-5222
     Facsimile:  (702) 382-0540

Attorneys for Counterdefendant
Stephens Media LLC

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Page 9 of 10

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that service of the foregoing was served on the 5th day of August, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

/s/ *J. Colby Williams*
An employee of Campbell & Williams

CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW

700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540