

# THE KINCANNON FIRM

August 9, 2011

*Via First Class Mail and Electronic Mail*
The Honorable Roger L. Hunt
U.S. District Court, District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101

> Re:  Righthaven v. Democratic Underground, 2:10-cv-1356-RLH-GWF (D. Nev.),
> Specifically Righthaven's Failure to Comply with Sanctions Order re Righthaven
> v. Eiser, 2:10-cv-3075-RMG-JDA (D.S.C.).

Dear Judge Hunt:

I represent the defendant in Righthaven v. Eiser, 2:10-cv-3075-RMG-JDA, now pending in the District of South Carolina. I also represent other parties involved in Righthaven litigation, and have appeared seeking pro hac vice admission to the District of Nevada on behalf of amicus Citizens Against Litigation Abuse in Righthaven v. Pahrump Life. However, for the purpose of this letter I write to you exclusively in my capacity as attorney for Dana Eiser in the Eiser case. Given the nature of this letter, I would respectfully request that the District of Nevada Clerk of Court file it as part of the record in Righthaven v. Democratic Underground.

This letter relates to orders issued by the Court in Righthaven v. Democratic Underground that require Righthaven to take certain actions in all active Righthaven cases for the benefit of other Righthaven defendants. I write to advise the Court that Righthaven has failed to comply with this Court's order in Righthaven v. Eiser. It is my belief that the failure to comply was intentional and calculated to provide Righthaven with a tactical benefit as it seeks to defend against Eiser's motion to dismiss for lack of subject matter jurisdiction.

At the outset, I would like to advise the Court that I do not leap to take advantage of minor technical failings by opposing counsel, and it is not my purpose to do so with this letter. There is nothing "minor" or "technical" about Righthaven's noncompliance. Further, as an officer of the court I believe I have an obligation to advise a judge when a party operates with a complete, blatant, and intentional disregard for orders issued by that judge, and I have a

Page 2

August 9, 2011

From: J. Todd Kincannon

To:    The Honorable Roger L. Hunt



THE KINCANNON FIRM

secondary obligation to my client to take that action when the disregard is done for the purpose of prejudicing that client.

I understand this Court has issued several orders in connection with sanctions imposed upon Righthaven for intentional misrepresentations made in <u>Righthaven v. Democratic Underground</u>. Relevant to this letter are the Court's orders of July 29, 2011 (Dkt. #144) and August 2, 2011 (Dkt. #148) which respectively granted and confirmed a ten-day extension sought by Righthaven for compliance with the sanctions order of July 14, 2011 (Dkt. ## 137-38).

The ten-day extension expired yesterday, August 8, 2011, yet Righthaven has not complied with the Court's sanctions order in <u>Righthaven v. Eiser</u> and has so far provided no documents of any type to Eiser or to the District of South Carolina in connection with the sanctions order. As a matter of fact, instead of complying with this Court's order to provide the documents, Righthaven instead filed a response to Eiser's motion to dismiss arguing that everything this Court has done is completely irrelevant to the Eiser case. The response is enclosed and the referenced material may be principally found on pages 3 and 12-13.

Further, and perhaps even worse, Righthaven acknowledges in this Response that it has the obligation to provide the District of South Carolina with the materials in question, yet did not do so. "Righthaven intends to comply with the [sanctions] order and will provide the court with (1) the order to show cause; (2) a complete copy of the transcript of the July 14, 2011, hearing; and (3) any written order subsequently issued by Judge Hunt connected with these matters." Righthaven's Response at 12-13. This was filed at approximately 11:47 p.m. on August 8, 2011, the last possible day to comply with this Court's order. In the remaining 13 minutes of August 8th, Righthaven did nothing to comply with the sanctions order, and still has not. Not only did Righthaven fail to comply with this Court's sanctions order, Righthaven blatantly lied to the District of South Carolina by claiming an intention to comply when it had no such intention whatsoever.

It is crystal clear that Righthaven's purpose in ignoring this Court's order with regard to the <u>Eiser</u> case was for tactical benefit in <u>Righthaven v. Eiser</u>. Eiser's motion to dismiss relies on many of the same points involved in this Court's consideration of the issue of sanctions in <u>Democratic Underground</u>. Eiser's position is strongly bolstered by this Court's action on sanctions, and Righthaven is well aware of that.

Righthaven even encourages the South Carolina court to go ahead and deny Eiser's motion to dismiss without waiting for Righthaven to comply with this Court's sanctions order and provide the materials in question:

Page 3

August 9, 2011

From:  J. Todd Kincannon

To:    The Honorable Roger L. Hunt



THE KINCANNON FIRM

> [Eiser] filed yet another supplement to [the motion to dismiss] asking the Court to withhold action on two pending motions to dismiss including this one until Righthaven produces certain documents in <u>Righthaven v. Democratic Underground</u> related to the filing in that action. As set forth below, Righthaven contends that this motion is not based on the assignment at issue here and contains much material that has not been shown to be relevant.

Righthaven's Response at 3. "Righthaven contends that the Court should decide this motion based on the arguments and evidence placed at issue through the defendant's initial submission[.]" <u>Id.</u> at 13. That initial submission—i.e., the motion to dismiss—was made on July 7, 2011, and necessarily excludes this Court's action on sanctions which occurred a week later.

Righthaven's actions permit only one conclusion: Righthaven consciously chose to ignore this Court's command to produce the <u>Democratic Underground</u> materials and decided instead to argue that what this Court did was irrelevant. For any other litigant, this sort of action would be nearly unbelievable and likely the product of a mistake, but with Righthaven, deception, dishonesty, and disrespect for the courts are part and parcel of the standard operating procedure.

Righthaven cannot possibly argue that it was unaware of the August 8 deadline. The August 8 deadline has been the subject of multiple orders of this Court. Nor can Righthaven argue that its lawyers were too busy to comply. This Court foreclosed that argument with its most recent order on the subject (Dkt. #148). Beyond that, <u>Righthaven v. Eiser</u> is unique in that it has a single dedicated attorney handling it, one Edward Bertele, Esq. of the Bertele Law Firm in Charleston, South Carolina. Mr. Bertele has no other Righthaven cases and was perfectly positioned to comply with this Court's orders of which he was plainly and admittedly aware. Yet Mr. Bertele and Righthaven chose to ignore this Court's orders entirely and instead argue that this Court's actions are irrelevant to <u>Righthaven v. Eiser</u>. Righthaven's response clearly urges the South Carolina court to immediately rule against Eiser, obviously in an attempt to obtain a favorable ruling and to prejudice the South Carolina court against this Court's actions before actually providing that material to the South Carolina court.

Mr. Bertele and Righthaven (and Mr. Mangano, who assists Mr. Bertele behind the scenes in <u>Eiser</u>) chose to do exactly what this Court prohibited in the most recent order on the subject. In the order granting Righthaven's motion for clarification, Dkt. #148, the Court instructed Righthaven to concentrate efforts on material issues and court orders, not wishful research. Yet even a cursory review of Righthaven's response demonstrates that Righthaven made a conscious choice to engage in all manner of absurd argument instead of simply complying with this Court's orders. Particularly offensive is Righthaven's claim that Eiser's

Page 4

August 9, 2011

From: J. Todd Kincannon

To:    The Honorable Roger L. Hunt



THE KINCANNON FIRM

counsel (including the undersigned) violated Rule 11 by moving to dismiss on substantially the same grounds upon which this Court granted Democratic Underground's motion to dismiss and sanctioned Righthaven. Apparently not only does Righthaven have no intention to comply with this Court's order, Righthaven's position is that a party seeking to make arguments similar to what this Court did in <u>Democratic Underground</u> actually violates Rule 11 of the Federal Rules of Civil Procedure. Righthaven's Response at 4. Righthaven's claims in this regard are almost unbelievably frivolous.

