UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>　　　　　　Defendants.<br>_____<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>　　　　　　Counterclaimant,<br><br>vs.<br><br>RIGHTHAVEN, LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>　　　　　　Counterdefendants.<br>_____ | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**O R D E R**<br><br>(Application to Intervene<br>as of Right–#120) |

Before the Court is dismissed, non-party Righthaven, LLC's **Application to Intervene as of Right** (#120, filed June 23, 2011). The Court has also considered Righthaven's

1  Supplement (#134, filed July 12, 2011), Counterclaimant Democratic Underground, LLC's
2  Opposition (#140, filed July 26, 2011), Righthaven and Stephen's Media's separate Replies (#150
3  & 151, both filed Aug. 5, 2011), and Democratic Underground's Court-sanctioned sur-reply (#155,
4  filed Aug. 12, 2011).  Further, the Court also considered *Amicus Curiae* Citizens Against
5  Litigation Abuse, Inc.' Brief (#132, filed July 5, 2011).

6  **BACKGROUND**

7  This case evolves from an alleged instance of copyright infringement, though the
8  posture of the case continues to become ever more complicated.  For a more detailed explanation
9  of the background of this case the reader is directed to this Court's Order (#116), *Righthaven LLC*
10 *v. Democratic Underground, LLC*, --- F.Supp.2d ---, 2011 WL 2378186 (D. Nev. June 14, 2011)
11 (the "June 14 Order").  The Court will, therefore, only give a limited history here.
12         In the June 14 Order, the Court dismissed Righthaven from this case after
13 determining that Righthaven lacked standing to sue under relevant case law, particularly *Silvers v.*
14 *Sony Pictures Entm't Inc.*, 402 F.3d 881, 884 (9th Cir. 2005) (*en banc*).  This was because the
15 Strategic Alliance Agreement ("SAA") (Dkt. #79, Supplemental Mem. Ex. 1, SAA, dated Jan. 18,
16 2010) between Righthaven and Stephens Media prevented Righthaven from actually obtaining the
17 rights necessary for standing to bring suit from any future assignments of copyrights from
18 Stephens Media to Righthaven.  Here, as in many other suits filed in this and other districts,
19 Righthaven had "obtained" the copyright at issue from Stephens Media after the alleged
20 infringement, but prior to brining suit.  Since the SAA prevented Righthaven from actually
21 obtaining the necessary rights under copyright law, Righthaven could not then bring suit because it
22 lacked standing.  The case precedes, however, because Democratic Underground had brought a
23 third-party declaratory judgment claim against Stephens Media which was unaffected.
24         Since the SAA was first revealed, Righthaven has twice amended the agreement
25 attempting to retroactively obtain the rights necessary to bring suit under *Silvers*' standing
26 principles.  This Court did not address the then-existing first amendment in the June 14 Order

because it determined that standing was determined at the time of filing and any subsequent amendments were irrelevant. However, other courts in this District have subsequently decided that this amendment was insufficient to confer standing on Righthaven. *See, e.g.*, *Righthaven LLC v. Hoehn*, --- F.Supp.2d ---, 2011 WL 2441020 (D. Nev. June 20, 2011). Accordingly, Righthaven tried again to sufficiently amend its agreement with Stephens Media (*See* Dkt. #134, Supp. to Mot., Ex. 1 Amended and Restated Strategic Alliance Agreement ("Amended and Restated SAA")) and now seeks to intervene in this case on the basis that it is the true party-in-interest. For the reasons discussed below, the Court denies Righthaven's application.

## DISCUSSION

### I.   Standard

"On timely motion," a district court must permit intervention to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). In the Ninth Circuit, a proposed intervenor must, therefore, meet four specific requirements: "'(1) the intervention application is timely; (2) the applicant has a significant protectable interest relating to the property or transaction that is the subject of the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest.'" *Citizens for Balanced Use v. Montana Wilderness Ass'n*, - - - F.3d - - -, 2011 WL 3074809, at *2 (9th Cir. 2011) (quoting *Prete v. Bradbury*, 438 F.3d 949, 954 (9th Cir. 2006)). "While an applicant seeking to intervene has the burden to show that these four elements are met, the requirements are broadly interpreted in favor of intervention." *Id.* (citing *Prete*, 438 F.3d at 954). This broad interpretation in favor of intervention "is guided primarily by practical considerations, not technical distinctions." *Sw. Ctr. For Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

3

## II. Analysis

### A. Timeliness

Righthaven argues that the application to intervene is timely because it brought the motion soon after being dismissed from the case and rectifying the problems with the SAA by creating the Amended and Restated SAA. The Court disagrees. Righthaven filed this case more than ten months prior to its application to intervene. It is true that Righthaven could not have sought to intervene until it was dismissed, but this is because of the method in which Righthaven chose to pursue this litigation. Righthaven's application is untimely because ten months have passed since filing, intervention would prejudice Democratic Underground as multiple of their discovery motions were dismissed as moot when Democratic Underground was dismissed, and the reason for delay was of Righthaven's own making. *See, e.g.*, *Cal. Dept. of Toxic Substances Control v. Commercial Realty Projects, Inc.*, 309 F.3d 1113, 1119 (9th Cir. 2009) (laying out factors to consider in timeliness analysis). In fact, the reason Righthaven now seeks to intervene is to circumvent the Court's June 14 Order by creating standing and rights after the fact. This is improper and does not make the application timely.

