LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice)*
cwebb@fenwick.com
JENNIFER J. JOHNSON (CA State Bar No. 252897) (*pro hac vice*)
jjjohnson@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

RIGHTHAVEN LLC, a Nevada limited liability company,

Plaintiff,

v.

DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,

Defendants.

---

DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,

Counterclaimant,

v.

RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,

Counterdefendants.

Case No. 2:10-cv-01356-RLH (GWF)

**DEMOCRATIC UNDERGROUND'S MOTION FOR ENTRY OF JUDGMENT AGAINST RIGHTHAVEN UNDER FED. R. CIV. PROC. 54(b)**

## TABLE OF CONTENTS

**Page**


I. PROCEDURAL BACKGROUND ........ 1

II. FINAL JUDGMENT SHOULD BE ENTERED AGAINST RIGHTHAVEN ........ 3

III. FINAL JUDGMENT SHOULD BE ENTERED WITH PREJUDICE ........ 8

IV. CONCLUSION ........ 11


FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Cadkin v. Bluestone*, 290 Fed. Appx. 58 (9th Cir. 2008) .......... 10

*Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1 (1980) .......... 3, 8

*General Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022 (6th Cir. 1994) .......... 3

*Gerlinger v. Amazon.com Inc.*, 526 F.3d 1253 (9th Cir. 2008) .......... 9

*HyperQuest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp. 2d 918 (N.D. Ill. 2008), *aff'd* 632 F.3d 377 (7th Cir. 2011) .......... 9, 10

*Lopez v. Youngblood*, 07-CV-0474, 2009 WL 1924788 (E.D. Cal. July 1, 2009) .......... 3

*Morris v. Khadr*, 415 F. Supp. 2d 1323 (D. Utah 2006) .......... 9

*Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d 41 (D.D.C. 2005) .......... 9

*Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465 (D.N.J. 2001) .......... 9

*Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591 (2d Cir. 1993) .......... 10

*Righthaven LLC v. Democratic Underground, LLC*, ___ F. Supp. 2d ___, 2011 WL 2378186 (D.Nev. June 14, 2011) (Dkt. 116) .......... *passim*

*Righthaven LLC v. Newman, et al.*, Case No. 2:10-cv-1762 (D. Nev., October 7, 2011) .......... 9

*Righthaven LLC, v. Wolf, et al.*, Case No. 1:11-cv-00830 (D. Colo., September 27, 2011) (Dkt. 49) .......... 9

*Sanders v. City of Fresno*, 05-CV-0469, 2008 WL 2344043 (E.D. Cal. June 5, 2008) .......... 3

*Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137 (9th Cir. 2008) .......... 9

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
**(Continued)**

**Pages(s)**

*Texaco, Inc. v. Ponsoldt*, 939 F.2d 794 (9th Cir. 1991) ........ 3, 4

*U.S. Fid. & Guar. Co. v. Lee Investments, LLC*, 99-CV-5583, 2009 WL 2423748 (E.D. Cal. Aug. 5, 2009), *aff'd*, 641 F.3d 1126 (9th Cir. 2011) ........ 3, 4, 8

**STATUTES**

17 U.S.C. § 505 ........ 8

**RULES**

Federal Rule of Civil Procedure 54(b) ........ *passim*

**OTHER AUTHORITIES**

Ninth Circuit Appeal No. 11-17210 (Dkt. 3) at 3-5 (Righthaven's Mediation Questionnaire) ........ 6

Steve Green, *Righthaven asks appeals court to block dismantling of the company*, *Las Vegas Sun* (October 10, 2011), available at http://www.vegasinc.com/news/2011/oct/10/righthaven-asks-appeals-court-block-dismantling-co/ ........ 7

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant and Counterclaimant Democratic Underground, LLC ("Democratic Underground") hereby moves for entry of judgment in this case against Plaintiff and Counter-Defendant Righthaven LLC ("Righthaven"). As Righthaven's complaint has been dismissed, it has already initiated its appeal of the denial of intervention, and there is no just reason for delay, the Court should enter final judgment of dismissal with prejudice against Righthaven.

