```
 1   CAMPBELL & WILLIAMS
     DONALD J. CAMPBELL, ESQ. (1216)
 2   J. COLBY WILLIAMS, ESQ. (5549)
 3   700 South Seventh Street
     Las Vegas, Nevada 89101
 4   Telephone: (702) 382-5222
     Facsimile: (702) 382-0540
 5   Email: djc@campbellandwilliams.com
            jcw@campbellandwilliams.com
 6
 7   Attorneys for Counterdefendant
     Stephens Media, LLC
 8
```

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.: 2:10-cv-01356-RLH-GWF |
| Plaintiff, | |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | **COUNTER-DEFENDANT STEPHENS MEDIA LLC'S LIMITED RESPONSE TO DEMOCRATIC UNDERGROUND, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, | |
| Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |



CAMPBELL
& WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

**POINTS AND AUTHORITIES**

## I. INTRODUCTION

Counterdefendant Stephens Media LLC ("Stephens Media") hereby submits its limited Response to the Motion for Summary Judgment [Dkt. 168] ("Motion") filed by Defendant Democratic Underground, LLC ("DU"). In short, Stephens Media does not contest the substantive arguments presented by DU on the issues of volitional act and fair use as applied to the material facts of this case. Accordingly, Stephens Media consents to the entry of the Proposed Order submitted by DU as part of its moving papers. Dkt. 168-19. Stephens Media must, however, address DU's inclusion of certain commercial agreements between Stephens Media and various non-parties to this litigation as exhibits to the Motion. Dkt. 168-13 through 18 (*i.e.*, Exhibits 12-17). Because the subject agreements contain trade secrets, impact the privacy rights of parties that are not before the Court, and have only a passing connection with a single argument raised in DU's Motion, Stephens Media respectfully submits that compelling reasons exist to maintain the confidentiality of the subject documents.

## II. RESPONSE TO MOTION FOR SUMMARY JUDGMENT

DU's instant Motion largely mirrors the cross-motion for summary judgment it filed last December. *Compare* Dkt. 168 at 7-21 (addressing volitional act and fair use arguments) with Dkt. 44 at 7-14 (same). Stephens Media did not address the arguments presented in DU's first summary judgment motion because they were directed at Righthaven, LLC ("Righthaven"), and Stephens Media had filed a motion to dismiss challenging in the first instance its inclusion in this case as a counterdefendant. Dkt. 38.[1] Since that time, the Court dismissed Righthaven's

---

[1] Despite its motion to dismiss, Stephens Media represented at the time that it would agree to be bound by whatever the Court's decision was on DU's claim of non-infringement so as to eliminate the perceived threat that Stephens Media could file a new lawsuit against DU for the post in question based on any reversionary interest that Stephens Media maintained in the literary work at issue. Dkt. 56 at 2-3.

complaint against DU based on lack of standing, denied DU's first motion for summary judgment as being moot in light of Righthaven's dismissal, and denied Stephens Media's motion to dismiss—thus allowing DU to continue to prosecute its counterclaim for declaratory relief. Dkt. 116.

DU has now re-filed its Motion. While Stephens Media disagrees with DU's characterizations of certain facts that are not material for purposes of the present Motion,[2] it does not contest the substantive arguments presented by DU on the issues of volitional act and fair use as applied to the material facts of this case. Accordingly, Stephens Media consents to the entry of the Proposed Order submitted by DU as part of its moving papers. Dkt. 168-19.[3]

### III. COMPELLING REASONS EXIST TO MAINTAIN THE CONFIDENTIALITY OF STEPHENS MEDIA'S CONTRACTS WITH NON-PARTIES TO THIS ACTION

#### A. DU's Previous Use Of Stephens Media's Confidential Contracts.

As His Honor will recall, DU relied on several agreements between Stephens Media and non-parties to this action when opposing Righthaven's application to intervene and Stephens Media's motion for reconsideration. *See* Dkt. 140 (DU's Combined Response to Motion to Intervene and Motion for Reconsideration filed 7/26/11). DU properly filed three of those agreements under seal because Stephens Media had produced them as Confidential-Attorney's Eyes Only pursuant to the terms of the Stipulated Protective Order entered in this action. *See* Dkt. 65 (Stipulated Protective Order); Dkt. 139 (Motion to File Documents Under Seal). On July 28, 2011, the Court entered an Order Granting the Motion to Seal "until such time as

---

[2]  For example and for reasons set forth elsewhere in these proceedings, Stephens Media disagrees with the contentions that it is Righthaven's "business partner," "affiliate," and "funder," *see, e.g.*, Dkt. 168 at 2, as those terms embody legal concepts that do not accurately depict the parties' relationship.

