LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
JENNIFER J. JOHNSON (CA State Bar No. 252897) (*pro hac vice*)
jjjohnson@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice)*
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No. 2:10-cv-01356-RLH (GWF)<br><br>**FINAL DECLARATORY JUDGMENT** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>Counterclaimant,<br>v.<br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>Counterdefendants. | |

[PROPOSED] FINAL DECLARATORY JUDGMENT

CASE NO. 2:10-CV-01356-RLH (GWF)

## BACKGROUND

On August 10, 2010, Plaintiff and Counterdefendant Righthaven LLC ("Righthaven") filed this action against Defendant and Counterclaimant Democratic Underground LLC ("Democratic Underground") and Defendant David Allen, alleging that Defendants had infringed its alleged copyright in a single news article that had initially appeared on the website of the *Las Vegas Review Journal* newspaper ("LVRJ"). The allegedly infringing conduct consisted of a non-party's posting of a five-sentence excerpt of the news story on an online political discussion forum hosted by Democratic Underground. On September 27, 2010, seeking a declaration of non-infringement, Democratic Underground filed its Counterclaim against Righthaven and Stephens Media LLC, the parent company of the LVRJ and purported transferor of the copyright that Righthaven had claimed to hold on the work. Dkt. No. 13. Counterdefendants Righthaven and Stephens Media challenged the Counterclaim with motions to dismiss or strike. (Dkt. Nos. 36 and 39, respectively). On June 14, 2011, this Court determined that Righthaven, in actuality, had never obtained any of the exclusive rights it purported to hold and accordingly dismissed Righthaven for lack of standing to bring suit for copyright infringement. Dkt. No. 116. The Court, however, permitted Democratic Underground to proceed with its Counterclaim as to Stephens Media, finding that Stephens Media was the real party in interest as it was the owner of the exclusive rights in the copyright in the work at issue, and has, at all times, been entitled under its relationship with Righthaven, to a 50% interest (less costs) in any recovery for copyright infringement by the Defendants. On October 21, 2011, Democratic Underground and David Allen filed a Motion for Entry of Judgment against Righthaven for dismissal with prejudice pursuant to Federal Rule of Civil Procedure 54(b) (Dkt. No. 166). On March 7, 2012, the Court issued an Order entering final judgment against all claims and causes of action of Righthaven, dismissing Righthaven with prejudice (Dkt. 176).

## DECLARATION AND ENTRY OF JUDGMENT

Before the Court now is Democratic Underground's October 24, 2011 Motion for Summary Judgment on its Counterclaim against Stephens Media, seeking a declaration of non-infringement based on both fair use and lack of any volitional act (Dkt. No. 168). Stephens

1  Media has submitted a limited response to the Motion for Summary Judgment on the
2  Counterclaim, in which Stephens Media "does not contest the substantive arguments presented by
3  [Democratic Underground] on the issues of volitional act and fair use as applied to the material
4  facts of this case." Dkt. No. 174 at 2. Stephens Media also requested that the Court maintain the
5  confidentiality and sealed status of Non-Party contracts produced by Stephens Media in this
6  action and attached to Democratic Underground's Motion for summary Judgment on its
7  Counterclaim as Exhibits 12 through 17 (Dkt. 168-13 through 168-18) as well as portions of the
8  Motion that reference these materials.
9       Based on the undisputed facts of record herein and applicable law, the Court hereby
10  GRANTS the Motion for Summary Judgment on the Counterclaim, and enters final judgment in
11  this matter as to all claims and all parties.

12  **THE COURT HEREBY DECLARES AS FOLLOWS:**

13      1.    That Counterclaimants Democratic Underground and David Allen have committed
14  no volitional act giving rise to a claim for direct copyright infringement. Counterclaimants neither
15  posted the excerpt nor encouraged the posting. Nor did they have any knowledge of the posting
16  until after this suit was filed. *See Religious Tech. Ctr. v. Netcom On-line Commnc'n Servs.*, 907
17  F. Supp. 1361 (N.D. Cal. 1995) (direct copyright infringement requires "some element of volition
18  or causation which is lacking where a defendant's system is merely used to create a copy by a
19  third party"); *see also CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004) and
20  *Cartoon Network LP v. CSC Holdings, Inc.,* 536 F.3d 121 (2d Cir. 2008).

21      2.    That the act of posting this five-sentence excerpt of a fifty sentence news article on
22  a political discussion forum is a fair use pursuant to 17 U.S.C. § 107, and that the fair use doctrine
23  provides a complete defense to the claim of copyright infringement from which this suit arose.
24  Judgment on the Counterclaim is accordingly entered in favor of Democratic Underground and
25  against Counter Defendant Stephens Media, LLC.
26  /
27  /
28  /

It is further ORDERED that Stephens Media's request to maintain the confidentiality and sealed status of Dkts. 168-13 through 168-18, as well as portions of Dkt. 168 that reference these materials is GRANTED.

IT IS SO ORDERED.

Dated:  March 9, 2012.              By: _____
                                        U.S. DISTRICT JUDGE