1  DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
   dale.cendali@kirkland.com
2  KIRKLAND & ELLIS LLP
   601 Lexington Avenue
3  New York, New York  10022
   Tel:    (212) 446-4800
4  Fax:    (212) 446-4900

5

6

7

8                      **UNITED STATES DISTRICT COURT**

9                            **DISTRICT OF NEVADA**

10

11

12 | RIGHTHAVEN LLC, a Nevada limited-liability company, | Case No.:  2:10-cv-01356-RLH-CWF |
|---|---|
| Plaintiff, | **MOTION AND PROPOSED ORDER TO WITHDRAW AS COUNSEL OF RECORD** |
| v. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual, | |
| Defendants. | |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company, Counterclaimant, | |
| v. | |
| RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company, | |
| Counterdefendants. | |

24
        Pursuant to Local Rule IA 10-6, S.C.R 46, and N.R.P.C. 1.16 (b)(1) and (7), Dale Cendali,
25
   Esq. respectfully moves this court for an order permitting Dale Cendali, Esq. ("Ms. Cendali"), who
26
   has appeared in these proceedings, to withdraw as counsel for Righthaven LLC ("Righthaven"), in
27
   the above captioned matter.  This Motion is based upon the Memorandum of Points and Authorities
28

                                                 1

submitted herein, the Declaration of Dale Cendali, Esq., attached hereto, the pleadings and papers on file herein, and any argument adduced at the hearing of this Motion to Withdraw as Counsel of Record.

## MEMORANDUM OF POINTS AND AUTHORITIES

Kirkland & Ellis LLP and Ms. Cendali were retained by Righthaven LLC to represent the company in the above-captioned matter solely in connection with Righthaven's motion to intervene (Dkt. 120), which has been completed. While the complaint was filed on August 10, 2010, Ms. Cendali did not petition to appear *pro hac vice* until June 22, 2011 (Dkt. 119), after the Court's Order to dismiss Righthaven (Dkt. 116) issued. Co-counsel Shawn Mangano was to handle all other aspects of the case, including the day-to-day running of the case, and continues to be counsel of record for Righthaven. The Court's Order denying Righthaven's motion to intervene issued in August 2011 (Dkt. 157). At that point, Ms. Cendali was told by Righthaven that her job was done and that Mr. Mangano would handle the rest of the case.

Save for the initial retainer provided by Righthaven, Righthaven has not paid any of the legal fees due to Kirkland & Ellis. Neither Ms. Cendali nor Kirkland & Ellis has done any work for Righthaven since August 2011.

Local Rule IA 10-6 (b) provides that "No attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." Righthaven has received notice of Kirkland & Ellis and Ms. Cendali's intent to withdraw from this case and has consented to the withdrawal. Additionally, opposing counsel in this case will receive notice of this Motion to Withdraw via the CM/ECF system, pursuant to the certificate of service attached herein.

Local Rule IA 10-6 (e) provides that "no withdrawal... shall be approved if delay of discovery, the trial or any hearing in the case would result." Here, no delay will result from Ms. Cendali's withdrawal because Righthaven is represented in this matter by Shawn Mangano. In addition, there is no pending discovery, trial or hearing that would be delayed by Ms. Cendali's withdrawal. Ms. Cendali's withdrawal will not prejudice any party or delay any proceeding in this

matter.

## CONCLUSION

For the reasons set forth above, Ms. Cendali respectfully moves this Court to enter an order approving the withdrawal of Ms. Cendali as a representing attorney for Righthaven in the instant matter.

Dated this 21st day of March, 2012.

By: /s/ Dale M. Cendali
DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
dale.cendali@kirkland.com
601 Lexington Avenue
New York, New York  10022
Tel:       (212) 446-4800
Fax:       (212) 446-4900

**IT IS SO ORDERED:**

_____
**UNITED STATES DISTRICT JUDGE**

**DATED:** ___March 22, 2012_____

## **CERTIFICATE OF SERVICE**

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 21st day of March, 2012, I caused the foregoing document to be served by the Court's CM/ECF system on all counsel of record.

> By: /s/ Dale M. Cendali
> DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
> KIRKLAND & ELLIS LLP
> dale.cendali@kirkland.com
> 601 Lexington Avenue
> New York, New York  10022
> Tel:       (212) 446-4800
> Fax:       (212) 446-4900

DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
dale.cendali@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Tel:     (212) 446-4800
Fax:    (212) 446-4900

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>Defendants. | Case No.:  2:10-cv-01356-RLH-CWF<br><br>**DECLARATION OF DALE CENDALI, ESQ. IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br>Counterclaimant,<br><br>v.<br><br>RIGHTHAVEN LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br>Counterdefendants. | |

  I, Dale Cendali, declare, under penalty of perjury, that the following is true and correct:

  1.  I am a partner in the law firm of Kirkland & Ellis LLP.  I have personal knowledge of the facts set forth below and I believe them to be true.  I am over eighteen years old and I am competent to testify to the matters set forth herein.

1

2. Kirkland & Ellis LLP was retained by Righthaven LLC to represent the company in the above-captioned matter solely in connection with the Court's June 14, 2011 Order dismissing Righthaven for lack of standing (Dkt. 116) and Righthaven's subsequent motion to intervene (Dkt. 120).

3. The complaint had been filed on August 10, 2010, and I did not petition to appear *pro hac vice* until June 22, 2011 (Dkt. 119).

4. I was instructed by Righthaven that my duties were limited to working with Shawn Mangano, Righthaven's primary outside counsel, with the briefing relating to Righthaven's motion to intervene and that Mr. Mangano would handle all other aspects of the case, including the day-to-day running of the case.

5. The Court's Order denying Righthaven's motion to intervene issued in August 2011 (Dkt. 157). At that point we were told by our client that our job was done and that Mr. Mangano would handle the rest of the case by himself.

6. Save for the initial retainer provided by Righthaven, Righthaven has not paid any of the legal fees due to my firm, Kirkland & Ellis LLP. Neither I nor my firm has done any work for Righthaven since August 2011, and we were told that Mr. Mangano was handling the case.

7. In light of the above, I am seeking leave to withdraw as counsel. Righthaven has consented to my withdrawal.

Dated this 21st day of March, 2012.

By: /s/ Dale M. Cendali
DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
dale.cendali@kirkland.com
601 Lexington Avenue
New York, New York  10022
Tel:      (212) 446-4800
Fax:     (212) 446-4900

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(b), I hereby certify that on this 21st day of March, 2012, I caused the foregoing document to be served by the Court's CM/ECF system on all counsel of record.

> By: /s/ Dale M. Cendali
> DALE M. CENDALI, ESQ. (admitted *pro hac vice*)
> KIRKLAND & ELLIS LLP
> dale.cendali@kirkland.com
> 601 Lexington Avenue
> New York, New York  10022
> Tel:       (212) 446-4800
> Fax:      (212) 446-4900