LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
JENNIFER J. JOHNSON (CA State Bar No. 252897) (*pro hac vice*)
jjjohnson@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br><br>    v.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>    Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>    Counterclaimant,<br><br>    v.<br><br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>    Counterdefendants. | Case No. 2:10-cv-01356-RLH (GWF)<br><br>**DECLARATION OF LAURENCE PULGRAM IN SUPPORT OF DEFENDANTS DEMOCRATIC UNDERGROUND AND DAVID ALLEN'S MOTION FOR ATTORNEYS' FEES**<br><br>[17 U.S.C. § 505] |

I, Laurence F. Pulgram, declare as follows:

1. I am an attorney admitted in California and admitted *pro hac vice* to practice before this Court. I am a partner at the law firm of Fenwick & West LLP, counsel of record for Defendant and Counterclaimant Democratic Underground and Defendant David Allen (collectively "Defendants" or "Democratic Underground") in this action. I submit this declaration in support of Defendants' Motion for an award of attorneys' fees. I have personal knowledge of the matters set forth herein unless otherwise indicated, in which case I am informed and believe them to be true. If called upon, I could and would testify competently to them.

2. Fenwick & West LLP is a firm of over 250 attorneys which specializes in providing legal services for leading technology companies, start ups, and others on the edge of innovation. Fenwick & West chose to undertake this representation of Defendants Democratic Underground and David Allen in October of 2010 as a pro-bono matter, in light of both the significance of the legal issues presented by the case and Defendants' inability otherwise to afford to defend in Las Vegas the claims against them.

3. I and the firm's Litigation Group have extensive experience and expertise in handling disputes including in the areas of copyrights and complex commercial litigation. Among various other accolades, the firm is ranked in the First Tier Nationally for Intellectual Property Litigation—Non Patent by *Best Lawyers* and U.S. News and World Report.

4. I have been a practicing attorney for over 27 years, specializing in intellectual property litigation and complex commercial disputes. I received my Juris Doctorate from Harvard Law School in 1983 *magna cum laude*. I am the Chair of Fenwick & West's Copyright Litigation Group and the Managing Partner of the firm's San Francisco office. A copy of my resume is attached as **Exhibit A**. My standard hourly billable rate for calendar year 2010 was $745 per hour. This rate has increased significantly since that time for 2011 and for 2012. The firm has charged our standard rates for my services over the last three years in litigations all over the United States, including, for example, appearances in Florida, Georgia, Illinois, Maryland, New York City, and Texas. Over the course of this representation, Defendants are requesting compensation for a total of 267 of the hours that I billed. For the purpose of this fee award,

1  however, Democratic Underground is requesting compensation for my time at a rate limited to
2  $600 per hour.  The result of this reduced rate is to request at least 20% less than the ordinary
3  rates that would have been charged for my services to a paying client at the time they were
4  performed.

5      5.      Jennifer J. Johnson is an associate in the litigation group with over 4 years of
6  experience practicing law.  Ms. Johnson received her Juris Doctorate from Vanderbilt University
7  in 2007.  Ms. Johnson's practice focuses on intellectual property and commercial litigation. She is
8  a member of the firm's IP & Technology Litigation subgroup, which specializes in copyright,
9  trademark, trade secrets, false advertising and unfair competition disputes for technology
10 companies.  Ms. Johnson's hourly billable rate in calendar year 2010 was $395 per hour. Though
11 Ms. Johnson's rate has increased significantly in 2011 and 2012 (presently $500 per hour), the
12 fees that Defendants request are limited to Ms. Johnson's 2010 rate. Over the course of this
13 representation Defendants are requesting compensation for a total of 414 hours that Ms. Johnson
14 billed.

