LAURENCE F. PULGRAM (CA State Bar No. 115163) (*pro hac vice*)
lpulgram@fenwick.com
JENNIFER J. JOHNSON (CA State Bar No. 252897) (*pro hac vice*)
jjjohnson@fenwick.com
CLIFFORD C. WEBB (CA State Bar No. 260885) (*pro hac vice*)
cwebb@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, California 94104
Telephone: (415) 875-2300
Facsimile: (415) 281-1350

KURT OPSAHL (CA State Bar No. 191303) (*pro hac vice*)
kurt@eff.org
CORYNNE MCSHERRY (CA State Bar No. 221504) (*pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
454 Shotwell Street
San Francisco, California 94110
Telephone: (415) 436-9333
Facsimile: (415) 436-9993

CHAD BOWERS (NV State Bar No. 7283)
bowers@lawyer.com
CHAD A. BOWERS, LTD
3202 West Charleston Boulevard
Las Vegas, Nevada 89102
Telephone: (702) 457-1001

Attorneys for Defendant and Counterclaimant
DEMOCRATIC UNDERGROUND, LLC, and
Defendant DAVID ALLEN

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited liability company,<br><br>    Plaintiff,<br>  v.<br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>    Defendants.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>    Counterclaimant,<br>  v.<br>RIGHTHAVEN LLC, a Nevada limited liability company, and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>    Counterdefendants. | Case No. 2:10-cv-01356-RLH (GWF)<br><br>**DECLARATION OF KURT OPSAHL IN SUPPORT OF DEFENDANTS' MOTION FOR ATTORNEYS' FEES** |

DECLARATION OF KURT OPSAHL                            CASE NO. 2:10-CV-01356-RLH (GWF)

I, Kurt Opsahl, declare:

1. I am an attorney of record for the plaintiff in this matter and a member in good standing of the State Bar of California, and am admitted to practice before this Court *pro hac vice*. I have personal knowledge of the matters stated in this declaration. If called upon to do so, I am competent to testify to all matters set forth herein.

2. I am a Senior Staff Attorney at Electronic Frontier Foundation ("EFF"), which is a non-profit corporation organized and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in San Francisco, California. I have been a Senior Staff Attorney at EFF since 2007 and was a Staff Attorney before that, beginning in 2004.

3. EFF represents clients without charge in precedent-setting litigation of national importance involving novel and complex issues arising from the intersection of new technology with civil liberties. Nevertheless, EFF attorneys have hourly rates for purposes of cases in which EFF is entitled to attorneys' fees. These rates are calculated periodically, based upon the prevailing rates for similarly experienced attorneys

4. My 2010 hourly rate, which is the hourly rate for purposes of this matter, is $525 per hour. On May 1, 2011, EFF set my rate at $625 per hour. However, this increased rate is not included in the calculations for this matter.

5. These rates are calculated periodically, based upon a survey of the prevailing hourly rates in the San Francisco Bay Area for lawyers of comparable education, expertise, and experience who handle matters of the type involved in this litigation.

6. EFF represents Defendant Thomas DiBiase in *Righthaven v. DiBiase*, Case 2:10-cv-01343-RLH-PAL. On October 26, 2011, Judge Roger Hunt granted Mr. DiBiase's motion for attorneys' fees, finding "the fees and rates described in these declarations reasonable and necessary." *Righthaven v. DiBiase*, 2011 WL 5101938, *1 (D. Nev. Oct. 26, 2011). The rates described in those declarations were EFF's 2010 hourly rates.

7. In *Mick Haig Prod. v. Does 1-670*, Case No. 3:10-cv-01900-N, 2012 WL 213701 (N.D. Tex. Jan. 24, 2012), Judge David Godbey granted a petition for attorneys' fees, finding an EFF attorney's 2011 rate reasonable. *Id*. at *2, n.2. In *Elec. Frontier Foundation v. Office of the*

DECLARATION OF KURT OPSAHL           1           CASE NO. 2:10-CV-01356-RLH (GWF)

*Director of National Intelligence*, Case No. 07-05278 SI, 2008 WL 2331959 (N.D. Cal. June 4, 2008), Judge Susan Illston found reasonable the 2007 hourly rates of EFF's attorneys, and awarded a total of $51,540.00 in attorneys' fees at those rates. In *Apple v. Does* (Santa Clara Superior Ct., Case No. 1-04-cv-032178), EFF was awarded attorneys' fees in accordance with their lawyers' 2006 and 2007 rates. In *In re Sony BMG CD Technologies Litigation* (S.D.N.Y. Case No 1:05-cv-09575-NRB), EFF attorneys were paid fees at their hourly rates as part of the settlement of the action in June 2006. Further, in *OPG v. Diebold*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004), EFF attorneys were paid fees after a summary judgment victory at the organization's 2004 hourly rates.

