# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>              Plaintiff,<br><br>vs.<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company; and DAVID ALLEN, an individual,<br><br>              Defendants.<br>_____<br><br>DEMOCRATIC UNDERGROUND, LLC, a District of Columbia limited-liability company,<br><br>              Counterclaimant,<br><br>vs.<br><br>RIGHTHAVEN, LLC, a Nevada limited-liability company; and STEPHENS MEDIA LLC, a Nevada limited-liability company,<br><br>              Counterdefendants.<br>_____ | Case No.: 2:10-cv-01356-RLH-GWF<br><br>**O R D E R**<br><br>(Motion for Attorneys' Fees–#191) |

1

Before the Court is Defendants Democratic Underground and David Allen's **Motion for Attorneys' Fees** (#191, filed Apr. 10, 2012). Plaintiff Righthaven LLC did not respond to the motion.

The Court notes that this motion was originally brought as against both Plaintiff Righthaven and against Counter-defendant Stephens Media LLC. However, on May 25, Democratic Underground and David Allen submitted a notice to the Court (Dkt. #200) stating that they were withdrawing the portion of their motion directed at Stephens Media separately and Stephens Media and Righthaven jointly. Thus, the only portion of the motion that remains for the Court to address is the request for fees against Righthaven separately from Stephens Media. However, since Righthaven has failed to oppose the motion, the Court need not even address that portion of the motion substantively.

Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules have the force of law no less than the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). Thus, the Court grants Defendants request for fees in the amount of $131,457.50 against Righthaven.

The Court further notes that it has reviewed the motion substantively, considered the non-exclusive factors used in the Ninth Circuit to determine whether fees should be awarded in a copyright action, *Entm't Research Group v. Genesis Creative Group*, 122 F.3d 1211, 1229 (9th Cir. 1997), and determined that fees are warranted in this case. Further, the Court has determined that the fees Defendants request are reasonable under the lodestar method. *See, e.g.*, *Hensley v. Eckerhard*, 461 U.S. 424, 433 (1983). Thus, even had Righthaven responded to the motion, the result would be the same.

/

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendants Motion for Attorneys' Fees (#191) is GRANTED.  The Court awards fees as against Righthaven in the amount of $131.457.50.

Dated: June 12, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**