This letter is verified and given under oath pursuant to an enclosed verification. I also attest to the authenticity of the enclosed Response and of an enclosed, current docket report from <u>Righthaven v. Eiser</u> to demonstrate to the Court that Righthaven has not provided the <u>Democratic Underground</u> materials to the South Carolina court. Should the Court wish to enquire further about this matter, I will certainly make myself available to offer testimony or any other evidence available to me about Righthaven's compliance with the sanctions orders or any other matter which this Court would like to investigate.

I am providing this information to the Court in the form of a letter because I have not appeared in <u>Righthaven v. Democratic Underground</u> and my client to whom this relates, Dana Eiser, is not a party to the <u>Democratic Underground</u> case but a nonparty beneficiary of the Court's sanctions order. Should the Court wish for me to make this submission in a different format, I will be more than happy to, it is just not clear to me that there is any more appropriate vehicle for a nonparty to advise a court of a party's failure to comply with an order that affects the nonparty.

As a nonparty, Eiser respectfully requests the Court compel Righthaven to comply with the terms of this Court's order vis-à-vis <u>Righthaven v. Eiser</u>. Eiser also respectfully requests the Court consider awarding attorney's fees as a result of Eiser's counsel having to prepare and send this letter and any other actions counsel has to take to obtain Righthaven's actual compliance with this Court's sanctions order. Should Righthaven present argument or factual material in opposition to Eiser's requests, Eiser would respectfully request the opportunity to reply.

I certainly understand the Court may wish to require Eiser to obtain local counsel, require me to submit a <u>pro hac vice</u> application, and/or require a motion from Eiser to intervene in this matter. If the Court mandates some or all of these steps as a precondition to seeking relief, Eiser and her counsel will of course comply, but I would respectfully request the Court consider handling this matter without those formalities given the isolated nature of this matter and given the fact that Eiser submits this communication as a nonparty beneficiary of the Court's sanctions order. Eiser does not seek any action from the Court on any matter that does not directly involve her case, though Eiser certainly would not object to this Court taking whatever other action

Page 5

August 9, 2011

From: J. Todd Kincannon

To:    The Honorable Roger L. Hunt

THE KINCANNON FIRM

seems appropriate to remedy Righthaven's demonstrated pattern of inappropriate, seemingly incorrigible behavior in litigation.

This foregoing is respectfully submitted under oath. With kindest personal regards, I am,

Very truly yours,

J. Todd Kincannon

Enclosures

cc:[1]    Shawn A. Mangano        Dale Cendali           Cliff C. Webb
          Chad A. Bowers          Corynne McSherry       Jennifer J. Johnson
          Kurt Opsahl             Laurence F. Pulgram    Clyde F. DeWitt
          J. Colby Williams       Philip R. Erwin

---

[1] In anticipation of this letter and the enclosed material being electronically filed in <u>Democratic Underground</u> and served via the CM/ECF system, the individuals listed as carbon copy recipients will receive the material by electronic mail only. Should the Court decide the material should not be added to the docket, the letter and enclosed material will be provided by first class mail to any carbon copy recipient who does not indicate email is acceptable.

GREENVILLE, JURY, MAG

# U.S. District Court
## District of South Carolina (Charleston)
## CIVIL DOCKET FOR CASE #: 2:10-cv-03075-RMG -JDA

Righthaven LLC v. Eiser
Assigned to: Honorable Richard M Gergel
Referred to: Magistrate Judge Jacquelyn D Austin
Cause: 28:1338 Copyright Infringement

**Plaintiff**

Date Filed: 12/02/2010
Jury Demand: Both
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Righthaven LLC**
*a Nevada limited-liability company*

represented by **Edward Anton Bertele**
Edward A Bertele Law Office
1812 Pierce Street
Charleston, SC 29492
843-471-2082
Email: ebertele@msn.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward T Fenno**
Fenno Law Firm
171 Church St
Suite 160
Charleston, SC 29401
843-720-3747
Fax: 843-577-0460
Email: efenno@fennolaw.com
*TERMINATED: 05/18/2011*

V.

**Defendant**

**Dana Eiser**
*an individual*

represented by **James John Todd Kincannon**
Kincannon Law Firm
1329 Richland Street
Columbia, SC 29201
877-992-6878
Email: todd@thekincannonfirm.com
*ATTORNEY TO BE NOTICED*

**Jared Quante Libet**
Office of Attorney General (SC)
PO Box 11549
Columbia, SC 29211
803-734-5251
Email: jlibet@scag.gov
*TERMINATED: 05/18/2011*

**Larkin Taylor Thad Viers**
Coastal Law
1314 Second Avenue
Conway, SC 29526
843-488-5000
Email: tviers@coastal-law.com
*ATTORNEY TO BE NOTICED*

**William M Connor**
Horger and Connor LLC
160 Centre Street
Orangeburg, SC 29118
803-531-1700

Fax: 803−531−0160
Email: bconnor@horgerlaw.com
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Dana Eiser**
*an individual*

represented by **James John Todd Kincannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jared Quante Libet**
(See above for address)
*TERMINATED: 05/18/2011*

**Larkin Taylor Thad Viers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William M Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Righthaven LLC**
*a Nevada limited−liability company*

represented by **Edward T Fenno**
(See above for address)
*TERMINATED: 05/18/2011*

**Counter Claimant**

**Dana Eiser**
*an individual*

represented by **James John Todd Kincannon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jared Quante Libet**
(See above for address)
*TERMINATED: 05/18/2011*

**Larkin Taylor Thad Viers**
(See above for address)
*ATTORNEY TO BE NOTICED*

**William M Connor**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Righthaven LLC**
*a Nevada limited−liability company*

represented by **Edward Anton Bertele**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Edward T Fenno**
(See above for address)
*TERMINATED: 05/18/2011*