### B. Protectable Interest & Impairment of Ability to Protect Interest

Righthaven argues that since it is now the sole owner of the copyright at issue, it has a significantly protectable interest and that denial of its application to intervene would impair its ability to protect its interest. The Court is dubious as to whether Righthaven can essentially create standing in the middle of a case so as to either prosecute the case independently or intervene. Further, the Court questions whether Righthaven can even have a legitimate interest under any agreement (no matter the rights purportedly transferred) because Stephens Media and Righthaven's arrangement seems very much like a contingency fee arrangement with an entity unauthorized to practice law. (*See generally*, Dkt. #132, *Amicus Curiae* Brief (collecting cases finding assignment-lawsuit-kickback business arrangements were actually the unauthorized

/

1  practice of law even where the assignee hired outside counsel to litigate the suits.))[1]  The Court
2  chooses not to address the issues of Righthaven's purported interest or whether its ability to defend
3  that interest would be impaired because both the timeliness and adequacy of defense elements are
4  dispositive.  Accordingly, the Court does not decide  whether Righthaven has an interest in the
5  copyright or not under the Amended and Restated SAA.

6       **C.**     **Adequacy of Defense**

7       Finally, Righthaven argues that Stephens Media may not adequately represent
8  Righthaven's interest in this litigation.  "The most important factor in determining the adequacy of
9  representation is how the interest compares with the interests of existing parties."  *Arakaki v.*
10  *Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).  If a proposed intervenor and an existing party
11  have the same ultimate objective, a presumption of adequate representation arises which may be
12  overcome by a "compelling showing."  *Id.*

13       Stephens Media will adequately represent any interest Righthaven may have and
14  Righthaven does not make a compelling showing that this is not the case.  Here, Stephens Media's
15  interest in this lawsuit and ultimate objective is nearly identical, if not actually identical, to
16  Righthaven's purported interest.  Both parties want to disprove Democratic Underground's claim
17  of non-infringement so as to support a future claim of infringement.  Righthaven provides two
18  arguments as to why Stephens Media may not adequately represent its interest: (1) Stephens Media
19  may be able to obtain a dismissal based on a lack of standing, and (2) Stephens Media cannot bring
20  a counterclaim for infringement so as to obtain damages.  Neither of these arguments are
21  persuasive.  Essentially Righthaven first argues that because Stephens Media has an extra defense,
22  Righthaven should be allowed to intervene as of right.  This doesn't make any sense.  A current

---

[1] The Court notes that it considered certifying the question of whether Righthaven is engaged in the unauthorized practice of law to the Nevada Supreme Court.  Ultimately, the Court chose not to solely because that issue is not dispositive of this application because Stephens media will adequately represent Righthaven's theoretical interests and the application is untimely.  However, the Court may yet certify the question in a separate case.

party may not adequately represent a proposed intervenor's interest when the party has fewer claims or defenses, not more.  If a party has more defenses, it is in a better position to defend than the proposed intervenor, not a worse one.  Additionally, even if Stephens Media was able to obtain a dismissal based on lack of standing, which the Court doubts, this would not prejudice Righthaven.  In such a scenario, Righthaven would be free to file suit against Democratic Underground again, assuming it has now obtained a sufficient interest in the copyright.  As to Righthaven's second argument, this is also immaterial.  If Stephens Media prevails in its defense, Righthaven may bring a subsequent suit for infringement in order to collect damages, again assuming that its interest in the copyright is sufficient at that time.  In sum, there is absolutely no reason to believe that Stephens Media will not adequately represent Righthaven's—Stephen's Media's business partner in this particular endeavor—purported interest in this lawsuit.

Accordingly, the Court denies Righthaven's motion to intervene as it is both untimely and because Stephens Media will adequately represent any interest Righthaven may or may not have.  Further, the Court notes that while Righthaven did not alternatively seek permissive intervention, the Court would also deny an application for permissive intervention.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Righthaven's Application to Intervene (#120) is DENIED.

Dated: August 23, 2011.

_____
ROGER L. HUNT
**United States District Judge**