Righthaven has already chosen to appeal this Court's denial of intervention, asserting that that order is immediately appealable. Pursuing that route is certainly Righthaven's choice to make. But there is no reason for Righthaven's appeal to proceed piecemeal, raising only the question of its entitlement to participate via intervention in this action, without also including the precursor issue of its entitlement to participate as a plaintiff. If Righthaven loses its appeal on intervention, there is no just reason why it should be able to take another appeal, later, on the dismissal of its complaint. Accordingly, Defendants respectfully request that the judgment of dismissal be made final, which will allow any appeals Righthaven wishes to pursue to proceed together.

Furthermore, that dismissal should be entered with prejudice, as other courts considering this question have ruled in dismissing Righthaven's claims for lack of standing. Righthaven lost because it did not own any of the exclusive rights. Ownership is a required element of the merits of the copyright claim. Ownership is also intertwined with the issue of standing to sue on that copyright, because, without ownership, Righthaven cannot have the injury in fact necessary for standing. Accordingly, the dismissal of the complaint must be with prejudice.

## I. PROCEDURAL BACKGROUND

On June 14, 2011, the Court found that, despite the purported assignment of copyrights by Stephens Media, Righthaven actually received only a bare right to sue, with Stephens Media retaining all other rights under the copyrights. Righthaven therefore lacked ownership of the copyright and standing to pursue this action, and the Court issued an order dismissing Righthaven's complaint in its entirety. *Righthaven LLC v. Democratic Underground, LLC*, ___ F. Supp. 2d ___, 10-CV-01356, 2011 WL 2378186 (D. Nev. June 14, 2011) (Dkt. 116) (the

"Dismissal Order"). The Court further ordered Righthaven to show cause why it should not be sanctioned, and subsequently did sanction Righthaven, for its lack of candor to the Court. *Id*. The Court's Dismissal Order further denied Counterdefendant Stephens Media's Motion to Dismiss Democratic Underground's Counterclaim, finding Stephens Media to be the real party in interest, and thereby allowing Democratic Underground's Counterclaim to proceed against Stephens Media. *Id.* That Counterclaim is now proceeding, requesting declaratory relief that Democratic Underground's hosting of a blogger's excerpts of five sentences of a fifty-sentence article was not copyright infringement.

On June 23, 2011, Righthaven filed a motion to intervene, effectively seeking to circumvent the Dismissal Order by rewriting the assignment documents upon which the Court's determinations as to Righthaven's lack of ownership were based, and attempting to create standing after the fact. Recognizing this, the Court denied Righthaven's motion to intervene on August 24, 2011. *See* Order Denying Motion to Intervene (Dkt. 157) ("Intervention Order"). The Intervention Order held both that Righthaven's motion and machinations to create standing were untimely, and that in any event, Stephens Media would adequately represent any interest of Righthaven in defending against declaratory relief. *Id*. at 4-6.

On September 16, 2011, Righthaven filed a notice of appeal of the Intervention Order. Dkt. 160. In its appellate filings, Righthaven has taken the position that this order is appealable, notwithstanding the peculiar procedural posture here in which Righthaven requested to intervene in an action in which the dismissal of its previously filed a complaint was not yet final. It has also taken the position that the Dismissal Order is not immediately appealable. As Righthaven has itself decided to pursue the appeal of its entitlement to litigate at this point, Democratic Underground requests entry of final judgment dismissing Righthaven under Rule 54(b), so that that all issues as to Righthaven's ability to participate may be decided in a single appellate proceeding.

Despite repeated requests, Righthaven has refused to respond to requests to stipulate to entry of a certification under Rule 54(b).