[3]  By consenting to the entry of DU's Proposed Order on the Motion, Stephens Media is not waiving its right to contest any motion Defendants subsequently file seeking their attorney's fees and costs pursuant to section 505 of the Copyright Act.



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

Stephens Media provides a basis for this Court to maintain them under seal." Dkt. 142. Stephens Media thereafter provided the Court with its arguments and evidence as to why the agreements should remain sealed under the "good cause" standard applicable to non-dispositive motions. *See* Dkt. 151 (Stephens Media's Limited Reply to DU's Opposition filed 8/5/11). DU filed a court-sanctioned surreply opposing the above-referenced intervention and reconsideration motions, but it did not address—let alone refute—Stephens Media's arguments as to why the commercial agreements should remain sealed. *See* Dkt. 155 (DU's Surreply to Righthaven's Reply in Support of Application to Intervene filed 8/12/11). When the Court issued its order denying Righthaven's application to intervene [Dkt. 157], it did not revisit its previous sealing order [Dkt. 142], and the subject documents have retained their confidential status ever since.

**B.     DU's Present Use Of Stephens Media's Confidential Contracts.**

DU filed five licensing agreements and one amendment between Stephens Media and various non-parties to this action as exhibits to its Motion. *See* Dkt. 168-13 through 18 (Exhibits 12 through 17). DU again filed the agreements under seal because Stephens Media had produced them as Confidential-Attorney's Eyes Only pursuant to the terms of the Stipulated Protective Order entered in this action. *See* Dkt. 65 (Stipulated Protective Order); Dkt. 167 (Motion to Seal). On October 25, 2011, the Court entered an Order Granting the Motion to Seal "until such time as Stephens Media provides a basis for this Court to maintain them under seal." Dkt. 173.

DU cites the subject exhibits in support of a discrete portion of its analysis regarding the fourth fair use factor, specifically arguing that the posting (and potential re-posting) of the 5-sentence excerpt at issue has not caused (and will not cause) Stephens Media any meaningful market harm. *See* Dkt. 168 at 17-18. The portion of the argument relying on the licensing agreements comprises approximately a single page of DU's 22-page Motion. *Id.* The

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 69101
PHONE: 702/382-5222
FAX: 702/382-0540

agreements, in other words, are only tangentially related to the underlying declaratory relief claim.

Where a party seeks to maintain the confidentiality of documents attached to a dispositive motion, it must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure[.]" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations and alterations omitted). "Compelling reasons" exist to justify the sealing of judicial records where "'court files might [ ] become a vehicle for improper purposes' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)). In particular, the need for public access to records is lessened when disclosure "of business information [ ] might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598; *accord Clark v. Metropolitan Life Ins. Co.*, 2010 WL 1006823, *1 (D.Nev. March 16, 2010) (granting motion to seal where materials would "bring attention to [company's] confidential internal business deliberations, organization, and capabilities.").

DU's motion for summary judgment is obviously a dispositive motion. Thus, the sealed status of Exhibits 12-17 attached to DU's motion is governed by the "compelling reasons" standard. While Stephens Media is acutely aware of and fully supports the presumption in favor of public access to court records, it respectfully submits that the business information at issue here should nonetheless remain sealed based on the following "compelling reasons:"

- Exhibits 12-17 are licensing agreements, and an amendment to one of the licensing agreements, between Stephens Media and non-parties to this action (Burrelle's Information Services, LLC, Lexis Nexis, ProQuest Information and Learning Company, McClatchy-Tribune Information Services, and Gale Group) (the "Non-Party Contracts") (*see* Declaration of Mark Hinueber at ¶ 4);

- all of the Non-Party Contracts pre-date the filing of this litigation, and none of them are the subject of the dispute at issue herein (*id.* at ¶ 5);