15     6.       Clifford C. Webb is an associate in the litigation group with over 3 years of
16 experience practicing law.  Mr. Webb received his Juris Doctorate from University of California
17 at Hasting in 2008.  Mr. Webb's practice focuses on intellectual property and complex
18 commercial litigation, with an emphasis on trademark and copyright issues.  Mr. Webb is also a
19 member of the firm's IP & Technology subgroup. Mr. Webb's hourly billable rate in calendar
20 year 2010 was $345 per hour. Though Mr. Webb's rate has increased significantly in 2011 and
21 2012 (presently $460 per hour), the fees that Defendants request are limited to Mr. Webb's 2010
22 rate.  Over the course of this representation Defendants are requesting compensation for a total of
23 309.1 of the hours Mr. Webb billed.

24     7.       David C. Marty is also an associate in the litigation group. He has 1.5 years of
25 experience practicing law.  Mr. Marty received his Juris Doctorate from University of California
26 at Berkeley (Boalt Hall) in 2010.  Mr. Marty is a member of the firm's IP & Technology
27 subgroup, the Electronic Information Management subgroup, and the Privacy and Information
28 Security Practice.  Mr. Marty's hourly billable rate in 2010 was $270.  Though Mr. Marty's rate

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

has increased significantly in 2011 and 2012 (presently $360 per hour), the fees that Defendants request are limited to Mr. Marty's 2010 rate. Over the course of this representation, Defendants are requesting compensation for a total of 236.2 of the hours Mr. Marty billed.

8. Kim Ragab, Lisa Magee, and James Phan are all experienced paralegals who assisted with our representation. Ms. Ragab began working on this matter in 2011 when her hourly rate was $155 per hour. Ms. Magee began working on this rate in 2010 when her hourly rate was $225 per hour. And Mr. Phan began working on this matter in 2011 when his hourly rate was $280 per hour. Though their rates have increased over time, the fees that Defendants request reflect their rates – stated here – that were effective at the time they began working on the matter.

9. These rates are comparable to other firms similar to Fenwick. Federal courts in numerous instances have approved these rates as reasonable and competitive, including, for example, the following matters: *Yue v. Storage Tech Corp.*, 2008 U.S. Dist. LEXIS 68920, at *13-14 (N.D. Cal. Sep. 5, 2008) (report and recommendation in copyright case, approving 2008 rate of $690 for Mr. Pulgram), adopted by 2008 U.S. Dist. LEXIS 68801 (N.D. Cal. Sept. 5, 2008); *Netbula v. Chordiant Software, Inc.*, case No. 5:08-cv-00019-JW, Dkt. 594 (N.D. Cal. Dec. 17, 2010) (approving 2008 rate of $690 for Mr. Pulgram); *Jones v. Corbis Corp.*, CV 10-8668-SVW CWX, 2011 WL 4526084 (C.D. Cal. Aug. 24, 2011) (in case involving right of publicity and copyright issues, approving rates specially discounted for that client of $652.50 for Mr. Pulgram). In addition, Fenwick calibrates its rates to the market based on head-to-head competition, in which we learn of rates charged by our competitors, and through surveys of law firms, in which our rates are reflected as at or slightly below the rate of our competitors in intellectual property litigation in the San Francisco Bay Area.

10. Fenwick also subscribes to a service from Valeo Partners which provides a database of hourly rates and fees for attorneys at various law firms based on the actual rates paid by their clients. Attached hereto as **Exhibit B** is a true and correct copy of a printout from Valeo's website describing this service. Using this service, Fenwick obtained the 2010-2012 billing rates for Kirkland & Ellis LLP. Dale Cendali of the Kirkland & Ellis firm was retained by Righthaven and Stephens Media in this case in the summer of 2011. *See* Dkt. 119. The average

PULGRAM DECL. ISO DEFS' MOTION FOR ATTORNEYS' FEES     3     CASE NO. 2:10-CV-01356-RLH (GWF)

partner per hour billing rate at Kirkland & Ellis, during 2011, according to Valeo was $817.93. Attached hereto as **Exhibit C** is a true and correct copy of a print out of the Valeo report for Kirkland & Ellis' billing rates for 2010-2012.