8. In 1997, I received my Juris Doctor degree from the University of California at Berkeley School of Law (Boalt Hall), where I was an editor of both the California Law Review and the Berkeley Technology Law Journal.

9. Before joining EFF in 2004, I worked for the law firms of Perkins Coie LLP (1999-2004) and Severson & Werson PC (1997-1998). In addition, I was the Research Fellow to Professor Pamela Samuelson at the University of California at Berkeley, who had a joint appointment at the School of Information Management & Systems and the School of Law (1998-1999). I have authored more than 15 articles for legal publications, and was a co-editor of the *Electronic Media and Privacy Law Handbook* (ISBN 1879650118). In 2007, I received a California Lawyer Attorney of the Year (CLAY) award for Media Law from *California Lawyer* magazine.

10. I have litigated in federal court for 15 years, developing extensive experience in copyright litigation while representing defendants in numerous prominent copyright cases including *Kelly v. Arriba Soft Corp.*, 336 F.3d 811 (9th Cir. 2003), *CoStar Group, Inc. v. LoopNet, Inc.*, 373 F.3d 544 (4th Cir. 2004) and *MGM Studios, Inc. v. Grokster*, Ltd. 545 U.S. 913 (2005).

11. After a careful review of my records on the case, I estimate the minimum number of hours I spent on this litigation as no less than 363.50 hours through the end of March 2012. Of

these hours, 51.25 was work related solely to Stephens Media, 86.50 was work related solely to Righthaven, and 225.75 was work related to both.

12. In addition to this time, I have spent numerous hours keeping up with the hundreds of cases that Righthaven filed, reviewing and analyzing Righthaven's arguments, compiling facts about the overall litigation campaign and defending related litigation (*Righthaven v. DiBiase*, 2:10-cv-01343-RLH-PAL), and representing Democratic Underground as an amicus in *Righthaven v. Pahrump Life*, 2:10-cv-01575-JCM-PAL. While much of that work was useful to this matter, none of that time is included in the calculation.

13. When reviewing EFF's time records, I took a conservative approach concerning the billed hours for which we would seek compensation. I struck or reduced time entries where the work was duplicative or took longer than might have been expected, and where the work was administrative or of a general nature.

14. Corynne McSherry is the Intellectual Property Director at EFF, specializing in intellectual property and free speech issues. Ms. McSherry has 10 years of experience in litigation, primarily in intellectual property. Prior to joining EFF, Ms. McSherry was a civil litigator at the law firm of Bingham McCutchen, LLP. Ms. McSherry has a B.A. from the University of California at Santa Cruz, a Ph.D from the University of California at San Diego, and a J.D. from Stanford Law School. While in law school, Ms. McSherry published *Who Owns Academic Work?: Battling for Control of Intellectual Property* (Harvard University Press, 2001).

15. Ms. McSherry billed 68.75 hours in this matter, reviewing and revising court submissions and participating in strategy conferences regarding those filings. Of these hours, 9.50 was work related solely to Stephens Media, 6.50 hours was work related solely to Righthaven, and 52.75 was work related to both.

16. Ms. McSherry's hourly rate for 2010 was $475.00.

17. Cindy Cohn is EFF's Legal Director. She is a 1986 graduate of the University of Iowa and a 1989 graduate of the University of Michigan Law School. She has practiced law for over 20 years. In 2001 Ms. Cohn was honored by the Editorial Board of the *Daily Journal* and in 1997 Ms. Cohn was named as one of the "Attorneys of the Year" by *California Lawyer*

DECLARATION OF KURT OPSAHL                3                CASE NO. 2:10-CV-01356-RLH (GWF)

magazine. In 2006 *The National Law Journal* named her one of 100 most influential lawyers in the United States, and in 2007 the *Journal* named her as one of the 50 most influential women lawyers in the United States. In 2010 The Intellectual Property Section of the State Bar of California awarded her its Intellectual Property Vanguard Award and in 2012, Ms. Cohn was awarded the James Madison Freedom of Information Award by the Northern California Chapter of the Society of Professional Journalists.