| Date Filed | # | Docket Text |
| --- | --- | --- |

| | | |
|---|---|---|
| 12/02/2010 | 1 | COMPLAINT against Dana Eiser ( Filing fee $ 350 receipt number 0420−3080966.), filed by Righthaven LLC. (Attachments: # 1 Exhibits 1 through 3: 1. Denverpost.com 2. Lowcountry912's Blog 3. Application)(alan, ) (Entered: 12/03/2010) |
| 12/02/2010 | 2 | Local Rule 26.01 Answers to Interrogatories by Righthaven LLC.(alan, ) Modified on 8/3/2011: see 67 Amended LR 26.01s (kmca). (Entered: 12/03/2010) |
| 12/02/2010 | 4 | Summons Issued as to Dana Eiser. (alan, ) (Entered: 12/03/2010) |
| 12/03/2010 | 5 | Report on the Filing or Determination of an Action or Appeal Regarding a Copyright. (alan, ) (Entered: 12/03/2010) |
| 12/03/2010 | 6 | ***DOCUMENT E−MAILED 5 Report on the Filing or Determination of Copyright to 508filings@loc.gov at the Register of Copyrights, Copyright Office, Washington DC 20559. (alan, ) (alan, ). (Entered: 12/03/2010) |
| 01/18/2011 | 7 | ANSWER to 1 Complaint by Dana Eiser.(rpol, ) (Entered: 01/19/2011) |
| 01/24/2011 | 13 | DELETION OF DOCKET ENTRY NUMBER #11. Reason: document filed in error. A new scheduling order will be filed by the Court. (rpol, ) (Entered: 01/24/2011) |
| 01/26/2011 | 14 | **ORDER directing pro se defendant. Dana Eiser, to notify Clerk in writing of any address changes. Signed by Magistrate Judge Bristow Marchant on 1/24/11. (hhil, ) (Entered: 01/26/2011)** |
| 01/26/2011 | 15 | **SCHEDULING ORDER: Amended Pleadings due by 2/25/2011, Plaintiffs ID of Expert Witness due by 3/25/2011, Defendants ID of Expert Witnesses Due by 4/25/2011, Records Custodian Affidavit due by 4/25/2011, Discovery due by 5/25/2011, Motions due by 7/25/2011, ADR Statement due by 5/25/2011, Mediation Due by 6/24/2011. Signed by Magistrate Judge Bristow Marchant on 1/25/11. (hhil, ) (Entered: 01/26/2011)** |
| 01/26/2011 | 16 | ***DOCUMENT MAILED 15 Scheduling Order, 14 Order to Notify of Address Change placed in U.S. Mail to Dana Eiser. (hhil, ) (Entered: 01/26/2011) |
| 02/15/2011 | 17 | NOTICE of Appearance by Jared Quante Libet on behalf of Dana Eiser (Libet, Jared) (Entered: 02/15/2011) |
| 02/15/2011 | 18 | Local Rule 26.01 Answers to Interrogatories by Dana Eiser.(Libet, Jared) (Entered: 02/15/2011) |
| 02/25/2011 | 22 | AMENDED ANSWER to *Complaint*, COUNTERCLAIM against Righthaven LLC by Dana Eiser. (Libet, Jared) (Entered: 02/25/2011) |
| 03/11/2011 | 23 | MOTION to Dismiss , *or Alternatively Strike, Defendant's Counterclaims Pursuant to FRCP 12(b)(6), 15(a)(2), and/or 12(f)* by Righthaven LLC. Response to Motion due by 3/28/2011 (Attachments: # 1 Memo in Support, # 2 Exhibit A − Unpublished decision − Monster Daddy LLC v. Monster Cable Products, Inc. (D.S.C. 2010), # 3 Exhibit B − Unpublished decision − Bunch v. Shalala (4th Cir. 1995), # 4 Exhibit C − Unpublished decision − Lincoln National Corp. v. Steadfast Insurance Co. (N.D.Ind. 2006), # 5 Exhibit D − Unpublished decision − Stoudemire v. Branch Banking &Trust Bankcard Corp. (D.S.C. 2010))No proposed order(Fenno, Edward) (Entered: 03/11/2011) |
| 03/25/2011 | 24 | **ORDER REFERRING CASE to Magistrate Judge Jacquelyn D Austin. Signed by Honorable Richard M Gergel on 3/25/2011. Motions referred to Jacquelyn D Austin.(sshe, ) (Entered: 03/25/2011)** |
| 03/25/2011 | 27 | **AMENDED SCHEDULING ORDER: Rule 26(f) Conference Deadline 4/15/2011, 26(a) Initial Disclosures due by 4/29/2011, Rule 26 Report due by 4/29/2011, Amended Pleadings due by 6/23/2011, Plaintiffs ID of Expert Witness due by 7/25/2011, Defendants ID of Expert Witnesses Due by 8/22/2011, Records Custodian Affidavit due by 8/29/2011, Discovery due by 9/21/2011, Motion in Limine due by 9/28/2011, Motions due by 10/5/2011, Rule 26(a)(3) Disclosures due by 12/12/2011, Pretrial Briefs due by 12/12/2011, Jury Selection Deadline 12/19/2011. Signed by Magistrate Judge Jacquelyn D Austin on 3/25/11. (kmca) (Entered: 03/25/2011)** |

| | | |
|---|---|---|
| 03/28/2011 | 28 | RESPONSE in Opposition re 23 MOTION to Dismiss , *or Alternatively Strike, Defendant's Counterclaims Pursuant to FRCP 12(b)(6), 15(a)(2), and/or 12(f).* Response filed by Dana Eiser.Reply to Response to Motion due by 4/7/2011 (Libet, Jared) Modified on 3/29/2011: to remove duplicate text (kmca). Modified on 7/15/2011: see 62 Amended Response (kmca). (Entered: 03/28/2011) |
| 04/01/2011 | 30 | MOTION to Amend/Correct 1 Complaint by Righthaven LLC. Response to Motion due by 4/18/2011 (Attachments: # 1 Exhibit "A" − Proposed Amended Complaint and Demand for Jury Trial and Related Exhibits)Proposed order is being emailed to chambers with copy to opposing counselMotions referred to Jacquelyn D Austin.(Fenno, Edward) (Entered: 04/01/2011) |
| 04/04/2011 | 33 | **TEXT ORDER granting 30 Motion to Amend/Correct 1 Complaint. Plaintiff should file the Amended Complaint in the CM/ECF system. Signed by Magistrate Judge Jacquelyn D Austin on 4/4/11.(kmca) (Entered: 04/04/2011)** |
| 04/06/2011 | 34 | REPLY to Response to Motion re 23 MOTION to Dismiss , *or Alternatively Strike, Defendant's Counterclaims Pursuant to FRCP 12(b)(6), 15(a)(2), and/or 12(f).* Response filed by Righthaven LLC. (Fenno, Edward) Modified on 4/7/2011: to remove duplicate text (kmca). (Entered: 04/06/2011) |
| 04/07/2011 | 35 | **TEXT ORDER deferring ruling on 23 Motion to Dismiss. The Court has granted the Plaintiff's 30 Motion to Amend the Complaint; Plaintiff shall file the amended complaint within five (5) days of the filing date of this order. The Court will hold any ruling on the Motion to Dismiss in abeyance until such time as the Defendant has filed an answer to the amended complaint. Signed by Magistrate Judge Jacquelyn D Austin on 4/7/11.(kmca) (Entered: 04/07/2011)** |
| 04/07/2011 | 36 | AMENDED COMPLAINT against Dana Eiser, filed by Righthaven LLC. (Attachments: # 1 Exhibit 1 − Denverpost.com; Exhibit 2 − Lowcountry912's Blog; Exhibit 3 − Application) (Fenno, Edward) (Entered: 04/07/2011) |
| 04/19/2011 | 37 | MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Dana Eiser. Response to Motion due by 5/6/2011 No proposed orderMotions referred to Jacquelyn D Austin.(Kincannon, James) (Entered: 04/19/2011) |
| 04/29/2011 | 38 | Rule 26(f) Report by Dana Eiser, Righthaven LLC. (Attachments: # 1 LR 26.03 Answers Attachment, # 2 Addendum Mediation Submission)(Kincannon, James) (Entered: 04/29/2011) |
| 05/02/2011 | 39 | MOTION to Withdraw as Attorney *by Jared Q. Libet* by Dana Eiser. Response to Motion due by 5/19/2011 No proposed orderMotions referred to Jacquelyn D Austin.(Kincannon, James) (Entered: 05/02/2011) |
| 05/06/2011 | 41 | RESPONSE in Opposition re 37 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM Response filed by Righthaven LLC.Reply to Response to Motion due by 5/16/2011 (Fenno, Edward) (Entered: 05/06/2011) |
| 05/17/2011 | 43 | MOTION to Withdraw as Attorney *by Edward T. Fenno* and Motion to Stay by Righthaven LLC. Response to Motion due by 6/3/2011. Proposed order is being emailed to chambers with copy to opposing counsel.Motions referred to Jacquelyn D Austin.(Fenno, Edward). Added MOTION to Stay on 5/17/2011 to include additional motion reliefs (kmca). (Entered: 05/17/2011) |
| 05/18/2011 | 45 | **TEXT ORDER granting 39 Motion to Withdraw as Attorney. Jared Q. Libet terminated as counsel for Defendant. Signed by Magistrate Judge Jacquelyn D Austin on 5/18/11.(kmca) (Entered: 05/18/2011)** |
| 05/18/2011 | 47 | **TEXT ORDER granting 43 Motion to Withdraw as Attorney by Attorney Fenno; granting 43 Motion to Stay. Plaintiff/Counter−Defendant Righthaven has fourteen (14) days from the entry of this Order to obtain new counsel. Because a corporation can not proceed in this matter without counsel, Righthaven's failure to obtain counsel within this time period may result in summary dismissal of this action. Signed by Magistrate Judge Jacquelyn D Austin on 5/18/11.(kmca) (Entered: 05/18/2011)** |