## II. FINAL JUDGMENT SHOULD BE ENTERED AGAINST RIGHTHAVEN

Entry of final judgment against Righthaven is proper under Rule 54(b), as there is no just reason for delay. Fed. R. Civ. Proc. 54(b) (permitting the Court to enter final judgment as to fewer than all claims or parties where there is "no just reason for delay"). In determining whether there is just reason for delay, the court should focus on "severability and efficient judicial administration." *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798 (9th Cir. 1991) (citing *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987)). As the Supreme Court has explained:

> The function of the district court under the Rule is to act as a 'dispatcher.' It is left to the sound judicial discretion of the district court to determine the 'appropriate time' when each final decision in a multiple claims action is ready for appeal. This discretion is to be exercised 'in the interest of sound judicial administration.'

*See Curtis-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 8, (1980). Consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals." *Id.*[1] "Rule 54(b) certification is proper if it will aid 'expeditious decision' of the case." *Texaco*, 939 F. 2d at 797. These standards are met here.

All claims as to Righthaven have been resolved. The sole remaining claim in this action is Democratic Underground's declaratory judgment counterclaim against Stephens Media. *See*

[1] The Sixth Circuit has further articulated five factors that the court should consider in determining whether to grant final judgment under 54(b): "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous facts such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like." *General Acquisition, Inc. v. Gencorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994). District Courts in the Ninth Circuit are split as to whether these factors are applicable in the Ninth Circuit. *See U.S. Fid. & Guar. Co. v. Lee Investments, LLC*, 99-CV-5583, 2009 WL 2423748, at *1 (E.D. Cal. Aug. 5, 2009), *aff'd*, 641 F.3d 1126 (9th Cir. 2011) (citing the factors from *General Acquisition, Inc.*, but mis-citing the case as a Ninth Circuit case); *Lopez v. Youngblood*, 07-CV-0474, 2009 WL 1924788 (E.D. Cal. July 1, 2009) (declining to follow Sixth Circuit's factors where plaintiff mis-cited *General Acquisition, Inc.* as a Ninth Circuit case); *Sanders v. City of Fresno*, 05-CV-0469, 2008 WL 2344043 (E.D. Cal. June 5, 2008) (noting that *General Acquisition, Inc.* is persuasive, but not binding authority). In all events, these factors also weigh in favor of granting final judgment against Righthaven now.



FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

Dismissal Order, Intervention Order. This Court has already held, twice, that Righthaven has no standing or need to participate in that proceeding. *Id.* Any decision this Court makes regarding the surviving counterclaim is severable from Righthaven's claims and does not justify delaying entry of judgment sought against Righthaven. *See U.S. Fid. & Guar. Co.*, 2009 WL 2423748, *1; *Texaco*, 939 F. 2d at 797.

Furthermore, it is in the interest of efficient judicial administration for the Ninth Circuit to review at the same time all issues surrounding Righthaven's entitlement to bring its claims, not in multiple appeals of two intimately related orders addressing the same subject. *See* Dismissal Order, Intervention Order. In its Dismissal Order, the Court held: "[b]ecause the SAA prevents Righthaven from obtaining any of the exclusive rights necessary to maintain standing in a copyright infringement action, the Court finds that Righthaven lacks standing in this case. Accordingly, the Court dismisses Righthaven from the case." Dismissal Order at 11. Prior to the Court's Dismissal Order, Righthaven had already amended the SAA (the "First Amendment") in an attempt to manufacture standing by regranting itself the exclusive copyrights. The Court did not address the then-existing First Amendment in its Dismissal Order because it determined that standing was determined at the time of filing and any subsequent amendment were irrelevant. *See* Dismissal Order at 7-9; Intervention Order at 2-3. Nine days after the Dismissal Order, Righthaven moved to intervene, again based on the same First Amendment, asserting that "under the [First] Amendment, Righthaven is the assignee and sole owner of the copyrighted work at issue in this case. Thus, intervention as of right is proper." Dkt. 120 at 2. Thus, the motion to intervene asserted that the *identical* facts that the Court had held did *not* justify a claim by Righthaven *required* that Righthaven be allowed to assert such a claim by intervention.