- Stephens Media treats the Non-Party Contracts as confidential commercial information, and certain of those agreements expressly recognize that the parties thereto will be sharing trade secrets and that said information is to be treated as confidential (*see, e.g.*, Dkt. 168-13 at ¶ 18 (Burrelle's); 168-14 at ¶ 8 (Lexis Nexis)) (*id.* at ¶ 6);

- the Non-Party Contracts contain sensitive pricing information, including the amounts of royalty payments and how said payments are calculated, that is not generally known to members of the public which would, if disclosed, cause the parties thereto competitive disadvantage (*id.* at ¶ 7);

- the Non-Party Contracts are drafted predominantly, if not entirely, by the other parties to the agreements, not Stephens Media. Accordingly, those non-parties have a proprietary interest in the form of the respective contracts and the terms contained therein which should not be publicly disclosed without first giving the non-parties notice and an opportunity to address the Court on this issue (*id.* at ¶ 8).

To summarize, the Non-Party Contracts contain private business information concerning entities that are not involved in these proceedings. The Non-Party Contracts are not the subject of the dispute in this action or, for that matter, any other Righthaven action. They are—at most—tangential to the underlying request for declaratory relief at issue here. Notwithstanding the foregoing, Stephens Media produced the subject agreements to the Defendants in this action who, in turn, have been able to use the documents to formulate a small portion of a single argument on fair use. Any further disclosure or dissemination is inappropriate and unnecessary to advance the "public's interest in keeping a watchful eye on the workings of public agencies[.]" *TriQuint Semiconductor, Inc. v. Avago Technologies Ltd.*, 2011 WL 4947343, *3 (D.Ariz. Oct. 18, 2011) ("where, as here, the documents are tangentially related to the underlying cause of action, the public need is lessened.").

"The law [ ] gives district courts broad latitude to grant protective orders to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, *or commercial information.*" *Philips v. General Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002) (providing examples of protected materials, including attorney-client privileged letters inadvertently sent to opposing counsel,

medical and psychiatric records, and confidential settlement agreements) (second emphasis added). Indeed, other district courts in this Circuit have granted motions to seal licensing agreements and other materials similar to those at issue here.

Just last month in *TriQuint*, for instance, the district court considered motions to seal a variety of exhibits the parties (Triquint and Avago) had submitted as part of their cross-motions for summary judgment. 2011 WL 4947343 at *1. Included among the items that Triquint sought to seal were licensing agreements akin to those at issue here. *Id.* at *2. Triquint represented that the "terms and conditions to which [it] subjects its licensees are business decisions that affect [its] profitability." *Id.* Because such information constituted a trade secret that could harm Triquint's competitive standing if disclosed, because the public's need to access the records is lessened in such situations, and because the documents were only tangentially related to the underlying causes of action, the court found that Triquint had shown compelling reasons to seal the license agreements. *Id.* (citing *Nixon, supra*); *see also, id.* at *5 ("The release of trade secrets is a compelling reason 'sufficient to outweigh the public's interest in disclosure and justify sealing court records.'") (quoting *Kamakana*, 447 F.3d at 1179). Stephens Media has made the same showing here.

The *Triquint* court subsequently turned to Avago's request to seal various exhibits concerning its "business relations." *Id.* at *5. The documents included purchase agreements, cross-license agreements, settlement agreements, assignment agreements and "related documents that concern Avago's confidential business dealings with third parties." *Id.* In granting the motion to seal these exhibits, the court aptly observed:

> The exhibits at issue here involve previous business dealings that are collateral to the issues in this case and they implicate the confidentiality of parties not involved in the current case. Accordingly, the Court finds that Avago has shown compelling reasons to file these exhibits under seal.



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

*Id.* The foregoing reasoning is highly persuasive here considering that Stephens Media's licensing agreements similarly pre-date the dispute at issue here, are collateral to the issues presented in this case, and implicate the confidentiality and privacy rights of third parties that are not present before the Court and, thus, have no opportunity to be heard.[4]

In light of the record presented herein, Stephens Media respectfully submits that "compelling reasons" exist to maintain the confidentiality of the sealed commercial information submitted as part of DU's motion for summary judgment.