11.     Attached hereto as **Exhibit D** is a true and correct copy of a printout of a news article from www.vegasinc.com discussing Righthaven's and Stephens Media's retention of Kirkland & Ellis partner Dale Cendali to represent them in this case.

12.     In preparing this fee application, I have carefully reviewed Fenwick's billing records for this case. All time keepers track their time by the day to the nearest tenth of an hour and log their time contemporaneously. In reviewing our time records, I have looked for time entries that might be or appear duplicative, excessive, or potentially unnecessary to performance of a task. Many tasks in significant litigation require multiple attorneys to complete, as they need work at different levels or time intervals. It is more efficient to use more junior attorneys with lower billing rates where they are competent to perform some of the tasks alongside more senior supervision. In this context, in reviewing the Fenwick bills, I saw instances in which billing for all the work performed could be unjustified. Where I found such time entries based on my knowledge of the work actually required to be performed, I have deleted them and not included those hours in the hours for which Defendants are seeking compensation. In addition, there were a number of other Fenwick attorneys and professionals who worked at times on this matter for the Defendants and who performed valuable functions in furtherance of the case. Nonetheless, Defendants have not asked for compensation for other than the core team members described by name above.

13.     As a result of this review, I have identified a total of 1346.6 hours of work for which Defendants request reimbursement. When this figure, 1346.6 hours, is multiplied by the respective rates described above, the resulting total fees requested thus far in the representation of Democratic Underground and David Allen's in this matter is $520,514.50. These fees and hours are current as of March 31, 2012, but do not include time spent subsequently – which will be submitted with Defendants' Reply in Support of this present Motion.

14.     It should be noted that the total amount of hours being requested here excludes

approximately 25% of the hours actually recorded by Fenwick timekeepers on the Democratic Underground representation. Fenwick has absorbed those hours on its own account.[1] As a result of the combination of rate reductions described above, and hours not charged for, this fee request has reduced by over 1/3 the fees actually recorded by Fenwick time keepers in this matter.

15. As reflected in their motion, Defendants are requesting that all fees incurred, whether in defense of the Complaint or prosecution of the Counterclaim, be awarded jointly and severally against Stephens Media. If the Court believes that certain fees should be allocated to Righthaven only, I have performed an analysis of the amounts related to each of Righthaven and Stephens Media. For that analysis, I allocated to either party any tasks that related exclusively to issues involving that party, and allocated to both parties, jointly, any tasks that related to issues involving both parties. For example, on issues relating to standing, fair use, volitional acts, or other defenses which were integrally involved in both defense of Righthaven's Complaint and in Democratic Underground's Counterclaim against Righthaven and Stephens Media, I have generally included such time as joint time. Where a particular task involves a non-substantive or procedural issue specific to only one or the other party, I have allocated that time to one or the other. For example, matters related to the order to show cause and sanctions against Righthaven have been allocated only to Righthaven. Of the total $520,514.50 in fees requested, $52,824.50 could be attributed specifically and solely to work on matters about Stephens Media. Likewise, $70,082.50 could be attributable specifically and solely to work on matters about Righthaven. And $397,607.50 is attributable jointly to Stephens Media and Righthaven. Thus, if an allocation is required, the total amount due requested from Stephens Media is $450,432.00 and the total requested from Righthaven is $467,690.00, of which the $397,607.50 would be joint and the remainder would be several. (Of course, if one party satisfies any amount of the joint award, this would relieve the other party of its obligation for that portion of the fee award against it.)

---

[1] The hours not billed include (1) work that was related to Democratic Underground's appearance as amicus in related Righthaven cases in this district, (2) work that could be viewed as duplicative, (3) work that took longer than might reasonably be expected, and (4) work that was largely administrative in nature. Fees for all such work have been voluntarily written off and absorbed by the firm.