18. Ms. Cohn billed 19.50 hours in this matter, reviewing and revising court submissions and participating in strategy conferences regarding those filings. Of these hours, 14.00 hours was work related solely to Righthaven, and 5.50 hours was work related to both.

19. Ms. Cohn's hourly rate for 2010 was $600.00.

20. Abigail Phillips was a senior staff attorney at the Electronic Frontier Foundation, where she focused on copyright and online content matters. Before joining EFF, Ms. Phillips was senior legal director for product and copyright at Yahoo! Inc., and prior to that practiced in the technology policy and IP litigation groups of Perkins Coie LLP in San Francisco. Ms. Phillips is a graduate of Stanford Law School and received her undergraduate degree in literature from Yale University. As of December 2011, Ms. Phillips has left EFF's employment.

21. Ms. Phillips billed 19.00 hours in this matter, researching, drafting and editing the response to Stephens Media's motion for reconsideration. All of these hours were for work solely related to Stephens Media.

22. Ms. Phillips' hourly rate for 2011 was $500.

23. Julie Samuels is a staff attorney at EFF. She has been litigating intellectual property cases for seven years. Before joining EFF, Ms. Samuels was a civil litigator at Sonnenschein Nath & Rosenthal and Loeb & Loeb. Ms. Samuels received her B.A. from the University of Illinois, and her J.D. from the Vanderbilt University Law School. She also has experience as a legislative assistant at the Media Coalition and as an assistant editor for the National Journal Group.

24. Ms. Samuels billed 15.25 hours in this matter, reviewing and revising court submissions and researching applicable legal issues. Of these hours, one hour was work related

DECLARATION OF KURT OPSAHL                4                CASE NO. 2:10-CV-01356-RLH (GWF)

solely to Stephens Media, 2.75 hours was work related solely to Righthaven, and 11.50 was work related to both.

25. Ms. Samuels' hourly rate for 2011 was $400.

26. Other attorneys and staff at the EFF performed valuable functions in furtherance of the case, but their time was not billed. Nonetheless, Defendants have not asked for compensation for other than the core team members described by name above.

27. At my 2010 hourly rate, my attorney's fees through March 31, 2012 amount to $190,837.50. Ms. McSherry's attorney's fees amount to $32,656.25 through March 31, 2012. Ms. Cohn's attorneys' fees amount to $11,700.00 through March 31. 2012. Ms. Phillips' attorneys' fees amount to $9,500.00 through March 31, 2012. Ms. Samuels' attorneys' fees amount to $6,100.00 through March 31, 2012.

28. The total amount of EFF attorney's fees that EFF is seeking is $250,793.75 for work through March 31, 2012. Of this figure, $41,318.75 was solely related to Stephens Media, $58,000.00 was solely related to Righthaven, and $151,475.00 was for work related to both.

29. EFF paid significant costs for the Democratic Underground matter, including *pro hac vice* fees, copying, postage, docketing, secretarial work, legal research, service of the counter claim upon Stephens Media, and travel/hotel expenses for attending the hearing on the Order to Show Cause re Sanctions in July 2011. Nevertheless, EFF is not seeking these costs.

30. The records for the time that EFF attorneys billed to this matter for which we seek compensation are attached hereto as **Exhibit A**. Pursuant to Local Rule 54-16(c), I have reviewed and edited Exhibit A and am responsible for the billings reflected in that report. Based on my experience, I believe that these time entries are reasonable. This compilation does not charge for matters for which, in the exercise of billing discretion, we have reduced or entirely deleted time entries for the reasons described above. The information contained in **Exhibit A** is true and correct.

\\\
\\\
\\\

DECLARATION OF KURT OPSAHL        5        CASE NO. 2:10-CV-01356-RLH (GWF)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 10th day of April 2012, at San Francisco, California.

*/s/ Kurt Opsahl*
Kurt Opsahl

**ATTORNEY ATTESTATION**

In accordance with the Court's Special Order No. 109, dated September 30, 2005, I hereby attest that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/s/) within this e-filed document:

*/s/ Laurence Pulgram*
Laurence Pulgram