| 05/18/2011 | 49 | ***DOCUMENT MAILED 47 Order on Motion to Withdraw as Attorney, Order on Motion to Stay, placed in U.S. Mail to Righthaven LLC: Steve Gibson, EsquirePresident, Righthaven LLC, Conquistador Business Park, 9960 West Cheyenne Ave, Ste 210, Las Vegas, NV 89129. (kmca) (Entered: 05/18/2011) |
|---|---|---|
| 05/31/2011 | <u>50</u> | NOTICE of Appearance by Edward Anton Bertele on behalf of Righthaven LLC (Bertele, Edward) (Entered: 05/31/2011) |
| 06/23/2011 | <u>53</u> | SECOND AMENDED ANSWER to <u>36</u> Amended Complaint, COUNTERCLAIM against Righthaven LLC by Dana Eiser. (Attachments: # <u>1</u> Exhibit 1, Order of June 15, 2011 Righthaven v. Democratic Underground, # <u>2</u> Exhibit 2, Order of June 20, 2011 Righthaven v. Hoehn, # <u>3</u> Exhibit 3, Arkansas Democrat−Gazette Story August 26, 2010, # <u>4</u> Exhibit 4, The New York Times Story August 26, 2010, # <u>5</u> Exhibit 5, Mike Rosen Plagiarism Allegations, # <u>6</u> Exhibit 6, Las Vegas Sun April 20, 2011, # <u>7</u> Exhibit 7, Las Vegas Sun April 11, 2011, # <u>8</u> Exhibit 8, Order of April 11, 2011 Righthaven v. Hill, # <u>9</u> Exhibit 9, Las Vegas Sun August 26, 2010, # <u>10</u> Exhibit 10, Las Vegas Sun June 20, 2011, # <u>11</u> Exhibit 11, CNN/Fortune Magazine January 6, 2011, # <u>12</u> Exhibit 12, Sherman Frederick Blog September 1, 2010, # <u>13</u> Exhibit 13, Las Vegas Sun June 16, 2011, # <u>14</u> Exhibit 14, Order of April 14, 2011 Righthaven v. Democratic Underground, # <u>15</u> Exhibit 15, Commentary from Professor Eric E Johnson, # <u>16</u> Exhibit 16, Righthaven's Opposition To Thomas A. DiBiase's Motion to Dismiss December 2, 2010) (Kincannon, James) Modified on 6/24/2011: to add descriptions to exhibits (kmca). Modified on 7/5/2011: see <u>56</u> Supplement (kmca). Modified on 7/25/2011: to edit text: add "second" (kmca). (Entered: 06/23/2011) |
| 06/23/2011 | <u>54</u> | MOTION to Consolidate Cases by Dana Eiser(an individual). Response to Motion due by 7/11/2011 No proposed orderMotions referred to Jacquelyn D Austin.(Kincannon, James) (Entered: 06/23/2011) |
| 06/24/2011 | <u>55</u> | CERTIFICATE OF CONSULTATION byDana Eiser(an individual) re <u>54</u> MOTION to Consolidate Cases. (Kincannon, James) (Entered: 06/24/2011) |
| 07/02/2011 | <u>56</u> | SUPPLEMENT by Dana Eiser(an individual) to <u>53</u> Amended Answer to Complaint, Counterclaim,,,,,,,, *WAIVER AS TO ANNE PIERONI*. (Kincannon, James) (Entered: 07/02/2011) |
| 07/05/2011 | <u>57</u> | MOTION for Leave to File Excess Pages *re Motion to Dismiss* by Dana Eiser(an individual). Response to Motion due by 7/22/2011 (Attachments: # <u>1</u> Main Document Rule 12(b)(1) Motion to Dismiss, # <u>2</u> Exhibit A − SAA, # <u>3</u> Exhibit B − SAA Clarification, # <u>4</u> Exhibit C − Order Unsealing SAA, # <u>5</u> Exhibit D − Democratic Underground Dismissal, # <u>6</u> Exhibit E − Hoehn Dismissal, # <u>7</u> Exhibit F − DiBiase Dismissal, # <u>8</u> Exhibit G − Barham Dismissal, # <u>9</u> Exhibit H − Jama Summary Judgment, # <u>10</u> Exhibit I − Order to Show Cause by Judge Mahan, # <u>11</u> Exhibit J − Order to Show Cause by Judge Hicks, # <u>12</u> Exhibit K − District of Colorado Stay Order by Judge Kane, # <u>13</u> Exhibit L − Righthaven Intervention, # <u>14</u> Exhibit M − Righthaven's Response to Amici, # <u>15</u> Exhibit N − Arkansas Democrat−Gazette Story, # <u>16</u> Exhibit O − New York Times Story, # <u>17</u> Exhibit P − Wired.com Story, # <u>18</u> Exhibit Q − Rosen Freelance Column, # <u>19</u> Exhibit R − Denver Westword Story about Rosen Plagiarism, # <u>20</u> Exhibit S − Rocky Mountain News Shutdown, # <u>21</u> Exhibit T − Rosen Rocky Mountain News Column, # <u>22</u> Exhibit U − Rosen Real Clear Politics Column, # <u>23</u> Exhibit V − Righthaven Website, # <u>24</u> Exhibit W − S.C. Supreme Court Original Jurisdiction Petition, # <u>25</u> Exhibit X − Verification and Authentication)No proposed order.Motions referred to Jacquelyn D Austin.(Kincannon, James) (Attachment 2 replaced on 7/5/2011 to get header on exhibit per systems) (kmca). (Entered: 07/05/2011) |
| 07/07/2011 | 59 | **TEXT ORDER denying <u>54</u> Motion to Consolidate Cases; granting in part and denying in part <u>57</u> Motion for Leave to File Excess Pages. Defendant Eiser may file excess pages such that the entire brief does not exceed 45 pages, excluding exhibits. Signed by Magistrate Judge Jacquelyn D Austin on 7/7/11.(kmca) (Entered: 07/07/2011)** |
| 07/07/2011 | <u>60</u> | MOTION to Dismiss for Lack of Jurisdiction by Dana Eiser(an individual). Response to Motion due by 7/25/2011 (Attachments: # <u>1</u> Exhibit A − SAA, # <u>2</u> Exhibit B − SAA Clarification, # <u>3</u> Exhibit C − Order Unsealing SAA, # <u>4</u> Exhibit |

| | | |
|---|---|---|
| | | D − Democratic Underground Dismissal, #_5 Exhibit E − Hoehn Dismissal, #_6 Exhibit F − DiBiase Dismissal, #_7 Exhibit G − Barham Dismissal, #_8 Exhibit H − Jama Summary Judgment, #_9 Exhibit I − Order to Show Cause by Judge Mahan, #_10 Exhibit J − Order to Show Cause by Judge Hicks, #_11 Exhibit K − District of Colorado Stay Order by Judge Kane, #_12 Exhibit L − Righthaven Intervention, #_13 Exhibit M − Righthaven's Response to Amici, #_14 Exhibit N − Arkansas Democrat−Gazette Story, #_15 Exhibit O − New York Times Story, #_16 Exhibit P − Wired.com Story, #_17 Exhibit Q − Rosen Freelance Column, #_18 Exhibit R − Denver Westword Story about Rosen Plagiarism, #_19 Exhibit S − Rocky Mountain News Shutdown, #_20 Exhibit T − Rosen Rocky Mountain News Column, #_21 Exhibit U − Rosen Real Clear Politics Column, #_22 Exhibit V − Righthaven Website, #_23 Exhibit W − S.C. Supreme Court Original Jurisdiction Petition, #_24 Exhibit X − Verification and Authentication)No proposed order.Motions referred to Jacquelyn D Austin.(Kincannon, James) (Attachment 1 replaced on 8/8/2011 to get header on exhibit per systems) (kmca). Modified on 7/11/2011: see_61 Supplemental Exhibit Y (kmca). Modified on 7/18/2011: see_64 Supplement (kmca). (Entered: 07/07/2011) |
| 07/08/2011 | 61 | SUPPLEMENT by Dana Eiser(an individual) to_60 MOTION to Dismiss for Lack of Jurisdiction. (Attachments: #_1 Exhibit Y (Supplemental) − Righthaven−MediaNews Group Agreement)(Kincannon, James) (Entered: 07/08/2011) |
| 07/11/2011 | 62 | Defendant's AMENDED RESPONSE in Opposition re_23 MOTION to Dismiss , *or Alternatively Strike, Defendant's Counterclaims Pursuant to FRCP 12(b)(6), 15(a)(2), and/or 12(f)*. Response filed by Dana Eiser(an individual).Reply to Response to Motion due by 7/21/2011 (Kincannon, James) Modified on 7/12/2011: to remove duplicative text (kmca). Modified on 7/18/2011: see_64 Supplement (kmca). (Entered: 07/11/2011) |
| 07/15/2011 | 64 | SUPPLEMENT by Dana Eiser(an individual) to_60 MOTION to Dismiss for Lack of Jurisdiction,_62 Response in Opposition to Motion,. (Attachments: #_1 Exhibit 1 − Sherman Frederick's Blog Post re Sharron Angle)(Kincannon, James) (Entered: 07/15/2011) |
| 07/22/2011 | 65 | MOTION for Extension of Time to File Response/Reply re_60 Motion to Dismiss, MOTION for Extension of Time to File Answer re_53 Second Amended Answer and Counterclaims. (Response to Motion due by 8/8/2011) by Righthaven LLC. (Attachments: #_1 Affidavit Declaration of Edward A. Bertele)Proposed order is being emailed to chambers with copy to opposing counsel.Motions referred to Jacquelyn D Austin.(Bertele, Edward) Modified on 7/25/2011: to link motions to correct events (kmca). Modified on 7/25/2011: to edit text (kmca). (Entered: 07/22/2011) |
| 07/25/2011 | 66 | **TEXT ORDER granting_65 Motion for Extension of Time to File Response/Reply. (Plaintiff's response to_60 MOTION to Dismiss for Lack of Jurisdiction due by 8/8/2011). ORDER granting_65 Motion for Extension of Time to Answer re_53 Second Amended Answer to Complaint, Counterclaim. (Righthaven LLC answer due 8/24/2011). Signed by Magistrate Judge Jacquelyn D Austin on 7/25/11.(kmca) (Entered: 07/25/2011)** |
| 08/02/2011 | 67 | *Amended* Local Rule 26.01 Answers to Interrogatories by Righthaven LLC.(Bertele, Edward) (Entered: 08/02/2011) |
| 08/08/2011 | 68 | RESPONSE in Opposition re_60 MOTION to Dismiss for Lack of Jurisdiction Response filed by Righthaven LLC.Reply to Response to Motion due by 8/18/2011 (Bertele, Edward) (Entered: 08/08/2011) |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| RIGHTHAVEN LLC, | ) | Case No. 2:10-CV-3075-RMG-JDA |
| | ) | |
| Plaintiff and Counter-Defendant, | ) | **PLAINTIFF'S OPPOSITION TO** |
| | ) | **DEFENDANT'S MOTION TO** |
| v. | ) | **DISMISS FOR LACK OF SUBJECT** |
| | ) | **MATTER JURISDICTION** |
| DANA EISER, | ) | |
| | ) | |
| Defendant and Counter-Plaintiff. | ) | |
| | ) | |

Righthaven LLC ("Righthaven") hereby opposes defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction , Docs. # 60, 61 , pursuant to FRCP 12(b)(1) based upon the following Memorandum of Points and Authorities and  the pleadings and documents on file in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. SUMMARY OF NATURE OF CASE

Righthaven filed a single count complaint for copyright infringement on December 2, 2010.  (Doc. # 1).  Righthaven filed an Amended Complaint on April 7, 2011, which is the pleading to which this motion is addressed. (Doc. # 36.) In her Second Amended Answer and Counterclaims, defendant denies ( for the first time) that she owns the website or has control over the blog which it maintains. (Doc # 53, Para 55).  Defendant now moves for dismissal for lack of subject matter jurisdiction based upon allegations that the assignment of the subject copyright is invalid. As set forth below, defendant's motion is based upon another  Righthaven agreement which courts in the District of Nevada have reviewed  and not the one applicable here.

### II. STATEMENT OF FACTS

1

In the Amended Complaint, Righthaven asserts that it is the owner of the copyrighted literary work entitled "A Letter to the Tea Partyers" (the "Work"), which was originally published on September 23, 2010 by the *Denver Post*. (Id. ¶¶ 9-10, 17-18, Ex. 1.) Righthaven asserts it was assigned all rights, title and ownership in and to the Work, along with the right to sue for past, present and future infringements by MediaNews Group ("MNG"), publisher of *The Denver Post*. (Id. ¶ 10.) On November 19, 2010, Righthaven applied for the copyright in and to the Work with the United States Copyright Office. (Id. ¶ 19, Ex. 3.) Righthaven contends the Defendant controls the Internet domain and content displayed at lowcountry912.wordpress.com (the "Website"). (Id. at ¶ 5-7) Righthaven further asserts that on or about September 23, 2010, and after publication by *The Denver Post*, defendant posted a unauthorized reproduction of the entire Work on the Website (the "Infringement"). ( Id. at ¶¶ 11-12, 20, 28-32, Ex. 2.) In its Amended LR 26.01 Answers to Interrogatories ( Doc. # 67 ) Righthaven asserts that there is a Copyright Alliance Agreement in effect between Righthaven and MediaNews Group concerning the subject matter of this litigation.

Defendant contends that the complaint here should be stricken because the validity of the assignment between Righthaven and Stephens Media LLC of content originally appearing in the *Las Vegas Review-Journal* has been called into question. Doc. #60 at Para. 7-16. Defendant contends that " the terms of the assignments are governed by Righthaven's so-called "Strategic Alliance Agreement" ("SAA") it has with its clients. . . . Righthaven's SAA with MediaNews Group has terms that are legally indistinguishable from the Stephens Media SAA." Doc # 60 at P. 7. However in a footnote defendant admits that she has not actually seen the agreement with MediaNews Group. Id at p. 7, n.3. In a supplemental filing, defendant attached the Copyright Alliance Agreement with MediaNews Group but then does not assert how this agreement invalidates the assignment. Doc # 61, Exhibit A. Instead, defendant reserved analysis for its reply.

2

Doc # 61 at p. 1.  Finally, defendant filed yet another supplement to this motion,  Doc # 64,  asking

the Court to withhold action on two pending motions to dismiss including this one until Righthaven

produces certain documents in <u>Righthaven v. Democratic Underground</u>  related to the filing in that

action.  As set forth below,  Righthaven contends that this motion is not based on the assignment at

issue here and contains much material that has not been shown to be relevant.

### III. LEGAL ARGUMENT

**A. The motion should be denied for failure to comply with LR 7.05**

LR 7.05 requires that every motion contain "a concise statement of facts that pertain to

the matter before the court" and "an argument relating to the matter before the court".  L.R.7.05

(A) (2) & (3). Defendant has not provided either.  In the subject motion, defendant alleges

 "the terms of the assignments are governed by Righthaven's so-called "Strategic Alliance

Agreement" ("SAA") it has with its clients."  The Memorandum contained in the motion is directed

at the deficiencies in the SAA. See Doc. #60 at p 7-16. The Memorandum raises the dismissal of

Righthaven's claims in cases in other jurisdictions in which the SAA was in issue. See  Doc 60 at p.

24 and Exhibits E, F, G, and H.  Defendant also alleges that Righthaven's SAA with MediaNews

Group has terms that are legally indistinguishable from the Stephens Media SAA. However, when

defendant made that statement, counsel had not seen the MediaNews Group agreement  but knew

it was a different agreement , other than the one on which the motion was based. (Doc. # 60 at 7

n.3.) The next day, defendant attempted to supplement the motion by submitting the Copyright

Alliance Agreement and nothing else.

Righthaven contends that the motion fails to satisfy either section of L.R. 7.05 and should

be dismissed for that reason. There was no legitimate reason given or imaginable  for filing a

motion to dismiss based upon incomplete facts and irrelevant legal arguments. Defendant's

counsel had no good faith basis to believe that the two agreements were substantially the same

when he  filed the motion and then did nothing to satisfy the requirements of the rule when the

Copyright Alliance Agreement was in counsel's possession. Counsel never submitted a

Supplemental Memorandum outlining the provisions of the CAA and how they are the basis to

3

invalidate an otherwise valid copyright assignment. There was no comparison of the provisions of the Copyright Alliance agreement with the Strategic Alliance Agreement upon which defendant's entire motion and legal argument relied. The motion was not reasonably based in fact as required under Federal Rule of Civil Procedure 11 at the time of filing given its contents. *See* FED. R. CIV. P. 1(b)(3) . According, defendant has failed to satisfy the most rudimentary requirements for a motion , i.e. a statement of the relevant facts and law and the court should not expend it's time to doing so.

## B. The complaint is facially sufficient for subject matter jurisdiction

If the Court disregards defendant's failure to place relevant issues and argument in her moving papers, this motion should be considered only as a facial attack on Righthaven's standing that is limited to the allegations contained in the Amended Complaint. See Gould Elect. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000); MCG, Inc. v. Great Western Energy Corp., 896 F.2d 170, 176 (5th Cir. 1990); Valdez v. United States, 837 F. Supp. 1065, 1067 (E.D. Cal. 1995). If the Court considers the motion other than under these circumstances, Righthaven will be placed at a disadvantage by being forced to anticipate arguments that have not yet been raised by the moving party. Lujan v. National Wildlife Fed'n, 497 U.S. 871, 894-95 (1990) (recognizing the court has discretion to disregard late-filed factual matters); Ojo v. Farmers Group, Inc., 565 F.3d 1175, 1186 n. 12 (9th Cir. 2009); Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007) (the "district court need not consider arguments raised for the first time in a reply brief"); Beaird v. Seagate Tech., Inc., 145 F. 3d 1159, 1164-65 (10th Cir. 1998).

A Rule 12(b) (1) motion that does not consider extrinsic evidence is commonly referred to as a facial attack. Warren v. Fox Family Worldwide, Inc. 328 F.3d 1136, 1139 (9th Cir. 2003); Morrison v. Amway Corp., 323 F.3d 920, 924 n. 5 (11th Cir. 2003. A facial attack challenges the sufficiency of the complaint's allegations that federal subject matter has been invoked. Montez v. Department of Navy, 392 F.3d 147, 149-50 (5th Cir. 2004); Warren, supra, 328 F.3d at 1139; Morrison, supra, 323 F.3d at 924 n. 5. Under a facial attack, a court must accept the allegations of the complaint as true. See Gould Elect. Inc., supra, 220 F.3d at 176; MCG, Inc., supra, 896 F.2d at 176; Valdez, supra, 837 F. Supp. at 1067. In order to survive a Rule 12(b)

4

(1) facial attack, the complaint must contain "sufficient jurisdictional facts to state a claim which is plausible on its face." Bushnell, Inc. v. Brunton Co., 659 F. Supp. 2d 1150, 1157 (D. Kan. 2009). Righthaven's Amended Complaint clearly meets these requirements.

"Federal district courts have subject-matter jurisdiction over copyright infringement actions based on 28 U.S.C. §§ 1331 and 1338 . . . ." Reed Elsevier, Inc. v. Muchnick, 130 S.Ct. 1237 (2010. A plaintiff asserting a copyright infringement claim "'must establish that he or she owns the copyrighted creation, and the defendant copied it.'" NCR Corp. v. Korala Assocs., Ltd., 512 F.3d 807, 814 (6th Cir. 2008)( citation omitted). See also Grubb v. KMS Patriots, L.P., 88 F.3d 1,3,5 (1st Cir. 1996); Keeler Brass Co. v. Continental Brass Co., 862 F.2d 1063, 1065 (4th Cir. 1988).

Pursuant to Section 501(b) of the Copyright Act, only "the legal or beneficial owner of an exclusive right under a copyright" is entitled to sue for infringement. In Silvers v. Sony Pictures Entertainment, 402 F.3d 881 (9th Cir. 2005), the Ninth Circuit held that an assignor can transfer the ownership interest in an accrued past infringement, but the assignee has standing to sue only if the interest in the past infringement is expressly included in the assignment and the assignee is also granted ownership of an exclusive right in the copyrighted work. Id. at 889-90. See ABKCO Music, Inc. v. Harrisongs Music, Ltd., 944 F.2d 971, 980 (2d Cir. 1991)( right to sue for past infringement when both the copyright and the accrued claims were purchased). Section 106 of the Act, in turn, defines the exclusive rights that can be held in a copyright , e.g., the right to reproduce, to prepare derivative works, and to distribute copies.

Righthaven's Amended Complaint asserts its ownership in and to the copyright to the Work, as well as any and all rights to seek redress for past, present and future infringements, both accrued and unaccrued, in and to the Work. Doc. # 36 ¶ 9-10. The foregoing allegations not only satisfy Righthaven's obligation to plead ownership of the Work, but the allegations also establishes the company's right to sue for past, present and future infringements as required by Silvers. Id. The Amended Complaint additionally sets forth Defendant's acts constituting the Infringement. (Id. at ¶¶ 11-12, 20, 28-32, Ex. 2.) Accordingly, Righthaven's Amended Complaint contains more than adequate facts to invoke subject matter jurisdiction. Therefore, to

5

the extent it is construed as a facial attack, defendant's Rule 12(b) (1) Motion must be denied in view of the Amended Complaint's allegations.

## C. Substantive analysis of the assignment must await discovery

Righthaven asserts that the motion should be denied for another reason. Defendant's attempt to invalidate the assignment of the subject copyright based upon the provisions of the CAA for which no arguments have been made necessarily involves a substantive analysis of the claims and defenses in this case. For example, defendant asserts that Mike Rosen not MediaNews Group is the owner of the copyright based upon various allegations and other Rosen works. Doc. # 60 at p. 41- 42. Even if this issue were properly presented by defendant, it is not amenable to disposition under Rule 12(b)(1). Rather, it is inexorably intertwined with the merits and should be considered on summary judgment after the parties have engaged in discovery.

Courts generally find that the question of jurisdiction and the merits of an action are intertwined where, as here, the same statute provides the basis for both the subject matter of the federal court and the plaintiff's substantive claim for relief. See <u>Warren</u>, supra, 328 F.3d at 1139; <u>Morrison</u>, supra, 323 F.3d at 926 (challenges to "employer" status under federal employment discrimination statutes); <u>Gould Elect. Inc.</u>, supra, 220 F.3d at 178 (factual determination implicating subject matter jurisdiction under the Federal Tort Claims Act. A court should not resolve genuinely disputed facts where the question of jurisdiction is dependent upon the resolution of factual issues going to the merits. Holt, 46 F.3d at 1003; Morrison, 323 F.3d at 925; Clark, 798 F.2d at 742.

Judge Navarro of the United States District Court for the District of Nevada took just such an approach when presented with the same standing arguments under a Rule 12(b)(1) motion. <u>Righthaven LLC v. Virginia Citizens Defense League, Inc.</u>, Case No. 2:10-cv-01683-GMN-PAL (D. Nev. Jun. 23, 2011) (Doc. # 26). Specifically Judge Navarro reasoned:

> [I]f discovery reveals that the assignment of the copyright does not convey the appropriate rights to sue for the infringement in this case – including whether or not the right to sue for past infringements was assigned – this could be raised in a motion for summary judgment.

(Id. at 13:10-13.)

When subject matter jurisdiction arguments are directed to or are inextricably intertwined with the merits of the claims at issue, the matter should be decided on summary judgment – not pursuant to Rule 12(b)(1). See <u>Kerns v. United States</u>, 585 F.3d 187, 193 (4th Cir. 2009). <u>Safe Air for Everyone</u>, 373 F.3d at 1049.

Defendant asserts that another basis for lack of jurisdiction is that the assignment assigns the bare right to sue. Doc. # 60 at p. 41. Id. Defendant's contention that Righthaven licenses back rights to the assignor does not render the Assignment per se invalid. Parties routinely enter into complex agreements transferring intellectual property rights. It is well established that such transfers are not invalid simply because the original owner retains some rights. See, e.g., <u>Vittoria N. Am., L.L.C. v. Euro-Asia Imports Inc.</u>, 278 F.3d 1076, 1082 (10th Cir. 2001) (holding that a "thirty-day reassignment clause does not establish that [the trademark assignment] is a sham") (citing <u>Premier Dental Prods. Co. v. Darby Dental Supply Co.</u>, 794 F.2d 850, 855-56 (3d Cir. 1986) ("[L]imitations in an otherwise valid assignment agreement do not invalidate it")); <u>Int'l Armament Corp. v. Matra Manurhin Int'l., Inc.</u>, 630 F. Supp. 741, 746 (E.D. Va. 1986) ("Plaintiff's ownership of the marks is subject to conditions on its license agreement with Carl Walther, which make that distributorship revocable by Walther for violation of 'essential' clauses. Such limitations on an assignment do not invalidate or make it a sham, however.")

In <u>Rawlings v. Nat'l Molasses Co.</u>, 394 F.2d 645, 648 (9th Cir. 1968), the Ninth Circuit more than 40 years ago, rejected the argument that an assignment made solely to facilitate a lawsuit is somehow improper:

> Defendants make the further point that the arrangement between plaintiff and
> [assignor] was accomplished for the sole purpose of permitting plaintiff to bring
> this action without joining [assignor] as a party plaintiff or defendant. We assume
> that to be true. Defendants urge that the transaction was a sham. The documents
> were in fact executed and nothing in the record indicates that as between
> [assignor] and plaintiff they are either void or voidable. If not, then the purpose
> underlying their execution is of no concern to the defendants.

Thus, the court found that the purpose behind a business transaction does not have any bearing on the issue of standing.

7

Patent cases, such as Rawlings, are highly instructive here. As the Ninth Circuit held in Silvers v. Sony Pictures Entertainment, supra, courts "should interpret the Copyright Act consistently with the requirement of the Patent Act" because of the fundamental similarity between the two types of intellectual property rights. 402 F.3d at 888; see also Davis v. Blige, 505 F.3d 90, 104 (2nd Cir. 2007) ("Although patent and copyright law function somewhat differently, courts considering one have historically looked to the other for guidance where precedent is lacking . . . . Licenses in patent and copyright function similarly . . . ."). In an analogous patent case, the Federal Circuit held that patent assignments made for the sole purpose of bringing suit are nonetheless valid. SGS-Thomson Microelectronics, Inc. v. Int'l Rectifier Corp., 1994 WL 374529 (Fed. Cir. Jul. 14, 1994). There, the defendant urged the court to ignore the patent assignment between related corporate entities because, like here, the agreement was entered for the purpose of conferring standing to sue for infringement. The defendant also argued "sham" because the assignment required the plaintiff to assign the patents back at the conclusion of the litigation, a much greater restriction than that present in this case. Id. at *6. The court rejected defendant's arguments, ruling that "[t]his court and other courts have held that an assignment that explicitly provides for possible transfer back to the assignor is nevertheless effective to give the assignee standing." Id. The court further held that:

> the district court erred in granting summary judgment on the ground that the assignments of the ... patents were shams because the sole purpose of the assignment was to facilitate litigation. In so ruling, the trial court ignored the express language in the assignments and in effect created a new requirement, not found in any case law, that a patent assignment must have an "independent business purpose."

Id. Thus, the Federal Circuit explicitly ruled that the motive or purpose of an assignment is irrelevant to the assignee's standing to enforce the exclusive rights conferred and that the assignor's ability to re-acquire its rights does not deprive the assignee of its right to bring suit. Id. at *6-7. If this Court were to follow this reasoning as Silvers holds it should, Righthaven is

8

the sole current owner of the copyright and not MNG despite Defendant's arguments to the
contrary.

In <u>Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.</u>, 944 F.2d 870 (Fed. Cir.
1991), Vaupel, the grantor retained "1) a veto right on sublicensing by Vaupel; 2) the right to
obtain patents on the invention in other countries; 3) a reversionary right to the patent in the
event of bankruptcy or termination of production by Vaupel; and 4) a right to receive
infringement damages." Id. at 875. Despite the grantor's retention of these rights, the court held
that "none of these reserved rights was so substantial as to reduce the transfer to a mere license
or indicate an intent not to transfer all substantial rights." Id. Therefore, patent law which is the
guidepost for interpretation of copyright principles has regarded the reservation of rights as not
affecting the right of the assignee to recover for infringement.

Although defendant asserts that that federal courts look to state law to resolve copyright-
related contractual issues, defendant fails to recognize that Nevada law expressly governs the
interpretation of the CAA. Doc. # 61 at 8 § 19 states: "This Agreement . . . shall be interpreted
in accordance with the laws of the State of Nevada without regard to its conflict of laws
principals." Thus, Defendant's rush to challenge subject matter jurisdiction has resulted in
advancing a completely irrelevant state law contract-based analysis.

Based upon the above , Righthaven asserts that this motion is not  the appropriate means
to decide the issues defendant has attempted (incorrectly) to raise.  However, if the court intends
to consider the merits of defendant's argument about  the copy right ownership and assignment
of rights, Righthaven respectfully request the opportunity to file a reply.

**D. Whether the assignment violates South Carolina public policy is  another question of fact.**

Defendant dedicates a significant portion of this motion asserting that the Assignment is
an illegal contingency fee agreement being enforced by Righthaven who is not a law firm. Doc. #

60 at p. 29-37. This argument goes to the merits of the claims and defenses in this case and is properly decided on summary judgment – not under a Rule 12(b)(1) analysis. See <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1049 (9th Cir. 2004); <u>United States v. North Carolina</u>, 180 F.3d 574, 580 (4th Cir. 1999); <u>Bennett v. United States</u>, 102 F.3d 486, 488 (11th Cir. 1996); <u>Holt v. United States</u>, 46 F.3d 1000, 1003 (10th Cir. 1995); <u>Clark v. Tarrant County, Tex.</u>, 798 F.2d 736, 742 (5th Cir. 1986).   Again, defendant uses the vehicle of a motion to dismiss to argue legal conclusions without the correct factual basis, the CAA. Furthermore, defendant did not argue the applicability of the cases it cites to the allegations of the complaint.

In various cases cited by defendant, it has been held that  a bare legal claim to recovery cannot be validly assigned.  See e.g., <u>Nelson v. Smith</u>, 154 P.2d 634, 639-40 (Utah 1944).  Often these circumstances involve collection agencies seeking to recover debt on behalf of a client while retaining a percentage of any recovered proceeds. Id. These situations also frequently include actions that either come dangerously close to or actually constitute the unauthorized practice of law. Id.  These cases, however, are completely inapplicable.

The Amended Complaint alleges that Righthaven has been assigned all right, title and interest in and to the Work along with the right to seek redress for past, present and future infringements. (Doc. # 36 ¶ 10.) An assignment transfers all rights, title and interest in and to the assigned property.  See <u>Key Maps, Inc. v. Pruitt</u>, 470 F. Supp. 33, 38 (S.D. Tex. 1978); see also <u>Pressley's Estate v. Russen</u>, 513 F. Supp. 1339, 1350 (D. N. J. 1981) ("An assignment passes legal and equitable title to the property . . . .").  Thus, the fundamental difference between the facts presented to this Court and those contained in the numerous cases cited by Defendant is that Righthaven has been conveyed ownership of the intangible property (the Work) along with the right to sue for infringement of the exclusive rights conferred under the Copyright Act. Therefore, Righthaven is clearly unlike the collection agency at issue in Nelson where the court expressly noted that when conferred the right to collect a debt "the collection agency has

10

absolutely no interest, either legal or beneficial, in the claim." <u>Nelson,</u> supra, 154 P.2d at 639-40.  The Assignment in this case  survives at least a Rule 12(b)(1) facial attack because copyright ownership can be assigned and sued upon, whether for a past, present or future infringement claim if the assignment so provides.  Silvers, supra, 402 F.3d at 885, 890.

      Righthaven has acknowledged that it shares the proceeds of any recovery related to copyright litigation  with MNG. Doc # 67. This provision does not render the Assignment unlawful nor does it constitute an illicit contingency fee agreement.  The U.S. Supreme Court has held  that an assignee of an accrued cause of action has standing to bring suit in his or her own name even if there is a promise to remit a portion of any proceeds recovered to the assignor. <u>Sprint Communications Co., L.P. v. APCC Services, Inc.</u>, 554 U.S. 269, 275 (2008)  See also <u>In re Brooms,</u> 447 B.R. 258, 265 (9th Cir. 2011) ( "for collection purposes, the assignee who holds legal title to the debt according to substantive law is the real party in interest, even though the assignee must account to the assignor for whatever is recovered in the action."). Therefore, the Court should reject the suggestion , not supported by reference to the Amended Complaint or CAA that the Assignment is an illegal contingency fee agreement .

      Finally, what constitutes the unauthorized practice of law is within the jurisdiction of the South Carolina Supreme Court. Defendant has filed a Petition for Original Jurisdiction. Doc 60, Exh. W.  As the South Carolina Supreme Court held in <u>Robert v. LaConey,</u> 375 S.C. 97 ( 2007):

> "The generally understood definition of the practice of law embraces the preparation of pleadings, and other papers incident to actions and special proceedings, and the management of such actions and proceedings on behalf of clients before judges and courts." "The practice of law 'is not confined to litigation, but extends to activities in other fields which entail specialized legal knowledge and ability.' Other than these general statements, there is no comprehensive definition of the practice of law. Rather, **what constitutes the practice of law must be decided on the facts and in the context of each individual case**. Id at 103. ( Citations omitted) ( emphasis added)

The matter was initially referred to a Special Referee to take evidence and issue a report

containing proposed findings of fact and recommendations to the Court. Id at 100.The facts on

which the  Court relied included the following: respondent prepared pleadings, request for

11

production of documents, the notice of Motion and Motion for Supplementary Proceedings, the Execution Against Judgment and had it signed by the Clerk of the Circuit Court directing the Sheriff to satisfy the judgment;  appeared at a hearing before the Equity Division on behalf of the judgment holder; sent letters to  the debtor  that were designed to induce him to pay the judgment, some of which contained legal opinions formulated by Respondent. Id at 104. The Court held that this was the type of strategic activity which entailed "specialized legal knowledge and ability." Id. Respondent represented that he was acting as "Plaintiff's Attorneys." Id.  The Court concluded that based on the foregoing  actions, respondent was engaged in the unauthorized practice of law. Id at 106. The finding of the  South Carolina Supreme Court in Roberts v. LaConey, 650 S.E.2d 474 (S.C. 2007) on which defendant relies was based upon an examination of all of the facts determined after a hearing, not on a motion to dismiss. The contention that the CAA violates South Carolina public policy as constituting  the unauthorized practice of law  on its face must await a factual determination. Therefore, this court should refuse to entertain any application on this issue.

**F. The second supplemental filing**

Defendant filed a second  supplemental filing several days after the initial motion. Doc. # 64. This filing relates to hearings in the District Court of Nevada case, Righthaven v. Democratic Underground,  concerning disclosure of  the Strategic Alliance Agreement. That agreement is not at issue here. In that supplement,  defendant requested that the Court withhold ruling on the cross motions to dismiss until Righthaven has provided this Court with the transcript of the July 14, 2011 sanctions hearing in Righthaven v. Democratic Underground and any written order in connection with that hearing. Id at p.5.  Righthaven intends to comply with the court order and will provide the court with 1) the order to show cause; (2) a complete copy of the transcript of the July 14,

12

2011, hearing; and (3) any written order subsequently issued by Judge Hunt connected with these matters.

However, Righthaven contends that the Court should decide this motion based on the arguments and evidence placed at issue through the defendant's initial submission unless required to address issues raised in the non-moving party's response. Defendant failed to provide either argument relevant to the CAA or any substantive reference to the CAA in her moving papers. (Doc. # 60.) Defendant's supplemental filing merely attached a copy of the CAA without any supporting argument concerning its contents. (Doc. # 61.). The second supplemental filing again does not refer to the CAA or explain why the proceedings in Nevada relate to a different agreement that need not be disclosed in South Carolina.

## G.   Any dismissal should be without prejudice

If the Court were to conclude that it lacks subject matter jurisdiction despite the numerous procedural shortcomings of defendant's Motion, Righthaven's Amended Complaint should be dismissed without prejudice. See FED. R. CIV. P. 41(b) (involuntary dismissal for lack of jurisdiction is not an adjudication on the merits); Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) (A dismissal for lack of subject matter jurisdiction must be without prejudice because "the court, having determined it lacks jurisdiction over the action is incapable of reaching a disposition on the merits of the underlying claims.") (emphasis in original); Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1392 (10th Cir.1988) ("[A] court-ordered dismissal for lack of subject matter jurisdiction is also not a decision on the merits ...."); Martinez v. Richardson, 472 F.2d 1121, 1126 (10th Cir. 1973) ("It is a fundamental . . . that a dismissal for lack of jurisdiction is not an adjudication on the merits and therefore dismissal of the . . . claim must be without prejudice."); see also Stalley v. Orlando Reg. Healthcare Systems, Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."); Hernandez v. Conriv Realty

Assoc., 182 F.3d 121, 123-24 (2d Cir. 1999) ("Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist.").

## CONCLUSION

For the foregoing reasons, Righthaven respectfully requests the Court deny defendant's motion as procedurally improper because it fails to contain relevant arguments based on the contract at issue in this case – the CAA. Defendant's supplemental filing did nothing to correct this glaring procedural defect. Alternatively, should the Court entertain Defendant's defective submission, it should construe the Motion as a facial attack upon the Amended Complaint under Rule 12(b)(1). Under such an analysis, Righthaven's Amended Complaint unquestionably contains sufficient allegations to vest this Court with subject matter jurisdiction.

To the extent the Court looks beyond a facial analysis, Righthaven contends that the issues raised by the defective filing are not the proper subject of a motion to dismiss. They relate to substantive matters ( who owns the copyright and whether the assignment is valid ) which are inextricably related to the merits which should be decided on summary judgment – not under a Rule 12(b)(1) analysis.

Defendant's arguments directed toward the invalidity of the Assignment as a matter of public policy or as otherwise constituting the unauthorized practice of law also raise factual issues which are not appropriate for the Court to consider on this motion. The contract law of South Carolina plays no role in determining the validity of an assignment because the CAA expressly calls for the application of Nevada law. The South Carolina Supreme Court has exclusive jurisdiction as to what constitutes the unauthorized practice of law and Righthaven has filed a Petition asking it to take original jurisdiction over the issue.

In summary, defendant's Motion should be denied for these reasons. Should the Court disagree with this assertion, Righthaven maintains that any dismissed for lack of subject matter jurisdiction must be without prejudice.

Respectfully submitted,

 /s/ Edward A. Bertele
Edward A. Bertele, Esq.
Federal ID. 10293
1812 Pierce Street
Charleston, South Carolina 29492
Ph:  843-471-2082
Fax: 843-471-2082
ebertele@msn.com
Attorney for Righthaven LLC

August 8, 2011

## VERIFICATION

The foregoing is submitted under oath and the undersigned has personal knowledge of all

facts described therein. All enclosures are authentic.

TODD KINCANNON

Subscribed and sworn to before me
on this 9th day of August, 2011

Notary Public for South Carolina
My Commission Expires: 6-2-2015



THE KINCANNON FIRM
PO BOX 7901
COLUMBIA, SC 29202

The Honorable Roger L. Hunt
U.S. District Court, District of Nevada
333 S. Las Vegas Blvd.
Las Vegas, NV 89101



**RECEIVED**

AUG 1 0 2011

BY_____