Several weeks later, on July 12, 2011, Righthaven filed a supplemental memorandum adding to its prior intervention motion an argument that it had further amended the SAA (the "Second Amendment"). Dkt. 134. It argued that: "Although Righthaven continues to believe that the [First] Amendment was sufficient to confer standing to sue, Righthaven and Stephens Media wish to put the standing issue to rest. Therefore, these parties have further amended the Strategic Alliance Agreement" via the Second Amendment. Dkt. 134 at 2. Righthaven argued

that "as in the [First] Amendment, Righthaven is the sole owner of each assigned copyright, and Stephens Media holds only a non-exclusive license," but that additional changes in the Second Amendment made Righthaven's claim to standing more persuasive. *Id.*

As in its Dismissal Order, this Court's Intervention Order rejected Righthaven's efforts to manufacture real party in interest standing after the complaint was filed. *See* Intervention Order at 4. ("In fact, the reason Righthaven now seeks to intervene is to circumvent the Court's [Dismissal] Order by creating standing and rights after the fact. This is improper and does not make the application timely."). In addition to finding that Righthaven's application was untimely, the Court also found that Stephens Media would adequately represent any interest Righthaven "may or may not have." *Id.* Democratic Underground had asserted additional bases to deny intervention—including that Righthaven did not have a protectable interest in the copyright because its Amendments to the SAA were sham effort to create an appearance of rights contrary to reality in the midst of a pending action. The Court found it unnecessary to reach that issue (*id.* at 5), though it did note its doubts as to Righthaven's arguments:

> The court is dubious as to whether Righthaven can essentially create standing in the middle of a case so as to either prosecute the case independently or intervene. Further, the Court questions whether Righthaven can even have a legitimate interest under any agreement (no matter the rights purportedly transferred) because Stephens Media and Righthaven's arrangement seems very much like a contingency fee arrangement with an entity unauthorized to practice law.

Intervention Order at 4-5. The existence of a "protectable interest" thus remains an alternative basis on which this Court's order may be affirmed on appeal.

As this sequence of events reveals, Righthaven's appeal of the Intervention Order raises the same issues that would be presented in an appeal of the Dismissal Order. In fact, Plaintiff's Notice of Appeal expressly claims an intention to challenge the June 14, 2011 Dismissal Order in its appeal, reading: "Righthaven's appeal in this action includes the Order [denying intervention and] . . . the June 14, 2011 Order dismissing Righthaven's Complaint." Dkt 160. The similar, if not identical, issues raised in the two orders is patent.

First, both orders are based on the premise that Righthaven's standing is determined at the time it files suit, and that subsequent efforts to create standing will not suffice. Righthaven



FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

contends on appeal that this Court was required to consider subsequent amendments in both rulings; Democratic Underground believes the Court correctly declined to do so. Thus, Righthaven told the Ninth Circuit, in explaining "the main issues on appeal":

> the district court's [Dismissal Order] was limited to the Assignment in view of the SAA's provisions. The Amendment was not considered. . . . The underlying basis for seeking to intervene was the fact that the district court did not consider the Amendment, which Righthaven asserted clearly demonstrated ownership of the work.. . . . As such, Righthaven was the only part with standing to maintain a copyright infringement action based on the Work given the terms of the Amendment. Accordingly, Righthaven sought leave to intervene as of right pursuant to Rule 24(a)(2) after dismissal. The Court denied Righthaven's application, which is the basis for this appeal.

Ninth Circuit Appeal No. 11-17210 (Dkt. 3) at 3-5 (Righthaven's Mediation Questionnaire).

Second, both appeals will address whether the First and/or Second Amendments to the SAA were sufficient to create standing—assuming, *arguendo*, that the Court were required to consider them. On both the motion to dismiss and the motion to intervene, Democratic Underground argued that the amendments were mere shams, calculated to create an appearance of ownership that was contrary to what this Court found—that "the plain language of the SAA conveys the intent to deprive Righthaven of any right, save for the right to sue alleged infringers and profit from such lawsuits." Dismissal Order at *4. *See* Dkt. 107; Dkt. 141 at 25-29. This Court did not address whether the Amendments were sufficient or mere shams, in either its Dismissal Order or the Intervention Order. In each order, the Court expressed its doubts that the Amendments cured the problem (Dismissal Order at 8, n. 1, Intervention Order at 4-5), while relying on independent alternative grounds that precluded Plaintiffs' assertion of its claim. These alternative grounds for affirmance will necessarily be briefed on both appeals, raising, again, identical issues. The same is true for Democratic Underground's additional arguments that the Amendments are, in all events, champertous, contrary to public policy, and unenforceable.

The fact that there is already an appeal pending by Righthaven makes this case a particularly strong candidate for Rule 54(b) certification. In the typical scenario, certification allows an appeal to proceed because there is no "just reason to delay" when there is little risk of duplication of that issue after the conclusion of the remainder of the case. But given the existing appeal here, there is not only no just reason to delay, there are compelling reasons to accelerate



FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

any appeal on the Dismissal Order. On the present appeal, the Ninth Circuit may (and, in all likelihood, will) affirm this Court on either the untimeliness of the request to intervene, or on the adequacy of Stephens Media's representation of Righthaven's interests. The result would be that the other issues presented on this appeal—including the necessity of this Court considering the Amendments, and the issue of the sufficiency of the Amendments themselves—would be raised all over again a second time in Righthaven's inevitable appeal of this Court's first Dismissal Order.

Plaintiffs' appeal puts the cart before the horse. It asks the Ninth Circuit to review this Court's rejection of Righthaven's tactics in attempting to *rejoin* the litigation before first determining whether Righthaven was rightly dismissed in the first place, without the full context from which timeliness and adequacy of Stephens Media's representation can be determined. Righthaven's motivation for this approach—to avoid a judgment and an award of attorneys' fees—is clear enough. But beyond that motivation, and from the perspective of judicial administration, the tactic makes no sense. On the other hand, the fact that Righthaven may become judgment proof, as it is already under attack by creditors, further supports certification of the judgment now. Ninth Circuit Case No. 11-16995, Dkt. 6 (Appellant Righthaven LLC Supplemental Motion to stay lower court action); Steve Green, *Righthaven asks appeals court to block dismantling of the company, Las Vegas Sun* (October 10, 2011), available at http://www.vegasinc.com/news/2011/oct/10/righthaven-asks-appeals-court-block-dismantling-co/ (noting Righthaven's contention that it did not have $34k to pay the attorneys' fees ordered in *Righthaven v. Hoehn*).

In sum, it is Righthaven that has chosen to appeal this Court's denial of its motion to intervene, even though final judgment has not yet been entered against it. *See* Intervention Order, Dkt. 160.[2] That the issue of Righthaven's standing is both currently pending on appeal, and

[2] In its notice of appeal, Righthaven has argued that this Court's denial of its intervention is a final appealable order, relying on authority from typical cases where a non-party to the action was excluded from joining it through a final denial of intervention. Dkt. 160. No authority suggests, however, that, the same rule applies where a plaintiff's claims were first dismissed, and, as this Court put it, the Plaintiff then "seeks to intervene is to circumvent the Court's [Dismissal] Order by creating standing and rights after the fact." Intervention Order at 4. Were this Court not to grant a Rule 54(b) certification of finality as to Righthaven in its entirety, there may be grounds to



FENWICK & WEST LLP ATTORNEYS AT LAW SAN FRANCISCO

available for future appeal in this underlying action, is an excellent reason *not* to delay final judgment. *U.S. Fid. & Guar. Co.*, 2009 WL 2423748, *1 (entry of 54(b) judgment appropriate where there is a "possibility that the reviewing court might be obliged to consider the same issue a second time"). *See Curtis-Wright Corp.*, 446 U.S. at 8 (noting the Court's historic policy against piecemeal appeals). By contrast, there is no benefit to delaying full and final resolution of Righthaven's standing, once and for all.

## III. FINAL JUDGMENT SHOULD BE ENTERED WITH PREJUDICE

This Court's Dismissal Order did not specify whether Righthaven's dismissal was with or without prejudice. Democratic Underground respectfully submits that this Court should now enter judgment that its finding of lack of ownership is a dismissal on the merits and dismiss with prejudice.

As addressed in prior briefing by Democratic Underground,[3] this Court's Dismissal Order found that Righthaven lacked sufficient ownership of the copyright at issue to sue under the copyright act—a finding that simultaneously determined both the absence of standing, as well as the absence of the element of ownership that is requisite to stating a copyright claim. Dkt. 155 at 1-4. Where such a decision on standing is intertwined with a decision on the merits, it acts as an adjudication on the merits, precluding subsequent claims and requiring entry of judgment with prejudice. *See id.*

While some of the earlier decisions dismissing Righthaven did not explicitly note that the dismissal was with prejudice,[4] the most recent decisions by both this Court and the Colorado District Court adjudicating Righthaven's lack of ownership have found that dismissal with

---

conclude that there is no appellate jurisdiction at all—and Democratic Underground reserves its rights to so assert. Entry of a final judgment now under Rule 54(b) would eliminate that jurisdictional issue, however, as it would constitute a final and appealable judgment as to Righthaven in this action.

[3] As a consequence of not reaching on the motion to intervene the issue of whether or not Righthaven had a protectable interest, this Court did not address the question of whether or not the Dismissal Order amounted to a dismissal on the merits and with prejudice that precluded intervention.

[4] Righthaven has taken the position that the silence in these opinions means that the dismissals were not on the merits, and therefore attorneys' fees are not available under 17 U.S.C. § 505. It has yet to succeed with this argument.

prejudice was appropriate. *See Righthaven LLC v. Newman, et al.,* Case No. 2:10-cv-1762 (Dkt. 35) (D. Nev., October 7, 2011) (dismissing with prejudice on standing grounds); *Righthaven LLC, v. Wolf, et al.*, Case No. 1:11-cv-00830 (D. Colo., September 27, 2011) (Dkt. 49) (finding jurisdictional issues regarding Righthaven's standing intertwined with the merits of the copyright claim, converting defendant's motion to dismiss into one for summary judgment, granting summary judgment to defendant and awarding attorneys' fees).

Likewise, other courts have found dismissal with prejudice appropriate under similar circumstances. *See also Sybersound Records, Inc. v. UAV Corp*., 517 F.3d 1137, 1146 (9th Cir. 2008) (affirming dismissal with prejudice where plaintiff was "neither an exclusive licensee nor a co-owner in the nine copyrights, [and therefore] lacks standing to bring the copyright infringement claims"); *Gerlinger v. Amazon.com Inc*., 526 F.3d 1253 (9th Cir. 2008) (affirming dismissal with prejudice for lack of standing); *Morris v. Khadr*, 415 F. Supp. 2d 1323, 1332 n.36 (D. Utah 2006) (explaining that if the merits and jurisdictional issues are intertwined, then the court must consider the facts, and "that dismissal will be with prejudice because it necessarily involves the complaint's merits"); *Pannonia Farms, Inc. v. Re/Max Int'l, Inc.*, 407 F. Supp. 2d 41, 43 (D.D.C. 2005) (giving determination of lack of copyright ownership preclusive effect as decisions on the merits); *Pony Express Records, Inc. v. Springsteen*, 163 F. Supp. 2d 465 (D.N.J. 2001) (giving collateral estoppel effect to British court's determination that plaintiff did not own copyright). In its previous briefing, Righthaven has failed to address these authorities.

Throughout this litigation and all others we are aware of, Righthaven has consistently failed to respond to *HyperQuest, Inc. v. N'Site Solutions, Inc.*, 559 F. Supp. 2d 918, 920 (N.D. Ill. 2008), *aff'd* 632 F.3d 377 (7th Cir. 2011), which, like the decisions in Righthaven's cases against Newman and Wolf, is directly on point. In that case, Judge Shadur first dismissed HyperQuest's claims due to lack of ownership of any exclusive right in the copyright, ordering that "both the complaint and this action are dismissed for lack of subject matter jurisdiction." *Id.* at 923. HyperQuest later argued that this order did not provide a basis for defendant's recovery of attorneys' fees because it was only a ruling on jurisdiction, not a decision on the merits. Judge Shadur explained that, while his initial use of the term "jurisdiction" might have led to confusion,

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

"[t]here is no question that the Order dismissed HQ's action with prejudice—because HQ lacks standing, it cannot bring suit again." *Id.* at 921.

In so ruling, Judge Shadur explained the distinction between lack of jurisdictional power to decide a case (resulting in a dismissal without prejudice), and lack of standing to assert a federal question the court was empowered to decide, quoting *Rent Stabilization Ass'n v. Dinkins*, 5 F.3d 591, 594 n.2 (2d Cir. 1993) (emphasis in original):

> [S]tanding and *subject matter* jurisdiction are separate questions . . . . While standing, which is an issue of justiciability, . . . addresses the question whether a federal court may grant relief to a party in the *plaintiff's* position, subject matter jurisdiction addresses the question whether a federal court may grant relief to *any* plaintiff given the claim asserted. Thus, although both subject matter jurisdiction and standing . . . act to limit the power of federal courts to entertain claims, that is, act to limit the courts' "jurisdiction" in the broadest sense of the term, the two must be treated distinctly.

*HyperQuest*, 59 F. Supp. 2d at 920 (internal citations omitted). As in *HyperQuest*, this Court's Dismissal Order did not specify whether the dismissal was with or without prejudice. But as in *HyperQuest*, this Court plainly had power over the federal question presented in this action—indeed, it is proceeding forward with this action with the real party in interest, Stephens Media.

That the Dismissal Order was "with prejudice" is consistent with both the practical effect of the Dismissal Order and its language. The Dismissal Order noted that dismissal of Righthaven's complaint "of course, does not affect Democratic Underground's right to bring a motion for attorney fees under the Act." *See* Dismissal Order at *7; *accord Cadkin v. Bluestone*, 290 Fed. Appx. 58 (9th Cir. 2008) (affirming attorneys' fees after plaintiff found not to own copyright). The right to fees is consistent with a dismissal *with* prejudice. Further, there is nothing in the Dismissal Order suggesting that, following its dismissal of Righthaven's claims, this Court intended that Righthaven could return later to sue again. Instead, the Court held that Stephens Media is the real party in interest, recognizing that the sufficiency of Righthaven's standing under the SAA had been fully determined: "the SAA is not void or unenforceable [or ambiguous], it merely prevents Righthaven from obtaining standing to sue from the Assignment." Dismissal Order at *4. A dismissal with prejudice is appropriate as it has been determined that, under this SAA, which, although concealed by Righthaven from the Court, was the one under which Righthaven was proceeding during this lawsuit, Righthaven had no ownership interest.

Thus, as the Dismissal Order was an adjudication that necessarily determined the merits of copyright ownership as well as standing, judgment should be entered with prejudice.

## IV. CONCLUSION

Accordingly, Democratic Underground respectfully requests that the Court enter final judgment with prejudice against Righthaven as plaintiff under Rule 54(b).

Dated: October 21, 2011

FENWICK & WEST LLP

By: */s/ Jennifer J. Johnson*
Jennifer J. Johnson

Attorneys for Defendants and Counterclaimant DEMOCRATIC UNDERGROUND, LLC and Defendant DAVID ALLEN