## IV. CONCLUSION

For the reasons set forth above, Stephens Media hereby consents to the entry of the Proposed Order submitted by DU as part of its Motion. Dkt. 168-19. Stephens Media requests, however, that the Court maintain the confidentiality and sealed status of the Non-Party Contracts that were produced by Stephens Media in this action and attached as Exhibits 12 through 17 to DU's Motion, Dkt. 168-13 through 18, as well as those portions of the Motion that make reference to these materials.

DATED this 17th day of November, 2011.

Respectfully submitted,

CAMPBELL & WILLIAMS

By /s/ *J. Colby Williams*
   DONALD J. CAMPBELL, ESQ. (#1216)
   J. COLBY WILLIAMS, ESQ. (#5549)
   700 South Seventh Street
   Las Vegas, Nevada 89101
   Telephone: (702) 382-5222
   Facsimile: (702) 382-0540

Attorneys for Counterdefendant
Stephens Media LLC

---

[4] In the event the Court considers unsealing any of the subject documents, Stephens Media respectfully requests that it first be given the opportunity to notify the affected non-party(ies) so that it (they) may present any arguments on this issue to His Honor.



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that service of the foregoing was served on the 17th day of November, 2011 via the Court's CM/ECF electronic filing system addressed to all parties on the e-service list.

                                          /s/ *J. Colby Williams*
                                          An employee of Campbell & Williams

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

# DECLARATION OF MARK HINUEBER

```
CAMPBELL & WILLIAMS
DONALD J. CAMPBELL, ESQ. (1216)
J. COLBY WILLIAMS, ESQ. (5549)
700 South Seventh Street
Las Vegas, Nevada 89101
Telephone: (702) 382-5222
Facsimile: (702) 382-0540
Email: djc@campbellandwilliams.com
       jcw@campbellandwilliams.com

Attorneys for Counterdefendant
Stephens Media, LLC
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**DECLARATION OF MARK HINUEBER IN SUPPORT OF COUNTER-DEFENDANT STEPHENS MEDIA LLC'S LIMITED RESPONSE TO DEMOCRATIC UNDERGROUND, LLC'S MOTION FOR SUMMARY JUDGMENT** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | |



CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

I, MARK A. HINUEBER, declare under penalty of perjury as follows:

1. I am a resident in the State of Nevada. I am the Vice President and General Counsel of Stephens Media LLC which publishes a variety of daily and weekly newspapers across the country, including the Las Vegas *Review-Journal*.

2. I have personal knowledge of the facts stated herein, unless stated upon information and belief, and to those facts I believe them to be true. I am competent to testify to the matters stated herein.

3. I offer this Declaration in Support of Stephen Media, LLC's Limited Response to Democratic Underground, LLC's Motion for Summary Judgment.

4. Stephens Media is a party to several agreements with non-parties to the instant action that involve the potential use of Las Vegas *Review-Journal* articles. The other parties to these contracts include Burrelle's Information Services, LLC, Lexis Nexis, ProQuest Information and Learning Company, McClatchy-Tribune Information Services, and Gale Group (the "Non-Party Contracts").

5. All of the Non-Party Contracts pre-date the filing of this litigation, and none of them are the subject of the dispute at issue herein.

6. Stephens Media treats the Non-Party Contracts as confidential commercial information, and certain of those agreements expressly recognize that the parties thereto will be sharing trade secrets and that said information is to be treated as confidential (*see, e.g.*, Dkt. 168-13 at ¶ 18 (Burrelle's); 168-14 at ¶ 8 (Lexis Nexis)).

7. The Non-Party Contracts contain sensitive pricing information, including the amounts of royalty payments and how said payments are calculated, that is not generally known to members of the public which would, if disclosed, cause the parties thereto competitive disadvantage.

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540

8. The Non-Party Contracts are drafted predominantly, if not entirely, by the other parties to the agreements, not Stephens Media. Accordingly, those non-parties have a proprietary interest in the form of the respective contracts and the terms contained therein which should not be publicly disclosed without first giving the non-parties notice and an opportunity to address the Court on this issue.

9. I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 17th day of November, 2011 in Las Vegas, Nevada.

                                           /s/ *Mark A. Hinueber*
                                           MARK A. HINUEBER

CAMPBELL & WILLIAMS
ATTORNEYS AT LAW
700 SOUTH SEVENTH STREET
LAS VEGAS, NEVADA 89101
PHONE: 702/382-5222
FAX: 702/382-0540