16. Attached hereto as **Exhibit E** is a compilation that reflects my work and the work of my colleagues on this matter for which compensation is being requested. This includes descriptions of the work performed, time spent for which compensation is sought, and fees thereby incurred at the rates described above. This compilation does not charge for matters for which, in the exercise of billing discretion, we have reduced or entirely deleted time entries for the reasons described above.

17. In addition to expending attorneys' time, the Fenwick firm expended out of pocket costs on disbursements relating to this case. Including travel to and from Las Vegas, court fees, external copying costs, delivery costs, and miscellany, these out of pocket costs exceed $5,000. In addition, Fenwick has incurred costs for legal research on Westlaw and Lexis services exceeding $25,000. As part of this application, however, to avoid disputes over a Bill of Cost and a motion to tax, Fenwick will not be requesting reimbursement of those costs, and is prepared to absorb all those costs. Fenwick expects to cover its out of pocket costs only by use of the amounts awarded as attorneys' fees.

18. Pursuant to Local Rule 54-16(c), I have reviewed and edited **Exhibit E** and am responsible for the accuracy of the fees reflected in that report. Based on my experience, I believe that the time entries are reasonable. As explained in Defendants' Motion, and as is evident from the 193 docket entries in this matter to date, the issues raised by Righthaven and Stephens Media, and the dubious manner in which they have been raised in some instances, has required a vigorous and thorough representation of the Defendants. The information contained in **Exhibit E** is true and correct.

19. On March 22, 2011, Stephens Media produced, along with its Second Supplemental Responses to Democratic Underground's First Set of Requests for Production, a copy of the Operating Agreement of Righthaven LLC ("RHOA"). The RHOA was initially designated by Stephens Media as "Confidential Attorneys' Eyes Only" under the Stipulated Protective Order. Eventually, they agreed to withdraw that designation and allow for the public filing of much of that document (*see* Dkt. 107-2). However, portions of the RHOA, including Section 9.1 and Exhibit 9.1 remain "Confidential Attorneys' Eyes Only." Attached hereto as

1  **Exhibit F** is a true and correct copy of the RHOA including all "Confidential Attorneys' Eyes
2  Only" sections previously redacted in Dkt. 107-2. I am filing an unredacted version of that
3  document under seal, with the publicly visible version being the redacted version.

4      20.    As of April 9, 2012, SI Content Monitor, LLC, one of the listed owners of
5  Righthaven under the RHOA, was listed as dissolved by the Arkansas Secretary of State website.
6  Attached hereto as **Exhibit G** is a true and correct copy of a printout of the Arkansas Secretary of
7  State website entry for SI Content Monitor, LLC.

8      21.    In an effort to avoid unnecessary motion practice and disputes, counsel for
9  Defendants have regularly meet and conferred with counsel for both Stephens Media and
10 Righthaven. Following this Court's June 14, 2011 Order dismissing Righthaven, counsel for
11 Defendants attempted to contact counsel for Righthaven to seek a stipulation to the entry of
12 judgment against Righthaven under Rule 54(b). Righthaven did not respond despite multiple
13 requests. Accordingly, counsel for Defendants was forced to file a motion for entry of judgment
14 under Rule 54(b), which Righthaven and Stephens Media never opposed, and which this Court
15 ultimately granted. *See* Dkts. 166, 176.

16     22.    As part of its Fifth Supplementation to its Initial Disclosures, Righthaven produced
17 to Defendants a letter between Righthaven and Stephens Media regarding the News Article at
18 issue in this case, in relation to a different case filed by Righthaven. That letter notes that "If you
19 wish for Righthaven to refrain from pursuing infringement actions with respect to any or all of the
20 Stephens Articles, please advise us within five business days, in accordance with Section 3.3 of
21 the Agreement." Attached hereto as **Exhibit H** is a true and correct copy of that letter.

22     I declare under penalty of perjury under the laws of the United States of America that the
23 foregoing is true and correct.

25 Dated: April 10, 2012                        /s/ *Laurence F. Pulgram*
                                                            Laurence F. Pulgram

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW